**COMMONWEALTH OF KENTUCKY**
**FRANKLIN CIRCUIT COURT**
**DIVISION 2**
**CASE NO.: 22-CI-000765**

*Electronically Filed*

WILLIAM A. JONES, et al.                                           PLAINTIFFS

v.

GEORGETOWN COLLEGE, et al.                                   DEFENDANTS

---

<u>**NOTICE OF REMOVAL**</u>

---

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, the Defendants, Georgetown College, Board of Trustees of Georgetown College, in their Official, Corporate Structure, Rosemary A. Allen, individually and in her official capacity as President of Georgetown College, Johnathan Sands Wise, individually and in his official capacity as Executive Vice President of Georgetown College, John Davis, individually and in his official capacity as Vice President of Advancement of Georgetown College, Curtis Sandberg, individually and in his official capacity as Vice President of Student Life of Georgetown College, Sally Wiatrowski, individually and in her official capacity as Vice President for Business Operations of Georgetown College, Dave Adkisson, individually and in his official capacity as Board Member and Former Board Chairperson of Georgetown College, Dr. Bob Baker, individually and in his official capacity as Board Member of Georgetown College, Tucker Ballinger, individually and in his official capacity as Board Member of Georgetown College, Dr. John Blackburn, individually and in his official capacity as Board Member of Georgetown College, Granetta Blevins, individually and in her official capacity as Board Member of Georgetown College, Tracey Clark, individually and in her official capacity as Board Member of Georgetown College, Sharon Clifton, individually and in her

EXHIBIT
A

official capacity as Board Member of Georgetown College, John Cochenour, individually and in his official capacity as Board Member of Georgetown College, Nicole Collinson, individually and in her official capacity as Board Member of Georgetown College, Jane Cutter, individually and in her official capacity as Board Member of Georgetown College, Kenny Davis, individually and in his official capacity as Board Member of Georgetown College, Vickie Glisson, individually and in her official capacity as Board Member of Georgetown College, John Doe, individually and in his official capacity as Board Member of Georgetown College, William J. Houston, individually and in his official capacity as Board Member of Georgetown College, Melanie Ladd, individually and in her official capacity as Board Member of Georgetown College, David Lee, individually and in his official capacity as Board Member of Georgetown College, Mike Lukemire, individually and in his official capacity as Board Member of Georgetown College, Missy Matthews, Individually and in her Official Capacity as Board Member of Georgetown College, Robert L. Mills, individually and in his official capacity as Chairman of the Board of Trustees of Georgetown College, Judge Gerald Parker, individually and in his official capacity as Board Member of Georgetown College, Michelle Pedigo, individually and in her official capacity as Board Member of Georgetown College, Frank Penn, individually and in his official capacity as Board Member of Georgetown College, John Travis, individually and in his official capacity as Board Member of Georgetown College, Hon. J. Guthrie True, individually and in his official capacity as Board Member of Georgetown College, John  Ward, individually and in his official capacity as Board Member of Georgetown College, Meocha Williams, individually and in her official capacity as Board Member of Georgetown College, Sarah Wilson, individually and in her official capacity as Board Member of Georgetown College, Norm Brown, individually and in his official capacity as a Former Board Member of Georgetown College, hereby give notice that they have filed the

EXHIBIT A

attached copy of a Notice of Removal of this action in the United States District Court for the Eastern District of Kentucky. Exhibit 1, Federal Notice of Removal. This Notice of Removal has been duly filed in the United States District Court.

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, the filing of this copy of the Notice of Removal effects the removal of this action from the State Court to the United States District Court, and the State Court shall proceed no further herein.

FREEMAN MATHIS & GARY, LLP

*s/Tia J. Combs*
Tia J. Combs
Cara N. Crecelius
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504
859.806.1266
tcombs@fmglaw.com
cara.crecelius@fmglaw.com

## CERTIFICATE OF SERVICE

This is to certify that the foregoing has been served, via first class USPS, postage prepaid, and via email on this the 19th day of October 2022, upon the following:

Kyle Thompson                          Thomas Clay
100 East Main Street                   Clay and Daniel, LLC
Frankfort, KY 40601                    917 Lily Creek Road
                                       Louisville KY 40243

*s/Tia J. Combs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT FRANKFORT**
**CASE NO.: _____**

*Electronically Filed*

WILLIAM A. JONES                                                                    PLAINTIFFS

And

AMY R. JONES

And

ANNALISE JONES

And

THOMAS JONES, JR.

And

GRACE JONES

And

W.J., II, A MINOR CHILD

And

H.J., A MINOR CHILD

And

A.J., A MINOR CHILD

v.

GEORGETOWN COLLEGE                                                      DEFENDANTS

And

BOARD OF TRUSTEES OF GEORGETOWN
COLLEGE, In their Official, Corporate
Structure

EXHIBIT
1

And

ROSEMARY A. ALLEN, Individually and in her Official Capacity as President of Georgetown College

And

JOHNATHAN SANDS WISE, Individually and in his Official Capacity as Executive Vice President of Georgetown College

And

JOHN DAVIS, Individually and in his Official Capacity as Vice President of Advancement of Georgetown College

And

CURTIS SANDBERG, Individually and in his Official Capacity as Vice President of Student Life of Georgetown College

And

SALLY WIATROWSKI, Individually and in her Official Capacity as Vice President for Business Operations of Georgetown College

And

DAVE ADKISSON, Individually and in his Official Capacity as Board Member and Former Board Chairperson of Georgetown College

And

DR. BOB BAKER, Individually and in his Official Capacity as Board Member of Georgetown College

And

TUCKER BALLINGER, Individually and in
his Official Capacity as Board Member of
Georgetown College

And

DR. JOHN BLACKBURN, Individually and in
his Official Capacity as Board Member of
Georgetown College

And

GRANETTA BLEVINS, Individually and in
her Official Capacity as Board Member of
Georgetown College

And

TRACEY CLARK, Individually and in her
Official Capacity as Board Member of
Georgetown College

And

SHARON CLIFTON, Individually and in her
Official Capacity as Board Member of
Georgetown College

And

JOHN COCHENOUR, Individually and in his
Official Capacity as Board Member of
Georgetown College

And

NICOLE COLLINSON, Individually and in her
Official Capacity as Board Member of
Georgetown College

And

JANE CUTTER, Individually and in her
Official Capacity as Board Member of
Georgetown College

And

KENNY DAVIS, Individually and in his
Official Capacity as Board Member of
Georgetown College

And

VICKIE GLISSON, Individually and in her
Official Capacity as Board Member of
Georgetown College

And

JOHN DOE, Individually and in his Official
Capacity as Board Member of Georgetown
College

And

WILLIAM J. HOUSTON, Individually and in
his Official Capacity as Board Member of
Georgetown College

And

MELANIE LADD, Individually and in her
Official Capacity as Board Member of
Georgetown College

And

DAVID LEE, Individually and in his Official
Capacity as Board Member of Georgetown
College

And

MIKE LUKEMIRE, Individually and in his
Official Capacity as Board Member of
Georgetown College

And

MISSY MATTHEWS, Individually and in her
Official Capacity as Board Member of
Georgetown College

And

ROBERT L. MILLS, Individually and in his
Official Capacity as Chairman of the Board of
Trustees of Georgetown College

And

JUDGE GERALD PARKER, Individually and
in his Official Capacity as Board Member of
Georgetown College

And

MICHELLE PEDIGO, Individually and in her
Official Capacity as Board Member of
Georgetown College

And

FRANK PENN, Individually and in his Official
Capacity as Board Member of Georgetown
College

And

JOHN TRAVIS, Individually and in his Official
Capacity as Board Member of Georgetown
College

And

HON. J. GUTHRIE TRUE, Individually and in
his Official Capacity as Board Member of
Georgetown College

And

JOHN WARD, Individually and in his Official
Capacity as Board Member of Georgetown
College

And

MEOCHA WILLIAMS, Individually and in her
Official Capacity as Board Member of
Georgetown College

And

SARAH WILSON, Individually and in her
Official Capacity as Board Member of
Georgetown College

And

NORM BROWN, Individually and in his
Official Capacity as a Former Board Member of
Georgetown College

And

KAPPA ALPHA ORDER- SOCIAL
FRATERNITY

## NOTICE OF REMOVAL

Please take notice the Defendants Georgetown College, Board of Trustees of Georgetown College, in their Official, Corporate Structure, Rosemary A. Allen, individually and in her official capacity as President of Georgetown College, Johnathan Sands Wise, individually and in his official capacity as Executive Vice President of Georgetown College, John Davis, individually and in his official capacity as Vice President of Advancement of Georgetown College, Curtis Sandberg, individually and in his official capacity as Vice President of Student Life of Georgetown College, Sally Wiatrowski, individually and in her official capacity as Vice President for Business Operations of Georgetown College, Dave Adkisson, individually and in his official capacity as Board Member and Former Board Chairperson of Georgetown College, Dr. Bob Baker, individually and in his official capacity as Board Member of Georgetown College, Tucker

Ballinger, individually and in his official capacity as Board Member of Georgetown College, Dr. John Blackburn, individually and in his official capacity as Board Member of Georgetown College, Granetta Blevins, individually and in her official capacity as Board Member of Georgetown College, Tracey Clark, individually and in her official capacity as Board Member of Georgetown College, Sharon Clifton, individually and in her official capacity as Board Member of Georgetown College, John Cochenour, individually and in his official capacity as Board Member of Georgetown College, Nicole Collinson, individually and in her official capacity as Board Member of Georgetown College, Jane Cutter, individually and in her official capacity as Board Member of Georgetown College, Kenny Davis, individually and in his official capacity as Board Member of Georgetown College, Vickie Glisson, individually and in her official capacity as Board Member of Georgetown College, John Doe, individually and in his official capacity as Board Member of Georgetown College, William J. Houston, individually and in his official capacity as Board Member of Georgetown College, Melanie Ladd, individually and in her official capacity as Board Member of Georgetown College, David Lee, individually and in his official capacity as Board Member of Georgetown College, Mike Lukemire, individually and in his official capacity as Board Member of Georgetown College, Missy Matthews, Individually and in her Official Capacity as Board Member of Georgetown College, Robert L. Mills, individually and in his official capacity as Chairman of the Board of Trustees of Georgetown College, Judge Gerald Parker, individually and in his official capacity as Board Member of Georgetown College, Michelle Pedigo, individually and in her official capacity as Board Member of Georgetown College, Frank Penn, individually and in his official capacity as Board Member of Georgetown College, John Travis, individually and in his official capacity as Board Member of Georgetown College, Hon. J. Guthrie True, individually and in his official capacity as Board Member of Georgetown College, John

Ward, individually and in his official capacity as Board Member of Georgetown College, Meocha Williams, individually and in her official capacity as Board Member of Georgetown College, Sarah Wilson, individually and in her official capacity as Board Member of Georgetown College, Norm Brown, individually and in his official capacity as a Former Board Member of Georgetown College (hereinafter "these Defendants"), have removed this action from the Franklin Circuit Court Civil Division to the United States District Court for the Eastern District of Kentucky. Franklin Circuit Court is located within the jury division of the United States District Court for the Eastern District of Kentucky, Central Division at Frankfort. Copies of all process, pleadings, and orders of record are attached hereto and made a part hereof.

## GROUNDS FOR REMOVAL

1.      Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiffs' claims for civil rights violations of 42 U.S.C. § 1983 (Count XI) and violations of 20 U.S.C. § 1681, otherwise known as Title IX (Count XIV). The Defendants may therefore remove this action to this Court pursuant to 28 U.S.C. § 1441(a) and (c) because this action includes claims arising under the Constitution, laws, or treaties of the United States.

2.      This Court has supplemental jurisdiction over all remaining claims in this action including: Plaintiffs' claims for defamation per se (Counts I-III), false light invasion of privacy (Counts IV-VI), vicarious liability (Counts VII-IX), intentional and/or reckless infliction of emotional distress/outrage (Count X), threat of physical and sexual violence; intentional infliction of extreme emotional distress (Count XII), breach of contract (Count XIII), and punitive damages (Count XV). These claims are "so related to claims in the action with such original jurisdiction that they form part of the same case or controversy under Article III of the United States

Constitution." 28 U.S.C. § 1367(a). As such, removal of the entire action is proper and consistent with 28 U.S.C. § 1367.

3.      Plaintiff commenced this action in the Franklin Circuit Court by filing a Complaint on September 29, 2022, styled *William A. Jones, et al.  v. Georgetown College, et al.*, Civil Action No. 22-CI-765. The Plaintiffs' Complaint seeks judgment against the Defendants for compensatory damages and punitive damages.

4.      This Notice of Removal is timely filed, pursuant to 28 U.S.C § 1446(b)(1) because it has been filed within thirty days of receipt of a copy of the Complaint. The first Defendant to receive a copy of the Complaint did so on September 30, 2021.

5.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders of record in this matter, including this Defendants' Notice of Removal filed in the state court, are attached hereto as Exhibit A.  A copy of the docket summary from the Franklin County Circuit Court is attached as Exhibit B.

6.      The Court's exercise of federal question jurisdiction is proper pursuant to 28 U.S.C. § 1441(a) and (c) because Plaintiff's claims in the civil action against Defendants include alleged violations of  42 U.S.C. § 1983 and 20 U.S.C. § 1681. This Court has original jurisdiction over these constitutional claims pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367 because they "derive from a common nucleus of operative fact" with the federal claims. *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 725 (1966).  All claims arise out the employment of William A. Jones as President of Georgetown College and the attendance of Annalise Jones as a student at Georgetown College.

7.      By removing this action to this Court, these Defendants do not waive any defenses available to them, and expressly reserve the right to assert all such defenses.

8.    Pursuant to 28 U.S.C. § 1446(b)(2) no other defendants have been properly joined and served.  As such, no consent to removal is necessary.

WHEREFORE, these Defendants respectfully requests this Court assume jurisdiction over the above-captioned case.

FREEMAN MATHIS & GARY, LLP

*s/Tia J. Combs*
Tia J. Combs
Cara N. Crecelius
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504
859.806.1266
tcombs@fmglaw.com
cara.crecelius@fmglaw.com

## CERTIFICATE OF SERVICE

This is to certify that the foregoing has been served, via first class USPS, postage prepaid, and via email on this the 19th day of October 2022, upon the following:

Kyle Thompson
100 East Main Street
Frankfort, KY 40601

Thomas Clay
Clay and Daniel, LLC
917 Lily Creek Road
Louisville KY 40243

*s/Tia J. Combs*
*Counsel for Defendant*



**KENTUCKY**
COURT OF JUSTICE

**22-CI-00765**

### *JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL*

**FRANKLIN CIRCUIT COURT**

Filed on **09/30/2022** as **SLANDER/LIBEL/DEFAMATION** with **HON. THOMAS DAWSON WINGATE**

**\*\*\*\* NOT AN OFFICIAL COURT RECORD \*\*\*\***

| Case Memo | 22-CI-00765 |
|---|---|

SLANDER/LIBEL/DEFAMATION;

| Parties | 22-CI-00765 |
|---|---|

**ADKISSON, DAVID C** as **DEFENDANT / RESPONDENT**

**Address**

1000 RICHMOND RD.
LEXINGTON KY 40502

**Summons**

**CIVIL SUMMONS** issued on **09/30/2022** by way of **RETURNED TO ATTORNEY/PETITIONER**

**ALLEN, ROSEMARY A** as **DEFENDANT / RESPONDENT**

**Address**

400 EAST COLLEGE ST.
GEORGETOWN KY 40324

**Summons**

**CIVIL SUMMONS** issued on **09/30/2022** by way of **RETURNED TO ATTORNEY/PETITIONER**

**BAKER, DR. ROBERT** as **DEFENDANT / RESPONDENT**

**Address**

204 STRAWBERRY LANE
LEXINGTON KY 40516

**Summons**

**CIVIL SUMMONS** issued on **09/30/2022** by way of **RETURNED TO ATTORNEY/PETITIONER**

**BALLINGER, JEROMY TUCKER** as **DEFENDANT / RESPONDENT**

**Address**

1651 DUNTREATH DR.
LEXINGTON KY 40504

**Summons**

**CIVIL SUMMONS** issued on **09/30/2022** by way of **RETURNED TO ATTORNEY/PETITIONER**

**BLACKBURN, JOHN R. JR** as **DEFENDANT / RESPONDENT**

**Address**

203 ARTESIAN DR.
GARNER NC 27529

**Summons**

**CIVIL SUMMONS** issued on **09/30/2022** by way of **RETURNED TO ATTORNEY/PETITIONER**

**BLEVINS, GRANETTA** as **DEFENDANT / RESPONDENT**

**Address**

104 COLONIAL DR.
MOUNT STERLING KY 40353

**EXHIBIT B**

MOUNT STERLING KY 40353

**Summons**

CIVIL SUMMONS issued on **09/30/2022** by way of **RETURNED TO ATTORNEY/PETITIONER**

---

**BOARD OF TRUSTESS OF GEORGETOWN COLLEGE** as **DEFENDANT / RESPONDENT**

**Memo**

CHAIRPERSON OF THE BOARD Registered Agent of Service exists.

**Address**

400 EAST COLLEGE ST.
GEORGETOWN KY 40324

**Summons**

CIVIL SUMMONS issued on **09/30/2022** by way of **RETURNED TO ATTORNEY/PETITIONER**

---

**BROWN, NORMAN** as **DEFENDANT / RESPONDENT**

**Address**

1608 HARMONY LANE
LEXINGTON KY 40502

**Summons**

CIVIL SUMMONS issued on **09/30/2022** by way of **RETURNED TO ATTORNEY/PETITIONER**

---

**CLARK, TRACEY** as **DEFENDANT / RESPONDENT**

**Address**

312 JAMES LYN DR.
HOPKINSVILLE KY 42240

**Summons**

CIVIL SUMMONS issued on **09/30/2022** by way of **RETURNED TO ATTORNEY/PETITIONER**

---

**CLIFTON, SHARON** as **DEFENDANT / RESPONDENT**

**Address**

3809 MIMOSA LANE
LEXINGTON KY 40517

**Summons**

CIVIL SUMMONS issued on **09/30/2022** by way of **RETURNED TO ATTORNEY/PETITIONER**

---

**COCHENOUR, JOHN** as **DEFENDANT / RESPONDENT**

**Address**

7814 NORTHEAST 8TH STRT
MEDINA WA 98039 4711

**Summons**

CIVIL SUMMONS issued on **09/30/2022** by way of **RETURNED TO ATTORNEY/PETITIONER**

---

**COLLINSON, NICOLE BIVENS** as **DEFENDANT / RESPONDENT**

**Address**

500 ROOSEVELT BLVD
FALLS CHURCH VA 22044

**Summons**

CIVIL SUMMONS issued on **09/30/2022** by way of **RETURNED TO ATTORNEY/PETITIONER**

**CUTTER, JANE** as **DEFENDANT / RESPONDENT**

**Address**

100 BETH PAGE LANE
GEORGETOWN KY 40324

**Summons**

**CIVIL SUMMONS** issued on **09/30/2022** by way of **RETURNED TO ATTORNEY/PETITIONER**

**DAVIS, JOHN** as **DEFENDANT / RESPONDENT**

**Address**

400 EAST COLLEGE ST.
GEORGETOWN KY 40324

**Summons**

**CIVIL SUMMONS** issued on **09/30/2022** by way of **RETURNED TO ATTORNEY/PETITIONER**

**DAVIS, KENNY** as **DEFENDANT / RESPONDENT**

**Address**

1497 WALLACETOWN RD
PAINT LICK KY 40461

**Summons**

**CIVIL SUMMONS** issued on **09/30/2022** by way of **RETURNED TO ATTORNEY/PETITIONER**

**DOE, JOHN** as **DEFENDANT / RESPONDENT**

**Summons**

**CIVIL SUMMONS** issued on **09/30/2022** by way of **RETURNED TO ATTORNEY/PETITIONER**

**GEORGETOWN COLLEGE** as **DEFENDANT / RESPONDENT**

**Memo**

Registered Agent of Service exists.

**Address**

400 EAST COLLEGE ST.
GEORGETOWN KY 40324

**Summons**

**CIVIL SUMMONS** issued on **09/30/2022** by way of **RETURNED TO ATTORNEY/PETITIONER**

**GLISSON, VICKIE** as **DEFENDANT / RESPONDENT**

**Address**

500 W. JEFFERSON ST.
SUITE #2000
LOUISVILLE KY 40202

**Summons**

**CIVIL SUMMONS** issued on **09/30/2022** by way of **RETURNED TO ATTORNEY/PETITIONER**

**HOUSTON, WILLIAM J.** as **DEFENDANT / RESPONDENT**

**Address**

8111 HOUSTON LN
PEWEE VALLEY KY 40056

**Summons**

**CIVIL SUMMONS** issued on **09/30/2022** by way of **RETURNED TO ATTORNEY/PETITIONER**

**J., A.** as **PLAINTIFF / PETITIONER**

**Address**

102 PINE VALLEY DR.
GEORGETOWN KY 40324

GEORGETOWN KY 40324

**J., H.** as **PLAINTIFF / PETITIONER**

**Address**

102 PINE VALLEY DR.
GEORGETOWN KY 40324

**J., W. II** as **PLAINTIFF / PETITIONER**

**Address**

102 PINE VALLEY DR.
GEORGETOWN KY 40324

**JONES, AMY R** as **PLAINTIFF / PETITIONER**

**Address**

102 PINE VALLEY DR.
GEORGETOWN KY 40324

**JONES, ANNALISE** as **PLAINTIFF / PETITIONER**

**Address**

102 PINE VALLEY DR.
GEORGETOWN KY 40324

**JONES, GRACE** as **PLAINTIFF / PETITIONER**

**Address**

102 PINE VALLEY DR.
GEORGETOWN KY 40324

**JONES, THOMAS JR** as **PLAINTIFF / PETITIONER**

**Address**

102 PINE VALLEY DR.
GEORGETOWN KY 40324

**JONES, WILLIAM ANDREW** as **PLAINTIFF / PETITIONER**

**Address**

102 PINE VALLEY DR.
GEORGETOWN KY 40324

**KAPPA ALPHA ORDER - SOCIAL FRATERNITY** as **DEFENDANT / RESPONDENT**

**Memo**

Registered Agent of Service exists.

**Address**

115 LIBERTY HALL RD.
LEXINGTON VA 24450

**Summons**

**CIVIL SUMMONS** issued on **09/30/2022** by way of **RETURNED TO ATTORNEY/PETITIONER**

**LADD, MELANIE** as **DEFENDANT / RESPONDENT**

**Address**

3156 CAVERSHAM PARK LANE
LEXINGTON KY 40509

**Summons**

CIVIL SUMMONS issued on **09/30/2022** by way of **RETURNED TO ATTORNEY/PETITIONER**

---

**LEE, DAVID** as **DEFENDANT / RESPONDENT**

**Address**

80 FOXLEY LANE
FRANKFORT KY 40601

**Summons**

CIVIL SUMMONS issued on **09/30/2022** by way of **RETURNED TO ATTORNEY/PETITIONER**

---

**LUKEMIRE, MICHAEL** as **DEFENDANT / RESPONDENT**

**Address**

8227 COLDWATER DR.
POWELL OH 43065

**Summons**

CIVIL SUMMONS issued on **09/30/2022** by way of **RETURNED TO ATTORNEY/PETITIONER**

---

**MATTHEWS, MISSY** as **DEFENDANT / RESPONDENT**

**Address**

250 BEARFOOT TRAIL
WHITESBURG KY 41858

**Summons**

CIVIL SUMMONS issued on **09/30/2022** by way of **RETURNED TO ATTORNEY/PETITIONER**

---

**MILLS, ROBERT** as **DEFENDANT / RESPONDENT**

**Address**

330 LONG RIDGE RD.
OWENTON KY 40359

**Summons**

CIVIL SUMMONS issued on **09/30/2022** by way of **RETURNED TO ATTORNEY/PETITIONER**

---

**PARKER, E. GERALD** as **DEFENDANT / RESPONDENT**

**Address**

5800 SAWGRASS DR.
WEST CHESTER OH 45069

**Summons**

CIVIL SUMMONS issued on **09/30/2022** by way of **RETURNED TO ATTORNEY/PETITIONER**

---

**PEDIGO, MICHELLE** as **DEFENDANT / RESPONDENT**

**Address**

1212 LAUREL ST.
UNIT 1607
NASHVILLE TN 37203

**Summons**

CIVIL SUMMONS issued on **09/30/2022** by way of **RETURNED TO ATTORNEY/PETITIONER**

---

**PENN, FRANK** as **DEFENDANT / RESPONDENT**

**Address**

4741 MOUNT HOREB PIKE

LEXINGTON KY 40511

**Summons**

**CIVIL SUMMONS** issued on **09/30/2022** by way of **RETURNED TO ATTORNEY/PETITIONER**

**SANDBERG, CURTIS** as **DEFENDANT / RESPONDENT**

**Memo**

Vice President of Student Life

**Address**

400 EAST COLLEGE ST.
GEORGETOWN KY 40324

**Summons**

**CIVIL SUMMONS** issued on **09/30/2022** by way of **RETURNED TO ATTORNEY/PETITIONER**

**SANDS WISE, JOHNATHAN** as **DEFENDANT / RESPONDENT**

**Memo**

Executive Vice President and Provost of Georgetown College

**Address**

400 EAST COLLEGE ST.
GEORGETOWN KY 40324

**Summons**

**CIVIL SUMMONS** issued on **09/30/2022** by way of **RETURNED TO ATTORNEY/PETITIONER**

**TRAVIS, JOHN** as **DEFENDANT / RESPONDENT**

**Address**

616 SEMINOLE TRAIL
GEORGETOWN KY 40324

**Summons**

**CIVIL SUMMONS** issued on **09/30/2022** by way of **RETURNED TO ATTORNEY/PETITIONER**

**TRUE, HON. J. GUTHRIE** as **DEFENDANT / RESPONDENT**

**Address**

310 LEAWOOD DR.
FRANKFORT KY 40601

**Summons**

**CIVIL SUMMONS** issued on **09/30/2022** by way of **RETURNED TO ATTORNEY/PETITIONER**

**WARD, JOHN JR** as **DEFENDANT / RESPONDENT**

**Address**

13388 WOLF RD
ALEXANDRIA KY 41001

**Summons**

**CIVIL SUMMONS** issued on **09/30/2022** by way of **RETURNED TO ATTORNEY/PETITIONER**

**WIATROWSKI, SALLY** as **DEFENDANT / RESPONDENT**

**Memo**

Vice President for Business Operations

**Address**

400 EAST COLLEGE ST.
GEORGETOWN KY 40324

**Summons**

CIVIL SUMMONS issued on **09/30/2022** by way of **RETURNED TO ATTORNEY/PETITIONER**

---

**WILLIAMS, MEOCHA** as **DEFENDANT / RESPONDENT**

**Address**

1102 HADDRELL PT.
LEXINGTON KY 40509

**Summons**

CIVIL SUMMONS issued on **09/30/2022** by way of **RETURNED TO ATTORNEY/PETITIONER**

---

**WILSON, SARAH** as **DEFENDANT / RESPONDENT**

**Address**

2004 OAK HILL CT.
VERSAILLES KY 40383

**Summons**

CIVIL SUMMONS issued on **09/30/2022** by way of **RETURNED TO ATTORNEY/PETITIONER**

---

**THOMPSON, KYLE THOMAS** as **ATTORNEY FOR PLAINTIFF**

**Address**

THE LAW OFFICES OF KYLE T THOMPSON PSC
100 EAST MAIN STREET
FRANKFORT KY 40601

---

**MILLS, ROBERT** as **REGISTERED AGENT OF SERVICE**

**Memo**

Related party is BOARD OF TRUSTESS OF GEORGETOWN COLLEGE

**Address**

330 LONG RIDGE LANE
OWENTON KY 40359

---

**WEISE, LARRY STANTON** as **REGISTERED AGENT OF SERVICE**

**Memo**

Related party is KAPPA ALPHA ORDER - SOCIAL FRATERNITY

**Address**

115 LIBERTY HALL ROAD
LEXINGTON VA 24450

---

**WILHITE, C. DAVID** as **REGISTERED AGENT OF SERVICE**

**Memo**

Related party is GEORGETOWN COLLEGE

**Address**

400 EAST COLLEGE STREET
GEORGETOWN KY 40324

---

| Documents | 22-CI-00765 |
|---|---|

**COMPLAINT / PETITION** filed on **09/30/2022**

**EXHIBIT** filed on **09/30/2022**
*ATTACHMENT SET ONE*

**EXHIBIT** filed on **09/30/2022**
*ATTACHMENT SET TWO*

| Images | 22-CI-00765 |
|---|---|

**COMPLAINT / PETITION** filed on **09/30/2022**    *Page(s): 79*

**EXHIBIT** filed on **09/30/2022**    *Page(s): 72*

**EXHIBIT** filed on **09/30/2022**  *Page(s): 72*

**EXHIBIT** filed on **09/30/2022**  *Page(s): 55*

**SUMMONS** filed on **09/30/2022**  *Page(s): 1*

**SUMMONS** filed on **09/30/2022**  *Page(s): 1*

**SUMMONS** filed on **09/30/2022**  *Page(s): 1*

**SUMMONS** filed on **09/30/2022**  *Page(s): 1*

**SUMMONS** filed on **09/30/2022**  *Page(s): 1*

**SUMMONS** filed on **09/30/2022**  *Page(s): 1*

**SUMMONS** filed on **09/30/2022**  *Page(s): 1*

**SUMMONS** filed on **09/30/2022**  *Page(s): 1*

**SUMMONS** filed on **09/30/2022**  *Page(s): 1*

**SUMMONS** filed on **09/30/2022**  *Page(s): 1*

**SUMMONS** filed on **09/30/2022**  *Page(s): 1*

**SUMMONS** filed on **09/30/2022**  *Page(s): 1*

**SUMMONS** filed on **09/30/2022**  *Page(s): 1*

**SUMMONS** filed on **09/30/2022**  *Page(s): 1*

**SUMMONS** filed on **09/30/2022**  *Page(s): 1*

**SUMMONS** filed on **09/30/2022**  *Page(s): 1*

**SUMMONS** filed on **09/30/2022**  *Page(s): 1*

**SUMMONS** filed on **09/30/2022**  *Page(s): 1*

**SUMMONS** filed on **09/30/2022**  *Page(s): 1*

**SUMMONS** filed on **09/30/2022**  *Page(s): 1*

**SUMMONS** filed on **09/30/2022**  *Page(s): 1*

**SUMMONS** filed on **09/30/2022**  *Page(s): 1*

**SUMMONS** filed on **09/30/2022**  *Page(s): 1*

**SUMMONS** filed on **09/30/2022**  *Page(s): 1*

**SUMMONS** filed on **09/30/2022**  *Page(s): 1*

**SUMMONS** filed on **09/30/2022**  *Page(s): 1*

**SUMMONS** filed on **09/30/2022**  *Page(s): 1*

**SUMMONS** filed on **09/30/2022**  *Page(s): 1*

**SUMMONS** filed on **09/30/2022**  *Page(s): 1*

**SUMMONS** filed on **09/30/2022**  *Page(s): 1*

**SUMMONS** filed on **09/30/2022**  *Page(s): 1*

**SUMMONS** filed on **09/30/2022**  *Page(s): 1*

**SUMMONS** filed on **09/30/2022**  *Page(s): 1*

**SUMMONS** filed on **09/30/2022**  *Page(s): 1*

**SUMMONS** filed on **09/30/2022**  *Page(s): 1*

**SUMMONS** filed on **09/30/2022**  *Page(s): 1*

**SUMMONS** filed on **09/30/2022**  *Page(s): 1*

**JUDGE ASSIGNMENT** filed on **09/30/2022**  *Page(s): 1*

**COURTESY FINANCIAL TRANSACTION REPORT** filed on **09/30/2022**  *Page(s): 1*

**RECEIPT** filed on **10/03/2022**  *Page(s): 0*

**\*\*\*\* End of Case Number : 22-CI-00765 \*\*\*\***

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

**COMMONWEALTH OF KENTUCKY**
**FRANKLIN CIRCUIT COURT**
**DIVISION _____**
**CIVIL ACTION NO. _ _ _ _ _ _ _**
Electronically Filed

**WILLIAM A. JONES**                                                             **PLAINTIFFS**

**And**

**AMY R. JONES**

**And**

**ANNALISE JONES**

**And**

**THOMAS JONES, JR.**

**And**

**GRACE JONES**

**And**

**W.J., II, A MINOR CHILD**

**And**

**H.J., A MINOR CHILD**

**And**

**A.J., A MINOR CHILD**

1

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

COM : 000001 of 000079

EXHIBIT
C

**VS.**

**GEORGETOWN COLLEGE**                                          **DEFENDANTS**
    *Serve Via Personal Service of Sheriff*
    *C. David Wilhite*
    *400 East College Street*
    *Georgetown, Kentucky 40342*
**And**

**BOARD OF TRUSTEES OF GEORGETOWN COLLEGE**
    **In their Official, Corporate Structure**
    *Serve Via Personal Service of Sheriff*
    *Chairman of the Board, Robert Mills*
**And**

**ROSEMARY A. ALLEN, Individually and in her Official Capacity as**
    **President of Georgetown College**
    *Serve Via Personal Service of Sheriff*


**And**

**JOHNATHAN SANDS WISE, Individually and in his Official Capacity as**
    **Provost and Executive Vice President of Georgetown College**
    *Serve Via Certified U.S. Mail*


**And**

**JOHN DAVIS, Individually and in his Official Capacity as**
    **Senior Vice President of Advancement of Georgetown College**
    *Serve Via Certified U.S. Mail*


**And**

**CURTIS SANDBERG, Individually and in his Official Capacity as**
    **Vice President of Student Life of Georgetown College**
    *Serve Via Certified U.S. Mail*


**And**

**SALLY WIATROWSKI, Individually and in her Official Capacity as**
    **Vice President for Business Operations of Georgetown College**
    *Serve Via Certified U.S. Mail*

Amy Feldman, Franklin Circuit Clerk    Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

09/30/2022    22-CI-00765    Filed    COM : 000002 of 000079

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

And


**DAVE ADKISSON, Individually and in his Official Capacity as**
    **Board Member and Former Board Chairperson of Georgetown College**
    *Serve Via Certified US Mail*


And


**DR. BOB BAKER, Individually and in his Official Capacity as**
    **Board Member of Georgetown College**
    *Serve Via Certified US Mail*


And


**TUCKER BALLINGER, Individually and in his Official Capacity as**
    **Board Member of Georgetown College**
    *Serve Via Certified US Mail*


And


**DR. JOHN BLACKBURN, Individually and in his Official Capacity as**
    **Board Member of Georgetown College**
    *Serve Via Certified US Mail*


And


**GRANETTA BLEVINS, Individually and in her Official Capacity as**
    **Board Member of Georgetown College**
    *Serve Via Certified US Mail*


And


**TRACEY CLARK, Individually and in her Official Capacity as**
    **Board Member of Georgetown College**
    *Serve Via Certified US Mail*


And


**SHARON CLIFTON, Individually and in her Official Capacity as**
    **Board Member of Georgetown College**
    *Serve Via Certified US Mail*


And

3

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000003 of 000079

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

**JOHN COCHENOUR, Individually and in his Official Capacity as**
      **Board Member of Georgetown College**
      *Serve Via Certified U.S. Mail*

And


**NICOLE COLLINSON, Individually and in her Official Capacity as**
      **Board Member of Georgetown College**
      *Serve Via Certified U.S. Mail*

And


**JANE CUTTER, Individually and in her Official Capacity as**
      **Board Member of Georgetown College**
      *Serve Via Certified U.S. Mail*

And


**KENNY DAVIS, Individually and in his Official Capacity as**
      **Board Member of Georgetown College**
      *Serve Via Certified U.S. Mail*

And


**VICKIE GLISSON, Individually and in her Official Capacity as**
      **Board Member of Georgetown College**
      *Serve Via Certified U.S. Mail*

And


**JOHN DOE, Individually and in his Official Capacity as**
      **Board Member of Georgetown College**
      *Serve Via Certified U.S. Mail*

And


**WILLIAM J. HOUSTON, Individually and in his Official Capacity as**
      **Board Member of Georgetown College**
      *Serve Via Certified U.S. Mail*

And

4

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000004 of 000079

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

**MELANIE LADD, Individually and in her Official Capacity as**
    **Board Member of Georgetown College**
    *Serve Via Certified US. Mail*

And

**DAVID LEE, Individually and in his Official Capacity as**
    **Board Member of Georgetown College**
    *Serve Via Certified US. Mail*

And

**MIKE LUKEMIRE, Individually and in his Official Capacity as**
    **Board Member of Georgetown College**
    *Serve Via Certified US. Mail*

And

**MISSY MATTHEWS, Individually and in her Official Capacity as**
    **Board Member of Georgetown College**
    *Serve Via Certified US. Mail*

And

**ROBERT L. MILLS, Individually and in his Official Capacity as**
    **Chairman of the Board of Trustees of Georgetown College**
    *Serve Via Certified US. Mail*

And

**JUDGE GERALD PARKER, Individually and in his Official Capacity as**
    **Board Member of Georgetown College**
    *Serve Via Certified US. Mail*

And

**MICHELLE PEDIGO, Individually and in her Official Capacity as**
    **Board Member of Georgetown College**
    *Serve Via Certified US. Mail*

And

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000005 of 000079

5

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

**FRANK PENN, Individually and in his Official Capacity as**
    **Board Member of Georgetown College**
    *Serve Via Certified U.S. Mail*

**And**

**JOHN TRAVIS, Individually and in his Official Capacity as**
    **Board Member of Georgetown College**
    *Serve Via Certified U.S. Mail*

**And**

**HON. J. GUTHRIE TRUE, Individually and in his Official Capacity as**
    **Board Member of Georgetown College**
    *Serve Via Certified U.S. Mail*

**And**

**JOHN WARD, Individually and in his Official Capacity as**
    **Board Member of Georgetown College**
    *Serve Via Certified U.S. Mail*

**And**

**MEOCHA WILLIAMS, Individually and in her Official Capacity as**
    **Board Member of Georgetown College**
    *Serve Via Certified U.S. Mail*

**And**

**SARAH WILSON, Individually and in her Official Capacity as**
    **Board Member of Georgetown College**
    *Serve Via Certified U.S. Mail*

**And**

**NORM BROWN, Individually and in his Official Capacity as a**
    **Former Board Member of Georgetown College**
    *Serve Via Certified U.S. Mail*

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000006 of 000079

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

**And**

**KAPPA ALPHA ORDER- SOCIAL FRATERNITY**
115 Liberty Hall Road, Lexington, Virginia 24450
*Serve Larry Stanton Weise, Executive Director of National Organization*
*Serve Via Certified US. Mail*

---

## COMPLAINT AND JURY DEMAND

---

NOW COMES THE PLAINTIFFS, Mr. William A. Jones, Mrs. Amy R. Jones, Ms. Annalise Jones, Ms. Thomas Jones, Jr., Grace Jones, W.J. II, a minor child, H.J., a minor child, and A.J., a minor child, by and through counsel, and for their Complaint and Jury Demand against the above-named Defendants, hereby state as follows:

### INTRODUCTION TO CASE AND ISSUES

I. Plaintiff William A. Jones ("Mr. Jones") spent the better part of the last two (2) decades working in various executive positions at institutions of higher learning in four (4) states. Mr. Jones' success in this line of work was notable and has propelled him into presidential positions at two (2) colleges including, most recently, at Georgetown College in Georgetown, Kentucky.

2. During his tenure as President of Georgetown College, Mr. Jones helped the College achieve its fundraising goals, increased alumni and employee participation in financial giving to the College, greatly improved enrollment and retention rates at the College, and secured funding for development projects concerning upgrades to critical campus facilities-all while shepherding the College, students and faculty, and an entire community through a global pandemic and the crises, confusion, and uncertainties it engendered.

7

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000007 of 000079

Filed                    22-CI-00765    09/30/2022    Amy Feldman, Franklin Circuit Clerk
NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

3. While President of Georgetown College, Mr. Jones was able to financially suppo1t his wife and the six (6) children they share together. By all accounts, Mr. Jones' future was bright and promised continued, gainful employment at institutions of higher education and beyond for many years into the future.

4. Then came the weekend of October 30, 2021, through Tuesday, November 2, 2021, when Defendants wrongfully destroyed Mr. Jones' life and future.

5. In October and November of 2021, Mr. Jones was falsely accused of sexual assault by a former colleague. An investigation into her allegations was conducted by law enforcement personnel and cleared Mr. Jones of any wrongdoing.  In fact, Mr. Jones was noted to be 'exceptionally cleared'. [1]

6. But the fact that Mr. Jones has been cleared of any criminal conduct by independent arbiters did not matter, because he had already been convicted by Georgetown College, the Board of Trustees of Georgetown College, the individually named Defendants herein, and the media.

7. As a result of Defendants' malicious statements and actions, Mr. Jones has been falsely labeled a criminal, a sexual predator, a threat to those around him, and unfit to continue practicing in his chosen profession. Mr. Jones is now a pariah within his own community and that of his former peers'-communities which once held Mr. Jones in high regard. Mr. Jones' opportunity for future, gainful employment was once abundant; they are now nil.

---

[1] January 6, 2022, report of Detective Jason Bockting, Sex Crimes Unit–2235, Indianapolis Metropolitan Police Department. " ... [t]he case with William Jones has been no filed under 49-NC2201-2104250 ... 1wi ll be closing my case today. Thanks. Jason" Email to Attorney Jennifer Lukemeyer,  12: 13 PM, January 6, 2022.

8

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

COM : 000008 of 000079

Filed                22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

8. Mr. Jones' life and reputation and that of his family, including his wife and children have been irreparably damaged, and Mr. Jones and his family are entitled to be compensated for Defendants' intentional and wrongful conduct including compensatory and punitive damages for all the reputational, mental, emotional, and professional damage caused and for the economic hardship that Mr. Jones and his family will face moving forward. In addition, Georgetown College, by and through its President, Rosemary Allen, should issue a public apology for its wrongdoing.

9. Mr. Jones' wife lost her own job due to the unlawful termination of her husband. She has been made an outcast in the community that she had just begun to call home. She is unable to live, attend events, or even worship without the fear of retribution. She is in constant fear for her current and future livelihood and the safety of her six (6) children, two (2) of whom are adopted and of African American descent.

10. In addition to the horrendous and inexcusable statements regarding Mr. Jones and the utterly false claim regarding his propensity for sexual misconduct or violence, Mr. Jones' daughter, Annalise Jones, a plaintiff herein, was subjected to the vilest and most disgusting and racist actions towards her by the College, its agents and employees. Kappa Alpha Order, a national social fraternity founded by four (4) former Confederate soldiers in 1865, with a notorious and historically racist past, discussed amongst their members a plan to assault and gang rape her on the Civil War era cannon located in front of their campus 'house'. Instead of offering to protect Ms. Jones from continued harassment, in an unfathomable, epically insensitive, and uncivil move, Georgetown College issued 'No Contact Orders' **on Ms. Jones** to not have any contact with the very young men that threatened to do her harm, as if she herself had committed some crime. Georgetown College went so far as to threaten to prosecute her with

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000009 of 000079

Filed                22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

Filed                                    09/30/2022                          Amy Feldman, Franklin Circuit Clerk
22-CI-00765

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

'disciplinary action' should she violate, even inadvertently, these ridiculous orders that were put into place after she was threatened with sexual assault. The fraternity was suspended (not expelled) for a four (4) year term from Georgetown College's campus. Yet, Plaintiff Jones experienced great pressure applied to him to allow Kappa Alpha Order to return much sooner, if not immediately with a rescission from Mr. Jones, as President of Georgetown College, of the disciplinary action taken against the fraternity.  Since that time, Ms. Annalise Jones' life has been an absolute living nightmare. She has been called racial slurs. She has been called 'the rapist's' daughter'. She has been forced to await security escorts to and from class and the library (sometimes waiting for more than one hour due to the college's unwillingness to provide her timely security) many evenings for the last two (2) years. She is forever damaged by the cruel, utterly racist, and inhumane treatment by the College, its agents and representatives, and the Georgetown College Chapter of Kappa Alpha Order that harken back to an age prior to the Civil Rights Act.

11. Mr. Jones' other children have also been scarred and damaged by the physical and emotional trauma inflicted upon their father and by extension their siblings and themselves. One child, a now fifteen (15) year old, H.J., a plaintiff herein, has as recently as the week of September 20, 2022, been assaulted on the grounds of her local high school, to the point of serious physical injury by a gang of twenty (20) teenage girls.  This child has also, unsurprisingly, suffered irreparable extreme emotional distress that has threatened her life on multiple occasions, all as a direct and proximate result of the unlawful and wrongful actions by Georgetown College, its agents, representatives, the students on its campus, and the associated members of the community that have rallied around the school.  Unfortunately, each of these supporters have been oblivious to the fact that the disgusting allegations broadcast worldwide

Filed                22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000010 of 000079

against Mr. Jones were baseless and false. The College has known and does know that they did not follow mandatory state and federal laws regarding the complaint process, the investigation, the production of findings, the allowance of a public hearing, and completely ignored the four (4) corners of the employment contract with Mr. Jones. Instead, the College, by and through its various agents and employees, chose to defame and malign Mr. Jones and his family as outcasts and deviants that needed to be shunned, beaten, cat-called, and destroyed from the inside of their souls to their personal and professional beings, without even a scintilla of evidence that Mr. Jones committed any act alleged by the College in violation of his contract.

12. And, in one more assault upon the rules of decency, Georgetown College, in an attempt to quickly terminate Mr. Jones, very likely due to outside pressures and growing evidence of a criminal conspiracy by two (2) women attempting to unlawfully defraud the College, alleged that a consensual intimate relationship with a colleague was the purpose of his firing because of the school's 'Christian values'. Unfortunately, this argument and position is a red herring for two (2) separate but important reasons:

First, Plaintiffs and their counsel have evidence that Georgetown College knew of Mr. Jones' consensual relationship for more than eighteen (18) months prior to Jones' termination and allowed for tacit approval of the same as the result of an economic decision, based on Plaintiff Jones' successes in meeting, and in many cases, wildly exceeding fundraising and enrollment goals that had been previously set by the Board of Trustees, during what can only be described as the most tumultuous time in history for higher education. And, thus, the College, with full knowledge of the relationship, looked the proverbial other way because of the financial impact Plaintiff Jones was having on the College and the community of Georgetown.

Filed                    22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

And second, as much Georgetown College wants to espouse its 'Christian values' a quote from the illustrious and prolific author Voltaire comes to mind when considering such a bold characterization of their institution, when he wrote, "The Holy Roman Empire was in no way holy, nor Roman, nor an empire ... " The same is very much true of Georgetown College.  It is not, and has not been for some time, an institution of higher education that has been considered to act, regularly, in a Christ-like manner.

In fact, in 2005, the College cut ties with the Baptist Church with its President at the time stating:

> "From my point of view, it was about academic freedom," stated President Crouch, "I sat for 25 years and watched my denomination become much more narrow and, in terms of education, much more interested in indoctrination." **The New York Times, <u>Feeling Strains Baptist Colleges Cut Ties,</u>** July 22, 2006.

All of this was in response to the head of the Kentucky Baptist Convention, Dr. Hershael W. York asking Georgetown College, one of the oldest and most-established Christian education providers in the Commonwealth of Kentucky, to consider hiring a professor that would teach a literal interpretation of the Bible ... an actual fundamental bedrock foundation of the Baptist denomination.  And for that simple request, Georgetown College, in what can only be described as the beginning of a downward secular spiral, marked by a pattern of conduct over the last seventeen (17) years that have led us to the point where the school now takes positions on social issues that may be considered consistent with a biblical worldview. Yet at the same time, Georgetown College is willing to subject an employee and his family to harm and injury, both personal and financial, that reached levels equivalent to a public flogging and banishment from society because he himself is an accused sinner. He just happens to be one that should not be given any grace, as his sins are deemed to weigh greater than the very blasphemy that now spews

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

COM : 000012 of 000079

Filed                    22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

Filed                    09/30/2022        Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

from this campus.[2]  Thus, he should not be able to work, provide for his family, be present on campus at any time even while his daughters are active students at the College (because of what the College told students was an effort to protect them from violence), they are allowed to permanently damage his children, and destroy their lives, and forever tarnish his family's name. Yet, ***none of the statements and allegations made by Georgetown College in their numerous press releases and interviews given, that were viewed 457,433,146 unique times, just on the top thirty (30) websites on Google alone, in a two (2) day period from 12:01 A.M. on November 1, 2021 until 11:59 P.M. on November 2, 2021, were true.[3] Emphasis added.*** The Executive Administration, the Board of Trustees, and Kappa Alpha Order fraternity effectively created a living hell of lies and virulent hate on this self-proclaimed pious campus, that then spread like the very fires from the inner circle of Dante's inferno, to the farthest reaches of the earth, with one-sixteenth (1/16[th]) of the entire world's population being subjected to the unabashed lies and falsehoods proclaimed by the College in just forty-eight (48) hours. For these many reasons, Mr. William Jones, his wife, and his children have decided to file this lawsuit and seek non-monetary, compensatory financial, and punitive damages from all Defendants named herein.

## PARTIES

13.  At all times relevant hereto, the Plaintiff, William Jones has resided in Georgetown, Scott County, Kentucky.

---

[2] From the College's own statement of Faith: "Faculty, staff and students are called to embrace their role in our community, which is characterized by God's redemptive grace for all people and traditions." ***Georgetown College Website;*** www.georgetowncollege.edu, *Statement of Purpose.*

[3] Counsel used the 'internet archive' (https://archive.org) as a database resource and http://www.similarweb as corroboration of web traffic to these pages on those dates and also took into account the daily average readership of these website front pages for the year 2021.

13

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000013 of 000079

Filed                    22-CI-00765        09/30/2022       Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

14. At all times relevant hereto, the Plaintiff, Amy R. Jones has resided in Georgetown, Scott County, Kentucky and has been married to William Jones.

15. At all times relevant hereto, the Plaintiff, Annalise Jones has resided in Georgetown, Scott County, Kentucky and is the daughter of Plaintiffs William Jones and Amy R. Jones.

16. At all times relevant hereto, the Plaintiff, Thomas Jones, Jr., has resided in Georgetown, Scott County, Kentucky and is the son of Plaintiffs William Jones and Amy R. Jones.

17. At all times relevant hereto, the Plaintiff, Grace Jones has resided in Georgetown, Scott County, Kentucky and is the daughter of Plaintiffs William Jones and Amy R. Jones.

18. At all times relevant hereto, the Plaintiff, W.J. 1l, a minor child, has resided in Georgetown, Scott County, Kentucky and is the son of Plaintiffs William Jones and Amy R. Jones.

19. At all times relevant hereto, the Plaintiff, H.J., a minor child, has resided in Georgetown, Scott County, Kentucky and is the daughter of Plaintiffs William Jones and Amy R. Jones.

20. At all times relevant hereto, the Plaintiff, A.J., a minor child, has resided in Georgetown, Scott County, Kentucky and is the daughter of Plaintiffs William Jones and Amy R. Jones.

21. At all times relevant hereto, Defendant Georgetown College ("Georgetown College" and/or "College") was a private college, chartered in 1829 by the Kentucky General Assembly as the first Baptist College west of the Appalachian Mountains, formally organized under the laws

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000014 of 000079

Filed 22-CI-00765   09/30/2022   Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

of the Commonwealth of Kentucky as a non-profit Kentucky corporation. Georgetown College maintains its principal place of business at 400 East College Street, Georgetown, Kentucky 40324, and can be served with process through its registered agent for service of process, Mr. C. David Wilhite, 400 East College Street, Georgetown, Kentucky 40324.

22. The Defendant, the Board of Trustees of Georgetown College (the "Board" or "Board of Trustees"), is an entity tasked with fiduciary oversight over Georgetown College including the hiring and firing of the President of the College, serves as the College's fundraising arm, and is responsible for setting the College's mission and institutional policy.

23. Defendant Rosemary A. Allen ("Defendant Allen") is and was at all times relevant hereto Acting President and/or President of Georgetown College, and authorized agent and/or employee of the College, and a citizen and resident of the Commonwealth of Kentucky.

24. Defendant Jonathan Sands Wise ("Defendant Wise") is and was at all times relevant hereto Provost and Executive Vice President of Georgetown College, an authorized agent and/or employee of the College, and a citizen and resident of the Commonwealth of Kentucky.

25. Defendant John Davis ("Defendant Davis") is and was at all times relevant hereto Senior Vice President of Advancement for Georgetown College, an authorized agent and/or employee of the College, and a citizen and resident of the Commonwealth of Kentucky.

26. Defendant Curtis Sandberg ("Defendant Sandberg") is and was at all times relevant hereto Vice President of Student Life of Georgetown College, an authorized agent and/or employee of the College, and a citizen and resident of the Commonwealth of Kentucky.

27. Defendant Sally Wiatrowski ("Defendant Wiatrowski") is and was at all times relevant hereto Vice President for Business Operations of Georgetown College, an authorized

15

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000015 of 000079

Filed            22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

agent and/or employee of the College, and a citizen and resident of the Commonwealth of Kentucky.

28. Defendant Robert L. Mills ("Defendant Mills") is and was at all times relevant hereto Chairman of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

29. Defendant Granetta Blevins ("Defendant Blevins") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

30. Defendant Dave Adkisson ("Defendant Adkisson") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

31. Defendant Dr. Bob Baker ("Defendant Baker") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

32. Defendant Tucker Ballinger ("Defendant Ballinger") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

33. Defendant Dr. John Blackburn ("Defendant Blackburn") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000016 of 000079

Filed            22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

Filed        22-CI-00765      09/30/2022      Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

and/or employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

34. Defendant Tracey Clark ("Defendant Clark") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

35. Defendant Sharon Clifton ("Defendant Clifton") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the State of Florida.

36. Defendant John Cochenour ("Defendant Cochenour") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the State of Washington.

37. Defendant Nicole Collinson ("Defendant Collinson") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

38. Defendant Jane Cutter ("Defendant Cutter") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

39. Defendant Kenny Davis ("Defendant Davis") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

17

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000017 of 000079

Filed 22-CI-00765 09/30/2022 Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

40. Defendant Vickie Glisson ("Defendant Glisson") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

41. Defendant John Doe ("Defendant Doe") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

42. Defendant William J. Houston ("Defendant Houston") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

43. Defendant Melanie Ladd ("Defendant Ladd") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the State of Tennessee.

44. Defendant David Lee ("Defendant Lee") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

45. Defendant Mike Lukemire ("Defendant Lukemire") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the State of Ohio.

46. Defendant Missy Matthews ("Defendant Matthews") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or

18

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000018 of 000079

Filed                22-CI-00765      09/30/2022       Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

47. Defendant Judge Gerald Baker ("Defendant Baker") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

48. Defendant Michelle Pedigo ("Defendant Pedigo") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

49. Defendant Frank Penn ("Defendant Penn") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

50. Defendant John Travis ("Defendant Travis") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

51. Defendant Hon. J. Guthrie True ("Defendant True") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000019 of 000079

Filed                22-CI-00765      09/30/2022       Amy Feldman, Franklin Circuit Clerk

Filed          22-CI-00765     09/30/2022     Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

52. Defendant John Ward ("Defendant Ward") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

53. Defendant Meocha Williams ("Defendant Williams") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

54. Defendant Sarah Wilson ("Defendant Wilson") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

55. Defendant Norm Brown ("Defendant Brown") was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

56. Defendant Kappa Alpha Order - Social Fraternity is and was at all times relevant hereto a national fraternal organization founded in December 1865 in the Commonwealth of Virginia. The Beta Delta Chapter was founded on February 11, 1904, at Georgetown College. It boasts one thousand two hundred and twenty-nine (1,229) alumni members. The national organization currently has 103 active chapters across the country on college campuses, 3 provisional chapters, and 53 currently suspended chapters (including the Beta Delta Chapter at Georgetown College). Kappa Alpha Order was incorporated on April 5, 1907, under the laws of the Commonwealth of Virginia as a 'Non-Stock Corporation' and its principal place of business and corporate offices are located at Mulberry Hill, 115 Liberty Hall Road, Lexington, Virginia

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000020 of 000079

Filed          22-CI-00765     09/30/2022     Amy Feldman, Franklin Circuit Clerk

Filed                22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

24450-0000. The corporation's agent for service of process is Larry Stanton Weise, Executive

Director of the National Organization.  The fraternity claims to have one hundred and fifty

thousand (150,000) initiated members nationwide. At all relevant times, there were four (4)

members of the Board of Trustees for Georgetown College that were alumni members of Kappa

Alpha Order; to wit: Defendant Tucker Ballinger, Defendant Kenny Davis, Defendant William J.

Houston, and Defendant Norm Brown.  In addition, Board of Trustee member and Defendant,

Granetta Blevins, as discussed hereinbelow was the vocal suppoll for Kappa Alpha Order on the

Board of Trustees, and is married to Al Davis, a Kappa Alpha Order Alumnus.

Multiple individual Defendants withdrew pledged funding (in at least two (2) separate

instances, one million dollars ($1,000,000.00 in planned giving) to Georgetown College in

response to the disciplinary action against Kappa Alpha Order on the College's campus to

attempt to pressure the College to rescind the well-earned and deserved discipline from

Georgetown College.

## JURISDICTION & VENUE

57. All Plaintiffs hereby adopt and reiterate each allegation set forth above as if fully set

forth herein.

58. All the acts, omissions, and/or conduct of the Defendants complained of herein

occurred and/or were performed in the Commonwealth of Kentucky.  However, the damage

caused by the defamation of the Plaintiff, and ultimate emotional and physical and financial

damages to Jones and his family occurred and were broadcast in every corner of the

Commonwealth of Kentucky, including all one hundred and twenty (120) counties via multiple

state, national, and international news websites, social media, television, radio, and print media

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000021 of 000079

Filed                22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

including in Franklin County, Kentucky. Further, the Defendant, Georgetown College was created by legislative act of the Kentucky General Assembly, as such venue is proper.

59. Also, venue is proper in this Com1 pursuant to Kentucky Revised Statutes § 452.450, 452.460, and all other applicable law.

60. Jurisdiction lies in this Com1 pursuant to KRS § 23A.010 because this matter is not vested in some other court and Mr. Jones has suffered damages in an amount exceeding the jurisdictional limits of this Court and seeks recovery thereof herein.

## FACTS PERTINENT TO ALL CLAIMS

61. All Plaintiffs hereby adopt and reiterate each allegation set forth above as if fully set forth herein.

62. Mr. Jones dedicated his entire life's professional pursuits to higher education. As such, Mr. Jones, and ultimately his family, committed their lives over the last two (2) decades to the goal of educating and training college students and bettering higher education throughout the United States.

63. At the time that he was aggressively recruited to become the twenty-fifth (25th) President of Georgetown College in June 2019, Mr. Jones had already spent three (3) years working as the president of another small private liberal arts college in Bethany, Kansas and had more than a decade worth of experience in executive and administrative governance from his work for two (2) other colleges in Indiana and Georgia.

22

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000022 of 000079

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

64. Mr. Jones' commitment to hard work and his history of success in these prior positions earned him undeniable respect within and outside his professional and personal communities.

65. After months of recruitment, negotiations, and an extensive interview process and background-check, Mr. Jones was offered the position of President of Georgetown College by the College's Board of Trustees.

66. On June 28, 2019, Mr. Jones executed his employment agreement with Georgetown College, and, on July 1, 2019, he formally assumed the position of President of the College.

67. Early in his tenure, Mr. Jones believed that Georgetown College was an excellent fit for both him and his family; professionally, Mr. Jones also felt his work as President for the College represented a significant opportunity for him to continue to advance his long-term career goals.

68. While the first nine (9) months of Mr. Jones' term as President of Georgetown College proceeded smoothly, in March of 2020, the arrival of a global pandemic brought unprecedented challenge and uncertainty to the College, its students and faculty, and to Mr. Jones as President, not to mention the world at large.

69. But Mr. Jones remained steadfast in his work. Despite ongoing impacts of and crises driven by the pandemic, federal and state government requirements instituted by the United States President, the Governor of the Commonwealth, and the Kentucky State Legislature, Mr. Jones, unbelievably helped lead Georgetown College forward by welcoming the then-largest incoming freshman class of students in the College's history in the Fall of 2020. Mr. Jones also continued engaging with members of the community, the Commonwealth, and alumni

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000023 of 000079

Filed          22-CI-00765     09/30/2022        Amy Feldman, Franklin Circuit Clerk
NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

throughout the world to help the College surpass its yearly fundraising goals; worked with state and federal partners to secure millions of dollars in emergency funding and grants; and even participated in negotiations with local financial institutions, including Fifth Third Bank to secure their forgiveness of millions of dollars of the College's outstanding debt obligations on short-term loans.  As a result, Plaintiff Jones received two (2) stellar annual reviews by the Board of Trustees; the second being just months prior to his termination.

70. As 2020 slowly began to turn the calendar page to the year 2021, however, Georgetown College and its leadership found themselves embroiled in a number of controversies concerning student life on campus that would ultimately impact the Defendants' attitude concerning Mr. Jones.

71. One particular incident occurred in the Fall of 2020 and involved Kappa Alpha Order social fraternity that was the subject of a student-lodged complaint accusing the fraternity of hazing, harassment, and other serious misbehavior inconsistent with Georgetown College's code of conduct.

72. During an investigation into the above referenced complaint regarding Kappa Alpha Order's alleged conduct, a number of messages sent in a group messaging app by some members of the fraternity were brought to the attention of campus authorities. In one such message thread, communications were discovered that confirmed proof of the allegations of hazing, harassment, and other prohibited conduct described in the complaint initially lodged against the fraternity.

73. In addition, in multiple messages discovered in the investigation also included statements, suggestions, and/or depictions of racially motivated violence, racially and sexually derogatory language and images, and some messages that even explicitly encouraged and/or

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000024 of 000079

24

Filed 22-CI-00765 09/30/2022 Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

applauded acts of sexual aggression and violence against Plaintiff, Annalise Jones, on Georgetown College's campus.

74. Mr. Jones' own daughter, who is adopted and of African American descent, was a student at Georgetown College in the Fall of 2020, and was one of the specific female students identified in the fraternity's sexually derogatory, disgustingly racist, aggressive, and/or violent messages. The messages concerning his daughter deeply concerned and disturbed both Mr. Jones and his wife, so much so that they considered reporting the issue to law enforcement before deciding to allow the College's investigation to proceed instead.

75. However, once Mr. Jones was made aware of the text messages concerning his daughter, Mr. Jones made the decision to recuse himself from the ongoing investigative and disciplinary process concerning Kappa Alpha Order social fraternity and any of its members.

76. Mr. Jones detailed the reasoning of his recusal to the administrators of the College and the Board of Trustees, and he explicitly informed members of the Board of Trustees of the sexually violent, abhorrently racist, derogatory, and explicit text messages against his daughter via email when explaining his decision to recuse himself from the disciplinary process. In short, Mr. Jones did not want his own emotions and position as a father of a threatened college student to prejudice any decision made by Georgetown College.

77. Upon information and belief currently within the possession of the Plaintiffs and his undersigned counsel, Defendant Blevins and Defendant members of the Board of Trustees, received the email wherein Mr. Jones explained the reason for his recusal was the text messages that had been uncovered which explicitly encouraged and/or applauded acts of sexual aggression

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000025 of 000079

25

Filed                22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk
NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

and violence against his daughter, and at all times relevant hereto Defendant Blevins led multiple

Board of Trustee members to act with full knowledge of that fact.

78. As a direct result of his recusal, Mr. Jones was not involved in the decision-making

process concerning the nature or extent of the discipline to be meted out to either the fraternity or

specific members of the fraternity. But, as President of Georgetown College, Mr. Jones believed

it was impo1tant to publicly suppo1t the disciplinary actions and decisions being made by the

administrators in charge of the investigation and disciplinary process.

79. Although significantly beyond their operational mandate as Georgetown College's

Board of Trustees, multiple members of the Board were in fact vocally in opposition of any

potential and eventual discipline delivered to the fraternity and a number of its members and, on

multiple occasions, actively attempted to interfere in the disciplinary process.

80. In fact, many influential members of the Board with close personal, collegiate, or

familial ties to Kappa Alpha Order social fraternity were absolutely enraged about the

disciplinary actions taken, and they eventually took that rage out on Mr. Jones.

81. Defendant Blevins and multiple members of the Board of Trustees were among the

group of individual board members with close personal, collegiate, and/or familial ties to Kappa

Alpha Order social fraternity, did not support the disciplinary process or actions taken, and were

outraged with Mr. Jones over discipline received by the organization for hazing pledges and

threatening to sexually assault and gang rape female students including the President's very own

daughter.

82. These members of the Board, led by Defendant Blevins and multiple other members

of the Board of Trustees, repeatedly demanded that Mr. Jones take steps to reverse the

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000026 of 000079

22-CI-00765   09/30/2022   Amy Feldman, Franklin Circuit Clerk
NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

disciplinary decisions made by the administrators in charge of the investigation and disciplinary process and then, in a shocking example of tone deafness to the world surrounding them and the reality of the violent, racist, and sexual threats made by members of Kappa Alpha Order social fraternity members, demanded that Mr. Jones personally make amends with the fraternity and/or its members and alumni.

83. This influential group of disgruntled Trustees, led by Defendant Blevins, allowed their rage over Mr. Jones' refusal to acquiesce to their demands, and their own conflicts of interest, to develop into personal vendettas against Mr. Jones. These vendettas would undergird a year's worth of meddling by certain members of the College's Board of Trustees in day-to-day administration of the College, a year's worth of retaliation against Mr. Jones and, eventually, the motivating factor for some of the Board members' malicious, intentional, and wrongful conduct to ultimately terminate Mr. Jones and then provide slanderous and libelous statements regarding Mr. Jones to the furthest reaches of the globe.

84. Defendant Blevins led a group of Board of Trustee members to initiate a malicious, intentional, and targeted campaign against Mr. Jones for the sole purpose of inflicting severe emotional and mental distress upon him; all while knowing that Mr. Jones' own daughter was the target of racist, violent, sexually derogatory and sexually aggressive comments of members of this fraternity and, continued with this plan despite knowing how those text messages created a fear in Mr. Jones and his wife over the safety of their daughters on the campus of Georgetown College .

85. In September of 2021, Georgetown College and a number of administrative staff and/or faculty members were named as party-defendants in a highly publicized lawsuit brought by a former student following her violent attack and rape while on campus in 2018. The student's

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

27

COM : 000027 of 000079

Filed       22-CI-00765       09/30/2022       Amy Feldman, Franklin Circuit Clerk
NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

lawsuit alleged the College failed to take adequate steps to protect her and prevent the attack in the first place, and further accused the College and its administrators of creating a hostile environment by attempting to si Jenee her after it became aware of her attack. These were allegations that Mr. Jones would not have believed to be true at the beginning of his term as President. But after, experiencing the incredibly awful and despicable treatment of his own family by these same Board members, Mr. Jones could understand the reasoning and logic behind the accusations. It must be noted that the incident that injured this female student (who will intentionally remain nameless to respect her privacy) happened more than a year before Plaintiff Jones and his family ever arrived in Georgetown, Kentucky for him to assume the role as the College's next President.

86. The lawsuit brought significant attention and scrutiny to Georgetown College, its Board of Trustees, administrators, faculty, and staff. And it left the College and its Board on high alert for any development or allegation that might renew that same level of scrutiny including, in particular, allegations concerning sexual misconduct, regardless of whether those allegations were true or false.

87. In summary, by Fall of 2021, Mr. Jones had descended out of favor with cel lain influential members of the Board of Trustees, while both the Board and the College were under continued intense scrutiny.

### *The False Allegations of Sexual Assault*

88. As President of Georgetown College, Mr. Jones regularly traveled within and outside of the Commonwealth to conduct the business of the College, sometimes alone and sometimes with other members of the College's Executive Cabinet, faculty, and/or Board of Trustees.

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

COM : 000028 of 000079

Filed       22-CI-00765       09/30/2022       Amy Feldman, Franklin Circuit Clerk

Filed                22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

89. One such trip provided a backdrop for false allegations of sexual assault and/or harassment levied against Mr. Jones by Hanna Kroskie, a now former employee of Georgetown College.

90. Specifically, on October 18, 2021, Mr. Jones and Ms. Kroskie, traveled together to Indianapolis, Indiana, to attend a black-tie fundraising event on the College's behalf.

91. Hanna Kroskie had never traveled with Mr. Jones on behalf of the College to a function before but Christy Mai, a colleague of Mr. Jones', specifically recommended that he take Ms. Kroskie on this trip.

92. Mr. Jones and Hanna Kroskie rode to and from the event together in the President's vehicle, but their hotel accommodations were entirely separate and booked in advance by an assistant to Mr. Jones.

93. On the evening of October 18, 2021, and over the course of three (3) or four (4) hours at the gala, Mr. Jones had minimal alcoholic beverages while socializing and at dinner.

94. After the event concluded, and the pair agreed that the event was wildly successful evening of donor relations and fundraising, Mr. Jones and Ms. Kroskie felt they had earned themselves a "night-cap" drink at their hotel, which was completely separate and miles apart from the event that they had attended. In fact, they saw no individuals that had been at the event after returning to their hotel.

95. Upon arriving at their hotel, Mr. Jones and Ms. Kroskie got a drink from the bar in the lobby and spent the next few hours chatting amongst themselves and with others over a few additional drinks.

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000029 of 000079

Filed                22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

Filed                22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

96. By the time the hotel bar had closed for the evening, Mr. Jones believed he had possibly overindulged and needed to retire to his room.

97. Mr. Jones and Ms. Kroskie left the hotel lobby for their separate rooms at the same time but, because the alcohol was impacting his balance, Ms. Kroskie helped Mr. Jones to his room, with both parties laughing and joking down the hallway. When Mr. Jones entered his own hotel room, he promptly fell backwards onto the bed, fully clothed in his tuxedo at all times, before falling asleep.

98. Mr. Jones specifically recalls that Ms. Kroskie was thoughtful enough to leave a bottle of water in his hand before she freely and voluntarily exited his room without incident.

99. The morning after the event, Mr. Jones and Ms. Kroskie traveled back to Georgetown, Kentucky, together in the President's vehicle.[4] On their drive back, Mr. Jones recalls that he and Ms. Kroskie discussed the success of their evening the night before and eventually stopped at a restaurant for lunch before arriving back in Kentucky. During their ride home and their meal stop, both parties acted comfortably, carried on very casual conversations, and joked about how successful the trip had been. While at a lunch stop, Ms. Kroskie actually offered her leftover appetizer, a twice baked potato wedge to Mr. Jones.

100. After arriving home on the afternoon of October 19, 2021, and after Mr. Jones and Ms. Kroskie had already returned from their trip, Ms. Kroskie sent Mr. Jones a text message stating "[t]hanks for inviting me! Cheers to a successful visit" During the course of this brief

---

[4]It must be noted that Ms. Kroskie's family lives just one hundred and twenty (120) miles from Indianapolis in Fort Wayne, Indiana. If she feared for her safety and wellbeing as she untruthfully has claimed multiple times, she could have very easily contacted her mother and father to come and retrieve her from the Indianapolis hotel. Prior to Ms. Kroskie making the false accusations against Plaintiff Will Jones, nearly two (2) weeks later, her parents drove 185 miles to pick her up and take her back to Fort Wayne, Indiana.

Filed                22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000030 of 000079

Filed          22-CI-00765     09/30/2022     Amy Feldman, Franklin Circuit Clerk

Case: 3:22-cv-00058-GFVT-EBA     Doc #: 1-1     Filed: 10/19/22     Page: 53 of 265 -
Page ID#: 63

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

conversation, initiated by Hanna Kroskie, Mr. Jones also asked for and received his colleague's consent to "tag" her in a picture from the event that was going to be posted on the College's social media page. That photograph was subsequently posted.

101. After the October 18, 2021, gala event in Indianapolis, Indiana, Mr. Jones and Ms. Kroskie comfortably worked alongside each other and with their co-workers at various College events.

102. Sometime, either prior to or after the October 18, 2021, trip to Indianapolis, unbeknownst to Mr. Jones, Hanna Kroskie and Ms. Christy Mai, a colleague at the College with whom Mr. Jones later admitted to having a multi-year consensual intimate relationship that predated his time at Georgetown College, concocted a plan to enrich themselves by falsely accusing Mr. Jones of sexual harassment with the goal of eventually pursuing fraudulent allegations of sexual assault, sexual harassment, and sexual misconduct against Mr. Jones and the College to obtain a large settlement. [5]

103. Prior to Mr. Jones becoming aware of any potential false allegations against him by Hannah Kroskie and Christy Mai, Ms. Mai recommended Ms. Kroskie for a promotion to Mr. Jones and further suggested that Ms. Kroskie's promotion should come with a pay raise and a vehicle, provided by the College.

104. On Saturday, October 30, 2021, Mr. Jones, his wife, Plaintiff Amy R. Jones, and Christy Mai met for dinner. At this dinner, Mr. Jones learned, for the first time, that Hanna

_____

[5] Ms. Kroskie and Ms. Mai attempted to recruit other individuals, including Mr. Jones' own wife to join in their conspiracy to defraud Georgetown College. Those conversations, while at times in person, were also in hidden group text/chat messages that Mrs. Jones preserved once she became leery of the actions and behaviors of this devious pair and their plans. In one such exchange on her front porch, Ms. Mai told Mrs. Jones that if she would join their efforts, neither of them would "ever have to work another day in their life".

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000031 of 000079

Filed                22-CI-00765        09/19/2022        Amy Feldman, Franklin Circuit Clerk
NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

Kroskie had falsely accused him of sexually assaulting her on the October 18, 2021, trip to Indianapolis, Indiana.

105. During this dinner, Christy Mai falsely accused Mr. Jones of sexually harassing her as well, and further disclosed her own intent as well as Hanna Kroskie's desires to mutate those false allegations into a civil lawsuit against the College to wrongfully receive settlement payments.

106. Upon information and belief, sometime on or near October 30, Hanna Kroskie traveled back to Indianapolis to file a false report of sexual assault and/or harassment against Mr. Jones with the Indianapolis Metropolitan Police Department, prompting an investigation into the allegations by that department.

107. At no time prior to October 30, 2021, was Mr. Jones aware of any allegations or potential allegations against him for sexual assault and/or harassment from any person at any time in his life.

108. An important fact regarding Mr. Jones and Ms. Mai relationship is that while they were involved in a long-term intimate relationship with each other during their time at Georgetown College, that relationship was provably consensual and both Mr. Jones and Christy Mai were willing participants in this relationship. This characterization of the relationship is evidenced by literally thousands of texts, social media, and e-mail messages and communications exchanged between the parties, including unsolicited nude pictures from Ms. Mai to Mr. Jones, as well as perverse language and constant sexual innuendos sent by Ms. Mai during their relationship. In addition, Plaintiff Will Jones and his counsel are in possession of evidence that Ms. Mai surreptitiously and, perhaps unlawfully, used her own mother's credit card to further

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000032 of 000079

Filed                22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

Filed                22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

fuel this relationship with extended trips and gifts. In addition, at the time Mr. Jones was

terminated by Georgetown College, Mr. Jones and his wife, Plaintiff Amy R. Jones, had

physically separated and were planning on a dissolution of marriage, having already discussed

the division of property and timesharing with their six (6) children.

I09. Christy Mai eventually pleaded with Mr. Jones to actually help her in her efforts to

obtain a hefty financial settlement or six-month severance package from the College by lying

about the consensual nature of their relationship and have him take the proverbial fall on her

behalf.  On the morning of October 31, 2021, through the course of several hours, and nearly a

dozen telephone calls from Ms. Mai, she quite clearly alluded to the fact that she desired for

Plaintiff, Mr. Jones to be untruthful in his response to a potential wrongful and fraudulent lawsuit

she planned on filing against Georgetown College, in an effort to receive at least a six (6) month

severance package.

110. Hanna Kroskie and Christy Mai's allegations of sexual assault and/or harassment

against Mr. Jones are, unequivocally, false and no evidence has ever been put forth to

substantiate their claims. In fact, the allegations of Ms. Kroskie, included in her falsified and

perjured police report to the Indianapolis authorities, were summarily dismissed as untrue and

Mr. Jones was 'exceptionally cleared' of all charges and allegations that allegedly happened

during the October 18, 2021, trip to Indiana by the parties.

111. These allegations were concocted by Christy Mai and Hanna Kroskie as a part of a

larger scheme, years in the making by Ms. Mai, for the purpose of pursuing fraudulent

substantial financial gain at the expense of any institution of higher education at the eventual ruin

of Mr. Jones, his personal and professional reputation, his ability to provide for his family

financially and emotionally, and to destroy the lives of everyone within Mr. Jones' life's orbit.

33

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

COM : 000033 of 000079

Filed 22-CI-00765 09/30/2022 Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

At one point, during a private communication on October 30, 2021, Ms. Mai inquired as to the viability, enforceability, and amount of Mr. Jones' insurance policies on his life, which she later used in the same conversation as her impetus and reason to encourage Mr. Jones to end his life. All the while, Ms. Mai was scheming behind Mr. Jones' back to use the proceeds of his life insurance, after his timely death, to provide for her, her children, and Mrs. Jones, and her children. This was clearly a diabolical and disgusting plan that was hatched by a person that is emotionally and mentally unstable and did not ever care for the wellbeing of Mr. Jones.

This was not the first time that Ms. Mai had threatened Defendant William Jones with litigation when she became angry and jealous with him. In one instance, evidenced by dozens of text messages sent from Ms. Mai in fast, successive, order after 1:00 A.M., all within the possession of Plaintiffs and counsel, Ms. Mai threatened to "Me Too" Plaintiff William Jones and that she would seek the assistance of other individuals to help her in her cause. This was a threat that became all too relevant months later when Ms. Mai actually did just that and went so far as to recruit Ms. Kroskie and even Defendant William Jones' wife to participate in the lawsuit. An offer that was declined by Plaintiff Amy R. Jones.

In addition, it must be noted, that Plaintiff William Jones was but one of numerous individuals that Ms. Kroskie wrongfully accused of sexual assault and harassment including the seventy plus (70+) year old wife of the Board of Trustees for Georgetown College, Bob Mills.

### _Defendants' Reaction to the False Allegations_

112. After becoming aware of Hanna Kroskie and Christy Mai's plan to falsely accuse him of sexual assault and/or harassment for monetary gain, Mr. Jones became increasingly

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000034 of 000079

34

Filed                    22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk
NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

concerned about the impact of those allegations not only on his own life and family but also Georgetown College.

113. On October 31, 2021, Mr. Jones requested an emergency meeting with Defendant Bob Mills, the Chairman of the Board of Trustees, as well as Defendant J. Guthrie True, a Board of Trustees member, to inform them of the false allegations against him and of his consensual but regrettable relationship with Christy Mai.

114. During this October 31, 2021, meeting, Mr. Jones was advised by Defendant Mills that Mills had already received an "email complaint". He later informed Mr. Jones that this complaint involved and was submitted by Ms. Kroskie. Upon information and belief, Christy Mai, who had already told Mr. Jones of her plan to falsely accuse him of sexual assault and/or harassment to obtain a substantial financial settlement from the College, was the actual true author of the "email complaint" concerning the false allegations of Ms. Kroskie that were sent to Defendant Mills.

115. On November 1, 2021, Mr. Jones was again extensively questioned by multiple attorneys for the College about the false allegations and his consensual relationship with Christy Mai.

116. On November 1, 2021, the Executive Committee of the Board of Trustees voted to terminate Mr. Jones' contract of employment with Georgetown College. The decision of the Executive Committee was subsequently affirmed by the full Board within as little as twenty-four (24) hours after receiving the false accusations against Mr. Jones.

117. On November 2, 2021, Mr. Jones received an email from Attorney Cynthia Doll, outside counsel for the College, notifying him of the Board of Trustees' decision to terminate his

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000035 of 000079

35

Filed 22-CI-00765 09/30/2022 Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

employment as President of the College. In this email, Mr. Jones was advised, among other things, that he was prohibited from contacting any member of the Board or any faculty, staff, employee, agent, contractor, donor, or student at the College, other than his own children who attended Georgetown College. Mr. Jones was also advised that he was prohibited from entering upon the College's premises or from attending any College event including any events which his daughters were participating in, that he had just four (4) hours to surrender keys to the President's home, which he and his family would need to immediately vacate, and that he and his family were required to move an entire home full of their belongings, including the thousands of pounds of medical equipment and supplies for Mr. Jones' son, Thomas Jones, Jr., a Plaintiff herein, who was required at the time to have dialysis and ongoing treatment at home due to a rare disease that detrimentally affects the human kidneys. It was a cruel and unnecessary requirement of all of the Plaintiffs who were in no way prepared for such an unconscionable demand without warning. In addition, the representatives of Georgetown College that demanded the family immediately leave the President's residence also demanded and bullied Mr. Jones to take down and delete all of his social media accounts or face possible legal action.

### *Defendants Publish False and Defamatory Statements Concerning Mr. Jones*

118. On November 2, 2021, the College, by and through Defendant Rosemary Allen, who was then 'Acting' President of the College, published the following statement, in relevant part, via email to the "Campus Community" including *al/* "Faculty, Staff, and Students":

> **I need to share some painful news with you today. The following press release will shortly be released to the media:**
>
> The Board of Trustees of Georgetown College terminated the employment of William A. Jones as president of the College effective Monday, November I. Dr. Rosemary Allen, the College's

36

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000036 of 000079

Filed        22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

Provost, was named Acting President by the College's Board of Trustees.

On Sunday afternoon, October 31, the College was informed of allegations of a sexual assault of a female College employee, inappropriate behavior with another female employee, and other conduct in violation of Jones's employment agreement with the College. The College took immediate steps to investigate the allegations. The College has engaged outside counsel to continue the investigation.

Chairman of the Georgetown College Board of Trustees, Robert L. Mills, called a meeting of the Executive Committee of the Board for Monday morning, November 1.[6] The committee took immediate action to dismiss Jones. The full Board of Trustees affirmed the action of the Executive Committee at a meeting later on Monday.

Chairman Mills provided the following statement: "Georgetown College does not tolerate violence or misuse of authority. We hold our administrators, students and faculty to the highest standards of moral and ethical conduct. We are surprised and deeply disappointed by what we have learned. We will suppo It the members of our Georgetown College family who are directly impacted, and we will work cooperatively with ongoing or any future investigations…. "

 I urge you to pray *for those* that have been hurt and for the College during this time. While we all may need to deal with feelings of grief and disappointment, it is also important that we recognize *that the College is NOT the president. ...*"[7]

119. The aforementioned statement was subsequently published by GeorgetownCollege on its official website, the content of which remains in unaltered form on that website to this day.[8]

---

[6] Mr. Jones had not even been interviewed regarding the allegations at the time of the meeting of the Executive Committee. There had been no investigation and no findings and there had never been any notice provided to Mr. Jones of his rights to defend himself.

[7] A true and accurate copy of Defendant Rosemary Allen's November 2, 2021, email is tendered herewith as "Exhibit A". (Bolding in original, italics added)

[8] See Georgetown College Website: www.georgetowncollege.edu/news/statement-board-trustees. Statement of the Board of Trustees, RECENT NEWS, (Nov. 2, 2021).

Filed        22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

COM : 000037 of 000079

Filed 22-CI-00765 09/30/2022 Amy Feldman, Franklin Circuit Clerk

Case: 3:22-cv-00058-GFVT-EBA Doc #: 1-1 Filed: 10/19/22 Page: 60 of 265 -
Page ID#: 70

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89652

120. Neither Georgetown College nor the Board of Trustees engaged in a proper investigation of the sexual assault and/or harassment allegations levied against Mr. Jones in accordance with Title IX of the 1972 Education Amendments pursuant to 34 CFR I06.45, prior to publishing the November 2, 2021, statement quoted above.

121. However, in another shocking display of lack of genuine decency, non-existence of knowledge of the relevant law, and the Defendants' entire disregard for the Plaintiffs' rights, protected under the 1892 Kentucky Constitution, Section 2; the United States Constitution, including violating his Fifth and Fourteenth Amendment rights; the violation of common law contract law and precedent that have been the foundation of modern societies since the signing of the Magna Carta in 1215 A.D.; their Civil Rights under 42 U.S.C 1983; and additional state and federal laws, representatives of Georgetown College actually voluntarily notified dozens of news media outlets on November I, 2021 of Mr. Jones' termination, accusations of sexual misconduct that were later found to be untrue, accusations of sexual harassment that were part of devious plan of another employee of the College, and went one step further stating that Mr. Jones was also removed for "other violations of his employment contract with the College". This additional language essentially intimated that if Mr. Jones' alleged sexual misconduct could be reported that the 'other violations' must be even worse if they could not be discussed in detail.

122. If the Defendants had taken any time to investigate the allegations levied against Mr. Jones by Hanna Kroskie and Christy Mai, Defendants would have uncovered evidence including documentary evidence which not only refuted these preposterous allegations, but which also would have revealed Hanna Kroskie and Christy Mai's scheme to financially benefit from the false allegations they had concocted against Mr. Jones.

38

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000038 of 000079

Filed          22-CI-00765     09/30/2022     Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

123. Instead of proceeding with reasonable investigatory proceedings and with due care and caution, the College, its Board, and the individual Defendants named herein, rushed to judgment, only to then rush to the metaphorical printers to repeat and spread the false allegations against Mr. Jones far and wide.

124. In every statement made by the College from the late evening of October 31, 2021, to November 2, 2021, by the College, the Board, and/or various individuals associated therewith identified Mr. Jones by name.

125. The College's press releases and publications repeated the false and defamatory allegations against Mr. Jones with either knowledge of the lack of veracity of the allegations or, at the very least, with reckless disregard for the truth of the matters asserted in their statements, and in total disregard for the substantial likelihood of harm and damage that would likely result to Mr. Jones, his wife, and their children. The content of each press release, interview, and publication breathed credibility into the utterly false allegations by communicating that Mr. Jones was a sexual predator, violent, abused or misused his authority, and that he had literally harmed or hurt others. All of which was untrue.

126. The Defendants' press releases, interviews, and publications from October 31, 2021, to November 2, 2021, made no mention of Mr. Jones' denial of the allegations, nor did it mention the allegations were completely unsubstantiated at the time of the statements on those days.

127. The Defendants' press releases, interviews, and publications from October 31, 2021, to November 2, 2021, gave every reader exposed to the information from Georgetown College and its agents and representatives, complete license to conclude that Mr. Jones was a criminal, a

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000039 of 000079

Filed          22-CI-00765     09/30/2022     Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

threat to the safety of others, and unfit for employment for want of requisite ethical and moral standards.

128. Through knowledge and belief, the Plaintiffs aver that hours before Mr. Jones' actual firing, and prior to at least 2:00 A.M. Eastern Time on November 1, 2022, Georgetown College by and through its agents, provided a press release to dozens and dozens of the largest news outlets in the Commonwealth, the United States, and even the world decrying the behavior of Mr. Jones and labeling him as a violent and dangerous sexual predator. Of the first thirty (30) on line news outlets, found on the first page of a Google search for the keywords 'Georgetown', 'College', 'President', and 'fired' alone, that reported the firing of Mr. Jones between the time of 12:01 A.M. on November 1, 2021 up to 11:59 P.M. on November 2, 2021 alone, a mere forty-eight (48) hours, there were, at a minimum, **457,433,146** *unique visitors* to the front homepages of these on line news outlets where headlines of the firing of Mr. Jones were highlighted. Just on those online news outlets, including one page entitled 'Academic-Sexual-Misconduct-Database.org', and another titled 'Inside Higher Education', there were nearly **HALF A BILLION** impressions and unique visitors that would have seen the headlines related to Mr. Jones. This does not account for radio, tv, social media, or print media articles that were prolific in the early days of November 2021 with articles about Mr. Jones' firing. In just two (2) days, one-sixteenth (1116th) of the world's population had the story of Mr. Jones' sexual predatory nature, harassment, and sexual assaults curated and presented to them through just thirty (30) online news sites. The total damage done to William Jones and his family due to this preposterous and mind-blowing act of utter lack of decency is literally unfathomable and impossible to properly quantify for the Court.

40

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000040 of 000079

Filed                22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk
NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

129. The unreasonable November 2, 2021, publication of false and defamatory statements by the College, the Board, and/or the individual Defendants caused irreparable reputational, professional, and emotional harm to Mr. Jones, his wife, Amy, and each of their children. And while it was just the first of Defendants' acts which assassinated the personal and professional reputation and character of Mr. Jones, it would not be the last that they perpetrated against him.

130. After the Defendants' November 2., 2021, publication suggesting Mr. Jones was a sexual predator, a criminal, unfit for employment, and a threat to society was published on the College's website and to the College's students, faculty, and staff, local and national media outlets recklessly parroted the salacious and false allegations against Mr. Jones and Defendants' malicious characterizations of him in story after story.

131. In one example, Lexington-based news outlet *Lexi 8* posted a story concerning the false and defamatory allegations of sexual assault against Mr. Jones and re-printed Defendant Mills' initial defamatory statements by 2:41 p.m. on November 2, 2021.[9]

132. By 4:42 p.m. on November 2, 2021, national media outlet *The Daily Beast* published a story containing Mr. Jones' photograph to the "Crime & Justice" section of its website.[10]

133. In *The Daily Beast* article, Defendant Jonathan Sands Wise is quoted as stating the whole ordeal involving Mr. Jones was "sudden" but did clarify the Board of Trustees and College acted to terminate Mr. Jones "without complete knowledge" of all facts so as **"to protect**

---

[9] Jordan Mickle, Georgetown college President fired after sexual assault allegations, other 'inappropriate behavior', lex 18 .com (Nov. 2, 2021, 2:41 P.M.) https://www.lex 18 .com/news/georgetown-college-president-fired-after-sexual-assault-allegation-other-inappropriate-behavior.

[10] AJ McDougall, Christian College President Fired Over Sexual Assault, Inappropriate Behavior Allegations, The Daily Beast (Nov. 2, 2021 4:42 P.M.) https://www.thedailybeast.com/kentucky-georgetown-college-president-william-a-jones-fired-over-sexual-assault-allegation.

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000041 of 000079

Filed                22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

**those who are vulnerable,"** and further quotes Defendant Sands Wise as declining to elaborate on the (later to be found to be false) allegations out of "respect for **'those hurt'** by Jones." [11]

134. The Daily Beast a11icle also quotes the November 2, 2021, statements of Defendant Mills published to Georgetown College's website, including Defendant Mills' defamatory statements suggesting Mr. Jones was violent, lacking requisite ethical and moral standards, and misused or abused his authority. [12]

135. On November 5, 2021, a statement by Defendant Jonathan Sands Wisc on behalf of Georgetown College's faculty concerning the termination of Mr. Jones' and which referenced, whether directly or indirectly, the sexual assault and/or harassment allegations levied against Mr. Jones was quoted in an article published by the *The Georgetonian*.

136. *The Georgetonian* article quoted Defendant Sands Wise as affirming, on behalf of Georgetown College, the faculty's "suppo11 of survivors of sexual assault within our campus community," its "commit[ment] to the work of fighting against sexual violence," and identifying the "safety of [the College's] students, staff, and faculty to be of the utmost importance." Defendant Rosemary Allen, on behalf of the College, is also quoted in the article as being "in full support of the statement crafted by the faculty" which, again, placed Mr. Jones in a false and negative light by suggesting he was a criminal, a sexual predator, violent, and a threat to those on the College's campus.13

137. The named Defendants did not confine their defamation and efforts to malign Mr. Jones' character to media publications. In the days and weeks following Mr. Jones' termination,

---

[11] & (Emphasis Added)

[12] See!.g ,

13 See Isabella Beck, College Community Reacts to Dismissal of President, The Georgetonian, **(Nov.** 5, 2021), https://www.georgetonian.wordpress.com/2021/ll/OS/the-dismissal-of-president-william-jones-a-word-from-dr-allen-and-faculty.

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

COM : 000042 of 000079

Filed                22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

Georgetown College hosted staff and faculty meetings where Mr. Jones' was described by Defendant Sands Wise, Defendant Allen, and/or other authorized agents and/or employees of the College and/or the Board of Trustees as a sexual offender, a criminal, violent, disgraceful, and/or aggressive.

138. During one or more of these meetings, Defendant Sands Wise falsely told faculty and/or staff that the College and/or Board of Trustees had "documented" instances of Mr. Jones' "anger issues." Upon information and belief, these false claims of "documented" anger issues were maliciously fabricated by disgruntled individual members of the Board of Trustees as a result of Mr. Jones' refusal to relent to their efforts to meddle in the day-to-day administration of the College including Mr. Jones' rejection of their repeated demands to reverse the disciplinary action taken against Kappa Alpha Order social fraternity and a number of its members.

### *Mr. Jones' Vindic(lfion (Ind Irrep"r"b/e Damage*

139. No later than January 6, 2022, the Indianapolis Metropolitan Police Department had concluded its investigation into the repott filed by Hanna Kroskie falsely alleging sexual assault and/or harassment by Mr. Jones during the October 18, 2021 trip.

140. That investigation cleared Mr. Jones of any wrongdoing and resulted in the closing of Hanna Kroskie' s complaint. In fact, an official with the Marion County, Indiana, Prosecutor's Office was interviewed by Lexi 8 on February 18, 2022, and, in no uncertain terms, declared that the evidence arising out of the investigation into Hanna Kroskie's complaint "did not support

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000043 of 000079

Filed                22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

criminal charges" against Mr. Jones.  Yet, this small bit of vindication was buried in an article that focused on Ms. Mai's frivolous and false claims against Mr. Jones. [14]

141. In addition, the fact that Mr. Jones was vindicated and cleared of criminal conduct by independent arbiters and officials did nothing to reverse the harm and damage inflicted upon Mr. Jones by Defendants, who had already convicted him in the eyes of the local community and nation through their repeated false and defamatory statements concerning and characterizing Mr. Jones.

142. By the time Mr. Jones had been cleared by investigators of any criminal conduct or wrongdoing, Defendants, individually and collectively, had already repeatedly, unreasonably, internationally and/or recklessly, published numerous false statements to third parties labeling Mr. Jones as, or insinuating Mr. Jones was, a sexual predator, a criminal, violent, aggressive, a threat to the safety of others' including vulnerable individuals, abusive of his authority, and unfit to perform his job.

143. Defendants' false and defamatory statements were intended to be understood as an indictment of Mr. Jones' character, reputation, and morality and they were, in fact, understood as intended, as evidenced by Georgetown College students who were interviewed by WTVQ for an aiticle published on November 3, 2021, regarding their reactions to the communications of Defendants regarding Mr. Jones and the circumstances surrounding his termination. [15]

---

[14] Jordan Mickle, Woman Claims Former Georgetown College President Sexually Harassed Her For Years in Lawsuit, Lexl 8.com (February 19, 2022, 12:29 P.M.) https://www.lexl8.com/news/lex-18-investigates/woman-claims-former-georgetown-college-president-sexually-harassed-her-for-years-in-lawsuit.

[15] Danielle Saitta, Georgetown Students React to Dismissal of President William Jones, WTVQ (Nov. 3, 2021 ), https://www.wtvg.com/georgetown-students-react-to-dismissal-of-president-william-jones. In the article, one student stated the news regarding Mr. Jones made her fearful for her own safety; another student asserts "Whenever your own president does something like that its kind of like the feeling of safety is almost taken away ... "

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

COM : 000044 of 000079

Filed                    22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk
NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

144. Defendants' wrongful conduct subjected Mr. Jones and his family to public hatred, contempt, scorn, and shame, all of which continue to this day.

145. Although Mr. Jones has been cleared of all criminal wrongdoing and moreover, the College and/or Board of Trustees has failed to uncover even a single iota of evidence substantiating the allegations made by Hanna Kroskie, the College; the Corporate Board of Trustees; and the individual Defendants herein continue to malign, defame, and shine a false and negative light on Mr. Jones, compounding the damage their wrongful conduct had caused.

146. Mr. Jones continues to be prohibited from entering upon the premises of Georgetown College despite the fact he has two (2) children enrolled in Georgetown College and, as a result, has been deprived of the opportunity to attend his children's on-campus functions and events.

147. Recently, when Mr. Jones sought permission from the Board of Trustees and/or the College to enter upon campus for the limited and discrete purpose of assisting his children in moving out of their on-campus housing, the Board and/or College refused without explanation. This intentional, continued, and unjustifiable exclusion of Mr. Jones from campus for any purpose whatsoever not only continues to give weight to Defendants' wrongful labeling of Mr. Jones as a dangerous, violent, sexual predator and criminal, it is also specifically intended to cause and does in fact cause Mr. Jones severe mental and emotional distress, anguish, and pain.

148. Beyond the severe mental and emotional damage wrought by Defendants as a result of the egregious conduct described herein, Mr. Jones has also suffered extensive and permanent damage to his personal and professional reputation.

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000045 of 000079

Filed                    22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

Filed          22-CI-00765     09/30/2022      Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

149. As a direct and proximate result of Defendants' actions that have placed Mr. Jones in a false and negative light and of Defendants' defamation of Mr. Jones, Mr. Jones' career in higher education is now over, thereby depriving Mr. Jones and his family of millions of dollars in future income they reasonably expected to receive and permanently impairing Mr. Jones' ability to secure gainful employment in the future.

150. As a direct and proximate result of the Defendants' wrongful conduct, Mr. Jones, his wife, and his children are entitled to recover compensatory damages for the severe mental and emotional distress, anguish, pain and suffering, humiliation, embarrassment, and financial loss they have sustained and will continue to sustain.

151. Furthermore, because Defendants' untruthful and disturbing statements concerning Mr. Jones were published without privilege or other lawful justification and with an improper motive, with ill will and out of spite, with the intent to cause Mr. Jones, his wife, and his children harm, with blatant disregard of the substantial likelihood that such harm would result, Mr. Jones, his wife, and each of his children are entitled to recover punitive damages from each Defendant, jointly and severally, to dissuade and deter Defendants from behaving similarly in the future.

## COUNT ONE THROUGH THREE-DEFAMATION PER SE
### *Defendant Bob Mills, Defendant Jonathan Sands Wise, Defendant Rosemary Allen*

## COUNT ONE
### *Defendant Bob Mills*

152. All Plaintiffs adopt and reiterate each allegation set forth above as if fully set forth herein.

153. At all times relevant, Defendant Bob Mills was the acting Chairman of the Board of Trustees for Georgetown College; Defendant Jonathan Sands Wise was the acting Provost and

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000046 of 000079

Filed          22-CI-00765     09/30/2022      Amy Feldman, Franklin Circuit Clerk

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

Executive Vice President of Georgetown College; Defendant Rosemary Allen was the 'Acting'

President of Georgetown College, and the members of the Board of Trustees were the legislative

body of the College that made all policy decisions of the College.  Each of these Defendants,

either individually in their professional or personal statuses acted, or as a corporate entity, acted

as agents and representatives with actual and apparent authority to speak on issues regarding

Georgetown College.

154. All statements to all press organizations and media outlets of Defendant Mills that

were published or caused to be published by him in the course of and while acting within the

scope of his authority and/or employment for Defendant Board of Trustees, were false,

defamatory, and published with knowledge of the falsity or reckless disregard for the truth or

falsity of the content of the matters described therein.  The defamatory statements of Defendant

Mills, on behalf of Defendant Board of Trustees, were of and concerning Mr. Jones and were

reasonably understood to be about Mr. Jones. Defendant Mills' November 2, 2021, statement is

defamatory because it conveys the false impression that Mr. Jones is or was "violent"; that Mr.

Jones abused or misused his authority in the course of his employment; that Mr. Jones was

immoral; that Mr. Jones was unethical; and that Mr. Jones had directly harmed or victimized one

or more members of the Georgetown College "family."

155. Defendant Mills' statements to the press during the first two (2) days of November

2021, made no reference to Mr. Jones' adamant denial of the allegations levied against him and

further made no mention of the fact that no evidence substantiating the allegations had yet been

discovered.

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000047 of 000079

47

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk
NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

156. The cumulative effect of Defendant Mills' statements was to communicate the false and defamatory position that Mr. Jones had criminally and violently sexually assaulted and/or sexually harassed Hanna Kroskie.

157. Defendant Mills' statements during the first two (2) days of November, 2021, were defamatory per se because they falsely stated or implied that Mr. Jones was a violent and/or sexual predator who engaged in criminal conduct and/or was unfit to perform in his chosen profession because he could not meet requisite moral and/or ethical standards.

158. Defendant Mills' statements during the first two (2) days of November, 2021, were reasonably understood by third parties as falsely stating or implying that Mr. Jones was a violent and/or sexual predator who engaged in criminal conduct and/or was unfit for employment in his chosen profession for a lack of requisite moral and ethical standards, as is evidenced by the WVTQ article wherein students confirmed they reasonably understood Defendant Mills' statement as conveying such false impressions.

159. Defendant Mills' statements during the first two (2) days of November 2021 were published or he caused them to be published by him to third parties other than Mr. Jones, and Defendant Mills knew or should have known his false and defamatory statement would be republished by others, including by Georgetown College on its webpage, by Georgetown College employees including Defendant Allen, and by various local and national media organizations.

160. Defendant Mills knew that the defamatory implications of his statements made to the press during the first two (2) days of November 2021, that Mr. Jones had engaged in criminal conduct of a violent and sexual nature, and/or that Mr. Jones was unfit to perform in his chosen profession-were false, or he acted with reckless disregard for the truth or falsity thereof.

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000048 of 000079

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

Filed   22-CI-00765   09/30/2022   Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

161. All of Defendant Mills' statements made during the first two (2) days of November 2021, were made without privilege or any other legal justification.

162. To the extent Defendant Mills', statements made during the first two (2) days of November were made pursuant to some privilege or legal justification, that privilege or legal justification has been forfeited and cannot be relied upon here as a result of the fact that Defendant Mills abused and/or exceeded the scope of any such privilege and/or justification, acted unreasonably, and/or made the false and defamatory statement for an improper purpose.

163. The false and defamatory per se statements of Defendant Mills during the first two (2) days of November 202 I, as Chairman of the Board of Trustees, directly and proximately caused substantial and permanent harm to Mr. Jones' personal and professional reputation, caused him to be subjected to public hatred, scorn, shame, and contempt, and has caused Mr. Jones substantial pecuniary loss, which will continue for the foreseeable future.

164. As a direct and proximate result of the aforementioned conduct of Defendant Mills, Mr. Jones has suffered, continues to suffer, and will suffer in the future damages including, but not limited to, severe mental and emotional distress and suffering, embarrassment, humiliation, loss of income, and loss of future earning capacity all in an amount exceeding the minimal jurisdictional limits of this Court.

### COUNT TWO
***Defendant Johnathan Sands Wise***

165. All statements to any and all press organizations and media outlets of Defendant Sands Wise that were published or caused to be published by him in the course of and while acting within the scope of his authority and/or employment of Defendant, Georgetown College, were false, defamatory, and published with knowledge of the falsity or reckless disregard for the

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000049 of 000079

Filed   22-CI-00765   09/30/2022   Amy Feldman, Franklin Circuit Clerk

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

truth or falsity of the content of the matters described therein.  The defamatory statements of Defendant Sands Wise, on behalf of Defendant Georgetown College, were of and concerning Mr. Jones and were reasonably understood to be about Mr. Jones. Defendant Sands Wise' statements during the first two (2) days following the termination of Mr. Jones were defamatory because they convey the false impressions that Mr. Jones is or was "violent"; that Mr. Jones abused or misused his authority in the course of his employment; that Mr. Jones was immoral; that Mr. Jones was unethical; and that Mr. Jones had directly harmed or victimized one or more members of the Georgetown College "family."

166. Defendant Sands Wise' statements to the press following Mr. Jones termination in November 2021, made no reference to Mr. Jones' adamant denial of the allegations levied against him and further made no mention of the fact that no evidence substantiating the allegations had yet been discovered.

167. The cumulative effect of Defendant Sands Wise' statements was to communicate the false and defamatory position that Mr. Jones had criminally and violently sexually assaulted and/or sexually harassed Hanna Kroskie.

168. Defendant Sands Wise' statements after Mr. Jones' termination were defamatory per se because they falsely stated or implied that Mr. Jones was a violent and/or sexual predator who engaged in criminal conduct and/or was unfit to perform in his chosen profession because he could not meet requisite moral and/or ethical standards.

169. Defendant Sands Wise' statements after the termination of Mr. Jones, were reasonably understood by third parties as falsely stating or implying that Mr. Jones was a violent and/or sexual predator who engaged in criminal conduct and/or was unfit for employment in his

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

COM : 000050 of 000079

50

Filed 22-CI-00765 09/30/2022 Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

chosen profession for a lack of requisite moral and ethical standards, as is evidenced by the Daily Beast Article that portrayed Plaintiff, Mr. Jones as a sexual predator and violent individual.

170. Defendant Sands Wise' statements after the termination of Mr. Jones were published or he caused them to be published by Georgetown College to third party media outlets other than Mr. Jones, and Defendant Sands Wise knew or should have known his false and defamatory statements would be republished by others, including by Georgetown College on its webpage, by Georgetown College employees including Defendant Allen, and by various local and national media organizations.

171. Defendant Sands Wise knew that the defamatory implications of his statements made to the press following Mr. Jones' termination, were that Mr. Jones had engaged in criminal conduct of a violent and sexual nature, and/or that Mr. Jones was unfit to perform in his chosen profession-were false, or he acted with reckless disregard for the truth or falsity thereof.

172. All of Defendant Sands Wise' statements made during November 2021 were made without privilege or any other legal justification.

173. To the extent Defendant Sands Wise', statements made during November 2021, were made pursuant to some privilege or legal justification, that privilege or legal justification had been forfeited and cannot be relied upon here as a result of the fact that Defendant Sands Wise abused and/or exceeded the scope of any such privilege and/or justification, acted unreasonably, and/or made the false and defamatory statement for an improper purpose.

174. The false and defamatory per se statements of Defendant Sands Wise following the termination of Mr. Jones in November 2021, as Provost and Executive Vice President, directly and proximately caused substantial and permanent harm to Mr. Jones, his wife and children and

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000051 of 000079

Filed 22-CI-00765 09/30/2022 Amy Feldman, Franklin Circuit Clerk

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

their personal and professional reputations, caused them to be subjected to public hatred, scorn, shame, and contempt, and has caused Mr. Jones substantial pecuniary loss, which will continue for the foreseeable future.

175. As a direct and proximate result of the aforementioned conduct of Defendant Sands Wise, Mr. Jones, his wife, Amy R. Jones, and their children have suffered, continue to suffer, and will suffer in the future damages including, but not limited to, severe mental and emotional distress and suffering, embarrassment, humiliation, loss of income, and loss of future earning capacity all in an amount exceeding the minimal jurisdictional limits of this Court.

## COUNT THREE
### *President Rosemary Allen*

176. All statements to any and all press organizations and media outlets of Defendant Rosemary Allen that were published or caused to be published by her in the course and while acting within the scope of her authority and/or employment for Defendant Board of Trustees and Defendant Georgetown College, were false, defamatory, and published with knowledge of the falsity or reckless disregard for the truth or falsity of the content of the matters described therein. The defamatory statements of Defendant Rosemary Allen, on behalf of Defendant Board of Trustees and Defendant Georgetown College, were of and concerning Mr. Jones and were reasonably understood to be about Mr. Jones. Defendant Rosemary Allen's statements following the termination of Mr. Jones are defamatory because they convey the false impression that Mr. Jones is or was "violent"; that Mr. Jones abused or misused his authority in the course of his employment; that Mr. Jones was immoral; that Mr. Jones was unethical; and that Mr. Jones had directly harmed or victimized one or more members of the Georgetown College "family."

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000052 of 000079

Filed                22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

177. Defendant Rosemary Allen's statements to the press during the days following Mr. Jones' termination, made no reference to Mr. Jones' adamant denial of the allegations levied against him and further made no mention of the fact that no evidence substantiating the allegations had yet been discovered.

178. The cumulative effect of Defendant Rosemary Allen's statements were to communicate the false and defamatory position that Mr. Jones had criminally and violently sexually assaulted and/or sexually harassed Hanna Kroskie.

179. Defendant Rosemary Allen's statements after the termination of Mr. Jones were defamatory per se because they falsely stated or implied that Mr. Jones was a violent and/or sexual predator who engaged in criminal conduct and/or was unfit to perform in his chosen profession because he could not meet requisite moral and/or ethical standards.

180. Defendant Rosemary Allen's statements following the termination of Mr. Jones in November 2021, were reasonably understood by third parties as falsely stating or implying that Mr. Jones was a violent and/or sexual predator who engaged in criminal conduct and/or was unfit for employment in his chosen profession for a lack of requisite moral and ethical standards, as is evidenced by the WVTQ article wherein students confirmed they reasonably understood Defendant Rosemary Allen' statement as conveying such false impressions.

181. Defendant Rosemary Allen's statements following the termination of Mr. Jones were published or she caused them to be published by her to third parties other than Mr. Jones, and Defendant Rosemary Allen knew or should have known her false and defamatory statements would be republished by others, including by Georgetown College on its webpage, by

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000053 of 000079

Filed                22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

Georgetown College employees including Defendant Allen, and by various local and national media organizations.

182. Defendant Rosemary Allen knew that the defamatory implications of her statements made to the press during the days following Mr. Jones' termination, that Mr. Jones had engaged in criminal conduct of a violent and sexual nature, and/or that Mr. Jones was unfit to perform in his chosen profession were completely false, or she acted with reckless disregard for the truth or falsity thereof.

183. All of Defendant Rosemary Allen's statements made after the termination of Mr. Jones were made without privilege or any other legal justification.

184. To the extent Defendant Rosemary Allen's, statements made after the termination of Mr. Jones were made pursuant to some privilege or legal justification, that privilege or legal justification has been forfeited and cannot be relied upon here as a result of the fact that Defendant Rosemary Allen abused and/or exceeded the scope of any such privilege and/or justification, acted unreasonably, and/or made the false and defamatory statement for an improper purpose.

185. The false and defamatory per se statements of Defendant Rosemary Allen during the days after the termination of Mr. Jones, as 'Acting' President of Georgetown College, directly and proximately caused substantial and permanent harm to Mr. Jones', his wife Amy R. Jones', and their children's personal and professional reputation, caused them to be subjected to public hatred, scorn, shame, and contempt, and has caused each Plaintiff substantial pecuniary loss, which will continue for the foreseeable future.

54

Filed 22-CI-00765 09/30/2022 Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

186. As a direct and proximate result of the aforementioned conduct of Defendant Rosemary Allen, Mr. Jones, his wife, and his children have suffered, continues to suffer, and will suffer in the future damages including, but not limited to, severe mental and emotional distress and suffering, embarrassment, humiliation, loss of income, and loss of future earning capacity all in an amount exceeding the minimal jurisdictional limits of this Court.

### COUNT FOUR THROUGH SIX - FALSE LIGHT INVASION OF PRIVACY
*Defendant Bob Mills, Defendant Jonathan Sands Wise, Defendant Rosemary Allen*

### COUNT FOUR
*Defendant Bob Mills*

187. All Plaintiffs hereby adopt and reiterate each allegation set forth above as if fully set forth herein.

188. At all times relevant, Defendant Bob Mills was a member of, or Chairman of the Board of Trustees for Georgetown College; and the members of the Board of Trustees were the legislative body of the College that made all policy decisions of the College. Defendant Mills, either individually in their professional or personal status acted, or as a corporate entity, acted as an agent and representative with actual and apparent authority to speak on issues regarding Georgetown College.

189. All statements to all press organizations and media outlets of Defendant Mills that were published or caused to be published by him in the course of and while acting within the scope of his authority and/or employment for Defendant Board of Trustees, were untrue and were an invasion of Plaintiff Will Jones' right to privacy by placing him in a false light. In 1982, the Kentucky Supreme Court adopted the provisions of *Restatement (Second) of Torts* § 652A. To prove an action of false light invasion of privacy, one must provide evidence that:

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000055 of 000079

Filed 22-CI-00765 09/30/2022 Amy Feldman, Franklin Circuit Clerk

Filed 22-CI-00765   09/30/2022   Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

i.  **The false light in which the other was placed would be highly offensive to a reasonable person;**

ii.  **The publisher had knowledge of, or acted in reckless disregard of the falsity of the publicized matter and the false light in which the other was placed.** [16]

The statements of Defendant Mills, on behalf of Defendant Board of Trustees, were solely about and concerning Mr. Jones and were reasonably understood to be about Mr. Jones. Defendant Mills' November 2, 2021, and were an invasion of privacy and placed Plaintiff William Jones in a false light because the characterizations made against Mr. Jones would and are highly offensive to a reasonable person, and Mr. Mills had knowledge of, or acted in utterly reckless disregard of the falsity of the publicized matter that Plaintiff Mr. Jones was placed. These statements conveyed the false impression that Mr. Jones is or was "violent"; that Mr. Jones abused or misused his authority in the course of his employment; that Mr. Jones was immoral; that Mr. Jones was unethical; and that Mr. Jones had directly harmed or victimized one or more members of the Georgetown College "family."

190. The cumulative effect of Defendant Mills' statements was to place Mr. Jones in a light where he had now been convicted in the mind of the public at large for criminally and violently sexually assaulting a colleague, which happens to be the worst position for any person to be in, especially one falsely accused of such.

191. All of Defendant Mills' statements made during the first two (2) days of November 2021, were made in violation of the privacy rights of Plaintiff William Jones.

192. As a direct and proximate result of these known violations of Mr. Jones' privacy rights and wrongfully placing him in a false light, Mr. Jones aforementioned conduct of

---

[16] McCall v. Courier-Journal & Louisville Times Co., 623 S.W.2d 882 (Ky. 1981)

Filed   22-CI-00765   09/30/2022   Amy Feldman, Franklin Circuit Clerk

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000056 of 000079

Filed 22-CI-00765 09/30/2022 Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

Defendant Bob Mills, Mr. Jones, his wife, and his children have suffered, continues to suffer, and will suffer in the future damages including, but not limited to, severe mental and emotional distress and suffering, embarrassment, humiliation, loss of income, and loss of future earning capacity all in an amount exceeding the minimal jurisdictional limits of this Court.

## COUNT FIVE
### *Defendant Johnathan Sands Wise*

193. All Plaintiffs hereby adopt and reiterate each allegation set folth above as if fully set forth herein.

194. At all times relevant, Defendant Johnathan Sands Wise was a member of the Executive Administration of Georgetown College, and the members of the Board of Trustees were the legislative body of the College that made all policy decisions of the College. Defendant Johnathan Sands Wise, either individually in his professional or personal status acted as an agent and representative with actual and apparent authority to speak on issues regarding Georgetown College.

195. All statements to all press organizations and media outlets of Defendant Mills that were published or caused to be published by him in the course of and while acting within the scope of his authority and/or employment for Defendant Board of Trustees, were untrue and were an invasion of Plaintiff Will Jones' right to privacy by placing him in a false light. In 1982, the Kentucky Supreme Comt adopted the provisions of *Restatement (Second) of Torts* § 652A. To prove an action of false light invasion of privacy, one must provide evidence that:

    **i.**    **The false light in which the other was placed would be highly offensive to a reasonable person;**

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000057 of 000079

Filed 22-CI-00765 09/30/2022 Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

**ii.    The publisher had knowledge of, or acted in reckless disregard of the falsity of the publicized matter and the false light in which the other was placed.** [17]

The statements of Defendant Sands Wise, on behalf of Defendant Board of Trustees, were solely about and concerning Mr. Jones and were reasonably understood to be about Mr. Jones. Defendant Sands Wise's statements were an invasion of privacy and placed Plaintiff William Jones in a false light because the characterizations made against Mr. Jones would and are highly offensive to a reasonable person, and Mr. Sands Wise had knowledge of, or acted in utterly reckless disregard of the falsity of the publicized matter that Plaintiff Mr. Jones was placed. These statements conveyed the false impression that Mr. Jones is or was "violent"; that Mr. Jones abused or misused his authority in the course of his employment; that Mr. Jones was immoral; that Mr. Jones was unethical; and that Mr. Jones had directly harmed or victimized one or more members of the Georgetown College "family."

196. The cumulative effect of Defendant Sands Wise's statements was to place Mr. Jones in a light where he had now been convicted in the mind of the public at large for criminally and violently sexually assaulting a colleague, which happens to be the worst position for any person to be in, especially one falsely accused of such.

197. All of Defendant Sands Wise's statements made during the first two (2) days of November 2021, were made in violation of the privacy rights of Plaintiff William Jones.

198. As a direct and proximate result of these known violations of Mr. Jones' privacy rights and wrongfully placing him in a false light, the aforementioned conduct of Defendant Sands Wise, Mr. Jones, his wife, and his children have suffered, continues to suffer, and will

---

[17] McCall v. Courier-Journal & Louisville Times Co., 623 S.W.2d 882 (Ky. 1981)

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000058 of 000079

Filed                22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

suffer in the future damages including, but not limited to, severe mental and emotional distress and suffering, embarrassment, humiliation, loss of income, and loss of future earning capacity all in an amount exceeding the minimal jurisdictional limits of this Court.

## COUNT SIX
### *President Rosemary Allen*

199. All Plaintiffs hereby adopt and reiterate each allegation set forth above as if fully set forth herein.

200. At all times relevant, Defendant Rosemary Allen was the Acting President of Georgetown College and/or a member of the Executive Administration; the Defendant Board of Trustees were the legislative body of the College that made all policy decisions of the College. Defendant Rosemary Allen either individually in her professional or personal status acted as an agent and representative with actual and apparent authority to speak on issues regarding Georgetown College.

201. All statements to all press organizations and media outlets of Defendant Allen that were published or caused to be published by her in the course of and while acting within the scope of her authority and/or employment for Defendant Board of Trustees, were untrue and were an invasion of Plaintiff William Jones' right to privacy by placing him in a false light. In 1982, the Kentucky Supreme Court adopted the provisions of *Restatement (Second) of Torts* § 652A. To prove an action of false light invasion of privacy, one must provide evidence that:

**i.      The false light in which the other was placed would be highly offensive to a reasonable person;**

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000059 of 000079

Filed                22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

Filed                22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

COM : 000060 of 000079

>           ii.      **The publisher had knowledge of, or acted in**
> **reckless disregard of the falsity of the publicized matter**
> **and the false light in which the other was placed.** [18]

The statements of Defendant Allen, on behalf of Defendant Board of Trustees, were

solely about and concerning Mr. Jones and were reasonably understood to be about Mr. Jones.

Defendant Allen's statements are an invasion of privacy and placed Plaintiff William Jones in a

false light because the characterizations made against Mr. Jones would and are highly offensive

to a reasonable person, and Defendant Allen had knowledge of, or acted in utterly reckless

disregard of the falsity of the publicized matter involving Defendant William Jones. These

statements conveyed the false impression that Mr. Jones is or was "violent"; that Mr. Jones

abused or misused his authority in the course of his employment; that Mr. Jones was immoral;

that Mr. Jones was unethical; and that Mr. Jones had directly harmed or victimized one or more

members of the Georgetown College "family."

202. The cumulative effect of Defendant Allen's statements was to place Mr. Jones in a

light where he had now been convicted in the mind of the public at large for criminally and

violently sexually assaulting a colleague, which happens to be the worst position for any person

to be in, especially one falsely accused of such.

203. All of Defendant Allen's statements made during the first two (2) days of November

2021, were made in violation of the privacy rights of Plaintiff William Jones.

204. As a direct and proximate result of these known violations of Mr. Jones' privacy

rights and wrongfully placing him in a false light, the aforementioned conduct of Defendant

Allen, Mr. Jones, his wife, and his children have suffered, continue to suffer, and will suffer in

---

[18] McCall v. Courier-Journal & Louisville Times Co., 623 S.W.2d 882 (Ky. 1981)

60

Filed                22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk
NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

the future damages including, but not limited to, severe mental and emotional distress and suffering, embarrassment, humiliation, loss of income, and loss of future earning capacity all in an amount exceeding the minimal jurisdictional limits of this Court.

### COUNTS SEVEN THROUGH NINE - VICARIOUS LIABILITY
*Defendant Board of Trustees of Georgetown College*
*Individual Members of Board of Trustees of Georgetown College*
*Georgetown College*

### COUNT SEVEN - VICARIOUS LIABILITY
*Defendant Board of Trustees of Georgetown College*

205. Mr. Jones adopts and reiterates each and every allegation set follh herein above as if fully set forth now.

206. At all times relevant herein, Defendant Board of Trustees was the principal and/or employer of Defendant Mills, Defendant Jonathan Sands Wise, and Defendant Rosemary Allen.

207. The actions and conduct of Defendants Mills, Sands Wise, and Allen described herein above were committed within the scope of their actual, implied, and/or apparent authority as agent and/or employee of Defendant Board of Trustees, and/or said conduct was authorized, ratified, or approved of by Defendant Board of Trustees.

208. Defendant Board of Trustees is vicariously liable for the actions and conduct of its authorized agents and/or employees, Defendants Mills, Sands Wise, and Allen, and/or any injuries or damages caused as a result thereof.

### COUNT EIGHT - VICARIOUS LIABILITY
*Defendants - Individual Members of Trustees of Georgetown College*

209. Mr. Jones adopts and reiterates each and every allegation set forth herein above as if fully set forth now.

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000061 of 000079

Filed                22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

Filed    22-CI-00765    09/30/2022    Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

210. At all times relevant herein, Defendant Board of Trustees was comprised of Defendants Dave Adkisson, Dr. Bob Baker, Tucker Ballinger, Dr. John Blackburn, Granetta Blevins, Tracey Clark, Sharon Clifton, John Cochenour, Nicole Collinson, Jane Cutter, Kenny Davis, Vickie Glisson, 'John Doe', William J. Houston, Melanie Ladd, David Lee, Mike Lukemire, Missy Matthews, Chairman Robert "Bob" Mills, Judge Gerald Parker, Michelle Pedigo, Frank Penn, John Travis, Hon. J. Guthrie True, John Ward, Meocha Williams, Sarah Wilson, and Norm Brown.

211. The individual Defendants of the Board of Trustees of Georgetown College acted in their individual and independent capacities to proliferate and propagate the falsehoods contained in the statements made by Defendants Mills, Sands Wise, and Allen and none of the individual members denounced the clearly defamatory statements made by their agents and employees.

212. Further, based upon knowledge and belief, several members of the Board of Trustees of Georgetown College, who are either active members or married to active members or family members of active members of Kappa Alpha Order's alumni association, did not disclose their ethical conflicts regarding any decision about disciplinary action and further declined to cease pressuring other Board of Trustee members and executive staff, including Mr. Jones in reversing disciplinary actions against Kappa Alpha Order taken in 2020 for allegations of hazing and threatened violent assault and sexual assault to female Georgetown students.

213. With this fact as a backdrop to the eventual termination of Mr. William Jones as President of Georgetown College, the individual members of the Board of Trustees acted outside the scope of their rights and duties as members of the Board in allowing the lightspeed firing of Mr. Jones, without any investigation being conducted, without any findings of wrongdoing, and without notice of a public hearing being provided to Mr. Jones in violation of Title lX of the

62

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

COM : 000062 of 000079

1972 Education Amendments and further enumerated in 34 CFR 106.45 of the Code of Federal Regulations and, in a clear strategy to discredit and ruin the career and personal life of Mr. Jones, allowed its agents and employees to perpetrate one of the greatest potential travesties to ever be experience by a human…being wrongfully labeled as a sexual predator and violent danger to other humans.

214. The Board of Trustees of Georgetown College was well aware of the intent to fire Mr. Jones on the afternoon of October 31, 2022. Yet, Mr. Jones was never made aware of any such decision. Further, upon knowledge and belief, the Board of Trustees, being required to be knowledgeable and educated on the requirements of Title IX proceedings, intentionally acted outside of the scope of their corporate bylaws, whereby acting individually, contrary to law and the bylaws of the College, to deny Mr. Jones his rights and then to allow its agents and/or employees, Defendant Mills, Defendant Sands Wise, and Defendant Rosemary Allen to intentionally smear and permanently damage the professional and personal life of Mr. Jones, his wife, and their children with willful disregard to the lawful nature of such actions.

215. The actions and conduct of Defendants Mills, Sands Wise, and Allen described herein were committed within the scope of their actual, implied, and/or apparent authority as agent and/or employee of Defendant Board of Trustees, and/or said conduct was authorized, ratified, or approved of by Defendant Board of Trustees. Yet, the individual members of the Board of Trustees willfully violated their duties as members of the Board of Trustees.

216. Thus the individual Defendant members of the Georgetown College Board of Trustees are personally, vicariously liable for the actions and conduct of its authorized agent and/or employee, Defendant Mills, and/or any injuries or damages caused as a result thereof.

Filed 22-CI-00765 09/30/2022 Amy Feldman, Franklin Circuit Clerk

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000063 of 000079

Filed        22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

## COUNT NINE - VICARIOUS LIABILITY
### *Defendant Georgetown College and its Individual Executive Administration*

217. Mr. Jones adopts and reiterates each and every allegation set forth above as if fully set forth herein.

218. At all times relevant herein, Defendant Georgetown College was the principal and/or employer of all named individual Defendants that are members of the Executive Administration, including Rosemary Allen, Johnathan Sands Wise, John Davis, Curtis Sandberg, , and Sally Wiatrowski, and the members of the Board of Trustees, named previously in Count Five.

219. Upon knowledge and belief, the Plaintiffs claim and aver that every member of the Executive Administration of Georgetown College were aware of the false claims of sexual assault, misconduct, and harassment leveled against Mr. Jones and yet remained silent while Mr. Jones, his wife, and their children had their entire lives destroyed by the perpetuation of falsehoods and lies to remove Mr. Jones from the position of President and the fu1ther determination of Georgetown College to defame and wrongfully accuse Mr. Jones of terrible atrocities and labeling him a violent sexual predator. The deafening silence and the cowardice of these 'so-called enlightened' liberal educators and administrators, amounted to tacit approval of the actions and destruction of the lives of a husband, wife, and their six (6) children.

220. The actions and conduct, or lack thereof, of the named Defendants in the Executive Administration described herein were committed within the scope of their actual, implied, and/or apparent authority as agents and/or employees of Defendant Georgetown College, and/or said conduct was authorized, ratified, or approved of by Defendant Georgetown College.

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

COM : 000064 of 000079

Filed        22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

221. Defendant Georgetown College is vicariously liable for the actions and conduct of its authorized agent and/or employee, Defendant Allen, and/or any injuries or damages caused as a result thereof.

### COUNT TEN-INTENTIONAL AND/OR RECKLESS INFLICTION OF EMOTIONAL DISTRESS/OUTRAGE
### *All Defendants Named Herein Above*

222. The Plaintiffs adopt and reiterate each and every allegation set forth above as if fully set forth herein.

223. Mr. Jones, his wife, Amy R. Jones, and his six (6) individual children Annalise Jones, Thomas Jones, Jr., Grace Jones, W.J. II, a minor, H.J., a minor child, and A.J., a minor child, have the rights to be free from emotional distress outrageously and intentionally inflicted by another.

224. Each of the Defendants intentionally and/or recklessly, maliciously violated each Plaintiff's right to be free from emotional distress.

225. Upon knowledge and belief, the Plaintiffs each aver and claim that each named Defendant, led and/or informed by Defendant Blevins, had actual knowledge of the multiple text messages discovered during the investigation of Defendant Kappa Alpha Order's alleged violations of campus policies that concerned Mr. Jones' daughter, Plaintiff Annalise Jones and the sexually explicit, derogatory, and aggressive nature of the same that threatened violent assault and group sexual assault/rape on the Civil War Era cannon located outside of the Kappa Alpha campus house. Even after becoming aware of the disgusting and vile nature of these messages attributed and proven to be by and between members of Kappa Alpha Order, Defendant Blevins and at least five (5) additional members of the Board of Trustees that happen

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000065 of 000079

to also be Kappa Alpha Order Alumni, disagreed with and fought against *any punishment* at all being delivered upon the social fraternity. These individuals went so far as to actually defend the very character of the men and the fraternity and (laughably) the historic importance of the fraternity on the Georgetown College campus and the Georgetown community at large.

226. At all times relevant herein, Defendant Blevins and the Unknown and currently Unnamed Defendant members of the Board of Trustees had actual knowledge of the emotional impact and fear those text messages created in Mr. Jones, his wife Amy, their daughter Annalise, (who happens to be one (1) of two (2) adopted Jones children and is of African American descent) and the remaining five (5) Jones children, all named Plaintiffs herein.

227. At all times relevant herein, all members of the Board of Trustees of Georgetown College knew that Mr. Jones had recused himself from the investigatory and disciplinary process concerning the fraternity and certain of its members, and they further knew Mr. Jones was not responsible for making decisions concerning what discipline was to be meted out against the fraternity or certain of its members for the misconduct uncovered during the investigation.

228. Yet, several members of the Board of Trustees, led by Defendant Blevins and four (4) yet to be known and unnamed members of the Board of Trustees, who are all Defendants named herein made repeated demands to College administrators that Mr. Jones personally reverse the discipline delivered to Kappa Alpha Order, and unbelievably demanded that Plaintiff Jones actually personally make amends with the fraternal organization and/or certain of its members and prominent alumni, despite knowing the above, and knowing these repeated requests were outrageous and offensive to basic standards of decency and morality.

Filed                    22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

229. All members of the Board of Trustees were aware of these demands and overtures and knew Mr. Jones perceived their repeated requests to be akin to a demand that required him to apologize to or reverse punishment imposed upon individuals that had, among breaking various College rules, threatened his daughter's safety and/or posed a threat to his daughter's safety.

230. When Defendant Blevins and other currently unnamed Defendant members of the Board of Trustees continued to outrageously repeat their demands that Mr. Jones reverse the punishment imposed on the fraternity and certain members and make amends therewith, they did so intentionally and/or recklessly, and for the sole, cruel, and malicious purpose of inflicting severe, emotional distress and pain upon Mr. Jones and each named Plaintiff family member herein.

231. As a result of the Board of Trustees outrageous, intolerable, intentional, and/or reckless conduct, led and spearheaded by Defendant Granetta Blevins, Mr. Jones, his wife, and his children, all named Plaintiffs herein, experienced severe mental and emotional distress, pain, and suffering which interfered with his day-to-day life.

232. As a direct and proximate result of the aforementioned outrageous, intentional, and/or reckless conduct of the named Defendant members of the Board of Trustees, jointly and severally, Mr. Jones has suffered, continues to suffer, and will suffer in the future damages including, but not limited to, severe and life-altering mental and emotional distress, pain, and suffering, all in an amount exceeding the minimal jurisdictional limits of this Court.

233. As a direct and proximate result of the aforementioned outrageous, intentional, and/or reckless conduct of the named Defendant members of the Board of Trustees, jointly and severally, Mrs. Amy R. Jones has suffered, continues to suffer, and will suffer in the future

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000067 of 000079

Filed                    22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

Filed 22-CI-00765 09/30/2022 Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

limited to, severe and life-altering mental and emotional distress, pain, and suffering, all in an amount exceeding the minimal jurisdictional limits of this Court.

## COUNT ELEVEN - CIVIL RIGHTS CLAIMS IN VIOLATION OF 42 U.S.C. § 1983
### *All Named Defendants*

237. Plaintiff Annalise Jones adopts and reiterates each and every allegation set forth above as if fully set forth herein.

238. The pertinent language of 42 U.S.C. § 1983 is enumerated as follows:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... "

239. To prove a claim of a violation of a civil right pursuant to 42 U.S.C. § 1983 a Plaintiff is required to allege that (1) the conduct complained of was committed by a person acting under the color of state law; and (2) the conduct deprived the plaintiff of a constitutional right.

240. The traditional definition of acting under the color of state law requires that the defendant have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *West v. Atkins, 487 U.S. 42, 49* (1988).

241. Georgetown College, a chartered and incorporated private college under the laws and administrative regulations of the Commonwealth of Kentucky, acted at all times under the color of state law in their actions towards all students of higher education attending their institution.

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000068 of 000079

69

Filed 22-CI-00765 09/30/2022 Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

242. Georgetown College, its Board of Trustees and its Executive Administration's egregious and vile intentional actions towards to Plaintiff Annalise Jones deprived her of her guaranteed First, Fourth, Fifth and Fourteenth Amendment Rights.

243. Defendants, Georgetown College, the Georgetown College Board of Trustees and its Executive Administration should be jointly and severally liable for all personal damages, including physical and emotional harm for the actions they allowed to occur against the Plaintiff Annalise Jones, for the lack of actions taken to protect the safety, wellbeing, and inability to provide a safe environment for an African American young woman to live and be educated, while not providing a safe environment free of being exposed to misogynistic violent and sexual threats to gang rape her on an American College Campus in the year 2022.

### COUNT TWELVE-THREAT OF PHYSICAL AND SEXUAL VIOLENCE; INTENTIONAL INFLICTION OF EXTREME EMOTIONAL DISTRESS DUE TO THE OUTRAGEOUS ACTIONS OF DEFENDANT
*Defendant Kappa Alpha Order - Social Fraternity*

244. Plaintiff Annalise Jones adopts and reiterates each and every allegation set forth above as if fully set forth herein.

245. At all times relevant, Kappa Alpha Order, was a social fraternity founded in December, 1865 by former members of the Confederate Army at Washington College (now Washington and Lee College) in Lexington, Virginia. The organization was created and incorporated under the laws of the Commonwealth of Virginia with its principal corporate office and address for service of process at 115 Libe1ty Hall Road, Lexington, Virginia 24450. The agent for service of process is Larry Stanton Weise, Executive Director of the National Organization.

246. Kappa Alpha Order has a tumultuous history related to its racist and questionable foundations. In fact, the organization claims that General Robert E. Lee is the 'Spiritual Leader'

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000069 of 000079

Filed 22-CI-00765 09/30/2022 Amy Feldman, Franklin Circuit Clerk

Filed                    22-CI-00765      09/30/2022      Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

of the fraternal order. It currently boasts 103 active chapters across American College campuses and 53 currently suspended chapters.

247. Kappa Alpha Order Beta Delta Chapter was founded on Georgetown College's campus on February 11, 1904. Since that time, the chapter boasts 1,229 alumni. The Chapter has been suspended from Georgetown College since 2020.

248. In accordance with the Kappa Alpha Order - Claim and Dispute Resolution Rules, all accepted members that have become active in their local chapter submit all issues of dispute resolution to the National Organizations Claim and Dispute Resolution Plan and Rules. In addition, any person making any legal claim or with a valid dispute against any member or chapter for injury or tort action must make such claim through the Dispute Resolution Arbitration Plan unless it affirmatively objects to having the dispute resolved by the fraternal order's chosen arbitration proceedings.

249. The Plaintiff, Annalise Jones, adamantly and unequivocally objects and refuses to voluntarily submit this dispute involving the Kappa Alpha Order Beta Delta Chapter at Georgetown College to the National Corporate Dispute Resolution Plan as the very nature of this organization is antithesis to the very fabric of a free and prosperous society. It is outdated, holds positions that are repugnant to the Union of American States, and glorifies the worst traitors to not just the United States but the human race.

250. The Plaintiff, Annalise Jones, became aware of a group text thread in late summer of 2020 that threatened her safety and wellbeing and discussed sexual assaulting her and even gang raping her on the civil war era cannon in front of the fraternity house, creating imagery that would make D.W. Griffith proud if he were remaking his deplorable movie 'The Birth of a Nation' in which the very same racist attitudes were glorified and even praised by then

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000070 of 000079

Filed                    22-CI-00765      09/30/2022      Amy Feldman, Franklin Circuit Clerk

Filed 22-CI-00765 09/30/2022 Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

President Woodrow Wilson. Unfortunately for this group of racist individuals, the world has moved passed the days of 'acceptable racist' ideologies. And these texts (included herein) are a disgusting example of bigoted behavior on a campus that quickly hides behind the 'Christian' moniker when it is convenient, but which was protected by the very individuals vested with the duty of protecting all members of the college community.

251. As a result of the evidence uncovered, Plaintiff William Jones recused himself from all disciplinary decision involving the fraternity. However, the calls, pressure, and intimidation from Board of Trustee members and local alumni made the working environment at Georgetown College, at all times, hostile to the point of palpable after the decision to suspend the organization from the College's campus was handed down. At one point, Plaintiff William Jones was tricked into discussing the issues with, whom he thought were going to be National representatives that turned out to be three (3) alumni, two (2) of which were local alumni members and the proceeded to vociferously and stringently push for a recission of the College's decision to the point that the conversation became incredibly volatile and Plaintiff Jones felt incredibly threatened and harassed by the continued onslaught of irrational support for a group that had threatened to gang rape a Georgetown College student.

252. Georgetown College boasts its inclusive nature of non-discrimination, diversity, and grace in its mission statements and states:

> "As a matter of policy and in compliance with state and federal laws, Georgetown College operates on the principle of non-discrimination. Georgetown College does not discriminate, either in the admission of students, hiring and promotion of employees, or in the administration of any educational policies, programs, or activities on the basis of race, color, national or ethnic origin, sex, sexual orientation, gender, gender identity, age, disability or veteran status."

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000071 of 000079

Filed            22-CI-00765      09/30/2022      Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

Yet, the College and in particular, the members of Kappa Alpha Order made a mockery of the above statement in threatening to harm and sexually assault the Plaintiff, Annalise Jones.

253. Since reporting the incident, the College worked tirelessly to harm and punish Ms. Annalise Jones, going so far as to actually have her served a 'No-Contact' Order, to not have any intentional or unintentional contact with any of the gentlemen that actually threatened to cause her harm and rape her as if she was the perpetrator of some crime or allegation of wrongdoing. (An Example Order is Attached.)

254. The Plaintiff, Annalise Jones has been the subject of perpetual and ongoing harassment on the campus and required regular security at night to protect her from harm. Many times, she would have to wait more than an hour for a reluctant and displeased campus security guard to show up and walk her to her vehicle.

255. The threats made by the members of the Beta Delta Chapter of Kappa Alpha Order and the subsequent lack of protection and resulting shaming and treatment by Georgetown College has caused extreme emotional distress due to these outrageous and unacceptable acts of both of these parties.

256. Defendants, Georgetown College, the Georgetown College Board of Trustees and its Executive Administration and Kappa Alpha Order should be jointly and severally liable for all personal damages, including extreme emotional distress due to the outrageous and unacceptable actions they allowed to occur against the Plaintiff Annalise Jones, for the lack of actions taken to protect the safety, wellbeing, and inability to provide a safe environment for an African American young woman to live and be educated, while not providing a safe environment free of being exposed to misogynistic violent and sexual threats to gang rape her on an American College Campus in the year 2022.

73

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000072 of 000079

Filed            22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

## COUNT THIRTEEN-BREACH OF CONTRACT
### *Defendants Georgetown College and Board of Trustees of Georgetown College*

257. Mr. Jones adopts and reiterates each and every allegation set forth above as if fully set forth herein.

258. Mr. Jones had a valid contract of employment with Georgetown College for a specified term that was only terminable for cause without significant financial buyout of that contract.

259. Georgetown College breached its contract with Mr. Jones when it terminated his contract without valid cause. In fact, the only means by which Mr. Jones could have been terminated for 'cause' would be for the reasons found in paragraph eighteen (18) of his employment contract, executed by Mr. Jones on June 28, 2019, which states in pertinent part:

> "..."Cause" is defined as Jones' willful misconduct in connection with the performance of his duties, Jones' noncompliance with or failure to perform his duties as set forth in the College's Bylaws, or in the event Jones is charged with any felony criminal offense, any misdemeanor criminal offense related to substance abuse or moral turpitude, violent crime(s), theft, misappropriat1on, sexual misconduct or crimes involving minor or the operation of the College..."

Yet, in direct opposition to the egregious and wrongful statements made by Georgetown College, its agents and representatives, Plaintiff Jones never violated any portion of this section of his employment contract.

260. As a result of Georgetown College's breach, Mr. Jones has lost income and other compensation that would have been due him had he been allowed to complete his term of employment, his ability to earn income in the future has been diminished if not destroyed, and he

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

COM : 000073 of 000079

Filed            22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

Filed          22-CI-00765        09/30/2022     Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

has been cast in a false light, all to his detriment in amounts that exceed the jurisdictional limits of this Court.

## COUNT FOURTEEN - TITLE IX VIOLATIONS

*Defendants Georgetown College, Board of Trustees for Georgetown College, and Executive Administration of Georgetown College*

261. Mr. Jones adopts and reiterates each and every allegation set follh above as if fully set forth herein.

262. As early 2:00 A.M. on November I, 2021, Georgetown College had released a press release that claimed that Mr. Jones had committed deplorable acts of sexual misconduct that necessitated immediate firing. In that release, picked up later in the day by The Daily Beast, Defendant Provost and Executive Vice President, Johnathan Sands Wise and Defendant and Board of Trustees Chairperson, Bob Mi Ils stated:

> ***"The Board of Trustees launched an investigation, speaking with relevant individuals, and determined that the president had clearly broken his employment agreement with the college,"*** Sands Wise said. "Even without complete knowledge [of the situation], that was clear. They decided at that time they had to terminate [Jones'] employment ***to protect those who are vulnerable."***

> ***"Georgetown College does not tolerate violence or misuse of authority,"*** (Board of Trustees Chairperson Bob) Mills said in a statement. "We hold our administrators, students, and faculty to the highest standards of moral and ethical conduct. We are surprised and deeply disappointed by what we have learned." **The Daily Beast,** ***'Christian College Fired Over Sexual Assault, Inappropriate Behavior Allegations.'*** Published November 2, 2022, at 4:42 PM. ***Emphasis Added.***

263. Attorney Jim Newberry, counsel and legal representative of Georgetown College stated on a telephone call on Tuesday, November 2, 2021 (after Georgetown College had already released a press statement to every major news outlet in the United States and throughout the

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000074 of 000079

Filed                    22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk
NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

World) that the complaint was received on October 27, 2021, for actions that occurred on

October 18, 2021, in Indianapolis, Indiana involving Mr. Jones and Ms. Kroskie. Attorney

Newberry never corrected the date in that conversation. He further stated that the complaint, all

investigative notes, and findings would be released to Mr. Jones in a timely manner. They have

never been released. This phone conversation is memorialized in a recording within counsel's

possession.

264.  Whether the complaint was received on October 27, 2021; October 30, 2021;

October 31, 2021; or even November 1, 2021, Georgetown College, at all times, had constructive

and actual notice of their obligations under Title IX of the Education Amendments of 1972, and

its implementing regulation at 34 C.F.R. Part 106 (Title IX). Further, internal and outside

Counsel should have made the Board of Trustees and Georgetown College that an immediate

termination of Mr. Jones would result in further egregious violations of state and federal law

including violations of Mr. Jones' enumerated rights under Section Two of the Constitution of

the Commonwealth of Kentucky, and the Fowth, Fifth, and Fourteenth Amendments to the

Constitution of the United States.

265. Georgetown College essentially destroyed Mr. Jones' career, his chances at any

professional life in higher education, and his personal life with his friends and family. He has

been shunned by the very industry and professional circles he was once praised in and thought

highly of while saving schools like Bethany College and Georgetown College. He has become a

pariah that has been forced to literally clean toilets for ten dollars($ 10.00) an hour to not even

meet his meagerest of needs for a family of eight (8). And all of this is because Georgetown

College refused to simply provide him with his state and federal law and Constitutionally created

and mandated rights guaranteed by not only Georgetown College's own contract with him, but

Filed                    22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000075 of 000079

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

also the failure to provide administrative, substantive, and procedural due process in accordance with the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, Title IX of the Education Amendments of 1972, and its implementing regulation at 34 C.F.R. Part I06 (Title IX); and Section Two (2) of the Kentucky Constitution. [19]

## COUNT FIFTEEN-PUNITIVE DAMAGES
### *As against all Defendants*

266. All named Plaintiffs adopt and reiterate each and every allegation set forth above as if fully set forth herein.

267. Mr. Jones is entitled to recover punitive damages for the conduct of Defendants described above because said conduct was intentional, malicious, grossly negligent, reckless, willful, and/or oppressive.

268. In engaging in the intentional, malicious, grossly negligent, reckless, willful, and/or oppressive conduct and actions described above, Defendants, jointly and severally, expected and intended, or should have expected, for injury and damages to result to Mr. Jones and such injuries and damages did occur, as alleged hereinabove.

269. Defendants Allen and Sands Wise were acting within the course and scope of their agency and/or employment for Georgetown College when they engaged in the intentional, malicious, grossly negligent, reckless, willful, and/or oppressive conduct and actions described above.

270. Furthermore, Defendant Georgetown College, as principal and/or employer of Defendants of all named individual Executive Administrative officials and Board of Trustee

---

[19] The Case of Doe v. Baum, et al., 2: 16-cv-13174 - DL, (6th Cir. Ct. Appeals, 2018) outlines thoroughly the rights to the accused of a Title IX violation.

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000076 of 000079

Filed                    22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

Members, formally authorized, adopted, ratified, or should have anticipated the intentional, malicious, grossly negligent, reckless, willful, and/or oppressive conduct and actions of Defendants Allen and Sands Wise described above.

271. Defendants, Board of Trustees Chairperson, Bob Mills, Provost Johnathan Sands Wise, and 'Acting' President, Rosemary Allen were acting within the course and scope of their agency and/or employment for Georgetown College and its Board of Trustees when they engaged in the intentional, malicious, grossly negligent, reckless, willful, and/or oppressive conduct and actions described above.

272. Fu11hermore, Defendant Board of Trustees, as principal and/or employer of Defendants Mills, Sands Wise and Allen, formally authorized, adopted, ratified, or should have anticipated the intentional, malicious, grossly negligent, reckless, willful, and/or oppressive conduct and actions of Mills, Sands Wise, and Allen, as described above.

273. As a result of the intentional, malicious, grossly negligent, reckless, willful, and/or oppressive actions and conduct described above, which has caused substantial damage to Mr. Jones, his wife Amy R. Jones, and their children, Annalise Jones, Thomas Jones, Jr., Grace Jones, W.J. 1l, a minor child, H.J., a minor child, and A.J., a minor child, and which will continue to cause each named Plaintiff damage into the future, each Plaintiff is entitled to recover punitive damages from *all* named ***Defendants, jointly and severally,*** in an amount to be determined at trial and not less than three times the compensatory damages recovered herein for each Plaintiff from Defendants to deter Defendants from engaging in similar conduct in the future.

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000077 of 000079

Filed                    22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

**WHEREFORE,** the Plaintiffs, William A. Jones, Amy R. Jones, Annalise Jones, Thomas Jones, Jr., Grace Jones, W.J. II, a minor child, H.J., a minor child, and A.J., a minor child, by and through counsel, respectfully prays and demands as follows:

I.   For judgment in their favor and against Defendant Robert L. Mills, Defendant Johnathan Sands Wise, and Defendant Rosemary Allen on Count One, Count Two, and Count Three above;

II.  For judgment in their favor and against Defendant Robert L. Mills, Defendant Johnathon Sands Wise, and Defendant Rosemary Allen on Count Four, Count Five, and Count Six above;

III. For judgment in their favor and against Defendants Board of Trustees in their official capacities on Count 7 above;

IV.  For judgment in their favor and against Defendant members of the Board of Trustees in their individual capacities on Count 8 above;

V.   For judgment in their favor and against Defendants Georgetown College and its Executive Administration named herein on Count 9 above;

VI.  For judgment in their favor and against all Defendants for the tort of Intentional Infliction of Emotional Distress on Count 10 above;

Vil. For judgement in favor of Plaintiff Annalise Jones against all Defendants for violations of her Civil Rights in violation of 42 U.S.C. § 1983 on Count 11 above;

VIII. For judgment in favor of Plaintiff Annalise Jones against Defendants, Kappa Alpha Order for the tort of intentional infliction of emotional distress on Count 12 above;

79

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000078 of 000079

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

IX.    For Judgment in favor of Plaintiff William Jones against Georgetown College and

the Board of Trustees for Georgetown College for Breach of Contract on Count

13 above;

X.     For Judgment in favor of Plaintiff William Jones against Georgetown College and

the Board of Trustees for Georgetown College and the Executive Administration

of Georgetown College for the violation of his rights under Title IX of the 1972

Educational Amendments on Count 14 above;

XI.    For an award of Punitive Damages against all named Defendants, jointly and

severally on Count 15 above;

XII.   For any and all other relief to which any of the Plaintiffs may be entitled.

**Respectfully submitted,**

_____
HON. KYLE T. THOMPSON
100 East Main St.
Frankfort, Kentucky 40601
(502) 352-2550
thompsonattorney@gmail.com
Co-Counsel for Plaintiffs

Thomas Clay (signed electronically with permission)
_____
HON. THOMAS "T" CLAY
CLAY AND DANIEL, LLC
917 Lily Creek Road
Louisville, Kentucky 40243
tclay@tclaylaw.com
Co-Counsel for Plaintiffs

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000079 of 000079

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

# ATTACHMENT ONE

## E-MAIL FROM

## INDIANAPOLIS POLICE

## DETECTIVE JASON BOCKTING, SEX CRIMES UNIT

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM

<williamandrewjones@yahoo.com> 89056
**Cc:** Jhhlawoffice@gmail.com
**Subject: CASE CLOSED**

Bill - just texted you and tried to call but here is the message I received from the Detective just now:

*Hello,*

*I tried calling but I didn't catch you in the office. I got word back today that the case with William Jones has been no filed under 49-NC2201-2104250. I already told Hanna Kroskie so she is aware. I will be closing my case today Thanks. Jason.*

Detective Jason Bockting

Sex Crimes Unit--2235

Indianapolis Metropolitan Police Department

4134 N Keystone Avenue, Ste. B

Indianapolis, IN 46205

This is obviously very good news. Let me know if you need further information or anything else from me. Best of luck.

Jennifer

Jennifer M. Lukemeyer

VOYLES VAIANA LUKEMEYER BALDWIN & WEBB

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

# ATTACHMENT TWO

## NEW YORK TIMES ARTICLE

"Fraternity That Reveres Robert E. Lee Faces

Revolt Over Racism"

-Amy Harmon, October 1, 2021

Filed    NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

ibe New ‼Jork Times    https://www.nytimes.corn/2020/10/19/us/l1appa-alpha-robert-e-lee.html

# Fraternity That Reveres Robert E. Lee Faces Revolt Over Racism

How a racial awakening unfolded in a white-dominated brotherhood known for its veneration of the Confederate general.

 By Amy Harmon

Published Oct. 19, 2020   Updated Oct. 1, 2021

Kappa Alpha, one of the nation's largest and oldest college fraternities, is not unaccustomed to fending off charges of racism.

Its embrace of Robert E. Lee, the Confederate general, as a "spiritual founder" has rankled students and faculty members. Black student groups have protested its antebellum-themed spring formals. One campus demanded an apology after Kappa Alphas recited a chant lamenting the Union victory in the Civil War.

But the killing of George Floyd has for the first time started a racial reckoning within the fraternity's own chapters. Members of the Southwestern University chapter demanded that the fraternity drop its association with Lee and investigate the racial harms they say Kappa Alphas have inflicted. "KA nationally has a deeply troubling history that active chapters can no longer cry ignorance to," they said in a statement drafted over often-tense Zoom meetings and GroupMe texts.

The unusual breaking of ranks was initiated this summer by Noah Clark, a Southwestern alumnus who had, in 2017, become the first Black student to graduate as an active member of the college's Kappa Alpha chapter. Kappa Alpha Order's national organization then suspended the chapter, angering even some Black students on the Georgetown, Texas, campus who have not typically regarded Kappa Alphas as allies.

"My first reaction was, 'I can't believe they've gone and done this,'" said Pierce MacGuire, 29, referring to the chapter posting the statement. Mr. MacGuire, an alumnus who voted for President Trump, lent his support to the statement after being approached by Mr. Clark. He added, "It's not a group you would typically expect to be the people on the front line of a protest."

The national ferment over race has reached many American institutions, including professional sports leagues, major corporations and Hollywood. Yet the dissent within Kappa Alpha, pieced together through interviews and by reviewing text exchanges and other documents, caught many familiar with the fraternity by surprise.

Kappa Alphas at Southwestern are "not known for doing the work of race relations," said Ivan Maina, co-president of Ebony, a Black student group at Southwestern. A few years earlier, when some members pushed to remove a portrait of Lee hanging in the fraternity house, the majority voted to leave it up. The chapter, home to both liberals and conservatives, is officially "apolitical;" many members said.

But discomfort with Kappa Alpha's reputation on race had been building in the chapter for some time. Privately, some of its younger alumni had begun to call the fraternity's depiction of Lee "indoctrination." More Latinos had joined the chapter. And a call to action by Mr. Clark - one of three Black alumni in the chapter's 137-year history -   after Mr. Floyd's death proved hard to ignore.

"I think everyone has wanted to do something like this, but the courage within the active chapter has never been there," said Jeremy Wilson, a senior member of the chapter, who like all active members who spoke to The New York Times for this article did so against the chapter's instructions.

Filed        22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM

"T Mart!" replied Mr. Clark, invoking Mr. Martin's nickname and waving aside the apology. "Good to hear from you."

A few days later, Mr. Martin posted the first draft of the statement.

## Reluctant protesters

Under Kappa Alpha rules, chapters have wide leeway to make public statements. And by early July, the chapter at Washington and Lee University in Virginia, a school embroiled in a campus-wide debate over dropping Lee from its name, had publicly renounced its ties to the general.

But the Southwestern chapter's statement was "incendiary," Larry Wiese, the fraternity's executive director, told the chapter's president, Santiago Fernandez. If published unaltered, Mr. Wiese wrote in an email, it "could damage your chapter, the other chapters or the Order as a whole."

"They said they would immediately suspend us if we release it," Mr. Fernandez reported to the chat group.

He pasted in the revisions proposed by the national organization.

Strike "racist." Cut "remedy." No "demand."

"What do y'all think?" he wrote.

Especially at Kappa Alpha's larger chapters, concentrated in the South, some students who grew up celebrating Confederate figures gravitate to the fraternity precisely because of its allegiance to Lee. Even at the Southwestern chapter, which draws members from diverse backgrounds, those discomfited by the Lee connection had long managed to overlook it. And loyalty was a key Kappa Alpha precept.

So it was perhaps not surprising that the chapter's resolution wavered at the threat of suspension. Some older alumni, who can open doors to jobs, members knew, would almost certainly be displeased. Knowing it was possible, too, that the chapter would forfeit its house - one of the more affordable housing options - the authors acquiesced to some edits.

"Racist" was replaced with "deeply troubling" to describe the fraternity's history. "Call for" was substituted for "demand." But the group, which had grown to several dozen alumni and active members, declined to cut the line vowing to "engage with our community in order to learn what pain we have caused and how we can remedy it."

As the negotiations stretched on, some grew impatient.

"It's outrageous to me that we're still debating this;' wrote a recent alumnus.

Others still hesitated.

"Bro I benefit from being white but you don't get losing the house," replied one.

At least one white member opposed denouncing Lee on principle. Elijah Norris, 19, who would become the fourth African-American to graduate as a member of the chapter, recalled a series of calls with another who was equivocating. A third who was leaning against the public criticism of the fraternity posted his phone number, inviting those in support to talk one-on-one.

## A call for a vote

The Southwestern chapter, known within Kappa Alpha by the Greek letter "Xi:' had changed over the previous five years.

Composite pictures from years gone by that contained Confederate iconography were placed in storage. Pledges were told that the chapter did not adhere to Kappa Alpha traditions like toasting Lee on his birthday.

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

The suspension notice arrived a few hours later.

## A second suspension

At the national fraternity's annual leadership institute in January, its chapter presidents were encouraged to role-play responding to common Lee questions. Nineteen who bristled at the exercise -   "a lot of like, 'deflect, deflect, deflect;" one recalled -  have signed an internal petition echoing the Southwestern chapter's demands. One was the president of the Vanderbilt chapter, which released a statement calling on the fraternity to acknowledge its "problematic history of racial exclusivity."

Several groups of Kappa Alpha alumni have issued similar pleas, including one led by Robert Binion, a white pastor who recalls a racist Martin Luther King's Birthday tradition at the Georgia Tech chapter when he was an officer in the mid-2000s in which members, invoking anti-Black stereotypes, drank malt liquor, threw dice and ate watermelon. Representative Joseph P. Kennedy, of Stanford's chapter, also denounced the fraternity during his recent Senate campaign.

In correspondence with Kappa Alpha's critics, Mr. Wiese noted that the fraternity hired a staff member dedicated to diversity education, and that it honors Lee solely as an educator and force for national reconciliation at the end of his life.

The only way to change Lee's "spiritual founder" designation is by a vote at the biannual convention next summer, he said, and there is no indication that the measure has majority support. The national staff, Mr. Wiese said, is agnostic. But in an email to the insurgent chapters after suspending the Vanderbilt chapter, he noted that suspended chapters do not get a vote.

Amy Harmon is a national correspondent, covering the intersection of science and society. She has won two Pulitzer Prizes, for her series "The DNA Age", and as part of a team for the series "How Race Is Lived in America." @amy_harmon  •  Facebook

A version of this article appears in print on, Section A, Page 21 of the New York edition with the headline: Fraternity That Reveres Civil War General Faces a Revolt

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

# ATTACHMENT THREE

## KAPPA ALPHA GROUPME ACCOUNT

## TEXT MESSAGE THREAD

•ne **Kappa Alpha GroupMe Accoun...** @

J His daughter thinks the cannon is badass

Chris Flounlacker
We need someone to bang her

Chris Flounlacker
More than one is better

luz

:      t   ri ofthe  a n= :t   run·- s daughter…?

Jesse
Not too late for a *llrT*

Bo Billings
My point about lambda chi was a hypothetical. I guess I didn't explain that well enough. But what I'm trying to say is that if they are taking our cannon away because of someone's feelings then having a tree in the yard is essentially the same kind of dumb logic as a non functioning cannon.

Austin Blake
dawson can do it

Austin Blake
gang gang

Austin Blake
wife beater

Jesse Morrow
❖ No we keep the cannon AND run the daughter



Send Message

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

# ATTACHMENT FOUR

## EXAMPLES OF ONLINE ARTICLES REGARDING TERMINATION OF PLAINTIFF WILLIAM JONES

- **AP News Wire:** 'Kentucky College President Fired After Sexual Assault Report'
- **The Daily Beast:** 'Georgetown College President William A. Jones Fired Over Sexual Assault Allegations'
- **Yahoo News:** 'Georgetown College Fires President Amid Allegations of Sexual Assault, Inappropriate Behavior'
- **LEX18:** 'Georgetown College President Fired After Sexual Assault Allegation, other 'inappropriate behavior''
- **NBC NEWS:** 'President of Georgetown College in Kentucky Fired Over Sexual Assault Allegations'
- **FOXNEWS:** 'Kentucky College Fires President Over Sexual Assault Allegations'
- **NY DAILYNEWS via MSN:** 'Georgetown College President Fired After Employee Alleges Sexual Assault'

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

Kentucky college president fired after sexual assault report I AP News

Sexual abuse by clergy

# Kentucky college president fired after sexual assault report

November 2, 2021

GEORGETOWN, Ky. (AP)-The president of Kentucky's Georgetown College has been fired after reports emerged accusing him of sexual assault and sexual misconduct against employees, the small Christian liberal arts school announced Tuesday.

William Jones was fired by the board of trustees after the college learned of "allegations of a sexual assault of a female College employee, inappropriate behavior with another female College employee, and other conduct in violation of Jones's employment agreement with the College," according to a news release.

The Associated Press was not able to reach Jones for comment on Tuesday evening.

The college received the allegations on Oct. 31 and Board of Trustees chairman Robert Mills called a meeting of the board's executive committee the next day. The full board voted to fire him on Monday. The college has hired outside counsel to continue the investigation, the release said. Officials

ADVERTISEMENT

"Georgetown College does not tolerate violence or misuse of authority. We hold our administrators, students and faculty to the highest standards of moral and ethical conduct," Mills said in a statement, according to the Lexington Herald-Leader. "We are surprised and

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

Kentucky college president fired after sexual assault report I *AP* News

deeply disappointed by what we have learned. We will support the members of our Georgetown College family who are directly impacted, and we will work cooperatively with ongoing or any future investigations."

Officials did not release further details about the allegations.

Rosemary Allen, the school provost, was named acting president of the college by the board of trustees. The school, which is not connected to Georgetown University in Washington, is located about 10 miles (16 kilometers) north of Lexington.

According to the college's website, Jones was named president in 2019 and previously worked as the president of Bethany College in Lindsborg, Kansas.

ADVERTISEMENT

Filed          22-CI-00765      09/30/2022      Amy Feldman, Franklin Circuit Clerk

1ttps://apnews.com/article/religion-education-kentucky-sexual-abuse-by-clergy-sex1rnl-s« nlt.

Filed
NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

Kentucky Georgetown College President William A. Jones Fired Over Sexual Assault Allegation

LINEJOIN:ROUND}.PAPERPLANE_SVG__PREFIX__CLS-2{FILL:#FFF}NEWSLETTERS | PODCASTS | CROSSWORDS | SUBSCRIPTION

.clllpjijj.$EARCH  .magnifying-glass_svg_cls-2{fill:#02141†)

clearly broken his employment agreement with the college," Sands Wise said. "Even without complete knowledge [of the situation], that was clear. They decided at that time they had to terminate [Jones'] employment to protect those who are vulnerable."

The board's chairman, Robert L Mills, called a Monday morning meeting of an executive committee, which took immediate action to dismiss Jones. Later that day, the full Board of Trustees affirmed the move.

Usement

"Georgetown College does not tolerate violence or misuse of authority," Mills said in a statement. "We hold our administrators, students and faculty to the highest standards of moral and ethical conduct. We are surprised and deeply disappointed by what we have learned."

Jones was brought on as Georgetown's president in July 2019 with a unanimous vote from the board, according to the college's website. "I look forward to working with the Georgetown College campus and our alumni as we dream new dreams and strive together to bring them into reality for our students and local community," he said in a statement at the time. "I pray that God will be merciful towards our efforts."

A truly special and historic day here at Georgetown College, as we introduced President and Mrs. Jones and welcomed

http://webcache.googleusercontent.com/..w.tlledailybeast.com/kentuclq1-georgetown-college-president•wiliam-•-inno,.r:..a "--•••i'•··••'••·•

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

Kentucky Georgetown College President William A Jones Fired Over Sexual Assault Allegation

them to the Georgetown family. pic.twitter.com/f5zy8GAoiP

ADVERTISING

- Georgetown College (@GtownCollege) July 3, 2019

The allegations, and news of Jones' termination, were shared with the college's 1,500 enrolled students and wider campus community on Tuesday. "I think it's safe to say there's definitely some shock," Sands Wise said. "But we certainly are all working together and asking for everyone's prayer." He himself was "absolutely blown away" by the news, he added.

tisement

An email sent out by acting president Rosemary Allen told the community that the college was not the president, but rather its students, faculty, coaches, and staff. Georgetown's mission-to serve its students-had not changed, she wrote, and it would remain focused on healing the community.

"We are going to have some feelings of grief and disappointment," Sands Wise said, adding later that the college would be hosting a "listening session" for its students on Tuesday evening.

The college has engaged outside counsel to continue the investigation, and it's unclear whether criminal charges will be brought against Jones.

ltp://webcache.googleusercontent.com/...w.thedailybeast.com/kentucky-georgetown-college-president-william-a-jnneo-f,erl-m•••-••••-•-•••-••••••

Filed          22-CI-00765     09/30/2022        Amy Feldman, Franklin Circuit Clerk
NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

KO?. I        MAIL        NEWS        FIHAUCE        SPO/ITS        ENTERTAINMENT        LIFE        StARCfi                    YAHOO PLUSDownload the Yahoo News app

## yahoo/news



( Sign in )        Mail

News        US        Politics        World        COVID-19        Climate Change        Health        Science        Originals        Veterans        Contact Us

Walls
OUTDOOR
PROTECTION
THAT LASTS

 i.:vE UPDATES:    iari mga1ns hzrlcan   str.anc.1as ;t .:::opr;;aches S.C.; Fia, death t0ll mounts

X



ll DEATHLOO P"
NOW AVAILABLE
WITH GAME PASS

O

f

iili

# Georgetown College fires president amid allegations of sexual assault, inappropriate behavior

November 2, 2021

Amid sexual assault allegations involving a fellow employee, and other allegations of inappropriate behavior, Georgetown College has fired its president.

Filed          22-CI-00765     09/30/2022        Amy Feldman, Franklin Circuit Clerk

Filed                              NOT ORIGINAL DOCUMENT
                                   10/19/2022 11:33:08 AM
                                   89056




LEX 18
LEXINGTON

Menu

Watch Now

Quick links …

ADVERTISEMENT

**NEWS** 

# Georgetown College president fired after sexual assault allegation, other 'inappropriate behavior'



ADVERTISEMENT

Filed        22-CI-00765      09/30/2022      Amy Feldman, Franklin Circuit Clerk



The Board of Trustees of Georgetown College has fired William A. Jones as president.




By: Jordan Mickle

*Posted at 2:41 PM, Nov 02, 2021 and last updated 7:15 AM, Nov 03, 2021*

GEORGETOWN, Ky. (LEX 18) - The Board of Trustees of Georgetown College has fired William A. Jones as president.

The college says on Sunday, October 31, they were informed of allegations of a sexual assault of a female College employee, inappropriate behavior with another female College employee, and other conduct in violation of Jones's employment agreement with the College.

According to an emergency protective order, the employee who alleges she was sexually assaulted by Jones says it happened during an out-of-state work trip. She made the filing out of concern for her safety.

Recent Storitls from ltlx 18.com

AD



CLOSE

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM




Officials say they took immediate steps to investigate the allegations and engaged outside counsel to continue the investigation.

On Monday, November 1, the Chairman of the Georgetown College Board of Trustees, Robert L. Mills, called a meeting of the Executive Committee of the Board. The College says they took immediate action to dismiss Jones and the full Board of Trustees affirmed the action of the Executive Committee at a meeting later on Monday.

"Georgetown College does not tolerate violence or misuse of authority," said Chairman Mills in a statement. "We hold our administrators, students, and faculty to the highest standards of moral and ethical conduct. We are surprised and deeply disappointed by what we have learned. We will support the members of our Georgetown College family who are directly impacted, and we will work cooperatively with ongoing or any future investigations. We are confident in the leadership of Acting President Allen and the Board appreciates her dedication to the continuing mission of Georgetown College during this difficult time."

Dr. Rosemary Allen, the College's Provost, was named Acting President by the College's Board of Trustees.

The allegations remain under investigation.

CLOSE

Filed          22-CI-00565     09/30/2022          Amy Feldman, Franklin Circuit Clerk
NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

U.S. Nrns

# President of Georgetown College in Kentucky fired over sexual assault allegations

"ceorgetmvn College does not tolerate violence or misuse of authority." said Robert L. ;\;Tills. chairman of the college's Board of Trustees.



Nov. 3, 2021, 11:00 AM EDT/ Updated Nov. 3, 2021, 11:31 AM EDT

**By Minyvonne Burke**

The president of Georgetown College in Kentucky was fired over alleged inappropriate conduct including complaints he sexually assaulted a female colleague.

The private liberal arts Christian college, located about 70 miles from Louisville, announced William A. Jones' termination on Tuesday.



Amy Feldman, Franklin Circuit Clerk

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH : 000018 of 000072

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
09/30/2022 11:13:08 AM
89056

"Georgetown College does not tolerate violence or misuse of authority. We hold our administrators, students and faculty to the highest standards of moral and ethical conduct," said Robert L. Mills, chairman of the college's Board of Trustees, in a statement.



—— William A. Jones.   WLEX

Jones is accused of sexually assaulting a female employee, engaging in inappropriate behavior with another female worker and displaying "other conduct in violation" of his employment, the college said. The school became aware of the allegations on Sunday and immediately launched an investigation.

## Get the Morning Rundown

Get a head start on the morning's top stories.

Enter your email

SIGN UP

THIS siTE -is- PROTECTED–sv˜ RECAPTCHA PRIVACY POLICY ı TERMS oF sERvicE

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

EXH : 000019 of 000072

Filed 22-CI-00765 09/30/2022 Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:55:08 AM
89056

Georgetown said in its statement that it had hired outside counsel to assist with the investigation.

"We are surprised and deeply disappointed by what we have learned," Mills said. "We will support the members of our Georgetown College family who are directly impacted, and we will work cooperatively with ongoing or any future investigations."

### Recommended



HURRICANE IAN

**Hundreds of thousands of Florida homes lie in flood-risk areas not recognized by FEMA's flood maps, research group says**



LATINO

**Mexico is the most dangerous country for environmentalists, a report finds. This Indigenous community has lived it.**

Mills called a meeting on Monday with the executive committee of the Board of Trustees, which decided to fire Jones. The termination went into effect on Monday. Rosemary Allen, the college's provost, will serve as acting president by the College's Board of Trustees.

"We are confident in the leadership of acting president Allen and the Board appreciates her dedication to the continuing mission of Georgetown College during this difficult time," Mills said.

Jones became president of the college in July 2019. He has not publicly commented on the allegations and could not be reached Wednesday at phone numbers listed for him.

Minyvonne Burke

•,,

Minyvonne Burke is a senior breaking news reporter for NBC News.

**Sponsored Stories**

by Taboola

ST TECH TREND

**ire Are 23 Of The Coolest Gifts For 2022**

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH : 000020 of 000072

Filed   22-CI-00765   09/30/2022   Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056                    Login    Watch TV

**KENTUCKY**  ·  **Published** November 3, 2021 8:56pm EDT

# Kentucky college fires president over sexual assault allegations

William Jones was the president of Georgetown College for over two years before his dismissal

By Paul Best I Fox News



**Fox News Flash top headlines for November 3**

Fox News Flash top headlines are here. Check out what's clicking on Foxnews.com.

The president of a small Christian colleg_ in KentuckY. was fired on Monday after a colleague accused him of sexual assault, the school announced.

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH : 000021 of 000072

Filed          22-CI-00765      09/30/2022       Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

The Board of Trustees at Georgetown College announced the termination of William A. Jones, who had been the president for just over two years, after becoming aware the day before of "allegations of a sexual assault of a female College employee" and "inappropriate behavior with another female College employee."

"Georgetown College does not tolerate violence or misuse of authority," the board's chairman, Robert L. Mills, said in a statement on Monday.

"We hold our administrators, students and faculty to the highest standards of moral and ethical conduct. We are surprised and deeply disappointed by what we have learned."

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH : 000022 of 000072



William Jones was fired by Georgetown University over sexual assault allegations by a colleague.   (Georgetown College)

One of the alleged victims filed an emergency protective order on Monday that says the assault took place on a work trip in IndianaP-olis last month, the Lexington Herald-Leader reP-orts.

"William Jones sexually harassed me in the lobby of (the) hotel before later sexually assaulting me in his hotel room," the employee wrote in the order, according to the local newspaper. "Multiple times throughout the incident's timeframe I told him to stop."

**NORTH CAROLINA REP. GREG MURPHY INTRODUCES BILL TO GIVE PROTECTIONS FOR REOPENING SCHOOLS AND COLLEGES**

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

EXH-: 000023 of 000072

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM

The Indianapolis Metro Police Department could not confirm on Wednesday if a police report had been filed.



Image 1 of 2

(Georgetown College)

Georgetown College hired Jones two years ago after Jones had a three-year stint at Bethany College, a Christian liberal arts school in Kansas.

"My wife, Amy, the Jones children, and I are looking forward to becoming part of the campus and local community," Jones said when he was hired in 2019. "Georgetown is a terrific place to raise a family!"

**CLICK HERE TO GET THE FOX NEWS APP**

Jones did not immediately respond to a request for comment on Wednesday.

Paul Best is a reporter for Fox News Digital. Story tips can be sent to Paul.best@fox.com and on Twitter: @Kincaid Best.

## Sponsored Stories

**Before you renew Amazon Prime, read this**

Capital One Shopping

**Where Are Immigrants Moving To In The US?**

USAFacts

**BMW Offers Major Incentives For Leftover 2022 Inventory**

BMW Deals I Search Ads

**48 Things That Are Quickly Disappearing Because Millennials Refuse To Buy Them**

Money Pop

**Search for Cheap Used Campers. They are almost being given away**

Yahoo! Search

**Trackable Currency Has Americans Worried (Do This Now)**

usfinancial.news

Recommended by@utbrainl

J / m s n

Kyle

AdChoices

New York Daily News    + Follow    View Profile

# Georgetown College president fired after employee alleges sexual assault

KATE FELDMAN - Nov 3, 2021

12

Support journalism

L es'1dian a day after an employee accused him of sexual assault, the president of Georgetown College, a private, Christian liberal arts school in Kentucky, has been expelled.



L   Georoetown Colleoe

© 2022 Microsoft        Privacy & Cookies    Terms of use    Advertise        Feedback

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

William Jones was fired after a vote by the board of trustees, the school announced Tuesday.

The woman, who has not been publicly identified, was granted an emergency protective order against Jones after she accused him of assaulting her during an out-of-state work trip, according to LEX18.

No other details were made public.

The statement from the school also mentioned allegations of "inappropriate behavior with another female College employee" and "other conduct in violation of Jones's employment agreement" that were presented Sunday. By Monday morning, the board had voted.

"Georgetown College does not tolerate violence or misuse of authority. We hold our administrators, students and faculty to the highest standards of moral and ethical conduct. We are surprised and deeply disappointed by what we have learned," Robert Mills, the Chairman of the Georgetown College Board of Trustees, said in a statement.

"We will support the members of our Georgetown College family who are directly impacted, and we will work cooperatively with ongoing or any future investigations."

Dr. Rosemary Allen, the school's provost, has been named acting president.

Jones was hired in 2019 after three years as president of Bethany College in Lindsborg, Kansas.

**SPONSORED CONTENT**



AMU - Yellow Ribbon S d 1 Q o l:
Affordable Tuition...



$..e.e_ili,tr Health Sdenct:: Program -
Degree in Heal...

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

© 2022 Microsoft          Privacy & Cookies     Terms of use     Advertise          Feedback

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

EXH : 000027 of 000072

Filed   22-CI-00765   09/30/2022   Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

# ATTACHMENT FIVE

## TITLE IX: 34 CFR 106.45

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

EXH : 000028 of 000072

Filed       22-CI-00765      09/30/2022       Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

34 CFR 106.45 (up to date as of 9/13/2022)
Grievance process for formal complaints of sexual harassment.                    34 CFR 106.45

This content is from the eCFR and is authoritative but unofficial.

## Title 34 - Education
## Subtitle B - Regulations of the Offices of the Department of Education
## Chapter I - Office for Civil Rights, Department of Education
## Part 106 - Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance
## Subpart D - Discrimination on the Basis of Sex in Education Programs or Activities Prohibited

**Authority**. 20 U.S.C. 1 681 *et* seq., unless otherwise noted.

Source: 45 FR 30955, May 9, 1980, unless otherwise noted.

# § 106.45 Grievance process for formal complaints of sexual harassment.

(a) **Discrimination** on the basis of sex. A recipient's treatment of a complainant or a respondent in response to a formal complaint of sexual harassment may constitute discrimination on the basis of sex under title IX.

(b) *Grievance process*. For the purpose of addressing formal complaints of sexual harassment, a recipient's grievance process must comply with the requirements of this section. Any provisions, rules, or practices other than those required by this section that a recipient adopts as part of its grievance process for handling formal complaints of sexual harassment as defined in §. 1.9. .-.9. . must apply equally to both parties.

(1) **Basic requirements for grievance** process. A recipient's grievance process must -

(i) Treat complainants and respondents equitably by providing remedies to a complainant where a determination of responsibility for sexual harassment has been made against the respondent, and by following a grievance process that complies with this section before the imposition of any disciplinary sanctions or other actions that are not supportive measures as defined in §. 1_06.30, against a respondent. Remedies must be designed to restore or preserve equal access to the recipient's education program or activity. Such remedies may include the same individualized services described in § 106.30 as "supportive measures"; however, remedies need not be non-disciplinary or non-punitive and need not avoid burdening the respondent;

(ii) Require an objective evaluation of all relevant evidence - including both inculpatory and exculpatory evidence - and provide that credibility determinations may not be based on a person's status as a complainant, respondent, or witness;

(iii) Require that any individual designated by a recipient as a Title IX Coordinator, investigator, decision-maker, or any person designated by a recipient to facilitate an informal resolution process, not have a conflict of interest or bias for or against complainants or respondents generally or an individual complainant or respondent. A recipient must ensure that Title IX Coordinators, investigators, decision-makers, and any person who facilitates an informal resolution process, receive training on the definition of sexual harassment in § 106.30, the scope of the recipient's education program or activity, how to conduct an investigation and grievance process including hearings, appeals, and informal resolution processes, as applicable, and how to serve impartially, including by avoiding prejudgment of the facts at issue, conflicts of interest, and bias. A recipient must ensure that decision-makers receive training on any technology to be used at a live hearing and on issues of relevance of questions and

Amy Feldman, Franklin Circuit Clerk

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

EXH : 000029 of 000072

Filed    22-CI-00765    09/30/2022    Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

34 CFR 106.45 (up to date as of 9/13/2022)
Grievance process for formal complaints of sexual harassment.

34 CFR 106.45(b)(1)(iv)

evidence, including when questions and evidence about the complainant's sexual predisposition or prior sexual behavior are not relevant, as set forth in paragraph (b)(6) of this section. A recipient also must ensure that investigators receive training on issues of relevance to create an investigative report that fairly summarizes relevant evidence, as set forth in paragraph(b)(5)(vii) of this section. Any materials used to train Title IX Coordinators, investigators, decision-makers, and any person who facilitates an informal resolution process, must not rely on sex stereotypes and must promote impartial investigations and adjudications of formal complaints of sexual harassment;

(iv)   Include a presumption that the respondent is not responsible for the alleged conduct until a determination regarding responsibility *is* made at the conclusion of the grievance process;

(v)   Include reasonably prompt time frames for conclusion of the grievance process, including reasonably prompt *time* frames for filing and resolving appeals and informal resolution processes if the recipient offers informal resolution processes, and a process that allows for the temporary delay of the grievance process or the limited extension of time frames for good cause with written notice to the complainant and the respondent of the delay or extension and the reasons for the action. Good cause may include considerations such as the absence of a party, a party's advisor, or a witness; concurrent law enforcement activity; or the need for language assistance or accommodation of disabilities;

(vi)   Describe the range of possible disciplinary sanctions and remedies or list the possible disciplinary sanctions and remedies that the recipient may implement following any determination of responsibility;

(vii)   State whether the standard of evidence to be used to determine responsibility is the preponderance of the evidence standard or the clear and convincing evidence standard, apply the same standard of evidence for formal complaints against students as for formal complaints against employees, including faculty, and apply the same standard of evidence to all formal complaints of sexual harassment;

(viii)   Include the procedures and permissible bases for the complainant and respondent to appeal;

(ix)   Describe the range of supportive measures available to complainants and respondents; and

(x)   Not require, allow, rely upon, or otherwise use questions or evidence that constitute, or seek disclosure of, information protected under a legally recognized privilege, unless the person holding such privilege has waived the privilege.

(2)   *Notice of allegations* -

(i)   Upon receipt of a formal complaint, a recipient must provide the following written notice to the parties who are known:

(A)   Notice of the recipient's grievance process that complies with this section, including any informal resolution process.

(B)   Notice of the allegations of sexual harassment potentially constituting sexual harassment as defined in § 19.9 including sufficient details known at the time and with sufficient time to prepare a response before any initial interview. Sufficient details include the identities of the parties involved in the incident, if known, the conduct allegedly constituting sexual harassment under § 10.630, and the date and location of the alleged incident, if known. The written notice must include a statement that the respondent is

Filed    22-CI-00765    09/30/2022    Amy Feldman, Franklin Circuit Clerk

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH : 000030 of 000072

Case: 3:22-cv-00058-GFVT-EBA    Doc #: 1-1    Filed: 10/19/22    Page: 132 of 265 -
Page ID#: 142

34 CFR 106.45 (up to date as of 9/13/2022)                                                    34 CFR 106.45(b)(2)(ii)
Grievance process for formal complaints of sexual harassment.

presumed not responsible for the alleged conduct and that a determination regarding responsibility is made at the conclusion of the grievance process. The written notice must inform the parties that they may have an advisor of their choice, who may be, but is not required to be, an attorney, under p.r.9r.i.l.P.. .(.)(§.)_(_l_y). of this section, and may inspect and review evidence under .P..r..9r._c;1p_.(.J(§)(y_i) of this section. The written notice must inform the parties of any provision in the recipient's code of conduct that prohibits knowingly making false statements or knowingly submitting false information during the grievance process.

(ii)  If, in the course of an investigation, the recipient decides to investigate allegations about the complainant or respondent that are not included in the notice provided pursuant to paragraph ( )..(?.).(i).( ).  of this section, the recipient must provide notice of the additional allegations to the parties whose identities are known.

(3)  **Dismissal of a formal complaint**

(i)  The recipient must investigate the allegations in a formal complaint. If the conduct alleged in the formal complaint would not constitute sexual harassment as defined in § 1 06 30 even if proved, did not occur in the recipient's education program or activity, or did not occur against a person in the United States, then the recipient must dismiss the formal complaint with regard to that conduct for purposes of sexual harassment under title IX or this part; such a dismissal does not preclude action under another provision of the recipient's code of conduct.

(ii)  The recipient may dismiss the formal complaint or any allegations therein, if at any time during the investigation or hearing: A complainant notifies the Title IX Coordinator in writing that the complainant would like to withdraw the formal complaint or any allegations therein; the respondent is no longer enrolled or employed by the recipient; or specific circumstances prevent the recipient from gathering evidence sufficient to reach a determination as to the formal complaint or allegations therein.

(iii)  Upon a dismissal required or permitted pursuant to p if ri g riU?h( ).( )(!).  or ( )( J(i_i). of this section, the recipient must promptly send written notice of the dismissal and reason(s) therefor simultaneously to the parties.

(4)  **Consolidation of formal complaints.** A recipient may consolidate formal complaints as to allegations of sexual harassment against more than one respondent, or by more than one complainant against one or more respondents, or by one party against the other party, where the allegations of sexual harassment arise out of the same facts or circumstances. Where a grievance process involves more than one complainant or more than one respondent, references in this section to the singular "party," "complainant," or "respondent" include the plural, as applicable.

(5)  **Investigation of a formal complaint.** When investigating a formal complaint and throughout the grievance process, a recipient must -

(i)  Ensure that the burden of proof and the burden of gathering evidence sufficient to reach a determination regarding responsibility rest on the recipient and not on the parties provided that the recipient cannot access, consider, disclose, or otherwise use a party's records that are made or maintained by a physician, psychiatrist, psychologist, or other recognized professional or paraprofessional acting in the professional's or paraprofessional's capacity, or assisting in that capacity, and which are made and maintained in connection with the provision of treatment to the party, unless the recipient obtains that party's voluntary, written consent to do so for a

Filed          22-CI-00356          09/30/2022          Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08
89056

34 CFR 106.45 (up to date as of 9/13/2022)
Grievance process for formal complaints of sexual harassment.

34 CFR 106.4S(b)(S)(ii)

grievance process under this section (if a party is not an Heligible student," as defined in 34 CFR 99.3, then the recipient must obtain the voluntary, written consent of a Hparent,H as defined in 9.i CFR 99.3);

(ii) Provide an equal opportunity for the parties to present witnesses, including fact and expert witnesses, and other inculpatory and exculpatory evidence;

(iii) Not restrict the ability of either party to discuss the allegations under investigation or to gather and present relevant evidence;

(iv) Provide the parties with the same opportunities to have others present during any grievance proceeding, including the opportunity to be accompanied to any related meeting or proceeding by the advisor of their choice, who may be, but is not required to be, an attorney, and not limit the choice or presence of advisor for either the complainant or respondent in any meeting or grievance proceeding; however, the recipient may establish restrictions regarding the extent to which the advisor may participate in the proceedings, as long as the restrictions apply equally to both parties;

(v) Provide, to a party whose participation is invited or expected, written notice of the date, time, location, participants, and purpose of all hearings, investigative interviews, or other meetings, with sufficient time for the party to prepare to participate;

(vi) Provide both parties an equal opportunity to inspect and review any evidence obtained as part of the investigation that is directly related to the allegations raised in a formal complaint, including the evidence upon which the recipient does not intend to rely in reaching a determination regarding responsibility and inculpatory or exculpatory evidence whether obtained from a party or other source, so that each party can meaningfully respond to the evidence prior to conclusion of the investigation. Prior to completion of the investigative report, the recipient must send to each party and the party's advisor, if any, the evidence subject to inspection and review in an electronic format or a hard copy, and the parties must have at least 1Odays to submit a written response, which the investigator will consider prior to completion of the investigative report. The recipient must make all such evidence subject to the parties' inspection and review available at any hearing to give each party equal opportunity to refer to such evidence during the hearing, including for purposes of cross-examination; and

(vii) Create an investigative report that fairly summarizes relevant evidence and, at least 10 days prior to a hearing (if a hearing is required under this section or otherwise provided) or other time of determination regarding responsibility, send to each party and the party's advisor, if any, the investigative report in an electronic format or a hard copy, for their review and written response.

(6) **Hearings.**

(i) For postsecondary institutions, the recipient's grievance process must provide for a live hearing. At the live hearing, the decision-maker(s) must permit each party's advisor to ask the other party and any witnesses all relevant questions and follow-up questions, including those challenging credibility. Such cross-examination at the live hearing must be conducted directly, orally, and in real time by the party's advisor of choice and never by a party personally, notwithstanding the discretion of the recipient under paragraph (b)(5)(iv) of this section to otherwise restrict the extent to which advisors may participate in the proceedings. At the request of either party, the recipient must provide for the live hearing to occur with the parties located in separate rooms with technology enabling the decision-maker(s) and parties to

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

EXH : 000032 of 000072

Filed 22-CI-00765 09/30/2022 Amy Feldman, Franklin Circuit Clerk

Case: 3:22-cv-00058-GFVT-EBA Doc #: 1-1 Filed: 10/19/22 Page: 134 of 265 - Page ID#: 144

34 CFR 106.45 {up to date as of 9/13/2022)
Grievance process for formal complaints of sexual harassment.

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

34 CFR 106.4S(b)(6)(ii)

simultaneously see and hear the party or the witness answering questions. Only relevant cross-examination and other questions may be asked of a party or witness. Before a complainant, respondent, or witness answers a cross-examination or other question, the decision-maker(s) must first determine whether the question is relevant and explain any decision to exclude a question as not relevant. If a party does not have an advisor present at the live hearing, the recipient must provide without fee or charge to that party, an advisor of the recipient's choice, who may be, but is not required to be, an attorney, to conduct cross-examination on behalf of that party. Questions and evidence about the complainant's sexual predisposition or prior sexual behavior are not relevant, unless such questions and evidence about the complainant's prior sexual behavior are offered to prove that someone other than the respondent committed the conduct alleged by the complainant, or if the questions and evidence concern specific incidents of the complainant's prior sexual behavior with respect to the respondent and are offered to prove consent. If a party or witness does not submit to cross-examination at the live hearing, the decision-maker(s) must not rely on any statement of that party or witness in reaching a determination regarding responsibility; provided, however, that the decision-maker(s) cannot draw an inference about the determination regarding responsibility based solely on a party's or witness's absence from the live hearing or refusal to answer cross-examination or other questions. Live hearings pursuant to this paragraph may be conducted with all parties physically present in the same geographic location or, at the recipient's discretion, any or all parties, witnesses, and other participants may appear at the live hearing virtually, with technology enabling participants simultaneously to see and hear each other. Recipients must create an audio or audiovisual recording, or transcript, of any live hearing and make it available to the parties for inspection and review.

(ii) For recipients that are elementary and secondary schools, and other recipients that are not postsecondary institutions, the recipient's grievance process may, but need not, provide for a hearing. With or without a hearing, after the recipient has sent the investigative report to the parties pursuant to p♦r. ♦g♦P♦.(♦).(?).(yi_i)_ of this section and before reaching a determination regarding responsibility, the decision-maker(s) must afford each party the opportunity to submit written. relevant questions that a party wants asked of any party or witness, provide each party with the answers, and allow for additional, limited follow-up questions from each party. With or without a hearing, questions and evidence about the complainant's sexual predisposition or prior sexual behavior are not relevant, unless such questions and evidence about the complainant's prior sexual behavior are offered to prove that someone other than the respondent committed the conduct alleged by the complainant, or if the questions and evidence concern specific incidents of the complainant's prior sexual behavior with respect to the respondent and are offered to prove consent. The decision-maker(s) must explain to the party proposing the questions any decision to exclude a question as not relevant.

(7) **Determination regarding responsibility.**

(i) The decision-maker(s), who cannot be the same person(s) as the Title IX Coordinator or the investigator(s), must issue a written determination regarding responsibility. To reach this determination, the recipient must apply the standard of evidence described in paragraph (♦)(UMQ. of this section.

(ii) The written determination must include -

(A) Identification of the allegations potentially constituting sexual harassment as defined in § 1_06.30;

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH : 000033 of 000072

Filed          22-CI-00765     09/30/2022     Amy Feldman, Franklin Circuit Clerk
NOT ORIGINAL DOCUMENT
10/19/2022 11:33:54 34 CFR 106.4S(b)(7Xii)(B)
89056

(B)  A description of the procedural steps taken from the receipt of the formal complaint through the determination, including any notifications to the parties, interviews with parties and witnesses, site visits, methods used to gather other evidence, and hearings held;

(C)  Findings of fact supporting the determination;

(D)  Conclusions regarding the application of the recipient's code of conduct to the facts;

(E)  A statement of, and rationale for, the result as to each allegation, including a determination regarding responsibility, any disciplinary sanctions the recipient imposes on the respondent, and whether remedies designed to restore or preserve equal access to the recipient's education program or activity will be provided by the recipient to the complainant; and

(F)  The recipient's procedures and permissible bases for the complainant and respondent to appeal.

(iii)  The recipient must provide the written determination to the parties simultaneously. The determination regarding responsibility becomes final either on the date that the recipient provides the parties with the written determination of the result of the appeal, if an appeal is filed, or if an appeal is not filed, the date on which an appeal would no longer be considered timely.

(iv)  The Title IX Coordinator is responsible for effective implementation of any remedies.

(8)  *Appeals.*

(i)  A recipient must offer both parties an appeal from a determination regarding responsibility, and from a recipient's dismissal of a formal complaint or any allegations therein, on the following bases:

(A)  Procedural irregularity that affected the outcome of the matter;

(B)  New evidence that was not reasonably available at the time the determination regarding responsibility or dismissal was made, that could affect the outcome of the matter; and

(C)  The Title IX Coordinator, investigator(s), or decision-maker(s) had a conflict of interest or bias for or against complainants or respondents generally or the individual complainant or respondent that affected the outcome of the matter.

(ii)  A recipient may offer an appeal equally to both parties on additional bases.

(iii)  As to all appeals, the recipient must

(A)  Notify the other party in writing when an appeal is filed and implement appeal procedures equally for both parties;

(B)  Ensure that the decision-maker(s) for the appeal is not the same person as the decision-maker(s) that reached the determination regarding responsibility or dismissal, the investigator(s), or the Title IX Coordinator;

(C)  Ensure that the decision-maker(s) for the appeal complies with the standards set forth in paragraph (b)(1)(iii) of this section;

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH : 000034 of 000072

Filed          22-CI-00765     09/30/2022     Amy Feldman, Franklin Circuit Clerk

Filed                    22-CI-00765         09/30/2022       Amy Feldman, Franklin Circuit Clerk
NOT ORIGINAL DOCUMENT
10/19/2022 11:33:38 AM
89056

(D) Give both parties a reasonable, equal opportunity to submit a written statement in support of, or challenging, the outcome;

(E) Issue a written decision describing the result of the appeal and the rationale for the result; and

(F) Provide the written decision simultaneously to both parties.

(9) *Informal resolution.* A recipient may not require as a condition of enrollment or continuing enrollment, or employment or continuing employment, or enjoyment of any other right, waiver of the right to an investigation and adjudication of formal complaints of sexual harassment consistent with this section. Similarly, a recipient may not require the parties to participate in an informal resolution process under this section and may not offer an informal resolution process unless a formal complaint is filed. However, at any time prior to reaching a determination regarding responsibility the recipient may facilitate an informal resolution process, such as mediation, that does not involve a full investigation and adjudication, provided that the recipient -

(i) Provides to the parties a written notice disclosing: The allegations, the requirements of the informal resolution process including the circumstances under which it precludes the parties from resuming a formal complaint arising from the same allegations, provided, however, that at any time prior to agreeing to a resolution, any party has the right to withdraw from the informal resolution process and resume the grievance process with respect to the formal complaint, and any consequences resulting from participating in the informal resolution process, including the records that will be maintained or could be shared;

(ii) Obtains the parties' voluntary, written consent to the informal resolution process; and

(iii) Does not offer or facilitate an informal resolution process to resolve allegations that an employee sexually harassed a student.

(10) *Recordkeeping.*

(i) A recipient must maintain for a period of seven years records of -

{A) Each sexual harassment investigation including any determination regarding responsibility and any audio or audiovisual recording or transcript required under Paragraph (9)(i) of this section, any disciplinary sanctions imposed on the respondent, and any remedies provided to the complainant designed to restore or preserve equal access to the recipient's education program or activity;

(B) Any appeal and the result therefrom;

(C) Any informal resolution and the result therefrom; and

(D) All materials used to train Title IX Coordinators, investigators, decision-makers, and any person who facilitates an informal resolution process. A recipient must make these training materials publicly available on its website, or if the recipient does not maintain a website the recipient must make these materials available upon request for inspection by members of the public.

(ii) For each response required under §.19.§.:.4, a recipient must create, and maintain for a period of seven years, records of any actions, including any supportive measures, taken in response to a report or formal complaint of sexual harassment. In each instance, the recipient must document the basis for its conclusion that its response was not deliberately indifferent, and

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

EXH : 000035 of 000072

Filed           22-CI-00765         09/30/2022       Amy Feldman, Franklin Circuit Clerk

Filed 22-CI-00565 09/30/2022 Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

**34 CFR 106.45 (up to date as of 9/13/2022)**
Grievance process for formal complaints of sexual harassment.

34 CFR 106.45(b)(10)(ii)

document that it has taken measures designed to restore or preserve equal access to the recipient's education program or activity. If a recipient does not provide a complainant with supportive measures, then the recipient must document the reasons why such a response was not clearly unreasonable in light of the known circumstances. The documentation of certain bases or measures does not limit the recipient in the future from providing additional explanations or detailing additional measures taken.

[85_FR_30575, May 19, 2020)

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH : 000036 of 000072

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

# ATTACHMENT SIX

## DOE V. BAUM
## SIXTH CIRCUIT COURT OF APPEALS
## No. 17-2213

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1 (b)

File Name: 18a0200p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————

JOHN DOE,

*Plaintiff-Appellant,*

*v.*

No. 17-2213

DAVID H. BAUM; SUSAN PRITZEL; TABITHA BENTLEY; E. ROYSTER HARPER; NADIA BAZZY; ERIK WESSEL; UNIVERSITY OF MICHIGAN; BOARD OF REGENTS OF THE UNIVERSITY Of MICHIGAN,

*Defendants-Appellees.*

———————

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2: 16-cv-13174—David M. Lawson, District Judge.

Argued: August 1, 2018

Decided and Filed: September 7, 2018

Before: GILMAN, GIBBONS, and THAPAR, Circuit Judges.

———————

**COUNSEL**

ARGUED: Deborah L. Gordon, DEBORAH GORDON LAW, Bloomfield Hills, Michigan, for Appellant. David W. DeBruin, JENNER & BLOCK, LLP, Washington, D.C., for Appellees. **ON BRIEF:** Deborah L. Gordon, Irina L Vaynerman, DEBORAH GORDON LAW, Bloomfield Hills, Michigan, for Appellant. David W. DeBruin, JENNER & BLOCK, LLP, Washington, D.C., Brian M. Schwartz, MILLER, CANFIELD, PADDOCK, AND STONE, P.L.C., Detroit, Michigan, for Appellees.

THAPAR, J., delivered the opinion of the court, in which GIBBONS, J., joined, and GILMAN, J., joined in part. GIBBONS, J. (pg. 17), delivered a separate concurrence. GILMAN, J. (pp. 18-25), delivered a separate opinion concurring in part and dissenting in part.

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH-: 000038 of 000072

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

No. 17-2213                 *Doe v. Baum, et al.*                    Page 2

_____

## OPINION

_____

THAPAR, Circuit Judge.   Thirteen years ago, this court suggested that cross-examination may be required in school disciplinary proceedings where the case hinged on a question of credibility.  *Flaim v. Med. Coll. of Ohio,* 418 F.3d 629, 641 (6th Cir. 2005).  Just last year, we encountered the credibility contest that we contemplated in *Flaim* and confirmed that when credibility is at issue, the Due Process Clause mandates that a university provide accused students a hearing with the opportunity to conduct cross-examination.   *Doe v. Univ. of Cincinnati,* 872 F.3d 393, 401-02 (6th Cir. 2017).  Today, we reiterate that holding once again:  if a public university has to choose between competing narratives to resolve a case, the university must give the accused student or his agent an opportunity to cross-examine the accuser and adverse witnesses in the presence of a neutral fact-finder.  Because the University of Michigan failed to comply with this rule, we reverse.

I.

John Doe and Jane Roe were students at the University of Michigan.  Halfway through Roe's freshman and Doe's junior year, the two crossed paths at a "Risky Business" themed fraternity party.  While there, they had a drink, danced, and eventually had sex.  Two days later, Roe filed a sexual misconduct complaint with the university claiming that she was too drunk to consent.  And since having sex with an incapacitated person (unsurprisingly) violates university policy, the administration immediately launched an investigation.  Over the course of three months, the school's investigator collected evidence and interviewed Roe, Doe, and twenty-three other witnesses.  Two stories emerged.

First, Doe told the investigator that Roe did not appear drunk and that she was an active participant in their sexual encounter.  According to him, the night went something like this:  after he and Roe had a drink, danced, and kissed at the party, the two decided to go upstairs to his bedroom.  Once there, they kissed "vigorous[ly]" and eventually made their way onto his bed. R. 16, Pg. ID 332.  After they jointly removed their clothing, he asked Roe if she wanted to have

Filed                    22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

No. 17-2213                          *Doe v. Baum, et al.*                          Page 3

sex.  She said, "Yeah," and the two proceeded to have intercourse followed by oral sex.  *Id.* at Pg. ID 333-34.  When they were done, they cuddled until Roe became sick and vomited into a trash can by Doe's bed.  Doe rubbed her back for five or so minutes and then left to use the bathroom and talk with friends.  By the time he returned, Roe was crying and another female student was helping her gather her things.  He asked Roe if she was okay, but Roe's new companion told him to "[g]o away" and the two women walked out of the room.  *Id.* at Pg. ID 335.  At the time, he assumed that Roe was upset because he had left her alone after they had sex.  He asserted that he had no reason to believe that she was drunk or that Roe thought any of his sexual advances were unwelcome.

Roe remembered the night differently.  According to her, she was drunk and unaware of her surroundings when she and Doe went to his room.  While kissing near the doorway, she told Doe "no sex" before she "flopped" onto his bed.  *id.* at Pg. ID 325-26.  Without asking, Doe undressed her and had intercourse with her while she "laid there in a hazy state of black out."  *Id.* at Pg. ID 326.  And at some point, she passed out and woke up to Doe having oral sex with her.  Afterwards, she felt a "spinning sensation" and fell back onto the bed.  *Id.* at Pg. ID 327.  Doe asked her if she was okay, and she told him that she was not.  So Doe placed a trash can by the side of his bed and left the room.  She proceeded to vomit into the trash can.  Afterward, she attempted to find her clothes but could not get her bearings.  Feeling a sense of "desperation and defeat," she tried to catch another female student's attention by making "vomit sounds."  *Id.*  It worked, and the female student ("Witness 2") helped Roe find her clothes, put them on, and get back to her donn.

If Doe's and Roe's stories seem at odds, the twenty-three other witnesses did not offer much clarification.  Almost all of the male witnesses c01Toborated Doe's story, and all of the female witnesses corroborated Roe's.  For example, Doe's roommate said that Roe "didn't seem like she was hammered or that drunk," although he stated that he did not "want to speculate" about whether she had had some alcohol because he did not talk to her directly or "really interact with [her]" much.  *Id.* at Pg. ID 339.  Yet he mentioned that in his two interactions with her, he did not smell alcohol on her.  *Id.*  Doe's roommate further alleged that Roe and Witness 2 were just "rallying against a fraternity guy."  *Id.* at Pg. ID 339-41.  Another member of Doe's

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH : 000040 of 000072

Filed          22-CI-00765          09/30/2022   Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

No. 17-2213                    *Doe v. Baum, et al.*                         Page4

fraternity told the investigator that he saw Doe and Roe "making out" on the dance floor and there was no reason to suspect that either of them had too much to drink. *Id.* at Pg. ID 347. And two others stated that Roe did not appear drunk when she left Doe's room at the end of the night, although they indicated they had limited observations of Roe.

Roe's sorority sisters, on the other hand, reported that Roe seemed "more than a little buzzed" at the party because her eyes were "open but unfocused" and she "trail[ed] off at the end of sentences." *Id.* at Pg. ID 345-46. The female student who helped Roe leave the party told the investigator that she found Roe crying and "very drunk" in Doe's bed. *Id.* at Pg. ID 342-43. And two other friends provided that when Roe returned to her dorm that night, she sobbed on the floor of her room and said "she thought she'd been raped." *Id.* at Pg. ID 352.

Given the students' conflicting statements, the investigator concluded that the evidence supporting a finding of sexual misconduct was not more convincing than the evidence offered in opposition to it. The investigator did note, however, that Witness 2 might have been a more credible witness because she had no prior connection to Doe, Roe, or their respective Greek organizations. But because Witness 2 only observed Roe after the sexual encounter had ended, the investigator concluded that she could not address the relevant question-Roe's level of intoxication *during* the encounter or what signs of intoxication she manifested at that time. So after three months of thorough fact-finding, the investigator was unable to say that Roe exhibited outward signs of incapacitation that Doe would have noticed before initiating sexual activity. Accordingly, the investigator recommended that the administration rule in Doe's favor and close the case.

Roe appealed. She argued that the evidence did not supp011 the investigator's findings and asked the university to reconsider. The case went up to the university's Appeals Board, and a three-member panel reviewed the investigator's report. After two closed sessions (without considering new evidence or interviewing any students), the Board reversed. Although the Board found that the investigation was fair and thorough, it thought the investigator was wrong to conclude that the evidence was in equipoise. According to the Board, Roe's description of events was "more credible" than Doe's, and Roe's witnesses were more persuasive. R. 6-5, Pg. ID 274-75. As a result, the university set the investigator's recommendation aside and

Case: 3:22-cv-00058-GFVT-EBA    Doc #: 1-1    Filed: 10/19/22    Page: 143 of 265 -
                                Page ID#: 153                    NOT ORIGINAL DOCUMENT
                                                                 10/19/2022 11:33:08 AM
                                                                 89056

proceeded to the sanction phase. Facing the possibility of expulsion, Doe agreed to withdraw from the university. He was 13.5 credits short of graduating.

Since then, Doe filed a lawsuit claiming that the university's disciplinary proceedings violated the Due Process Clause and Title IX. He argues that because the university's decision turned on a credibility finding, the school was required to give him a hearing with an opportunity to cross-examine Roe and adverse witnesses. He also maintains that the Board violated Title IX by discriminating against him on account of his gender. The university filed a motion to dismiss, which the district court granted in full. Doe now appeals, and we review de novo. *Kottmyer v. Maas,* 436 F.3d 684, 688 (6th Cir. 2006).

## II.

To survive a motion to dismiss, a complaint must provide "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff shows that he is entitled to relief by "plausibly suggesting" that he can meet the elements of his claim. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557 (2007). And a plaintiff's suggestion is plausible when it contains enough factual content that the court can reasonably infer that the defendant is liable. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Legal conclusions, "formulaic recitation[s]" of the claim's elements, and "naked assertion[s]" of liability are all insufficient. *Id.* (second alteration in original) (quoting *Twombly,* 550 U.S. at 557).

When evaluating a complaint's sufficiency, courts use a three-step process. First, the court must accept all of the plaintiff's factual allegations as true. *Logsdon v. Hains,* 492 F.3d 334, 340 (6th Cir. 2007). Second, the court must draw all reasonable inferences in the plaintiff's favor. *Id.* And third, the court must take all of those facts and inferences and determine whether they plausibly give rise to an entitlement to relief. *Iqbal,* 556 U.S. at 679. If it is at all plausible (beyond a wing and a prayer) that a plaintiff would succeed if he proved everything in his complaint, the case proceeds.

Case: 3:22-cv-00058-GFVT-EBA    Doc #: 1-1   Filed: 10/19/22   Page: 144 of 265 -
Page ID#: 154
NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

III.

Doe first argues that the university violated his due process rights during his disciplinary proceedings. He claims that because the university's decision ultimately turned on a credibility determination, the school was required to give him a hearing with an opportunity to cross-examine Roe and other adverse witnesses. The district court dismissed this claim, finding that even if credibility was at issue, the university's failure to allow for cross-examination was "immaterial" in Doe's case. R. 74, Pg. ID 2871. We disagree.

When it comes to due process, the "opportunity to be heard" is the constitutional minimum. *Grannis v. Ordean,* 234 U.S. 385, 394 (1914). But determining what being "heard" looks like in each particular case is a harder question. The Supreme Court has declined to set out a universal rule and instead instructs lower courts to consider the parties' competing interests. *See Mathews v. Eldridge,* 424 U.S. 319, 335 (1976); *Goss v. Lopez,* 419 U.S. 565, 579 (1975). So, consistent with this command, our circuit has made two things clear: (1) if a student is accused of misconduct, the university must hold some sort of hearing before imposing a sanction as serious as expulsion or suspension, and (2) when the university's determination turns on the credibility of the accuser, the accused, or witnesses, that hearing must include an opportunity for cross-examination. *Univ. of Cincinnati,* 872 F.3d at 399-402; *Flaim,* 418 F.3d at 641.

Due process requires cross-examination in circumstances like these because it is "the greatest legal engine ever invented" for uncovering the truth. *Univ. of Cincinnati,* 872 F.3d at 401-02 (citation omitted).[1] Not only does cross-examination allow the accused to identify inconsistencies in the other side's story, but it also gives the fact-finder an opportunity to assess a witness's demeanor and determine who can be trusted. *Id.* So if a university is faced with competing narratives about potential misconduct, the administration must facilitate some form of cross-examination in order to satisfy due process. *Id.* at 402.

---

[1]Even popular culture recognizes the importance of cross-examination. *See A Few Good Men* (Castle Rock Entertainment 1992) (depicting one of the most memorable examples of cross-examination in American cinema); *My Cousin Vinny* (Palo Vista Productions et al. 1992) (demonstrating that cross-examination can both undermine and establish the credibility of witnesses).

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

No. 17-2213                    *Doe v. Baum, et al.*                    Page 7

Doe claims that the university ran afoul of this well-established rule in his disciplinary proceedings. And the pleadings in his case suggest that he is right. The university's decision rested on a credibility determination: the Board found Doe responsible after concluding that Roe and her witnesses were "more credible" than Doe and his. R. 6-5, Pg. ID 274-75. Nevertheless, Doe never received an opportunity to cross-examine Roe or her witnesses-not before the investigator, and not before the Board. As a result, there is a significant risk that the university erroneously deprived Doe of his protected interests.[2] *See Mathews,* 424 U.S. at 335.

This risk is all the more troubling considering the significance of Doe's interests and the minimal burden that the university would bear by allowing cross-examination in Doe's case. *See id.* at 334-35. Time and again, this circuit has reiterated that students have a substantial interest at stake when it comes to school disciplinary hearings for sexual misconduct. *Doe v. Miami Univ.,* 882 F.3d 579,600 (6th Cir. 2018); *Univ. of Cincinnati,* 872 F.3d at 400; *Doe v. Cummins,* 662 F. App'x 437, 446 (6th Cir. 2016). Being labeled a sex offender by a university has both an immediate and lasting impact on a student's life. *Miami Univ.,* 882 F.3d at 600. The student may be forced to withdraw from his classes and move out of his university housing. *Id.* His personal relationships might suffer. *See id.* And he could face difficulty obtaining educational and employment opportunities down the road, especially if he is expelled. *Id.*

In contrast, providing Doe a hearing with the opportunity for cross-examination would have cost the university very little. As it turns out, the university already provides for a hearing with cross-examination in all misconduct cases other than those involving sexual assault. So the administration already has all the resources it needs to facilitate cross-examination and knows how to oversee the process. *See Univ. of Cincinnati,* 872 F.3d at 406 (noting that a university does not bear a significant administrative burden when it already has procedures in place to accommodate cross-examination). And, importantly, the university identifies no substantial burden that would be imposed on it if it were required to provide an opportunity for cross-examination in this context.

_____

[2]Contrary to the concurrence/dissent's characterization, we apply the *Mathews* factors herein. We consider the seriousness of Doe's deprivation, the burden on the university, and the risk of an erroneous outcome in a process without live cross-examination. *See infra* Part 111; *see also Mathews,* 424 U.S. at 335.

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH : 000044 of 000072

Filed    22-CI-00765    09/30/2022    Amy Feldman, Franklin Circuit Clerk

Case: 3:22-cv-00058-GFVT-EBA    Doc #: 1-1    Filed: 10/19/22    Page: 146 of 265 -
Page ID#: 156

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

No. 17-2213                     *Doe v. Baum, et al.*                     Page 8

Still, the university offers four reasons why Doe's claim is not as plausible as it seems. None do the trick.  First, the university contends that even if Doe did not have a formal opportunity to question Roe, he was permitted to review her statement and submit a response identifying inconsistencies for the investigator.  As such, the university claims that there would have been no added benefit to cross-examination.  But this circuit has already flatly rejected that argument.  In *University of Cincinnati,* we explained that an accused's ability "to draw attention to alleged inconsistencies" in the accuser's statements does not render cross-examination futile. *Id.* at 401-02.  That conclusion applies equally here, and we see no reason to doubt its wisdom. Cross-examination is essential in cases like Doe's because it does *more* than uncover inconsistencies-it "takes aim at credibility like no other procedural device." *Id.*  Without the back-and-forth of adversarial questioning, the accused cannot probe the witness's story to test her memory, intelligence, or potential ulterior motives. *Id.* at 402.  Nor can the fact-finder observe the witness's demeanor under that questioning. *Id.*  For that reason, written statements cannot substitute for cross-examination. *See* Brutus Essay XIII, in *The Anti-Federalist* 180 (Herbert J. Storing ed., 1985) ("It is of great importance in the distribution of justice that witnesses should be examined face to face, that the parties should have the fairest opportunity of cross-examining them in order to bring out the whole truth; there is something in the manner in which a witness delivers his testimony which cannot be committed to paper, and which yet very frequently gives a complexion to his evidence, very different from what it would bear if committed to writing . . . . ").  Instead, the university must allow for some form of *live* questioning *in front of the* fact-finder. *See Univ. of Cincinnati,* 872 F.3d at 402-03, 406 (noting that this requirement can be facilitated through modern technology, including, for example, by allowing a witness to be questioned via Skype "without physical presence").

That is not to say, however, that the accused student always has a right to *personally* confront his accuser and other witnesses. *See Miami Univ.,* 882 F.3d at 600 (noting that "even in the face of a sexual-assault accusation," the protections afforded to an accused "need not reach the same level . . . that would be present in a criminal prosecution" (quoting *Univ. of Cincinnati,* 872 F.3d at 400)).  Universities have a legitimate interest in avoiding procedures that may subject an alleged victim to further harm or harassment.  And in sexual misconduct cases,

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH : 000045 of 000072

No. 17-2213                     *Doe v. Baum, et al.*                          Page 9

allowing the accused to cross-examine the accuser may do just that. *See Univ. of Cincinnati,* 872 F.3d at 403. But in circumstances like these, the answer is not to deny cross-examination altogether. Instead, the university could allow the accused student's agent to conduct cross-examination on his behalf. After all, an individual aligned with the accused student can accomplish the benefits of cross-examination-its adversarial nature and the opportunity for follow-up--without subjecting the accuser to the emotional trauma of directly confronting her alleged attacker. *Cf. Maryland v. Craig,* 497 U.S. 836, 857 (1990) (holding that where forcing the alleged victim to testify in the physical presence of the defendant may result in trauma, the court could use an alternative procedure that "ensures the reliability of the evidence by subjecting it to rigorous adversarial testing" through "full cross-examination" and ensuring that the alleged victim could be "observed by the judge, jury, and defendant as they testified"). The university's first argument is therefore unavailing.[3]

Second, the university contends that Doe is not entitled to cross-examination because the university's decision did not depend *entirely* on a credibility contest between Roe and Doe. For support, the university brings our attention back to *University of Cincinnati,* where we emphasized the exclusively "he said/she said" nature of the investigation at issue in that case. 872 F.3d at 395, 402. But the university reads far too much into that point. When we emphasized the exclusively "he said/she said" nature of the *University of Cincinnati* dispute, we were not implying that cross-examination would be less important in cases where the school's finding rested on the credibility of several witnesses instead of one or two. Rather, we merely distinguished that case from others holding that cross-examination was unnecessary when the university's decision did not rely on *any testimonial evidence at all. Id.* at 401, 405 (distinguishing *Plummer v. Houston,* 860 F.3d 767, 775-76 (5th Cir. 2017), which held that cross-examination was unnecessary when conduct depicted in videos and photos was sufficient to sustain a finding of misconduct without resorting to testimonial evidence); *see also Flaim,* 418 F.3d at 641. Accordingly, *University of Cincinnati* does not stand for the proposition that

---

[3]The concurrence/dissent poses a number of thoughtful questions about what universities need to do going forward. None of these, however, are currently before us. Doe asks for an opportunity for a hearing with live cross-examination. Due process requires as much. If the university is worried about the accused confronting the accuser, it could consider other procedures such as a witness screen. But if the university does not want the accused to cross-examine the accuser under any scenario, then it must allow a representative to do so.

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH : 000046 of 000072

cross-examination is required only if the university's decision depends solely on the accuser's statement.    Instead, *University of Cincinnati* is consistent with our conclusion today:    if credibility is in dispute and material to the outcome, due process requires cross-examination. *See* 872 F.3d at 406 (recognizing that credibility disputes might be more common in sexual misconduct proceedings than other university disciplinary investigations).

Third, the university claims that cross-examination was unnecessary in Doe's case because he admitted to the misconduct in a police interview the day after the incident in question.    Here, the university is right about the law but wrong about the facts.    This court has long held that cross-examination is unnecessary if a student admits to engaging in misconduct. *Flaim,* 418 F.3d at 641.    After all, there is little to be gained by subjecting witnesses to adversarial questioning when the accused student has already confessed.    But at the motion-to-dismiss stage, we cannot conclude that Doe confessed to the misconduct in this case.    To see why, a closer look at the police report is instructive.

During the police interview, a detective asked Doe to describe the previous night's sexual encounter.    When doing so, Doe told the detective that Roe performed oral sex on him before they engaged in intercourse, and that when the pair began to have intercourse, Roe was on top. As it turns out, this story was different than the one Roe had reported to the detective earlier that day.    According to the detective, Roe claimed that she told Doe "no sex" before making her way to the bed, and that she performed oral sex on Doe after the pair had intercourse.    The detective thus relayed Roe's version of the story to Doe, and Doe immediately conceded that Roe was right and that he "got it all wrong."  R. 16, Pg. ID 356.    Even so, however, Doe reiterated that (1) he never heard Roe say "no sex," (2) he "didn't rape" Roe, and (3) he believed their sexual encounter was consensual. *Id.*

Because the district court made this report part of the pleadings, we must read it in the light most favorable to Doe.4 *See Logsdon,* 492 F.3d at 340.    When we do, we cannot conclude

---

4The district court considered the administrative record (which included the police report) when deciding the motion to dismiss, even though it was not attached to the complaint, because it was referenced in the complaint and integral to Doe's claims.  Since neither party objected then or in their appellate briefs, we, like the district court, consider the administrative record as part of the pleadings.

Filed 22-CI-00765 09/30/2022 Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

No. 17-2213 *Doe v. Baum, et al.* Page 11

that Doe admitted to any of the critical facts in his case-i.e., that Roe was too drunk to consent to sex, and that he knew or should have known as much. For one, we would have to ignore Doe's claim that the sex was "consensual." R. 16, Pg. ID 356. And for another, because Doe did not mention anything about Roe's level of intoxication in his own account of the night's events, his concession that Roe was correct and that he "got it all wrong" appears to relate only to the points on which the detective said their two accounts actually diverged-the order of the sexual acts. *See id.,* Pg. ID 354-56. This alleged confession thus does not sufficiently rebut the plausibility of Doe's claim.

The university offers one last ditch effort to avoid reversal. It points out that although Doe did not have an opportunity to cross-examine Roe in the university disciplinary process, he recently deposed her in state civil proceedings. According to the university, because Roe's deposition is consistent with what she told the investigator, Doe's inability to cross-examine her during the disciplinary proceedings did not cause any prejudice. To start, Doe disputes whether Roe's deposition is, in fact, consistent with her earlier statements in the disciplinary process. But more importantly, Roe's later deposition has no bearing on this case. As discussed above, the value of cross-examination is tied to the fact-finder's ability to assess the witness's demeanor. *Univ. of Cincinnati,* 872 F.3d at 402. So just as a written response insufficiently substitutes for cross-examination, so too does a written deposition transcript. And, critically, cross-examination for the sake of cross-examination is not what Doe seeks. Rather, Doe seeks cross-examination as part of the credibility assessment *by the university.* That a state court later allowed for cross-examination as a part of *its* fact-finding after the university had already made its decision is beside the point. If anything, the fact that the state court allowed cross-examination only goes to show just how far removed the university's fact-finding procedures are from the tried and true methods invoked by courts. *See id.* at 404–05 (noting that while classrooms are not courtrooms, at the very least a circumscribed version of cross-examination is required (citing *Cummins,* 662 F. App'x at 448)).

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH : 000048 of 000072

Filed    Case: 3:22-cv-00058-GFVT-EBA    Doc #: 1-1    Filed: 10/19/22    Page: 150 of 265 -
Page ID#: 160
22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk
NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

In sum, accepting all of Doe's factual allegations as true and drawing all reasonable inferences in his favor, he has raised a plausible claim for relief under the Due Process Clause. We thus reverse the district court's decision to dismiss his claim.[5]

## IV.

Doe also sued under Title IX, which prohibits federally-funded universities from discriminating against students on the basis of sex. 20 U.S.C. § 1681(a); *Cannon v. Univ. of Chi.,* 441 U.S. 677, 717 (1979) (recognizing an implied private right of action under Title IX). He advances three theories of liability, claiming that the university (1) reached an erroneous outcome in his case because of his sex, (2) relied on archaic assumptions about the sexes when rendering a decision, and (3) exhibited deliberate indifference to sex discrimination in his disciplinary proceedings.

*Erroneous Outcome.* A university violates Title IX when it reaches an erroneous outcome in a student's disciplinary proceeding because of the student's sex. *See Miami Univ.,* 882 F.3d at 592. To survive a motion to dismiss under the erroneous-outcome theory, a plaintiff must plead facts sufficient to (1) "cast some articulable doubt" on the accuracy of the disciplinary proceeding's outcome, and (2) demonstrate a "particularized . . . causal connection between the flawed outcome and gender bias." *Id.* (alteration in original) (quoting *Cummins,* 662 F. App'x at 452). The district court held that Doe's complaint failed to meet either element and dismissed his claim. We reverse.

First, because Doe alleged that the university did not provide an opportunity for cross-examination even though credibility was at stake in his case, he has pled facts sufficient to cast some articulable doubt on the accuracy of the disciplinary proceeding's outcome. *See Yusuf v. Vassar Coll.,* 35 F.3d 709, 715 (2d Cir. 1994) (noting the "pleading burden in this regard is not heavy" and can be met by alleging "particular procedural flaws affecting the proof"); *see also Univ. of Cincinnati,* 872 F.3d at 401 ("Few procedures safeguard accuracy better than adversarial

---

[5]We need not address Doe's argument that the district court abused its discretion in denying his motion to reopen and file an amended complaint. We hold that Doe stated a claim under the Due Process Clause absent the new evidence he seeks to add to the complaint. Should Doe want to introduce that evidence later in this litigation, the district court will need to determine whether, and under what circumstances, it may be used.

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH : 000049 of 000072

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

No. 17-2213                          *Doe v. Baum, et al.*                          Page 13

questioning."). Second, Doe has pointed to circumstances surrounding his disciplinary proceedings that, accepting all of his factual allegations as true and drawing all reasonable inferences in his favor, plausibly suggest the university acted with bias based on his sex. *See Iqbal,* 556 U.S. at 681-82.

Around two years before Doe's disciplinary proceeding, the federal government launched an investigation to determine whether the university's process for responding to allegations of sexual misconduct discriminated against women. When news of the investigation broke, student groups and local media outlets sharply criticized the administration. The federal government's investigation and the negative media reports continued for years, throughout the Board's consideration of Doe's case.

This public attention and the ongoing investigation put pressure on the university to prove that it took complaints of sexual misconduct seriously. The university stood to lose millions in federal aid if the Department found it non-compliant with Title IX. The university also knew that a female student had triggered the federal investigation and that the news media consistently highlighted the university's poor response to female complainants. Of course, all of this external pressure alone is not enough to state a claim that the university acted with bias in this particular case. Rather, it provides a backdrop that, when combined with other circumstantial evidence of bias in Doe's specific proceeding, gives rise to a plausible claim. *See Twombly,* 550 U.S. at 570.

Specifically, the Board credited exclusively female testimony (from Roe and her witnesses) and rejected all of the male testimony (from Doe and his witnesses). In doing so, the Board explained that Doe's witnesses lacked credibility because "many of them were fraternity brothers of [Doe]." But the Board did not similarly note that several of Roe's witnesses were her sorority sisters, nor did it note that they were female. This is all the more telling in that the initial investigator who actually interviewed all of these witnesses found in favor of Doe. The Board, by contrast, made all of these credibility findings on a cold record.

When viewing this evidence in the light most favorable to Doe, as we must, one plausible explanation is that the Board discredited all males, including Doe, and credited all females,

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

No. 17-2213                    *Doe v. Baum, et al.*                    Page 14

including Roe, because of gender bias.  And so this specific allegation of adjudicator bias, combined with the external pressure facing the university, makes Doe's claim plausible.  Indeed, other courts facing similar allegations have reached the same result.  *See, e.g., Miami Univ.,* 882 F.3d at 594 (plaintiffs complaint was sufficient where allegations included that the university faced "pressure from the government to combat vigorously sexual assault on college campuses and the severe potential punishment-loss of all federal funds-if it failed to comply");  *Doe v. Columbia Univ.,* 831 F.3d 46, 56-57 (2d Cir. 2016) (plaintiffs complaint pointing to student group criticism and university statements was sufficient to raise a plausible inference of bias under a "minimal plausible inference" standard); *Doe v. Amherst Coll.,* 238 F. Supp. 3d 195, 223 (D. Mass. 2017) (plaintiffs complaint was sufficient where allegations suggested that university was trying to "appease" a biased, student-led movement); *Doe v. Lynn Univ., Inc.,* 235 F. Supp. 3d 1336, 1340-42 (S.D. Fla. 2017) (plaintiffs complaint was sufficient where allegations suggested that university was reacting to "pressure from the public and the parents of female students" to punish males accused of sexual misconduct); *Wells v. Xavier Univ.,* 7 F. Supp. 3d 746, 751 (S.D. Ohio 2014) (plaintiffs complaint was sufficient where, taken together, his allegations suggested that university was "reacting against him[] as a male" in response to a Depa11ment of Education investigation).

The dissent disagrees, taking a deep and thoughtful dive into the factual record to conclude that there is "no basis to reasonably infer" that Doe was a victim of gender discrimination.  But when viewed against the backdrop of external pressure, the Board's decision to discredit Doe's fraternity brothers in part because they were fraternity brothers, while not holding Roe's witnesses to the same standard, is basis enough at the motion-to-dismiss stage. Of course, anti-male bias is not the only plausible explanation for the university's conduct, or even the most plausible.  The university might have been unaffected by the federal investigation or the media's criticism, and the significance of the Board's decision to disregard Doe's witnesses' statements might be overblown.  And as the dissent points out, the Board might have ruled the way it did because it believed Witness 2's testimony was more credible.  But alternative explanations are not fatal to Doe's ability to survive a Rule 12(b)(6) motion to dismiss.  *See 16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.,* 727 F.3d 502, 505 (6th Cir. 2013) ("[T]he mere existence of more likely alternative explanations does not automatically

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH : 000051 of 000072

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

Filed     22-CI-00765     09/30/2022     Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

No. 17-2213            *Doe v. Baum, et al.*            Page 15

entitle a defendant to dismissal."); *Watson Carpet & Floor Covering, Inc. v. Mohawk Indus., Inc.,* 648 F.3d 452,458 (6th Cir. 2011) (noting that there are often several plausible explanations for a defendant's conduct, but "[f]erreting out the most likely reason for the defendants' actions is not appropriate at the pleadings stage"). Doe's allegations do not have to give rise to the *most* plausible explanation-they just have to give rise to one of them. *See Iqbal,* 556 U.S. at 678 (stating that there is no "probability requirement" at the pleading stage (quoting *Twombly,* 550 U.S. at 556)).

As this case proceeds and a record is developed, evidence might very well come to show that today's inference is the least plausible of the bunch. Certain allegations that we must assume are true might be proven false. And with the benefit of exhibits, testimony, and cross-examination, a fact-finder may conclude that the inferences we were required to draw in Doe's favor are simply untenable. But these possibilities cannot affect this court's evaluation of Doe's complaint. Our job is simply to ensure that Doe is not deprived of an opportunity to prove what he has alleged unless he would lose regardless. Because Doe has alleged facts that state a plausible claim for relief, we reverse the district court's decision to dismiss his complaint. Whether he will ultimately succeed is a question for another day.

*Archaic Assumptions and Deliberate Indffference.* Doe advances two more theories of Title IX liability. First, he maintains that the university relied on archaic assumptions about the sexes when resolving his case. And second, he claims that the university was deliberately indifferent to the Board's sex discrimination. The problem for Doe, however, is that neither of these theories applies in the context of university disciplinary proceedings.

Title IX plaintiffs use the archaic-assumptions theory to show that a school denied a student an equal opportunity to participate in an athletic program because of historical assumptions about boys' and girls' physical capabilities. *See Mallory v. Ohio Univ.,* 76 F. App'x 634, 638-39 (6th Cir. 2003). This court has never applied the theory outside of the athletic context, and, indeed, we have repeatedly refused litigants' requests to do so. *See Cummins,* 662 F. App'x at 451 n.9. Since Doe has not offered any reason why we should change course and take that step today, we affirm the district court's decision to dismiss on this ground.

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH : 000052 of 000072

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

No. 17-2213                    *Doe v. Baum, et al.*                    Page 16

The same problem dooms Doe's deliberate-indifference theory. The deliberate-indifference theory was designed for plaintiffs alleging *sexual harassment. See Horner v. Ky. High Sch. Athletic Ass'n,* 206 F.3d 685, 693 (6th Cir. 2000) (explaining that the deliberate-indifference test arose from Supreme Court cases that "all address deliberate indifference to sexual harassment"). And though sexual harassment is a form of discrimination for purposes of Title IX, *Davis v. Monroe Cty. Bd. of Educ.,* 526 U.S. 629, 649-50 (1999), we have held that to plead a Title IX deliberate-indifference claim, "the misconduct alleged must be sexual harassment," not just a biased disciplinary process. ***Miami** Univ.,* 882 F.3d at 591. Because Doe did not allege that actionable sexual harassment occurred during his disciplinary proceedings, he failed to state a claim under Title IX by way of deliberate indifference.

V.

Accordingly, we **REVERSE** the district court's dismissal of John Doe's procedural due process claim insofar as it is based on the university's failure to provide a hearing with the opportunity for cross-examination, we **REVERSE** the district court's dismissal of John Doe's Title IX claim insofar as it is based on erroneous outcome, and we **REMAND** for further proceedings consistent with this opinion.

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH : 000053 of 000072

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

No. 17-2213                    *Doe v. Baum, et al.*                    Page 17

---

**CONCURRENCE**

---

JULIA SMITH GIBBONS, Circuit Judge, concurring.  I write separately to make one discrete point with respect to the Title IX Claim.  I agree that Doe has plausibly alleged a claim of gender bias.  The inclusion of materials, other than the complaint, in the record makes a summary judgment standard tempting.  The dissent avoids summary judgment language, but its analytical approach is analogous to the process by which a judge determines the existence of a genuine issue of material fact.  Yet Doe is entitled to the full benefit of the standard for considering a motion to dismiss.  Under that standard, my view is that Doe's complaint survives.

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH : 000054 of 000072

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

No. 17-2213                         *Doe v. Baum, et al.*                         Page 18

---

## CONCURRING IN PART AND DISSENTING IN PART

---

RONALD LEE GILMAN, Circuit Judge, concurring in part and dissenting in part. I concur in the majority's judgment (but not in its discussion) with regard to the disposition of Doe's due process claim. As to Doe's Title IX claim, I would affirm the judgment of the district court because of Doe's failure to plausibly state a claim under Title IX.

**I.    Due process claim**

Although I agree that Doe's due process rights were violated when he was not pem1itted the opportunity to engage in *any form* of cross-examination of the witnesses against him, I disagree with the majority about the scope of cross-examination mandated by the United States Constitution in this context. I particularly believe that the majority has traveled "a bridge too far" in mandating that "if the university does not want the accused to cross examine the accuser under any scenario, then it must allow a representative to do so." Maj. Op. at 9 n.3.

This court has found that when witness credibility is at issue, the accused must have an opportunity for at least a "circumscribed form" of cross-examination where he or she is allowed to submit questions to the trier of fact, who will then directly pose those questions to the witnesses. *Doe v. Cummins,* 662 F. App'x 437, 446 (6th Cir. 2016). *Cummins* held that this requirement was met even where the trier of fact did not ask all the questions submitted or allow an opportunity to submit follow-up questions. *Id.* at 448; *see also Doe v. Univ. of Cincinnati,* 872 F.3d 393, 406 (6th Cir. 2017) (emphasizing that the university has only a naiTow obligation to provide the trier of fact with an opportunity "to evaluate an alleged victim's credibility, not [to allow] the accused to physically confront his accuser," and that "what matters" is that the trier of fact has the "ability to assess the demeanor of both the accused and his accuser"); *Nash v. Auburn University,* 812 F.2d 655, 664 (11th Cir. 1987) (finding that the due process rights of a student suspended for academic dishonesty were not violated where he was given the opportunity to submit questions to the trier of fact, who would then direct the questions to the

Filed                22-CI-00765        09/30/2022      Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

No. 17-2213                           *Doe v. Baum, et al.*                          Page 19

witnesses, and that the student did not have a right to "question the adverse witnesses in the usual, adversarial manner").

Although *Cummins* is factually distinguishable because the two accused students faced only suspension and probation rather than expulsion, the majority cites no case that would support its expansion of Doe's cross-examination rights beyond those set forth in *Cummins.* Nor does the majority explain why the *Eldridge* balancing factors would require the added protection of unfettered cross-examination by a representative whenever expulsion from a university is a potential penalty. *See Mathews v. Eldridge,* 424 U.S. 319,335 (1976).

And this expansion, in the absence of a focused and caselaw-supported analysis, leaves many questions unanswered. For example, who is the "representative" that will be allowed to question witnesses on the accused's behalf? Is it an attorney? If so, then this expanded right of cross-examination conflicts with our caselaw making clear that a student has no constitutional right to have an attorney actively participate in his disciplinary hearings, except in very limited circumstances. *See Flaim v. Med. Coll. of Ohio,* 418 F.3d 629,640 (6th Cir. 2005) (noting that a student has no recognized right to have counsel participate in school disciplinary proceedings except, possibly, where the proceedings are complex or where the university itself utilizes an attorney); *Cummins,* 662 F. App'x at 448-49 (same); *Gorman v. Univ. of Rhode Island,* 837 F.2d 7, 16 (1st Cir. 1998) (noting that "the weight of authority is against [recognizing the right to] representation by counsel at [school] disciplinaiy hearings, unless the student is also facing criminal charges stemming from the incident in question"); *Donohue v. Baker,* 976 F. Supp. 136, 146 (N.D.N.Y. 1997) (noting that a student in a school disciplinary hearing has a right to counsel only to protect his Fifth Amendment right against self-incrimination, not to affect the outcome of the hearing through cross-examination).

Should the representative instead be a teacher or an administrator? Such an individual would undoubtedly need to be paid for his or her work, imposing an additional burden on the university. Could the representative be a friend or family member of the accused? And would the rules of evidence apply to the cross-examination? *Cf Flaim,* 418 F.3d at 635 (observing that "[c]ourts have generally been unanimous ... in concluding ... that neither rules of evidence nor rules of civil or criminal procedure need be applied" in school disciplinary hearings). Assuming

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

EXH : 000056 of 000072

No. 17-2213                    *Doe v. Baum, et al.*                    Page 20

they would not, who would decide what limits to impose on the representative's questioning and using what criteria?

This court has repeatedly held that "[f]ull-scale adversarial hearings in school disciplinary proceedings have never been required by the Due Process Clause." *Univ. of Cincinnati,* 173 F. Supp. 3d at 603 (quoting *Flaim,* 418 F.3d at 640). And the burden of allowing a representative to participate by cross-examining witnesses "in every disciplinary hearing would be significant due to the added time, expense, and increased procedural complexity." *Cummins,* 662 F. App'x at 449; *see also Flaim,* 418 F.3d at 640-41 ("[C]onducting [full adversarial hearings] with professional counsel would entail significant expense and additional procedural complexity."). This would be especially true if the university were also required to provide representation for a student who could not provide his or her own.

Although a university may choose to allow an agent or representative of an accused student to cross-examine the complainant and his or her witnesses, no court has previously held that this is constitutionally required. This court has instead held that the university must provide at least the "circumscribed form" of cross-examination set out in *Cummins,* 662 F. App'x at 446. And because Doe was not provided with even this level of cross-examination, I agree that his due process rights were violated.

I recognize that a case might arise where the Constitution requires more than the procedures that this court approved of in *Cummins,* but we should address that issue only if and when it arises. We need not-and should not-resolve it today because we have been given neither the facts nor the arguments necessary to conduct an adequate analysis. I therefore believe that we should refrain from imposing on all universities a rigid requirement to provide students facing expulsion with an opportunity to have a representative cross-examine adverse witnesses. *See Kremer v. Chem. Constr. Corp.,* 456 U.S. 461, 482 (1982) ("We must bear in mind that no single model of procedural fairness, let alone a particular form of procedure, is dictated by the Due Process Clause. . . . 'The very nature of due process negates any concept of inflexible procedures universally applicable to every imaginable situation.'" (quoting *Mitchell v. W.T. Grant Co.,* 416 U.S. 600, 609 (1974))); *Gorman v. Univ. of Rhode Island,* 837 F.2d 7, 16 (1st Cir. 1988) ("[O]n review, the courts ought not to extol form over substance, and impose on

Filed
NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

No. 17-2213                         *Doe v. Baum, et al.*                         Page 21

educational institutions all the procedural requirements of a common Jaw criminal trial. . . .  In all cases the inquiry is whether, under the particular circumstances presented, the hearing was fair, and accorded the individual the essential elements of due process.").

## II.    Title IX claim

I now turn to Doe's claim under Title IX.   Doe contends that the University faced pressure from the United States Department of Education, the general public, and student groups to adequately address sexual-assault complaints made against male students on campus and that, as a consequence, the University en-oneously found him responsible for sexual misconduct because of his gender.   But no circuit court has ever held that a student plausibly states a claim that deficiencies in his disciplinary proceedings were motivated by gender bias where the only fact that he alleges to show such bias is general pressure on the university to adequately address allegations of sexual assault.   *Cf Doe v. Miami Univ.,* 882 F.3d 579,593 (6th Cir. 2018) (noting that to survive a motion to dismiss, a plaintiff must show a "causal connection between the flawed [disciplinary] outcome and gender bias" by alleging, "inter alia, statements by members of the disciplinary tribunal, statements by pertinent university officials, or patterns of decision-making that also tend to show the influence of gender").

In *Miami University,* this court found the complaint sufficient where it alleged facts showing a pattern of gender-based decision-making, in addition to general pressure on the university to take sexual-assault claims seriously.   *Id.* at 593.   This evidence included "an affidavit from an attorney who represents many students in Miami University's disciplinary proceedings, which describes a pattern of the University pursuing investigations concerning male students, but not female students."   *Id.*   It also included an allegation that the university investigated the complaint of sexual misconduct made against the male plaintiff but did not investigate his allegation that his female accuser actually perpetrated sexual misconduct against him.  *Id.*  at 590-91, 593.

The *Miami University* court further noted that the university "was facing pressure to increase the zealousness of its 'prosecution' of sexual assault and the harshness of the sanctions it imposed because it was a defendant in a lawsuit brought by a student who alleged that she

No. 17-2213                     *Doe v. Baum, et al.*                     Page 22

would not have been assaulted if the University had expelled her attacker for prior offenses." *Id.* at 594. This alleged pattern of activity relating to sexual-assault matters, combined with the general pressure on the university, was deemed sufficient to "support a reasonable inference of gender discrimination" and therefore to survive a motion to dismiss. *Id.*

Similarly, in *Doe v. Columbia University,* 831 F.3d 46, 57 (2d Cir. 2016), the Second Circuit held that a complaint plausibly alleged gender discrimination when it contended that, "during the period preceding the disciplinary hearing, there was substantial criticism of the University[] both in the student body and in the public media [that] accus[ed] the University of not taking seriously complaints of female students alleging sexual assault by male students." *Id.* The complaint further alleged that "the University's administration was cognizant of, and sensitive to, these criticisms, to the point that the President called a University-wide open meeting with the Dean to discuss the issue." *Id.* Moreover, the investigator in that case had been subjected to "personal criticism" by the student body and in news articles "for her role in prior cases in which the University was seen as not taking seriously the complaints of female students." *Id.* at 51, 58.

The investigator in *Columbia University* was thus aware that the university "had been criticized for … conducting the investigations in a manner that favored male athletes and that was insufficiently protective of sexually assaulted females." *Id.* Finally, the plaintiff in *Columbia University* alleged that the investigator failed to interview key witnesses identified by the plaintiff, that she was hostile to him during interviews, and that she failed to inform him of his right to make a statement at the hearing. *Id.* at 49, 52.

Unlike the plaintiffs in *Miami University* and *Columbia University,* Doe crucially fails to link general pressure on the University of Michigan to the particular proceedings that he faced. *See Doe v. Cummins,* 662 F. App'x 437, 452 (6th Cir. 2016) (noting that "to state an erroneous-outcome claim, a plaintiff must plead … a *'particularized* … causal connection between the flawed outcome and gender bias'" (emphasis and first ellipsis added; second ellipsis in original) (quoting *Yusuf v. Vassar College,* 35 F.3d 709, 715 (2d Cir. 1994))). Nor does Doe allege any facts suggesting a pattern of discriminatory behavior by the University in its response to sexual-assault allegations, or that he made any sexual-misconduct complaints himself that the

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH : 000059 of 000072

Filed                    22-CI-00765          09/30/2022        Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

No. 17-2213                       *Doe v. Baum, et al.*                          Page 23

University ignored, in contrast to the plaintiffs allegations in *Miami University,* 882 F.3d at 590-91, 593.  There is also no allegation here that the investigator faced individualized criticism for her handling of previous sexual-assault claims and subsequently manifested hostility toward Doe, in contrast to the plaintiffs contentions in *Columbia University,* 831 F.3d at 49, 51-52, 58. In fact, the investigator here found in favor of Doe, and Doe acknowledged that her investigation was "thorough."

Doe also fails to show how general pressure on the University's administration to pursue and effectively address sexual-assault complaints led the Appeals Board-a board made up of an assistant dean from the law school, a retired professor from the dentistry school, and a student-to take actions against him based on gender bias.  He also fails to identify any practice or policy adopted by the University in response to either external or internal pressure that would reflect bias against males.  Moreover, the media reports published *after* the Appeals Board decision (which reports allege that the University was continuing to inadequately address sexual-misconduct complaints) would appear to belie any contention that the University had overcorrected by adopting policies or practices biased against male students accused of sexual misconduct.

The majority in fact recognizes that the alleged external pressure on the University alone is not sufficient to plausibly show that a university acted based on gender bias in Doe's particular case.  Maj. Op. at 13.  But it concludes that this pressure is sufficient when combined with Doe's allegation that the Appeals Board adopted all of the statements made by the female witnesses and rejected all of the statements made by the male witnesses.  Maj. Op. at 13-14.  More specifically, the majority reasons that "when viewed against the backdrop of external pressure, the Board's decision to discredit Doe's fraternity brothers in part because they were fraternity brothers, while not holding Roe's witnesses to the same standard, is basis enough at the motion-to-dismiss-stage."  Maj. Op. at 14.  But the majority's observation about the Appeals' Board's alleged disparate treatment of the witnesses is not borne out by the record.  (I recognize that the record would not normally be considered at the motion to dismiss stage of the case.  But as acknowledged in footnote 4 of the majority opinion, the administrative record was referenced in the complaint and, without objection by either party, considered as part of the pleadings.)

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH : 000060 of 000072

Filed                    22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

No. 17-2213                        *Doe v. Baum, et al.*                        Page 24

To start with, the Appeals Board discussed statements from only two of Roe's sorority sisters, although additional sorority sisters provided statements that were contained in the investigator's report. The record reflects the following evaluation by the Appeals Board:

> Two witnesses who know [Roe] reported that they observed [Roe] drinking from the wine bag at [Doe's] fraternity and also reported that they perceived she was intoxicated for a variety of reasons (very energetic when she's drunk; inhibitions were lowered; and speech that was 'not completely clear,' contained 'occasional slurs,' and occasionally trailed off at the end of sentences).

The Appeals Board provided no further discussion of these statements that would suggest that it was relying on them beyond its observation that Roe's statements were "corroborated by other witnesses, particularly by Witness 2's observations of [Roe's] behavior and physical condition immediately after the sexual encounter." And this observation by the Appeals Board leads directly to the biggest weakness in both Doe's and the majority's position: the Appeals Board's decision to credit the testimony of Roe and Witness 2 (and subsequently to find Doe responsible for sexual misconduct) was based on the considerations that (1) Witness 2 spent significant time with Roe following Roe's sexual encounter with Doe, and (2) Witness 2 had no connection to Doe, Roe, or their respective Greek institutions.

The Appeals Board explained:

> Although there were other witnesses who observed Complainant both prior to and after the sexual encounter with Respondent, many of them were fraternity brothers of Respondent, and all of them only observed Complainant briefly and/or at a distance. For these reasons, we find their statements to be significantly less persuasive than the statements of Complainant and Witness 2. Complainant knew that she consumed an excessive amount of alcohol and recognized that she was not mentally or physically in control. Witness 2 had no previous connection to Complainant and observed her for a lengthy period of time, spanning from a few minutes after Complainant's sexual encounter with the Respondent, through the time she got Complainant into bed at her dorm.

Whether the statements made by Roe's sorority sisters were credible was not discussed. The Appeals Board's decision instead shows that the statements by Doe and his witnesses were disfavored only as compared to the statements of Roe and Witness 2, and that there was no categorical preference shown for or against statements by fraternity brothers versus sorority sisters, or for or against statements by men versus women as such. The Appeals Board also

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

EXH : 000061 of 000072

No. 17-2213           *Doe v. Baum, et al.*           Page 25

noted that Witness 2's observations were further corroborated by two witnesses who helped Roe into a vehicle outside the fraternity house and who, like Witness 2, had no connection to Doe or Roe.

I therefore find no basis to reasonably infer that the Appeals Board declined to rely on the statements made by Doe and his witnesses *simply because they were men.* This leaves us with only one fact from which to infer that gender bias caused the procedural defects in Doe's disciplinary proceedings-the general pressure on the University to adequately address sexual-assault claims. But as discussed above, this is not sufficient to show the "particularized . . . casual connection" required to plausibly allege a claim of gender bias under Title IX. *See Doe v. Miami Univ.,* 882 F.3d 579, 592 (6th Cir. 2018) (quoting *Doe v. Cummins,* 662 F. App'x 437, 452 (6th Cir. 2016)); *Cummins,* 662 F. App'x at 453 (noting that a complaint is insufficient if it shows at most "a disciplinary system that is biased in favor of alleged victims and against those accused of misconduct"). Absent an allegation of some particularized facts linking *gender bias* to the University's disciplinary practices or proceedings, I respectfully dissent as to the viability of Doe's Title IX claim.

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH : 000062 of 000072

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

# ATTACHMENT SEVEN

## ONGOING TEXT COMMUNICATIONS FROM BOARD MEMBERS AND ALUMNI OF KAPPA ALPHA ORDER PRESSURING FOR THE FRATERNITIES RETURN TO GEORGETOWN COLLEGE

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH : **000063 of 000072**

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

5:35

**New iMessage**          Cancel

To: Dave  Adkisson , Bob Mills

Oct 1, 2020, 4:00 PM

Good afternoon! Can one or both of you please reply all to the board affirming Curtis's email and underscoring that this was a joint decision made in agreement by the college and the KA National office. Granetta's email needs to be responded to by a board member. She has Norm riled up and questioning Cutis's professional judgement and integrity.

 iMessage 

      

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

EXH : 000064 of 000072

Filed 22-CT-00765 09/30/2021 Amy Feldman, Franklin Circuit Clerk
NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

5:35

**New iMessage**          Cancel

To: Dave  Adkisson , Bob Mills

> questioning Cutis's professional judgement and integrity.

**Bob Mills**

Dave,
That probably needs to be you.
Bob

**Dave  Adkisson**

I'll try to do it tonight.

I haven't had a chance to read the email or her response but I'll move it up in my list.

> Thanks, Dave. I think that will be very helpful. John


iMessage

      

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

EXH : **000065 of 000072**

Filed                22-CI-00765        09/30/2022    Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

5:36

**New iMessage**          Cancel

To: Dave  Adkisson , Bob Mills

I haven·t had a chance to read the email or her response but I'll move it up in my list.

Thanks, Dave. I think that will be very helpful. John just chatted with Norm. They had a good conversation, but he concluded it by saying he was in "Granetta's camp." I'm sure on many levels he's just upset and looking for someone to be angry at.

Dave  Adkisson

Is Norm a KA?

  iMessage 

    

Filed        22-CI-00765    09/30/2022    Amy Feldman, Franklin Circuit Clerk

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

EXH : 000066 of 000072

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

5:36

**New iMessage**          Cancel

To: Dave Adkisson, Bob Mills

Dave Adkisson

 **Is Norm a KA?**

Yes, sir.



Bob Mills

And for your info Dave, other KA's on the board are Ballinger and Knox. And I thought Kenny Davis was but it is not mentioned in his board bio. And then Al Blevins is a KA. Others who have or will surface include Benji and Robin Oldham, Dudley Webb, Mike Calhoun and Lindsay

iMessage

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)   EXH - 000067 of 000072

Filed          22-CI-00565        09/30/2022   Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

5:36

**New iMessage**          Cancel

To: Dave Adkisson, Bob Mills

bio. And then Al Blevins is a KA. Others who have or will surface include Benji and Robin Oldham, Dudley Webb, Mike Calhoun and Lindsay Apple. Then of course Flash Williams, their advisor. I know you probably know all this and can think of others. One thing you know Granetta and Norm are focused on is that this might be the death sentence for KA's on campus, as well as the bias related to Old South issues. They also may

  iMessage 

      

Filed          22-CI-00565        09/30/2022   Amy Feldman, Franklin Circuit Clerk

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH : 000068 of 000072

Filed   22-CI-00765   09/30/2022   Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

**New iMessage**          Cancel

To: Dave  Adkisson , Bob Mills

campus, as well as the bias related to Old South issues.  They also may worry that the college is biased against Greeks generally even though Curtis addresses that in his email.  Curtis is not Greek and that creates an unfair impression.  Will, you mentioned to me the thought of a plan of letting all cool off .for a year and then having a year two, three, four plan of working with National to prepare to bring the KA's back.  Of course it is






iMessage









Filed   22-CI-00765   09/30/2022   Amy Feldman, Franklin Circuit Clerk

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

EXH : 000069 of 000072

Filed          22-CI-00565        09/30/2022        Amy Feldman, 10/19/22 Circuit Clerk
NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

5:36

**New iMessage**          Cancel

To: Dave  Adkisson , Bob Mills

ot letting all cool ott tor a
year and then having a
year two, three, four plan
of working with National
to prepare to bring the
KA's back.  Of course it is
up to you but references
to that might help if you
are ready to talk about it.
Finally, Granetta and
Norm need to see all the
information we have
seen.  They also need to
know of the demeanor of
chapter members toward
the concerns..  They still
may not agree with the
decision but at least they
will have the information

    iMessage   

      

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

EXH - 000070 of 000072

Filed          22-CI-00565        09/30/2022        Amy Feldman, Franklin Circuit Clerk

Filed 22-CI-00765 09/30/2021 Amy Feldman, Franklin Circuit Clerk
NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

5:36

New iMessage                    Cancel

To: Dave  Adkisson , Bob Mills

Ul,;lIUI I UUl al I d l llIY
will have the information
and can better judge.
Bob

Thanks, Bob. I heard
immediately from Tucker
after my email to the
board earlier this month.
He sent a very strong
note of support. Kenny
Davis is a KA alumnus.
He and I had a talk earlier
this week. I think he is
disappointed, but ok.

Oct 5, 2020, 2:47 PM

Good afternoon! Just had

iMessage












Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

EXH : 000071 of 000072

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

Filed          22-CI-00765     09/30/2022     Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:08 AM
89056

**1:51**

**New iMessage**          Cancel

To: Frank Penn

Jul 2, 2021, 7:29 AM

I want you to know that I believe you are the person to lead Georgetown college. We both said things we are sorry for . My hope for you and your family is Gods grace and mercy will prevail.

I have spoken to John am very sorry he had to be witness our tough meeting

Jul 2, 2021, 10:16 AM

iMessage



Filed          22-CI-00765     09/30/2022     Amy Feldman, Franklin Circuit Clerk

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

EXH : 000072 of 000072

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056

# ATTACHMENT EIGHT

## EMAIL COMMUNICATIONS FROM GEORGETOWN COLLEGE ASSISTANT DEAN OF STUDENTS, TERRY EVANS TO ANNALISE JONES INFORMING HER SHE IS BEING SERVED WITH A NO CONTACT ORDER AGAINST HER TO PROTECT THE FRATERNITY MEMBERS THAT DISCUSSED HER POTENTIAL SEXUAL ASSAULT

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056



☐ Inbox

**Terry Evans**
To You

Sep 10, 2020

• • •



**A Jones (Blake) – No Contact Order**
PDF - 155 KB

Good morning,

Please see the attached letter regarding a directive to have no contact with Austin Blake, pending the outcome of a formal investigation into the Beta Delta Chapter of Kappa Alpha Order at Georgetown College. A hard copy has also been sent to your campus mailbox. More information and follow-up will occur through the coming week regarding the investigation.

Thank you,

Terry Evans, Jr.
Assistant Dean of Students

*Housing Operations*
*Office of Student Conduct*
*Title IX Hearing Chair*

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056

## Inbox 



**TE**   **Terry Evans**
To You                                    Sep 6, 2020

Jones (Flounlacker) – No Cont...           A Jones (Mauzy) – N
PDF – 156 KB                              PDF – 156 KB


3 attachments (468 KB)

Good evening,

        Please see the attached letter regarding a directive
to have no contact with Christopher Flounlacker, David
Morrow, and Jesse Morrow, pending the outcome of a formal
investigation into the Beta Delta Chapter of Kappa Alpha
Order at Georgetown College. A hard copy has also been
sent to your campus mailbox. More information and follow-up
will occur through the coming week regarding the
investigation.

Thank you,

Terry Evans, Jr.
Assistant Dean of Students

Housing Operations

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056



## No Contact Order

**9.6.20**

Annalise Jones

Box 876

Dear Annalise.

This letter is an official directive that - effective immediately - YOU **are to ha,,e no contact.** directly or indirectly. with **David Mauzy.** You may not contact Da,·id in person. by telephone. email. text message. or other electronic means of communication, including various social media platfonns. or through a third party (other than an attorney) until further notice. Should you need to contact David. you arc to do so through the Ollice of Student Conduct or another official Student Life office. David will be notified of this directive and will be told to follow the same instructions. If compliance with this directive will affect your class or work schedule, your li\'ing arrangements. or any other aspect of your educational environment. we will work with you to make appropriate accommodations. Please contact Terry Evans to discuss such arrangements.

Failure to comply with this directive will result in further disciplinary action. Infonm1tion on disciplinary processes and possible sanctions is available in the Student Code of Conduct which can be accessed through the GC website. **Violation of this no-contact order is a ,,iolation of a directh·e of a College official and ma&> result in Student Code of Conduct charges. Any ,·iolation of this no-contact order should be reported to the Office of Student Conduct to be referred to and re,·iewed b◊Terry E,·ans or another Student Life Official.**

Do not hesitate 10 contact me at (502) 863-8038 or 11m_c, an◊"' \\COl!lClP\\ 111:11klc.cdu if you have any questions regarding this directive. Thank you for your cooperation in this matter.

Sincerely,

, st,,-

Terry Evans
Assistant Dean of Students
Office of Student Conduct

*Student Life*

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056

# ATTACHMENT NINE

## EMPLOYMENT AGREEMENT EXECUTED BY WILLIAM JONES ON JUNE 28, 2019

Filed          22-CI-00765        09/30/2022    Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056

## EMPLOVMENTAGREEMHNf

This Employment Agreement ("Agreement"), is made and effective as of the 1ˢ day of July, 2019, between Georgetown College (the "College"), by and through its Board of Trustees (the "Board"), and William Andrew Jones ("Jones").  The College and Jones are hcreinafler collectively referred to as the "Parties."

WHEREAS, the College wishes to secure the services of Jones and Jones wishes to accept such employment with the College.

NOW THEREFORE. in consideration of the mutual covenants contained in this Agrecrncnt, and intending to be legally bound, the Parties agree as follows:

1.    Jones will render full-time services to the College in the capacity of President.  Jones will at all times faithfully, industriously and to the be-st of his ability perform all duties that may be required of him by virtue of his position as President.  Jones shall have and shall perform any special duties assigned or delegated lo him by the Board and shall be subject to the supervision and direction of the Board.

2.    Except as otherwise described below, the term of this Agreement shall be five (5) years, commencing on July L, 2019 and ending on June 30, 2024 ("Contract Term'").  Upon mutual agreement, the College, through its Board, and Jones may extend or renew the Contract Term.

3.    In consideration for his services as President, and except as otherwise described helow, the College will pay Jones a base salary or $300,000 per year.  This annual salary, and any increases, shall be paid ratably over the course of each year in accordance with the normal payroll policies of the College and subject: to applicable tax withholdrng requirements.  Beginning with year 2 of the Contract Term and continuing through the remainder of the Contract Term, Jones shall receive an annual increase, if any, that equals the average increase as may be provided to the executive cabinet, faculty, and staff (the "annual increase").  Heginning with year 3 of the Contract Term, in addition to lhc annual increase Jones shall be eligible for an additional increase in base- salary based on performance to be determined by the Executive Committee of the Board in its sole discretion.

4.    During the Contract Term, Jones' spouse, Amy, shall be paid an annual salary of $25,000 for her ongoing participation in the life of the College, including but not limited to attendance at key events, and opening the President's home for reasonable student. faculty and community events.  This annual salary shall be paid ratably over the course of each year in accordance with the normal payroll policies of the College an(l subject to applicable tax wilhholding requirements.

5.    At the end of the Contract Term, and except as otherwise described below. Jones shall be eligible to receivt:: a bonus ("Stay Bonus") for remaining employed as President during the entire Contract Term.  The Stay Ronus will be equal to SI 00,000 (reduced by applicable withholdings), payable within thirty (30} days following the end of the

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

EXH : 000006 of 000055

1

Filed          22-CI-00765        09/30/2022    Amy Feldman, Franklin Circuit Clerk    wj 6/28/19

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056

Contract Term and provided Jones has satisfied his obligations under Ibis Agrccrnent. la addition, Jones shalt receive an additional Slay Bonus equal to $100,000 (reduced by applicable withholdings), payable within thirty (30) days following the end of the Contract Term if Jones has achieved, as of the end of the Contract Tem1, perfonmmce objectives that Jones and the Board, or the Board's designee, will make reasonable efforts to agree upon by December 31, 2019. The performance objectives will indudc, but not be limited to, avoiding any sanction by the Southern Assocration of Colleges and Schools Commission on Colleges, full-time enrollment growth, increased financial stability, increases in annual giving, and balanced budgets without further tuition discounting.

6.    The Colh:ge shall provide Jones the standard benefits package otTered lo employees of the College; provided, however, that the benefits provided to Jones during the Contract Term shall include (a) S 1,000,000 of term life insurance coverage for a lenn of 20 years when aggregated „vith the standard life insurance coverage otherwise offered to College employees, and (b) fuH cost of the premium for family health, dental and vision insurance coverage.

7.    During the Contract Term, the College will provide cell phones and a standard plan for both voice and data to Jones and his spouse.

8.    Retirement benefits provided to Jones during the Contract Term shall be those benefits the College provides to cabinet, faculty and staff, as they may change from time to time at the discretion of the College.

9.    Jones will be entitled to paid vacation that matches the vacation policy applicable to cabinet members of the College, which equals three (3) weeks annually commencing from July I, 2019, but which may be revised f'om time to time at the discretion of the College.

10.    During rhc Contract Tem1, Jones' children shall receive full tuition discount (but not room and board) so long as Jones is President or the College.

1 1.    During the Contract Term, the College \viii provide tuition assistance towards the completion of Jones' Ph.D. with the amount and timing of such tuition assistance to be negotiated in good faith between Jones and the Executive Committee of the Board.

12.    During the Contract Term, the College will provide Jones and his family a membership to Spindletop Hall which will include meal expenses for Collcgc-rcl'ated business, with any personal expenses to be reimbursed by Jones to the Colfege; provided, however, that the Spindletop Hall membership shall be contingent on Jones meeting any Spindletop Hall membership requirements.

13.    During the Contract Term, Jones shall be required to reside in the President's home at 444 East Main, Georgetown, Kentucky, which is owned and maintained by the College. The College shall be responsible for maintenance of the home, the cost of weekly maid service up to fifteen (15) hours per week, and the cost of utilities.

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH : 000007 of 000055

wj 6/28/19

2

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056

14.   During the Contract Tenn, Jones shall have use of a Toyota sedan provided by lhe College. The College will be responsible for the cosl of maintaining the vehicle, insuring the vehicle, and for reasonable travel expenses.

15.   The College agrees to reimburse Jones for reasonable expenses up to $15,000 related to the move of Jones and his family to Georgetown, Kel1nlcky. Expenses to be reimbursed shall be accompanied by receipts and submitted by Jones in accordance with the College's regular payroll practices.

16.   The College agrees to pay for travel refated to the affairs, advancement and business of the College. On occasions when it is appropriate and necessary for Jones' spouse to travel with him the College shall pay reasonable expenses related to his spouse's travel. Expense reports, statements for credit cards issued by the College to Jones, and statements from his Spindlctop Hall membership shall be submitted for processing through established administrative channels, with copies of each submitted by the College's CFO on a quarterly basis for retroactive review by the Executive Committee of the Board.

17.   The College agrees to provide n.:asonablc financial and legal protection of Jones, through insurance or otherwise, for all acts done by him in good faith as President throughout the Contract Term.

18.   The College may terminate this Agreement and Jones' employment. and his duties hereunder at any tlmc and in its cml11plcte discretion either with or without cause. ';Cause" is defined as Jones' willful misconduct in connection with the performance of his duties, Jones' noncompliance with or failure to perform his duties as set forth in the College's Bylaws, or in the event. Jones is charged with any felony criminal offense, any misdemeanor criminal offense related to substance abuse or moral turpitude, violent crime(s), theft, misappropriation, sexual misconduct. or crimes involving minors or the operation of the College. In the event the College terminates this Agreement and Jones' employment with cause, the employment of Jones' spouse shall also be terminated and the College will only be obligated to provide to Jones and his spouse their base salaries earned through the date of his termvnation. In the. event the Coltcge terminates this Agreement and Jones' employment without cause, the employment of Jones' spouse shall also be terminated and the College shall continue to pay Jones only (not his spouse) his base salary then in effect for a period of one (1) year following such termination and shall waive COBRA health care continuation premiums fix such one (1) year period provided that Jones makes a timely election for such COBRA coverage.

19.   Except as provided in Paragraph l8 of this Agreement, upon termination of this Agreement, the College's obligations as set forth in this Agreement shall imrnediately cease. Jones' obligation to provide services as President shall also immediately cease. This shall not, however, relieve Jones of his obligat.ions as set fi)rth in Paragraphs 20, 21, 22, and 23 of this Agreement.

20.   Jones shall maintain appropriate confidcnt:ialit:y with respect to all confidential, non-public information that he receives in the course of hrs employment and not disclose any

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

EXH : 000008 of 000055

3

such information . . Jones shall not, either during the term or employment or thereafter, use or permit: the use of any confidential, non-public information of or relating to the College in connection with any activity or business, and shall not divulge such information to any person, firm, or corporation whatsoever in any manner which \would be detrimental to the College, except as may be necessary in the performance of his dutres hereunder or as may he required by law or legal process

21. During the Contract Term and during the 12-month period following either the termination of his employment or the expiration of the Contract Term, Jones shall not. serve in a leadership position of any other post-secondary educational institution, or related business, partnership, finn, or corporation that is at the time engaged principally or significantly in a business that is, directly or indirectly, at the time in competition with the business of the College within the service area of the College. The service area is defined as Kentucky. This covenant shall be const.rued as an agreement independent. of any other provision of this Agreement, and the existence of any claim or cause of action, whether predicated on thrs Agreement or otherwise, shall not constitute a defense to the enforcement by the College of this covenant.

22. Jones shall not directly or indirectfy through his own efforts, or otherwise, for a period of 24 months after the end of the Contract Term, solicit to employ, any employee of the College, if such individual has provided professional or support services to the College at any time during the Contract Term without the express written consent of the Board. Jones will not interfere with the relationship of the College and any of its employees and Jones wiU not attempt to divert from the College any business in which or persons *to* whom the College has been actively engaged or served during his employment.

23. Jones agrees that, in the period following his separation from the College, he shall not, in any communications with the press or other media or any customer, cl.ient, student, employee or supplier of the Cotfcge, or any of the College's affiliates, criticize, ridicule or make any statement ,vhich disparages or is derogatory of the College or its affiliates or any of their respective trustees, senior officers or other employees.

24. Jones acknowledges that the Colfcgc will suffer immediate and il1Teparable harm in the event of a breach by him of any of the provisions of Paragraphs 20, 21, 22, and/or 23 of this Agreement, and consents to the entry of an immediate restraining order or injunction, as appropriate, in the event of such breach or a threatened breach, and to any other appropriate relief, including rnonetary relief. In the evcnl of actual or threatened breach by Jones of these provisions, the College shall be entitled to an injunction restraining Jones f'om violation or fmthcr violation of the terms thereof.

25. The College shall own all right, title and interest in perpetuity to the results of Jones' services and alt artistic materials and intellectual properties which arc, in whole or in part, created, developed or produced by Jones during the employment term and which arc suggested by or related to Jones' employment as President.

26. .loncs acknowledges that he has been given a copy of the College's Em.ployce Handbook and copies of aH other policies applicable to the President:. Jones further acknowledges

Filed                22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056

that he has read and fully undcr!>tands all of the provrsions thcreoC and acknowledges. that at all times during the term hereof, he shall perfonn his .services hereunder in full compliance with the College's Employee Handbook and all other policies applicable to the President, and any revisions thereof or additions thereto.

27. Jones agrees to seek and obtain Board Chair written approval before serving on any board of directors of a non-profit or for-profit organization during the Contract Term.

28. All notices contemplated by this Agreement shall be given in writing and shall be deemed given if served personally or mailed by registered or certified mail, return receipt requested, to the other party.

29. If Jones dies or becomes permanently and totally disabled during the Contract Term, this Agreement shall terminate immediately. This Paragraph docs not terminate any benefits or rights Jones' estate or heirs may have under his gmup benefits.

30. This Agreement constitutes the entire agreement between the Parties and contains all the agreements between them with respect to the subject matter hereof. lt also supersedes any and all other agreements, contracts or representations, either oral or written, between the Parties with respect to the subject matter hereof.

31. Except as otherwise specifically provided, the terms and conditions of this Agreement may be amended at any time by mutual agreement of the Parties, provided that before any amendment shall be valid or effective it shall have been reduced to writing, approved by the Board,. and signed by the Chairman of the Board and Jones.

32. The invalidity or unenforceability of any particular provision of this Agreement shall not affect its other provisions, and this Agreement shall be construed in all respects as if such invalid or unenforceable provision had been omitted.

33. This Agreement shall be construed and enforced under and in accordance with the laws of the Commonwealth of Kentucky.

34. Any controversy, dispute or disagreement arising out of or relating to this Agreement (including the breach thereof) or Jones' employment, shall be settled by binding arbitration, \which shall be conducted in Lexington, Kentucky in accordance with the American Arbitration Association's then-existing Employment Arbitration Rules and Mediation Procedures, and judgment on the av.rard rendered by the arbitrator may be entered in any court having jurisdiction thereof.

35. Before initiating arbitration proceedings pursuant to numerical Paragraph 34 of this Agreement, the Parties agree to submit any controversy, di.spute or disagreement arising out of or relating to Jones' enlploy111ent with the College or this Agreement to medi.ation (with the mediator to be selected by and through th͘ American Arbitration Association's selection methodology if the pa1tics arc unable to select a mutually acceptable mediator) and agree that each will participate, in good faith, in the mediation.

**REMAINDER OF THIS PAGE LEFT INTENTIONALLY BLANK**

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH : 000010 of 000055

Filed                22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

Filed                22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056

This Agreement signed this ___ day of _____, 2019.

**GRORGETOWN COLLEGE**

WITNESS: _____        By: _____
                                              Dave Adkisson, Chair
                                              Board of Trustees, GeorgetO\vn College

STATE OF KENTUCKY)

COUNTY OF _____        )

    The foregoing instrument was subscribed, sworn lo and acknowledged before me by
Dave Adkisson, on behalf of Georgetown College, on this ___ day of _____, 2019.

                                    NOTARY PUBUC
                                      My Commission Expires: _____

**WILLIAM ANDREW JONES**

WITNESS: *P?,.o,_,...,9*        By: _____
                                              William Andrew Jones

STATE OF _j{.LO{l<.L.ln,S=CJ.S><-=-------)

couNTY oF _M'-kl-'-''g'''s>-L10V.lc___        )

    The foregoing instrument was subscribed, sworn to and acknowledged before me by
Witham Andrew Jones on this ___ZS___ day of __Ju.nt_____, 2019.

                                      NOTARY PUBLIC
                                      My Commission Expires: *j.u.. tu oa |*

> A.    P.MIE L BAUER
> Notary Publ\'c - Slate ol Kansas
> My AiiP1 E11pirea JU/l.t l(, 0,\ l

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

EXH : 000011 of 000055

6

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056

# ATTACHMENT TEN

## EMAILS FROM CHRISTY MAI
## PROMISING TO START A
## 'ME TOO' MOVEMENT
## AGAINST WILLIAM JONES

## NEWS ARTICLE FROM WTVQ:
## SECOND WOMAN ACCUSES FORMER
## GEORGETOWN COLLEGE PRESIDENT
## OF SEXUAL HARASSMENT

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056



Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH I: 000013 of 000055

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056



Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH·: 000014 of 000055

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056



Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH : 000015 of 000055

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056



Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH·: 000016 of 000055

Filed                 22-CI-00765      09/30/2022      Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056



Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH : 000017 of 000055

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056



Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH I: 000018 of 000055

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056



Sent from my iPhone

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

EXH : 000019 of 000055

Filed                22-CI-00767        08/30/2022                Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056

Q.

# UPDATE: Second woman accuses former Georgetown College president of sexual harassment

A civil lawsuit has been filed against William Jones and the college

February 18, 2022   by  Al Greenfield (!!!!gs://www.wtvg.com/author/wtvg-staff/).

**Update from February 18, 2022:**

GEORGETOWN, Ky. (WTVQ) - A civil lawsuit has been filed in Scott County against former Georgetown College president William Jones and the school alleging sexual harassment and retaliation, according to the Georgetown News-Graphic.

This is the second woman to accuse Jones of sexual harassment while he was president.  In the lawsuit, the woman claims to be the person who told the school of an alleged incident in Indianapolis in which a college employee claimed she was sexually assaulted by Jones, according to the newspaper report.

Jones was fired by Georgetown College last November after formal sexual harassment and sexual assault allegations were made.

Georgetown College President Rosemary Allen told the newspaper, "The college cannot comment on matters in litigation. Actions of individuals do not reflect upon institutions."

According to the newspaper report, in the lawsuit filed this week against Jones and the school, a woman says she had an on-going but unwanted sexual relationship with Jones that began in 2016 when she met him at Bethany College in Kansas where he was president.  Jones created a position for the woman at the college and also got her husband a job at the school, according to the report.  After the couple accepted the positions at Bethany College, Jones subjected the woman to unwelcome sexual harassment in the form of sexual advances and requests for sexual favors, to which she felt compelled to and did submit to, according to the lawsuit cited by the newspaper.

When Jones took over at Georgetown College, he created a position for the woman and she "reluctantly" accepted with the understanding she would be expected to give in to Jones' unwelcome sexual demands, according to the report.

Jones impressed upon the woman her career was dependent upon him, according to the suit cited by the newspaper.

The report says Jones scheduled overnight trips and continued to make un4fflrmR rial demands of the woman.  The woman eventually got divorced.  In May 20221 Jones became obsessed wit leave his wife for her, according to the report.  In the lawsuit, the woman d

Filed                22-CI-00767        08/30/2022                Amy Feldman, Franklin Circuit Clerk

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

EXH : 000020 of 000055

After being rejected, Jones allegedly continued to make only increased and pursue the woman in such places in a very abstimate manner and eventually, without her knowledge, made to her to her, according to the report.

In June 2021, the woman began dating someone, which increased Jones' obsession and led to uncontrollable jealousy, according to the report. On one occasion, an intoxicated Jones "aggressively" confronted the woman on a date and continued to try to sabotage her relationship, according to the report.

Around October 2021, Jones offered to promote the woman to a position within Georgetown College that would require her to be available to him 24 hours a day, seven days a week and leave no time for personal relationships, according to the report.

In the suit the woman claims on Oct. 18, 2021, Jones tried to force her to attend an event in Indianapolis, but she was excused because of a family commitment involving her son. The report says a female colleague (identified as Jane Doe) went on the trip instead. That woman later alleged Jones sexually assaulted her on the trip.

On Nov. 1, 2021, the woman filed a formal complaint with the school about the alleged sexual harassment against her and reported what Jane Doe had told her about the alleged sexual assault in Indianapolis, according to the report. Later that same day, Jones was removed as president.

The woman claims in her lawsuit that she's in therapy and suffers from severe emotional distress and mental anxiety as a result of Jones "aggressively harassing and stalking" her after she "expressly informed him that she would not continue the sexual relationship," according to the lawsuit cited by the newspaper.

The woman was fired by Georgetown College on Dec. 16, 2021, according to the report.

In the lawsuit, Georgetown College is accused of knowing or reasonably should have known that Jones was abusing his authority and/or subjecting the woman to unlawful sexual harassment and failed to take prompt and appropriate corrective action. The suit includes claims of retaliation by the school up to and including the woman's firing, according to the report.

The suit requests a jury trial in Scott County as the woman seeks compensatory and punitive damages, according to the report.

**Original story below from November 2, 2021:**

GEORGETOWN, Ky. (WTVQ/Press Release) - The Board of Trustees of Georgetown College terminated the employment of William A. Jones as president of the College effective Monday, Nov. 1.

Dr. Rosemary Allen, the College's Provost, was named Acting President by the College's Board of Trustees.

On Sunday afternoon, Oct. 31, the college was informed of allegations of a sexual assault of a female college employee, inappropriate behavior with another female college employee and other conduct in violation of Jones's employment agreement with the college. Georgetown College took immediate steps to investigate the allegations. The college has engaged outside counsel to continue the investigation.

Chairman of the Georgetown College Board of Trustees, Robert L. Mills, called a meeting of the Executive Committee of the Board for Monday morning, Nov. 1. The committee took immediate action to dismiss Jones. The full Board of Trustees affirmed the action of the Executive Committee at a meeting later on Monday.

Chairman Mills provided the following statement: "Georgetown College does not tolerate violence or misuse of authority. We hold our administrators, students and faculty to the highest standards of moral and ethical conduct. We are surprised and deeply disappointed by what we have learned. We will support the members of our Georgetown College family who are directly impacted, and we will work cooperatively with ongoing or any future investimImjmMe ilre confident in the leadership of Acting President Allen and the Board appreciates her dedication to the conti
difficult time."

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH : 000021 of 000055

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:FR AM
89056



[Recession Proof] Cheap Solar Panels Slash Us Homeowner's Power Bills by 65%

Free Power For US Family

(https://trends.revcontent.com d=U1lKc1 djzacaYnM%2BTmet



Have Toenail Fungus? Do This Immediately (Watch)

Leading Reports

(https://trends.revcontent.com d=IzVwzL2Wkh4LAH3Gm9trBz



A Look Inside Jay Leno's Billion Dollar Garage - His 50 Coolest Cars

Yeah Motor

(https://trends.revcontent.com. d=VBQXqv1 BQrzcw3uhhijgk6



The Actual Cost of Full Mouth Dental Implants in Frankfort Might Surprise You

Dental Implants | Sponsored

(https://trends.revcontent.com d=Td7YPNUWc5DUTyMu7YGv,



The Most Successful Attorneys in Frankfort. See the List

Top Attorney | Sponsored Link

(https://trends.revcontent.com d=H4F1 n976NKhBrlx%2BQtCR



Start Sleeping with Soap in Your Bed Tonight, Here's Why

Sogoodly

(https://trends.revcontent.com d=XkJak5q5%2BNcwY3rBDTn,

RELATED

{httRs://www.wtvg.com/kentucky.: hosRitals-face-extreme- shortage-of-nurses-staff/)

**Kentucky hospitals face** critical staffing shortage of nurses, staff (https://www.wtvq.com/l hospitals-face-extreme- shortage-of-nurses- staff/)

{https://www.wtvg.com/highland- Rark-shooting-survivors-sue- gun-shoR-headquartered-in- lexington-others/)

Highland Park shooting survivors sue gun shop headquartered in Lexington, others (https://www.wtvq.com/f park-shooting-survivors- sue-gun-shop- headquartered-in- lexington-others/)

{httRs://www.wtvg.com/two- injured-in-shooting-near- D.ightclub-including-lexington- ROlice-officer/}

Two injured in shooting near nightclub, including Lexington police officer (https://www.wtvq.com/1 injured-in-shooting-near- nightclub-including- lexington-police-offlcer/)

{httRs://www.wtvg.com/shom .i.Dg: comRlex-coming-to-corner-of- citation-boulevard-georgetown- road/)

Shopping complex coming to corner of Citation Boulevard, Georgetown Road (https://www.wtvq.com/! complex-coming-to- corner-of-citation- boulevard-georgetown- road/)

## Talk To Us

Talk to ABC 36 News anchors, reporters and meteorologists. When you see news happening, share it! We'd love to hear from you.



Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH : 000022 of 000055

Filed        22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

# Watch Us

We live, work and play right here in Central Kentucky. We are your neighbors. We celebrate community and we tell your stories. We are the most trusted source for local news.

# Get Alerts

Download the ABC 36 News App on your smart phone or tablet device to receive breaking news and weather push notifications the minute it happens.

Mobile Ap_p_(Lmobile/) I WEATHER Ap_p_(lmobile/J I WTVQ Email Sig!L!!p_{L_pewsletter)

HOME

Contact Us (tmps://www.wtvq.com/contactus{)
Advertising (https://www.wtvq.com/advertisingl)
Our News Team ChJtps://www.wtvq.com/talentl)
MobileAp�(b!tps://www.wtvq.com/mobilel)
Jobs (!mps://www.wtvq.com/jobs{)
RSS Feeds lbttP.s://www.wtvq.com/rss-feedsl)

NEWS

Local News (https://www.wtvq.com/news/local-newsl)
State News (!mps://www.wtvq.com/news/state-newsl}
National News (b!tps://www.wtvq.com/news/national-newsl)
World News (bt!:ps://www.wtvq.com/news/us-world-news/world-newsl}

COMMUNITY

ABC 36 Half Off Local Deals (lJnps://wtvq.halfoffdeal.com/index.php?index type=featured-offers)
Local Events (https://www.wtvq.com/local-eventsl)

FEATURES

Kentucky History Treasures (https://lwww.wtvq.com/kentucky-history-treasures/)
Mom to Mom (https://www.wtvq.com/mom-to-moml)
Hometown Tours (h.ttps://lwww.wtvq.com/hometown-toursl)
Under the Hood (https://lwww.wtvq.com/underthehoodl)
Healthcare in Kentucky llmps://www.wtvq.com/healthcareinkentuckyl)

WEATHER

Weather Forecast (b.ttps://lwww.wtvq.com/weatherl)
Weather Maps. (b1tps://lwww.wtvq.com/weathermap�l)
filu..egrass Care N a v i g � i e w         (https://www.wtvq.com/skyv:iewl)
SnoWatch (!mps://www.wtvq.com/snow-watch{)
Local Weather Headlines (https://www.wtvq.com/local-weather-headllnesl)

SPORTS

SPOltS (h..ttps://www.wtvq.com/sportsl)
3hlilltt (bnps://lwww.wtvq.com/36-blitzl)
Solid Blue (tmps://www.wtvq.com/solid-bluel)

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH : 000023 of 000055

•11-

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056

© 2022, WTVQ-DT.

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH : 000024 of 000055

**MIIA**

Filed       22-CI-00765       09/30/2022       Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056

# ATTACHMENT ELEVEN

**COMMUNICATIONS BY AND BETWEEN HANNA
KROSKIE AND WILLIAM JONES AFTER THE
ALLEGED INCIDENT OF OCTOBER 18, 2021**

**PHOTOGRAPHIC PROOF OF HANNA
KROSKIE WITH WILLIAM JONES AND
CHRISTY MAI AT KEENELAND ON OCTOBER
29, 2021, 11 DAYS AFTER ALLEGED SEXUAL
ASSAULT BY WILLIAM JONES**

**SOCIAL MEDIA POSTS REGARDING THE
OCTOBER 18, 2021 GALA THAT KROSKIE AND
JONES ATTENDED WITH PROOF OF KROSKIE
'LIKING' THE POST**

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

EXH : **000025 of 000055**

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056



To: Hanna Kroskie

iMessage
Tue, Mar 16, 8:31 PM

What a great so proud of
you and the team. Thank
you!!! -Will Jones

Thank you for your help
today! Glad we can all relax
tor the rest of the night
knowing we hit well beyond
our goal. Go Tigersl

I was walking:aod
texting. Mearyt -  What a
great day.

Kick your feet up and relax!
You deserve it!



Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

EXH : 000026 of 000055

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056



8:56

New iMessage          Cancel

To: Hanna Kroskie

👍

Kick your feet up and relax!
You deserve it!

Sun, Oct 17, 12:37 PM

Good morning! Hope your
weekend has gone great.
Would you like for me to
pick you up in Cincinnati on
the way to Indy or would
you prefer to meet me
there? Either way is fine
with me. Just let me know!

Good morning! I hope
you've had a great weekend
as well! I actually made it
back to Georgetorn  this
morning to relax a bit. We
could leave from here and



iMessage

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

EXH·I: 000027 of 000055

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056



To: Hanna Kroskie

with me. Just let me know!

Good morning! I hope you've had a great weekend as well! I actually made it back to Georgetown this morning to relax a bit. We could leave from here and ride together if that is alright with you.

Very good! Let's plan to do that. Leave here around lunch time?

Perfect!

Mon, Oct 18, 9:08 AM



iPick y ◆ up at your place at ?

iMessage

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

EXH : 000028 of 000055

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056

8:56                    ,,ti :G, ■

New iMessage          Cancel

To: Hanna Kroskie

Perfect(

Mon, Oct 18, 9:08 AM

Good morning! Pick you up at your place at 11:30?

**I'll be there and ready! I** need to stop by the store and get bandaids so my heels don't hurt my feet lol!. Would you like me to grab you a water bottle or anything for the car ride?

Lol! Women's wear shoes stink! Thank you! I'm good. See you then!

 I'm traveling causally. 

iMessage

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

EXH·I· **000029 of 000055**

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056





To: Hanna Kroskie

See you then!

👍

fraveUng·causaMy.·
WiH.dress up iater.

Mon, Oct 18, 5:41 PM

We have to have masks for the Uber

Tue, Oct 19, 8:38 AM

Good morning! What time would you like to head home?

Good morning! How about 9:30?

INo rush. 10 even better?

iMessage

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

EXH·: 000030 of 000055

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056



Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

EXH·I·: 000031 of 000055

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056



Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

EXH·: 000032 of 000055

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056



Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH·1·000033 of 000055

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056



8:56

New iMessage                    Cancel

To: Ha1‑na Kroskie

Tue, Oct 19, 7-52 PM

That was the plan but it
didn't **work out that** way
sadly lo!! I hope your
meeting didn't go too long
and you have been able to
relax a bit. Thanks for
inviting me! Cheers to a
successful visit.

I'm sorry! Hope you rest
well tonight. I'm trying to
make it to 9:00!!! Meeting
went about an hour. And,
thankfully, it went well. I'm
going to post on FB about
last night. You ok if I tag
you?



Yes of course!

iMessage

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

EXH I: 000034 of 000055

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056



To: Hanna Kroskie

I'm sorry! Hope you rest well tonight. I'm trying to make it to 9:00!!! Meeting went about an hour. And, thankfully, it went well. I'm going to post on FB about last night. You ok if I tag you?

Yes of course!

Sat, Oct 23, 8:53 PM



Thank you! It's been a great homecoming! f appreciate

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

EXH : 000035 of 000055

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056

8:56   ,,I sG, ■

New iMessage          Ca,,cel

To: Hanna Kroskie

team.

Thank you! It's **been** a great homecoming! f appreciate you speaking at **the** dedication today. You did a great job and I'm happy you were there to receive your gift from the ButJers. Cheers to yout Get some rest!

Thank you. I hope I at least gave an average performance. 😊 I'm kinda doubtful. Seriously, though, well done!

I think if it was filmed and you watched yourself you would be pleased!



iMessage

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

EXH·: **000036 of 000055**

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056



To: Hanna Kroskie



homecoming! I appreciate you speaking at the dedication today. You did a great job and I'm happy you were there to receive your gift from the Butlers. Cheers to you! Get some r,est!

Thank you. I hope I at least gave an average performance. 😊 I'm kinda doubtful. Seriously, though, well done!

I think if it **was** filmed and you watched yourself you would be pleased!

you!    well!

Delivered

Sent from my iPhone

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH·: 000037 of 000055

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
90056





Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH : 000038 of 000055

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056



Sent from my iPhone

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

EXH : **000039 of 000055**

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056

9:43 ⤴                                    .,,ISGE ·

‹                    William  Jones              , ·  Q

**William Jones** is with **Hanna
I<roskie.**
October 19 at 8:11 PM · 🌐

It was a joy to attend The Indiana Academy's
50th Anniversary Gala and to cheer for
Georgetown College alumnus, Earl Goode, as
he was inducted into the Academy. It is a
prestigious honor and very well deserved by
an incredible leaoer! Congratulaf ons, Earl!!



OO 80                          8 Comments  1 Share

🏠            🏪            😊            🔔            ≡
News Feed     Marketplace    Groups      Notifications   Menu

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

EXH : 000040 of 000055

Filed 22-CI-00765 09/30/2022 Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056





Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH·: 000041 of 000055

Filed 22-CI-00765 09/30/2022 Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056

# ATTACHMENT TWELVE

## KAPPA ALPHA ORDER - NATIONAL CLAIM AND DISPUTE POLICIES

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH : 000042 of 000055

Filed          22-CI-00765      09/30/2022      Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056

# KAPPA ALPHA ORDER
## CLAIM AND DISPUTE RESOLUTION PLAN

**1.   Purpose and Construction**

The Plan is designed to provide for the quick, fair, accessible, and inexpensive resolution of legal disputes between the Fraternity, and between any parent, affiliate, or successor of the Fraternity, or any of their officers, directors, new members, alumni, or members, and the Fraternity's present and former members, related to or arising out of a membership relationship with the Fraternity or participation in a Fraternity activity, expressly including, but not limited to, any legal disputes in which any present or former Kappa Alpha Order member asserts a claim or dispute against the Fraternity, any parent, affiliate, or successor of the Fraternity, or any of their officers, directors, or members, and the Fraternity's present and former members. The Plan is intended to create an exclusive procedural mechanism for the final resolution of all disputes falling within its terms.  It is not intended either to reduce or enlarge substantive rights available under existing law.  The Plan should be interpreted in accordance with these purposes.

**2.   Definitions**

A.   "AA" means any federal or state-recognized Arbitration Association or a similar, local group of arbitrators selected by Sponsor to hear the member's claim or dispute in the area of the Chapter's location.

8.   "Sponsor" means Kappa Alpha Order.

C.   The "Act" means the Arbitration Act of the state in which the claim or dispute arises, or the Federal Arbitration Act if applicable.

D.   "Fraternity" means Kappa Alpha Order, house corporations,  and every student chapter or alumni organization of Kappa Alpha Order and all of their officers, directors, members, and agents.  "Fraternity" also includes every plan of benefits or foundation, whether or not tax-exempt, established or maintained by any such entity, and the fiduciaries, agents and members of all such entities.  "Fraternity" also includes the successors and assigns or all such persons and entities.

E.   "Claim" means any legal or equitable claim, demand or controversy for any personal injury, equitable relief or property damage arising out of any tort, statute (local, state or federal) or breach of contract involving the Fraternity.  This includes but is not limited to any type of allegation of negligence, intentional acts, defamation, discrimination, contribution or indemnity.

F.   "Dispute" means a claim, demand or controversy to which this Plan applies, between persons bound by the Plan or by an agreement to resolve disputes under the Plan, or between a person bound by the Plan and a person or entity otherwise entitled to its benefits.

G.   "Member" means any new member, pledge, initiate, existing member, alumni, or former member of Kappa Alpha Order.

H.   "Party" means a person bound by this Plan.

I.   "Plan" means this Kappa Alpha Order Claim and Dispute Resolution Plan, as amended from time to time.

J.   "Referee" means a person selected under this Plan to decide or mediate a Claim or Dispute, such as an arbitrator or mediator.  "Decision by Referee" means resolution of a Claim or Dispute by arbitration or any other method selected by the Parties under this Plan.

K.   "Rules" means the Kappa Alpha Order Claim and Dispute Resolution Rules, as amended from time to time.

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

EXH : 000043 of 000055

Filed                22-CI-00765        09/30/2022       Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056

**3. Application and Coverage**

    A.      Until revoked by Sponsor pursuant to this Plan, this Plan applies to and binds the Fraternity and each Member on or after the effective date of this Plan, and the heirs, beneficiaries and assigns of any such person. All such persons shall be deemed Parties to this Plan.

    B.      Except as provided for herein, this Plan applies to any legal or equitable Claim, Dispute, demand or controversy, in tort, in contract, under statute (local, state or federal), or alleging violation of any legal obligation, between persons bound by the Plan, or between a person bound by the Plan and any person or entity entitled to its benefits, which relates to, arises from, concerns or involves in any way any Claim or Dispute as defined, herein, arising out of or involving the Fraternity or any Fraternity activity. This includes any direct or indirect claims for contribution or indemnity.

    C.      Notwithstanding anything to the contrary in this Plan, the Plan does not apply to claims for workers compensation benefits or unemployment compensation benefits.

**4. Resolution of Disputes**

     All disputes not otherwise settled by the Parties shall be finally and conclusively resolved under this Plan and the Rules.

**5. Amendment**

    A.      This Plan may be amended by Sponsor at any time with thirty (30) days notice. However, no amendment shall apply to a Dispute of which Sponsor had actual notice on the date of amendment.

    B.      Sponsor may amend the Rules at any time with thirty (30) days notice. However, no amendment will be effective:

        1.      until reasonable notice and acceptance of the amendments are made available on the Kappa Alpha Order website to all members, or

        2.      as to a Claim or Dispute of which Sponsor had actual notice (by notice of intent to arbitrate or otherwise) on the date of amendment.

**6. Termination**

     This Plan may be terminated by Sponsor at any time. However, termination shall not be effective:

    A.      until 10 days after reasonable notice and acceptance of termination is given to Members; or

    B.      as to Claims or Disputes which arose prior to the date of termination.

**7. Applicable Law**

    A.      The Act shall apply to this Plan, the Rules, and any proceedings under the Plan or the Rules, including any actions to compel, enforce, vacate or confirm proceedings, awards, orders of a Referee, or settlements under the Plan or the Rules.

    B.      Other than as expressly provided herein, or in the Rules, the substantive legal rights, remedies and defenses of all Parties are preserved. In the case of arbitration, the arbitrator shall have the authority to determine and implement the applicable law and to order any and all relief, legal or equitable, including punitive damages, which a Party could obtain from a court of competent jurisdiction on the basis of the claims made in the Dispute.

    C.      Other than as expressly provided herein, or in the Rules, the Plan shall not be construed to grant additional substantive legal or contractual rights, remedies or defenses which would not be applied by a court of competent jurisdiction in the absence of the Plan.

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH : 000044 of 000055

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056

8.    **Administrative Proceeding**
  A.     This Plan shall apply to a Dispute pending before any local, state or federal administrative
         body unless prohibited by law.
  B.     Participation in any administrative proceeding by the Fraternity shall not affect the
         applicability of the Plan to any such dispute upon termination of the administrative
         proceedings.  A finding, recommendation or decision by an administrative body on the
         merits of a dispute subject to this Plan shall have the same legal weight or effect under the
         Plan as it would in a court of competent jurisdiction.

9.    **Exclusive Remedy**
      Proceedings under the Plan shall be the exclusive, final and binding method by which Disputes are
      resolved.   Consequently, the institution of a proceeding under this Plan shall be a condition
      precedent to the initiation of any legal action (including action before an administrative tribunal
      with adjudicatory powers) against the Fraternity arising out of the membership or participation in
      Fraternity activities of a member by the Fraternity and any such legal action shall be limited to
      those under the Act.

10.   **Effective Date**
      The effective date of this Plan is August 1, 2006.

11.   **Severability**
      The terms of this Plan and the Rules are severable.  The invalidity or unenforceability of any
      provision therein shall not affect the application of any other provision.  Where possible, consistent
      with the purposes of the Plan, any otherwise invalid provision of the Plan or the Rules may be
      reformed and, as reformed, enforced.

12.   **Assent**
      Accepting membership, becoming a new member or continued membership after the Effective
      Date of this Plan and any amendments constitutes consent by both the Member and the Fraternity
      to be bound by this Plan, both during the membership and after termination of membership.

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

EXH : 000045 of 000055

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

Filed        22-CI-00765   09/30/2022   Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056

## KAPPA ALPHA ORDER
## CLAIM AND DISPUTE RESOLUTION RULES

**1.   Definitions**

All definitions included in the Kappa Alpha Order Claim and Dispute Resolution Plan apply to these Rules.

**2.   Application**

These Rules apply in the form existing at the time proceedings are initiated under them.

**3.   Initiation of the Process**

A.        A Party may initiate proceedings under these Rules at any time, subject to any defenses applicable to the timeliness of the claim, including limitations and !aches.

8.        Proceedings may be initiated by a Member against the Fraternity and/or its Members by serving the Fraternity Dispute Resolution Program Administrator.  In such a case, the Fraternity shall promptly forward any properly served notice it has received to an arbitrator.  The Sponsor shall, within ten (10) days of receiving notice, select the AA.

C.        Parties on whom notice is served shall file an answering statement within 21 days of receiving notice of intent to arbitrate or a specification of claims, which shall include any counter-claims.

**4.   Administrative Conference**

As soon as possible after receipt of the answering statement, if any, the AA shall convene an administrative conference.  The conference may be held in person or by telephone.  At the conference, the AA will determine whether the Parties are in agreement on a method to resolve the dispute.  If the Parties agree on a procedure, including agreement on an Arbitrator, the AA will implement this agreement to the extent consistent with the AA's rules upon payment of any applicable fee.  If the Parties cannot agree, or if the Parties have previously attempted and failed to resolve the Claim or Dispute, the Claim or Dispute shall be arbitrated under these Rules.

**5.   Appointment of Arbitrator**

Immediately after payment of the arbitration fee, the AA shall send simultaneously to each Party an identical list of names of persons chosen from a panel of qualified arbitrators which the AA shall select and maintain.  Each Party to the Claim or Dispute shall have fourteen (14) days from the transmittal date to strike any names objected to, number the remaining names in order of preference, and return the list to the AA.  If a Party does not return the list within the time specified, all persons therein shall be deemed acceptable.  From among the persons who have been approved on both lists, and in accordance with the order of mutual preference, the AA shall invite the acceptance of the single arbitrator to serve.

**6.   Qualifications of the Arbitrator**

No person shall serve as an arbitrator in any matter in which that person has any financial or personal interest in the result of the proceeding.  Prior to accepting appointment, the prospective arbitrator shall disclose any circumstance likely to prevent a prompt hearing or create a presumption of bias.  Upon receipt of such information from the arbitrator or any other source, the AA will either replace that person or communicate the information to the Parties for comment.  Thereafter, the AA may disqualify that person and its decision shall be conclusive.

**7.   Vacancies**

If a vacancy occurs for any reason or if an appointed arbitrator is unable to serve promptly, the appointment procedure in Section S shall apply to the selection of a substitute arbitrator.

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

EXH - 000046 of 000055

Filed        22-CI-00765   09/30/2022   Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056

**8.    Date, Time and Place of Hearings**

A.    The arbitrator shall set the date, time and place of the hearing in the county where the Fraternity has a local chapter to which the member belongs or where the involved Chapter was located at the time of the event in question.

B.    Notice of any hearing shall be given at least ten (10) days in advance, unless the arbitrator determines or the Parties agree that a shorter time is necessary.

C.    If one Party is a Member, the arbitrator shall make reasonable efforts, without unduly incurring expense, to accommodate the Member in the selection of a hearing location.

**9.    Mode of Hearings and Conferences**

In the discretion of the arbitrator or by agreement of the Parties, conferences and hearings may be conducted by telephone or by written submission as well as in person.

**10.    Prehearing Discovery**

A.    On any schedule determined by the arbitrator, each Party shall submit in advance, the names and addresses of the witnesses it intends to produce and any documents it intends to present.

B.    The arbitrator shall have discretion to determine the form, amount and frequency of discovery by the Parties. However, the arbitrator cannot allow more than 20 hours per side of depositions, or more than 20 interrogatories, requests for production, and requests for admission per side, unless good cause is shown.

**11.    Representation**

Any Party may be represented by counsel or by any other authorized representative.

**12.    Attendance at Hearings**

The arbitrator shall maintain the privacy of the hearings to the extent permitted by law. Any person having a direct interest in the matter is entitled to attend the hearings.

The arbitrator shall otherwise have the power to require the exclusion of any witness, other than a Party or other essential person, during the testimony of any other witness. The arbitrator shall determine whether any other person may attend the hearing. Upon the request of any Party, the arbitrator shall exclude any witness during the testimony of any other witness.

**13.    Postponement**

A.    The arbitrator, for good cause shown by a Party, or on agreement of the Parties, may postpone any hearing or conference.

B.    The pendency of court proceedings related to the same matter is not good cause for postponement.

**14.    Oaths**

Before proceeding with the first hearing, each arbitrator may take an oath of office and, if required by law, shall do so. The arbitrator may require witnesses to testify under oath administered by any duly qualified person and if required by law or requested by any Party, shall do so.

**15.    Stenographic Record**

There shall be no stenographic record, tape recorded, or videotape record of the proceedings unless either requested by one of the Parties or the arbitrator rules otherwise. The Party requesting the record shall bear the entire cost of producing the same. Copies of the record shall be furnished to all other Parties on request and payment of the cost of reproduction.

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH : 000047 of 000055

Filed                22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056

16. **Procedure**

The hearings shall be conducted by the arbitrator in whatever order and manner will most expeditiously permit full presentation of the evidence and arguments of the Parties.

17. **Arbitration in the Absence of a Party**

The arbitrator may proceed in the absence of Parties or representatives who, after due notice, fail to be present or fail to obtain a postponement. An award shall not be made solely on the default of a Party. The arbitrator shall require any Party who is present to submit such evidence as the arbitrator may require for the making of an award.

18. **Evidence**

A. The arbitrator shall be the sole judge of the relevance, materiality and admissibility of evidence offered. Conformity to legal rules shall not be necessary.

B. The arbitrator may subpoena witnesses or documents at the request of a Party or on the arbitrator's own initiative.

C. The arbitrator may consider the evidence of witnesses by affidavit or declaration, but shall give it only such weight as the arbitrator deems it entitled to after consideration of any objection made to its admission.

19. **Post-Hearing Submissions**

All documentary evidence to be considered by the arbitrator shall be filed at the hearing, unless the arbitrator finds good cause to permit a post-hearing submission. All Parties shall be afforded an opportunity to examine and comment on any post-hearing evidence. The arbitrator shall permit the filing of post-hearing briefs at the request of a Party and shall determine the procedure and timing of such filings.

20. **Closing and Reopening of Hearing**

A. When the arbitrator is satisfied that the record is complete, including the submission of any post-hearing briefs or documents permitted by the arbitrator, the arbitrator shall declare the hearing closed.

8. The hearing may be reopened on the arbitrator's initiative or upon application of a Party, at any time before the award is made.

21. **Waiver of Procedures**

Any Party who fails to object in writing after knowledge that any provision or requirements of these procedures has not been complied with, shall be deemed to have waived the right to object.

22. **Service of Notices and Papers**

Any papers, notices, or process necessary or proper for the initiation of continuation of any proceeding under these Rules (including the award of the arbitrator; for any court action in connection therewith;  or for the entry of judgment on an award made under these procedures) may be served on a Party by mail addressed to the Party or his representative at the last known address or by personal service. Service may be made at any place, provided that the Party served has had a reasonable opportunity to be heard with regard to service. The AA, the Parties, and the arbitrator may also use facsimile transmission, telex, telegram, or other written forms of electronic communication to give any notices required by these procedures.

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH : 000048 of 000055

Filed         22-CI-00765       09/30/2022      Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056

**23.   Communications with the AA and the Fraternity**

A       Any Party may notice, serve or communicate with the Fraternity by contacting:

Director of Chapter Services (Program Administrator)

Kappa Alpha Order

P.O. Box 1865

115 Liberty Hall Road

Lexington, VA   24450

(540) 463-1865

Fax:  (540) 463-2140

**24.   Communications with the Arbitrator**

There shall be no communication between the Parties and the arbitrator other than at any oral hearings or conferences.  Any other oral or written communications from the Parties to the arbitrator shall be directed to the AA (and copied to the Parties) for transmission to the arbitrator, unless the Parties and the arbitrator agree otherwise.

**25.   Time of Award**

The award shall be promptly made by the arbitrator and, unless otherwise agreed by the Parties or specified by applicable law, no later than thirty (30) days from the date of the closing of the hearing or the closing of a reopened hearing, whichever is later.

**26.   Form of Award**

The award shall be in writing and shall be signed by the arbitrator.  If any Party requests in its Notice or Answering Statement, the arbitrator shall write a summary of reasons for the decision.  The award shall be executed in any manner required by applicable law.

**27.   Modification of Award**

On order of a court of competent jurisdiction, or on agreement of the Parties, the arbitrator shall modify any award.  The arbitrator may modify an award on the motion of a Party if the arbitrator finds that the award as rendered is ambiguous or defective in form, or if the award requires an illegal or impossible act.  These are the only circumstances under which an arbitrator shall have jurisdiction to withdraw or modify an award.

**28.   Settlement**

If the Parties settle their dispute during the course of the arbitration, the arbitrator may set out the terms of the settlement in a consent award.

**29.   Scope of Arbitrator's Authority**

The arbitrator's authority shall be limited to the resolution of legal disputes between the Parties.  As such, the arbitrator shall be bound by and shall apply applicable law including that related to the allocation of the burden of proof as well as substantive law.  The arbitrator shall not have the authority either to reduce or enlarge substantive rights available under existing law.  The arbitrator may also grant emergency or temporary relief which is or would be authorized by applicable law.

**30.   Judicial Proceedings and Exclusion of Liability**

A       No arbitrator is a necessary Party in any judicial proceedings relating to proceedings under these Rules.

B.      No arbitrator shall be liable to any Party for any act or omission in connection with any proceedings within the scope of these Rules.

C.      Any court with jurisdiction over the Parties may compel a Party to proceed under these Rules at any place and may enforce any award made.

D.      Parties to these Rules shall be deemed to have consented that judgment upon the award of the arbitrator may be entered and enforced in any federal or state court having jurisdiction

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

EXH : 000049 of 000055

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056

of the Parties.

E.  Initiation of, participation in, or removal of a legal proceeding shall not constitute waiver of the right to proceed under these Rules.

F.  Any court with jurisdiction over the Parties may issue any injunctive orders (including temporary restraining orders and preliminary injunctions) if the necessary legal and equitable requirements under applicable law are met pending the institution of proceedings under these Rules.

## 31. Fees and Expenses

A.  The expenses of witnesses shall be borne by the Party producing such witnesses, except as otherwise provided by law or in the award of the arbitrator.

B.  All attorney's fees shall be borne by the Party incurring them except as otherwise provided by law, by the Plan, or in the award of the arbitrator.

C.  Member Parties:  Except as provided in this Rule, Member parties shall not be responsible for payment of fees and expenses of proceedings under these Rules including required travel of an arbitrator, expenses of an arbitrator and the cost of any proof produced at the discretion of an arbitrator.  If proceedings are initiated by a Member, the Member shall be responsible for the following fees:

    i.  $100 if the Parties go to mediation or other non-binding means to resolve the Claim or Dispute requiring one neutral;  and

    ii.  $100 for arbitration initiated by a Member. All other fees for mediation or arbitration shall be paid by the National Fraternity.

D.  If the demand for mediation or arbitration is initiated by the Fraternity, all fees will be paid by the Fraternity.

## 32. Interpretation and Application of These Rules

The arbitrator shall interpret and apply these Rules insofar as they relate to the arbitrator's powers and duties.

## 33. Applicable Law

A.  These proceedings and any judicial review of awards under these Rules shall be governed by the The Act.

B.  Except where otherwise expressly provided in these Rules, the substantive law applied shall be state or federal substantive law which would be applied by the Federal Circuit Court of Appeals for the state where the event occurred.

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

EXH : 000050 of 000055

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056

# ATTACHMENT THIRTEEN

## SWORN AFFIDAVITS OF
## AMY JONES AND REBECCA ROTH NICKS

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH : **000051 of 000055**

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89050

**AFFIDAVIT OF AMY ZIMMERMAN JONES**

I, **Amy Zimmerman Jones,** having been first duly sworn, provide this Afrydavit in support ot Mr. William Andrew Jones and the preposterous claims against him accusing him of sexual assault and sexual harassment and state thJ following :

1. On Wednesday, October 27, 2021, I W5 approached by Ms. Hannah Kroskie and Ms. Christy Mai about the alleged sexual misconduct by Mr. William Andrew Jones against Ms. Kroskie.

2. Ms. Kroskie asserted that on October 18, 2021, Mr. Jones attempted to make out with her in the Marriott Hotel Lobby and in his hotel room in Indianapolis, Indiana.

3. Ms. Kroskie's allegations included unwanted kissing, touching, and Mr. Jones exposing himself to her in his hotel room. She never claimed that Mr. Jones attempted to rape her in the numerous conversations, on-line messages, through texts, or in person with myself and Ms. Mai present. Ms. Kroskie was never consistent in her story as told directly lo me or through Ms. Mai and NEVER mentioned an attempted sexual assault allegation to me. She quite simply had every opportunity to make that claim, safely, in front of me or through electronic communications and she never even hinted al the same.

4. On Saturday, October 30, 2021, Ms. Mai and I confronted Mr. Jones over dinner about the alleged inappropriate behavior against Ms. Kroskie. During that conversation Ms. Mai also made similar allegations against Mr. Jones of unwanted kissing and verbal sexual advances. At that time, I was unaware of the four (4) year intimate relationship between Mr. Jones and Ms. Mai.

5. Ms. Mai never, in the years I knew her, ever confided to me, or any others that I am aware of, that Mr. Jones was inappropriate or attempted any sexual advances until Ms. Kroskie made her allegations against Mr. Jones.

6. Furthermore, once Ms. Kroskie made those allegations, Ms. Mai, together with Ms. Kroskie, solicited my help in suing Georgetown College, in a very uncomfortable and possibly unlawful conspiracy, so that we, in Ms. Mai's words to me on Thursday, October 28, 2021, on my front porch, would "never have to work the rest of our lives."

7. In multiple, hidden, direct electronic messages to me and Ms. Kroskie (which are in my possession and were initiated by Ms. Mai), Ms. Mai inquired as to the status and value of the life insurance policies on Mr. Jones' life. She further manipulated me with lies and a false friendship to get me to agree, if paid out (I assume if William died or killed himself), that these life insurance policies would support 'us' (Ms. Mai, myself, and my children).

8. I did not learn until Monday, November I, 2021, that Ms. Kroskie's alleged allegations against Mr. Jones went from unwanted touching and kissing to forcible sexual assault.

9. Early on Sunday morning, October 31, 2021, Mr. Jones disclosed his intimate four (4) year relationship with Ms. Mai.

10. Later in the morning on Sunday, October 31, 2021, I called Ms. Kroskie to see if she would meet with me, Ms. Mai, and Mr. Jones to get to the bottom of these two questionable stories (Ms. Mai's and Ms. Kroskie's). During this phone call, I disclosed to Ms. Kroskie the intimate relationship between Mr. Jones and Ms. Mai. In response Ms. Kroskie exclaimed, "Christy has betrayed me." I have had no further contact with Ms. Kroskie since Sunday morning, October 31, 2021.

11. After that phone call, I          to question each of tre legations  arrl motives against

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH : 000052 of 000055

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

any lawsuit with her and/or Ms. Kaskie, as I had never been abused or harmed or assaulted in any way by Mr. Jones. And while his relationship with Ms. Mail devastated our family, we have been able to mend many of the pieces of our sand our-children's broken hearts over the last year and Mr. Jones has been fully contrite and sincere in his desire to be a better man, husband, and father. And for that, and the grace none of us deserve, we are working on saving our marriage.

12. I am aware that Ms. Mai had intent to recruit other former colleagues of Mr. Jones to show a propensity of sexual assault or inappropriate behavior. None of those individuals would participate and I am aware that one (1) of those former colleagues has also tendered an affidavit of support of Mr. Jones.

13. I believe that Ms. Mai is a jealous and unstable woman that pulled at the heart strings of my husband during a very stressful time period in his life more than five (5) years ago with a long-term plan to enrich herself accordingly.

**Commonwealth of Kentucky** )
                      )
**County of Franklin**     )

AFFIANT, AMY ZIMMERMAN JONES

Subscribed and sworn to before me by Amy Zimmerman Jones on the 18th day of September, 2022 of her own free will and volition.

NOTARY PUBLIC, STATE AT LARGE
My Commission Expires: 6/24991
NOTARY ID NO. 6/13/2023

KYLE T. THOMPSON
Notary ID # 624991
NOTARY
PUBLIC
My Comm. Exp. 06-13-2023
STATE AT LARGE KENTUCKY

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

EXH : 000053 of 000055

Filed                22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056

## AFFIDAVIT OF REBECCA ROTH NICKS

Sworn and acknowledged before me by Rebecca Roth Nicks. And, after being first duly sworn Mrs. Roth Nicks does state the following:

\* \* \* \* \* \* \* \*

I, **Rebecca Roth Nicks,** Vice President of Advancement at LaGrange College, having been first duly sworn, provide this Affidavit in support of Mr. William Andrew Jones and states the following:

1. I, always during my work history with Mr. Jones, was employed by LaGrange College in LaGrange, Georgia.  My title was Director of Development, and I reported to Mr. Jones as Vice President of Advancement at LaGrange College.  Our dates of working together were April 2010 to June 2016.

2. At no time during our employment together would I consider Mr. Jones actions to be inappropriate in any manner.  He never made any sexual advances or used inappropriate language around me.  Our relationship was 100% professional. He never said or did anything that would make me think or believe he was anything more than a consummate professional in his role at LaGrange College.

3. Mr. Jones and I were never engaged in any romantic relationship and he never attempted to engage me romantically.

4. I never witnessed Mr. Jones acting in an unprofessional or romantic relationship with any other work colleague or LaGrange College donor.

5. On or about, Tuesday, March 8, 2022, Attorney Tony Bucher, counsel for Ms. Christy Mai, attempted to reach out to me concerning allegations made against Mr. Jones, to

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

EXH : 000054 of 000055

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:12 AM
89056

discuss his proclivity and history of sexual discrimination and sexual harassment and/or

unwanted sexual advances.

6.  I contacted Attorney Wendell Clark to reach out to Mr. Bucher on my behalf.  I asked

Mr. Clark to please inform Mr. Bucher that there was never any inappropriate conduct by

Mr. Jones, and at no time were we romantically involved.  I made the same statement to

Mr. Clark that I made in this affidavit; that our relationship was always professional.

7.  FURTHER, THE AFFIANT SAYETH NAUGHT.


_____

**AFFL<\NT, REBECCA ROTH NICKS**


STATE OF GEORGIA                )
                                )
COUNTY OF _f_\\e_f_\o____        )

Subscribed and sworn to before me by Rebecca Roth Nicks on the _i3_ day of September,

2022 of her own free will and volition.



_____

PUBLIC, STATE AT LAR

My Commission Expires:  _U_/_J7_/_2023_

NOTARY ID NO. _ _ _ _ _ _ _ _ _ _ _ _

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

EXH : 000055 of 000055



| | |
|---|---|
| AOC-E-105  Sum Code: CI<br>Rev. 9-14 | NOT ORIGINAL DOCUMENT<br>10/19/2022   22-CI-00765<br>89056 |
| Commonwealth of Kentucky<br>Court of Justice      Courts.ky.gov | Court:  **CIRCUIT** |
| CR 4.02; Cr Official Form 1 | County:  **FRANKLIN** |

## CIVIL SUMMONS

*Plantiff,* **JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL**, *Defendant*


TO:  **C. DAVID WILHITE**

   **400 EAST COLLEGE STREET**

   **GEORGETOWN, KY 40324**

Memo: Related party is GEORGETOWN COLLEGE

The Commonwealth of Kentucky to Defendant:
**GEORGETOWN COLLEGE**

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.


*Amy Feldman*

Franklin Circuit Clerk
Date: **9/30/2022**


---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20 _____

_____
Served By

_____
Title

---

Summons ID: @00001130771
CIRCUIT: 22-CI-00765 Return to Filer for Service
JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL



eFiled

*Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)*

*CI : 000001 of 000001*



| AOC-E-105 | Sum Code: CI | | NOT ORIGINAL DOCUMENT |
|---|---|---|---|
| Rev. 9-14 | | | 10/19/2022 Case #: **22-CI-00765** |
| | | | 89066 |

Commonwealth of Kentucky
Court of Justice    *Courts.ky.gov*

CR 4.02; Cr Official Form 1

Case #: **22-CI-00765**

Court: **CIRCUIT**

County: **FRANKLIN**

# CIVIL SUMMONS

---

*Plaintiff,* **JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL,** *Defendant*

TO:  **ROBERT MILLS**

**330 LONG RIDGE LANE**

**OWENTON, KY 40359**

Email: RL.MILLS49@GMAIL.COM

Memo: Related party is BOARD OF TRUSTESS OF GEORGETOWN COLLEGE

The Commonwealth of Kentucky to Defendant:
**BOARD OF TRUSTESS OF GEORGETOWN COLLEGE**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Amy Feldman*

Franklin Circuit Clerk
Date: **9/30/2022**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20_____

_____
Served By

_____
Title

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

CI : 000001 of 000001

Summons ID: @00001130773
CIRCUIT: 22-CI-00765 Return to Filer for Service
JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL



Page 1 of 1

eFiled



AOC-E-105     Sum Code: CI
Rev. 9-14

NOT ORIGINAL DOCUMENT
10/19/2022     22-CI-00765
89065

Commonwealth of Kentucky
Court of Justice     Courts.ky.gov

CR 4.02; Cr Official Form 1

Case #: **22-CI-00765**

Court:     **CIRCUIT**

County:     **FRANKLIN**

# CIVIL SUMMONS

---

*Plantiff,* **JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL**, *Defendant*

TO:  **ROSEMARY A ALLEN**

   **400 EAST COLLEGE ST.**

   **GEORGETOWN, KY 40324**

      Email: ROSEMARY_ALLEN@GEORGETOWNCOLLEGE.EDU

The Commonwealth of Kentucky to Defendant:

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Amy Feldman*

Franklin Circuit Clerk
Date: **9/30/2022**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20_____        _____
                                                Served By

                                            _____
                                                Title

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

CI : 000001 of 000001

Summons ID: @00001130774
CIRCUIT: 22-CI-00765 Return to Filer for Service
JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL



Page 1 of 1

eFiled



AOC-E-105        Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice        Courts.ky.gov

CR 4.02; Cr Official Form 1

NOT ORIGINAL DOCUMENT
10/19/2022    Case #: 22-CI-00765
89056

Court:    **CIRCUIT**

County:    **FRANKLIN**

# CIVIL SUMMONS

*Plantiff,* **JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL**, *Defendant*

TO:    **JOHNATHAN SANDS WISE**

   **400 EAST COLLEGE ST.**

   **GEORGETOWN, KY 40324**

Memo: Executive Vice President and Provost of Georgetown College

The Commonwealth of Kentucky to Defendant:

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Amy Feldman*

Franklin Circuit Clerk
Date: **9/30/2022**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20_____        _____
                                             Served By

                                           _____
                                             Title

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

CI : 000001 of 000001

Summons ID: @00001130775
CIRCUIT: 22-CI-00765 Return to Filer for Service
JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL



Page 1 of 1

eFiled



AOC-E-105      Sum Code: CI
Rev. 9-14

NOT ORIGINAL DOCUMENT
10/19/2022
89065

Case #: **22-CI-00765**

Commonwealth of Kentucky
Court of Justice      Courts.ky.gov

Court:   **CIRCUIT**

County:   **FRANKLIN**

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

---

*Plantiff,* **JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL**, *Defendant*

TO:  **JOHN DAVIS**

**400 EAST COLLEGE ST.**

**GEORGETOWN, KY 40324**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Amy Feldman*

Franklin Circuit Clerk
Date: **9/30/2022**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 _____

_____
Served By

_____
Title

---

Summons ID: @00001130777
CIRCUIT: 22-CI-00765 Return to Filer for Service
JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL



Page 1 of 1





AOC-E-105        Sum Code: CI
Rev. 9-14

NOT ORIGINAL DOCUMENT
10/19/2022
89065

Case #: **22-CI-00765**

Commonwealth of Kentucky
Court of Justice      Courts.ky.gov

Court:    **CIRCUIT**

County:   **FRANKLIN**

CR 4.02; Cr Official Form 1

## CIVIL SUMMONS

*Plantiff,* **JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL**, *Defendant*

TO:   **CURTIS SANDBERG**
      **400 EAST COLLEGE ST.**
      **GEORGETOWN, KY 40324**

Memo: Vice President of Student Life

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Amy Feldman*

Franklin Circuit Clerk
Date: **9/30/2022**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20 _____

   _____
                                          Served By

   _____
                                          Title



Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

CI : 000001 of 000001

Page 1 of 1

**eFiled**



AOC-E-105        Sum Code: CI
Rev. 9-14

NOT ORIGINAL DOCUMENT
10/19/2022    Case #: 22-CI-00765
89065

Commonwealth of Kentucky
Court of Justice        *Courts.ky.gov*

Court:    **CIRCUIT**

County:    **FRANKLIN**

CR 4.02; Cr Official Form 1

## CIVIL SUMMONS

---

*Plantiff,* **JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL**, *Defendant*

TO:  **SALLY WIATROWSKI**

**400 EAST COLLEGE ST.**

**GEORGETOWN, KY 40324**

Memo: Vice President for Business Operations

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Amy Feldman*

Franklin Circuit Clerk
Date: **9/30/2022**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 _____

_____
Served By

_____
Title

---

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

CI : 000001 of 000001



Page 1 of 1

eFiled



AOC-E-105      Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice      Courts.ky.gov

CR 4.02; Cr Official Form 1

**CIVIL SUMMONS**

NOT ORIGINAL DOCUMENT
10/19/2022    Case #: **22-CI-00765**
89065
Court:    **CIRCUIT**

County:    **FRANKLIN**

---

*Plantiff,* **JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL**, *Defendant*

TO:    **DAVID C ADKISSON**
      **1000 RICHMOND RD.**
      **LEXINGTON, KY 40502**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Amy Feldman*

Franklin Circuit Clerk
Date: **9/30/2022**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20_____        _____
                                                        Served By

                                                        _____
                                                        Title

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

CI : 000001 of 000001

Summons ID: @00001130780
CIRCUIT: 22-CI-00765 Return to Filer for Service
JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL



Page 1 of 1





AOC-E-105        Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice        Courts.ky.gov

CR 4.02; Cr Official Form 1

**CIVIL SUMMONS**

NOT ORIGINAL DOCUMENT
10/19/2022
89065

Case #: **22-CI-00765**

Court: **CIRCUIT**

County: **FRANKLIN**

---

*Plaintiff,* **JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL**, *Defendant*

TO:  **DR. ROBERT BAKER**
　　　**204 STRAWBERRY LANE**
　　　**LEXINGTON, KY 40516**

The Commonwealth of Kentucky to Defendant:

　　You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Amy Feldman*

Franklin Circuit Clerk
Date: **9/30/2022**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

　　To: _____

☐ Not Served because: _____

　　Date: _____, 20_____

_____
Served By

_____
Title

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

CI : 000001 of 000001

Summons ID: @00001130781
CIRCUIT: 22-CI-00765 Return to Filer for Service
JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL



Page 1 of 1





AOC-E-105     Sum Code: CI
Rev. 9-14

NOT ORIGINAL DOCUMENT
10/19/2022
89065

Case #: **22-CI-00765**

Commonwealth of Kentucky
Court of Justice     Courts.ky.gov

Court:     **CIRCUIT**

County:     **FRANKLIN**

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

---

*Plantiff,* **JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL**, *Defendant*

TO:  **JEROMY TUCKER BALLINGER**

**1651 DUNTREATH DR.**

**LEXINGTON, KY 40504**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Amy Feldman*

Franklin Circuit Clerk
Date: **9/30/2022**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20_____     _____

Served By

_____

Title

Summons ID: @00001130782
CIRCUIT: 22-CI-00765 Return to Filer for Service
JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL



Page 1 of 1



Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

CI : 000001 of 000001



AOC-E-105    Sum Code: CI
Rev. 9-14

NOT ORIGINAL DOCUMENT
10/19/2022
89066

Case #: **22-CI-00765**

Commonwealth of Kentucky
Court of Justice    Courts.ky.gov

Court:    **CIRCUIT**

County:    **FRANKLIN**

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

---

*Plantiff,* **JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL**, *Defendant*

TO:    **JOHN R. BLACKBURN JR**
    **203 ARTESIAN DR.**
    **GARNER, NC 27529**

The Commonwealth of Kentucky to Defendant:

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Amy Feldman*

Franklin Circuit Clerk
Date: **9/30/2022**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

Date: _____, 20 _____

_____
Served By

_____
Title

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

CI : 000001 of 000001

Summons ID: @00001130784
CIRCUIT: 22-CI-00765 Return to Filer for Service
JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL



Page 1 of 1

**eFiled**



AOC-E-105    Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice    Courts.ky.gov

CR 4.02; Cr Official Form 1

**NOT ORIGINAL DOCUMENT**
10/19/2022
89076

Case #: **22-CI-00765**

Court: **CIRCUIT**

County: **FRANKLIN**

## CIVIL SUMMONS

---

*Plantiff,* **JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL,** *Defendant*

TO:  **GRANETTA BLEVINS**
     **104 COLONIAL DR.**
     **MOUNT STERLING, KY 40353**

The Commonwealth of Kentucky to Defendant:

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Amy Feldman*

Franklin Circuit Clerk
Date: **9/30/2022**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

    Date: _____, 20_____        _____
                                                        Served By

                                              _____
                                                        Title

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

CI : 000001 of 000001

Summons ID: @00001130785
CIRCUIT: 22-CI-00765 Return to Filer for Service
JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL



Page 1 of 1





AOC-E-105        Sum Code: CI
Rev. 9-14

**NOT ORIGINAL DOCUMENT**
10/19/2022
89065

Case #:  **22-CI-00765**

Commonwealth of Kentucky
Court of Justice       *Courts.ky.gov*

Court:  **CIRCUIT**

County:  **FRANKLIN**

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

---

*Plantiff,* **JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL**, *Defendant*

TO:  **TRACEY CLARK**

   **312 JAMES LYN DR.**

   **HOPKINSVILLE, KY 42240**

The Commonwealth of Kentucky to Defendant:

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Amy Feldman*

Franklin Circuit Clerk
Date: **9/30/2022**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20_____

   _____
   Served By

   _____
   Title

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

CI : 000001 of 000001

Summons ID: @00001130786
CIRCUIT: 22-CI-00765 Return to Filer for Service
JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL







AOC-E-105        Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice       Courts.ky.gov

CR 4.02; Cr Official Form 1

**NOT ORIGINAL DOCUMENT**
10/19/2022

Case #: **22-CI-00765**

Court:   **CIRCUIT**

County:   **FRANKLIN**

# CIVIL SUMMONS

---

*Plantiff,* **JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL**, *Defendant*

TO:  **SHARON CLIFTON**

   **3809 MIMOSA LANE**

   **LEXINGTON, KY 40517**

The Commonwealth of Kentucky to Defendant:

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Amy Feldman*

Franklin Circuit Clerk
Date: **9/30/2022**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20 _____

   _____
   Served By

   _____
   Title

Summons ID: @00001130787
CIRCUIT: 22-CI-00765 Return to Filer for Service
JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL

Page 1 of 1

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

CI : 000001 of 000001




eFiled



AOC-E-105    Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice    Courts.ky.gov

CR 4.02; Cr Official Form 1

**NOT ORIGINAL DOCUMENT**
10/19/2022    Case #: **22-CI-00765**
89066

Court: **CIRCUIT**

County: **FRANKLIN**

# CIVIL SUMMONS

---

*Plaintiff,* **JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL**, *Defendant*

TO:  **JOHN  COCHENOUR**
      **7814 NORTHEAST 8TH STRT**
      **MEDINA, WA 980394711**

The Commonwealth of Kentucky to Defendant:

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Amy Feldman*

Franklin Circuit Clerk
Date: **9/30/2022**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

    Date: _____, 20 _____

                                    _____
                                          Served By

                                    _____
                                          Title

Summons ID: @00001130788
CIRCUIT: 22-CI-00765 Return to Filer for Service
JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL

Page 1 of 1

*Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)*

*CI : 000001 of 000001*




eFiled



| AOC-E-105 | Sum Code: CI | | NOT ORIGINAL DOCUMENT |
|---|---|---|---|
| Rev. 9-14 | | | 10/19/2022    22-CI-00765 |

89065

Commonwealth of Kentucky
Court of Justice    *Courts.ky.gov*

CR 4.02; Cr Official Form 1

Court: **CIRCUIT**

County: **FRANKLIN**

## CIVIL SUMMONS

*Plaintiff,* **JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL**, *Defendant*

TO:  **NICOLE BIVENS COLLINSON**

    **500 ROOSEVELT BLVD**

    **FALLS CHURCH, VA 22044**

The Commonwealth of Kentucky to Defendant:

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Amy Feldman*

Franklin Circuit Clerk
Date: **9/30/2022**

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

    Date: _____, 20 _____

                                         _____

                                           Served By

                                         _____

                                         Title

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

CI : 000001 of 000001

Summons ID: @00001130789
CIRCUIT: 22-CI-00765 Return to Filer for Service
JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL

    Page 1 of 1





AOC-E-105    Sum Code: CI
Rev. 9-14

**NOT ORIGINAL DOCUMENT**
10/19/2022    Case #: **22-CI-00765**
89066

Commonwealth of Kentucky
Court of Justice    *Courts.ky.gov*

Court:    **CIRCUIT**

County:    **FRANKLIN**

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

---

*Plantiff,* **JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL**, *Defendant*

TO:  **JANE  CUTTER**
  **100 BETH PAGE LANE**
  **GEORGETOWN, KY 40324**

The Commonwealth of Kentucky to Defendant:

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Amy Feldman*

Franklin Circuit Clerk
Date: **9/30/2022**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

    Date: _____, 20 _____        _____
                                                          Served By

                                             _____
                                                          Title

*Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)*

*CI : 000001 of 000001*

Summons ID: @00001130790
CIRCUIT: 22-CI-00765 Return to Filer for Service
JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL



Page 1 of 1




AOC-E-105    Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice    *Courts.ky.gov*

CR 4.02; Cr Official Form 1



**CIVIL SUMMONS**

NOT ORIGINAL DOCUMENT
10/19/2022
89066

Case #: **22-CI-00765**

Court: **CIRCUIT**

County: **FRANKLIN**

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

---

*Plaintiff,* **JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL**, *Defendant*

TO:  **KENNY DAVIS**

   **1497 WALLACETOWN RD**

   **PAINT LICK, KY 40461**

The Commonwealth of Kentucky to Defendant:

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Amy Feldman*

Franklin Circuit Clerk
Date: **9/30/2022**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20 _____

_____
Served By

_____
Title

---

Summons ID: @00001130791
CIRCUIT: 22-CI-00765 Return to Filer for Service
JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL

CI : 000001 of 000001



Page 1 of 1

eFiled



| AOC-E-105   Sum Code: CI | | NOT ORIGINAL DOCUMENT 10/19/2022    22-CI-00765 |
|---|---|---|
| Rev. 9-14 | | 89065 |
| Commonwealth of Kentucky | | Court: **CIRCUIT** |
| Court of Justice    *Courts.ky.gov* | | County: **FRANKLIN** |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | |

*Plantiff,* **JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL**, *Defendant*

TO:  **VICKIE GLISSON**
**500 W. JEFFERSON ST.**
**SUITE #2000**
**LOUISVILLE, KY 40202**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Amy Feldman*

Franklin Circuit Clerk
Date: **9/30/2022**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 _____

_____
Served By

_____
Title

*Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)*

*CI : 000001 of 000001*



Page 1 of 1





| AOC-E-105    Sum Code: CI | | NOT ORIGINAL DOCUMENT |
| Rev. 9-14 | | 10/19/2022    Case #: 22-CI-00765 |
| | | 89056    Court:    **CIRCUIT** |
| Commonwealth of Kentucky | | |
| Court of Justice    Courts.ky.gov | | County:    **FRANKLIN** |
| CR 4.02; Cr Official Form 1 | | |

## CIVIL SUMMONS

*Plantiff,* **JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL**, *Defendant*

TO:    **WILLIAM J. HOUSTON**

   **8111 HOUSTON LN**

   **PEWEE VALLEY, KY 40056**

The Commonwealth of Kentucky to Defendant:

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Amy Feldman*

Franklin Circuit Clerk
Date: **9/30/2022**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20 _____        _____
                                              Served By

                                           _____
                                              Title

---

Summons ID: @00001130795
CIRCUIT: 22-CI-00765 Return to Filer for Service
JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

CI : 000001 of 000001







AOC-E-105      Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice      Courts.ky.gov

CR 4.02; Cr Official Form 1

**NOT ORIGINAL DOCUMENT**
10/19/2022
89076

Case #: **22-CI-00765**

Court:  **CIRCUIT**

County:  **FRANKLIN**

# CIVIL SUMMONS

---

*Plaintiff,* **JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL**, *Defendant*

TO:  **MELANIE LADD**

**3156 CAVERSHAM PARK LANE**

**LEXINGTON, KY 40509**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Amy Feldman*

Franklin Circuit Clerk
Date: **9/30/2022**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 _____

_____
Served By

_____
Title

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

CI : 000001 of 000001

Summons ID: @00001130796
CIRCUIT: 22-CI-00765 Return to Filer for Service
JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL



Page 1 of 1





AOC-E-105      Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice      Courts.ky.gov

CR 4.02; Cr Official Form 1

NOT ORIGINAL DOCUMENT
10/19/2022
89056

Case #: **22-CI-00765**

Court:    **CIRCUIT**

County:   **FRANKLIN**

# CIVIL SUMMONS

*Plantiff,* **JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL**, *Defendant*

TO:  **DAVID LEE**

**80 FOXLEY LANE**

**FRANKFORT, KY 40601**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Amy Feldman*

Franklin Circuit Clerk
Date: **9/30/2022**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 _____

_____
Served By

_____
Title

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

CI : 000001 of 000001

Summons ID: @00001130797
CIRCUIT: 22-CI-00765 Return to Filer for Service
JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL



Page 1 of 1


eFiled



AOC-E-105        Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice        Courts.ky.gov

CR 4.02; Cr Official Form 1

**NOT ORIGINAL DOCUMENT**
10/19/2022
89066

Case #: **22-CI-00765**

Court:    **CIRCUIT**

County:    **FRANKLIN**

# CIVIL SUMMONS

---

*Plaintiff,* **JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL**, *Defendant*

TO:    **MICHAEL LUKEMIRE**

**8227 COLDWATER DR.**

**POWELL, OH 43065**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Amy Feldman*

Franklin Circuit Clerk
Date: **9/30/2022**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 _____

_____
Served By

_____
Title

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

CI : 000001 of 000001

Summons ID: @00001130798
CIRCUIT: 22-CI-00765 Return to Filer for Service
JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL



Page 1 of 1





AOC-E-105     Sum Code: CI
Rev. 9-14

NOT ORIGINAL DOCUMENT
10/19/2022
89066

Case #: **22-CI-00765**

Commonwealth of Kentucky
Court of Justice    Courts.ky.gov

Court:    **CIRCUIT**

County:    **FRANKLIN**

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

---

*Plantiff,* **JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL**, *Defendant*

TO:   **MISSY MATTHEWS**

**250 BEARFOOT TRAIL**

**WHITESBURG, KY 41858**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Amy Feldman*

Franklin Circuit Clerk
Date: **9/30/2022**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20_____

_____
Served By

_____
Title

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

CI : 000001 of 000001



Page 1 of 1





AOC-E-105      Sum Code: CI
Rev. 9-14

NOT ORIGINAL DOCUMENT
10/19/2022
89066

Case #: **22-CI-00765**

Court: **CIRCUIT**

County: **FRANKLIN**

Commonwealth of Kentucky
Court of Justice      Courts.ky.gov

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

*Plaintiff,* **JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL**, *Defendant*

TO:  **ROBERT MILLS**

**330 LONG RIDGE RD.**

**OWENTON, KY 40359**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Amy Feldman*

Franklin Circuit Clerk
Date: **9/30/2022**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20_____          _____

Served By

_____

Title

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

CI : 000001 of 000001

Summons ID: @00001130801
CIRCUIT: 22-CI-00765 Return to Filer for Service
JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL



Page 1 of 1





AOC-E-105        Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice      Courts.ky.gov

CR 4.02; Cr Official Form 1

**CIVIL SUMMONS**

NOT ORIGINAL DOCUMENT
10/19/2022  Case #: 22-CI-00765
89056

Court:    **CIRCUIT**

County:   **FRANKLIN**

---

*Plantiff,* **JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL**, *Defendant*

TO:  **E.  GERALD PARKER**

**5800 SAWGRASS DR.**

**WEST CHESTER, OH 45069**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Amy Feldman*

Franklin Circuit Clerk
Date: **9/30/2022**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 _____

_____
Served By

_____
Title

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

CI : 000001 of 000001

Summons ID: @00001130802
CIRCUIT: 22-CI-00765 Return to Filer for Service
JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL



Page 1 of 1

eFiled



AOC-E-105      Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice      Courts.ky.gov

CR 4.02; Cr Official Form 1

**CIVIL SUMMONS**

NOT ORIGINAL DOCUMENT
10/19/2022    22-CI-00765
89065

Case #: **22-CI-00765**

Court:   **CIRCUIT**

County:  **FRANKLIN**

*Plaintiff,* **JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL**, *Defendant*

TO:  **MICHELLE PEDIGO**

**1212 LAUREL ST.**

**UNIT 1607**

**NASHVILLE, TN 37203**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Amy Feldman*

Franklin Circuit Clerk
Date: **9/30/2022**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 _____

_____

Served By

_____

Title

---

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

CI : 000001 of 000001







AOC-E-105     Sum Code: CI
Rev. 9-14

NOT ORIGINAL DOCUMENT
10/19/2022
89065

Case #: **22-CI-00765**

Commonwealth of Kentucky
Court of Justice     *Courts.ky.gov*

Court:   **CIRCUIT**

County:  **FRANKLIN**

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

---

*Plantiff,* **JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL**, *Defendant*

TO:   **FRANK PENN**

**4741 MOUNT HOREB PIKE**

**LEXINGTON, KY 40511**

The Commonwealth of Kentucky to Defendant:

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Amy Feldman*

Franklin Circuit Clerk
Date: **9/30/2022**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20 _____

_____
Served By

_____
Title

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

CI : 000001 of 000001

Summons ID: @00001130804
CIRCUIT: 22-CI-00765 Return to Filer for Service
JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL

Page 1 of 1




eFiled



AOC-E-105       Sum Code: CI
Rev. 9-14

NOT ORIGINAL DOCUMENT
10/19/2022
89066

Case #: **22-CI-00765**

Commonwealth of Kentucky
Court of Justice       Courts.ky.gov

Court:  **CIRCUIT**

County:  **FRANKLIN**

CR 4.02; Cr Official Form 1

## CIVIL SUMMONS

---

*Plantiff,* **JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL**, *Defendant*

TO:  **JOHN  TRAVIS**

     **616 SEMINOLE TRAIL**

     **GEORGETOWN, KY 40324**

The Commonwealth of Kentucky to Defendant:

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Amy Feldman*

Franklin Circuit Clerk
Date: **9/30/2022**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

Date: _____, 20_____

_____
Served By

_____
Title

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

CI : 000001 of 000001





Case: 3:22-cv-00058-GFVT-EBA    Doc #: 1-1    Filed: 10/19/22    Page: 258 of 265 - Page ID#: 268



AOC-E-105    Sum Code: CI
Rev. 9-14

NOT ORIGINAL DOCUMENT
10/19/2022
89066

Case #: **22-CI-00765**

Court:    **CIRCUIT**

Commonwealth of Kentucky
Court of Justice    *Courts.ky.gov*

County:    **FRANKLIN**

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

---

*Plantiff,* **JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL**, *Defendant*

TO:    **HON. J. GUTHRIE  TRUE**
    **310 LEAWOOD DR.**
    **FRANKFORT, KY 40601**

The Commonwealth of Kentucky to Defendant:

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Amy Feldman*

Franklin Circuit Clerk
Date: **9/30/2022**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

    Date: _____ , 20 _____

_____
Served By

_____
Title

Summons ID: @00001130807
CIRCUIT: 22-CI-00765 Return to Filer for Service
JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

CI : 000001 of 000001



Page 1 of 1






AOC-E-105   Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice    Courts.ky.gov

CR 4.02; Cr Official Form 1

**CIVIL SUMMONS**

NOT ORIGINAL DOCUMENT
10/19/2022
89065

Case #: **22-CI-00765**

Court:  **CIRCUIT**

County:  **FRANKLIN**

---

*Plantiff,* **JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL**, *Defendant*

TO:  **JOHN WARD JR**
**13388 WOLF RD**
**ALEXANDRIA, KY 41001**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Amy Feldman*

Franklin Circuit Clerk
Date: **9/30/2022**

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 _____

_____
Served By

_____
Title

CI : 000001 of 000001



**eFiled**



AOC-E-105    Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice    Courts.ky.gov

CR 4.02; Cr Official Form 1

NOT ORIGINAL DOCUMENT
10/19/2022    Case #: 22-CI-00765
89066

Court:    **CIRCUIT**

County:    **FRANKLIN**

## CIVIL SUMMONS

---

*Plaintiff,* **JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL**, *Defendant*

TO: **MEOCHA WILLIAMS**
**1102 HADDRELL PT.**
**LEXINGTON, KY 40509**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Amy Feldman*

Franklin Circuit Clerk
Date: **9/30/2022**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 _____

_____
Served By

_____
Title

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

CI : 000001 of 000001

Summons ID: @00001130809
CIRCUIT: 22-CI-00765 Return to Filer for Service
JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL







AOC-E-105    Sum Code: CI
Rev. 9-14

NOT ORIGINAL DOCUMENT
10/19/2022    Case #: 22-CI-00765
89076

Commonwealth of Kentucky
Court of Justice    Courts.ky.gov

Court:    **CIRCUIT**

County:    **FRANKLIN**

CR 4.02; Cr Official Form 1

**CIVIL SUMMONS**

*Plaintiff,* **JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL**, *Defendant*

TO:    **SARAH WILSON**

**2004 OAK HILL CT.**

**VERSAILLES, KY 40383**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Amy Feldman*

Franklin Circuit Clerk
Date: **9/30/2022**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 _____

_____
Served By

_____
Title

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

Summons ID: @00001130810
CIRCUIT: 22-CI-00765 Return to Filer for Service
JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL

CI : 000001 of 000001



Page 1 of 1





| AOC-E-105    Sum Code: CI | NOT ORIGINAL DOCUMENT |
|---|---|
| Rev. 9-14 | 10/19/2022    Case #: **22-CI-00765** |
| | 89065 |
| Commonwealth of Kentucky | Court: **CIRCUIT** |
| Court of Justice    Courts.ky.gov | |
| | County: **FRANKLIN** |
| CR 4.02; Cr Official Form 1 | |

# CIVIL SUMMONS

*Plantiff,* **JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL**, *Defendant*

TO:  **NORMAN BROWN**
**1608 HARMONY LANE**
**LEXINGTON, KY 40502**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Amy Feldman*

Franklin Circuit Clerk
Date: **9/30/2022**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 _____      _____

Served By

_____

Title

---

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

CI : 000001 of 000001

Summons ID: @00001130811
CIRCUIT: 22-CI-00765 Return to Filer for Service
JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL



Page 1 of 1





AOC-E-105     Sum Code: CI
Rev. 9-14

NOT ORIGINAL DOCUMENT
10/19/2022
89056

Case #: **22-CI-00765**

Commonwealth of Kentucky
Court of Justice     *Courts.ky.gov*

Court:     **CIRCUIT**
County:     **FRANKLIN**

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

---

*Plantiff,* **JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL**, *Defendant*

TO:  **LARRY STANTON WEISE**

  **115 LIBERTY HALL ROAD**

  **LEXINGTON, VA 24450**

Memo: Related party is KAPPA ALPHA ORDER - SOCIAL FRATERNITY

The Commonwealth of Kentucky to Defendant:
**KAPPA ALPHA ORDER - SOCIAL FRATERNITY**

  You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Amy Feldman*

Franklin Circuit Clerk
Date: **9/30/2022**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

  To: _____

☐ Not Served because: _____

  Date: _____, 20 _____

_____
                                                            Served By

_____
                                                            Title

---

Summons ID: @00001130812
CIRCUIT: 22-CI-00765 Return to Filer for Service
JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL



Page 1 of 1



Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

CI : 000001 of 000001

NOT ORIGINAL DOCUMENT
10/19/2022 11:35:37 AM
89056

Commonwealth of Kentucky
Court of Justice *www.courts.ky.gov*



**RANDOM JUDGE ASSIGNMENT**

**FRANKLIN COUNTY**

Court: Franklin County Circuit Court [FCCC]

Case Style: JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN
COLLEGE ET AL

Case Number: 22-CI-00765

This case has been HON. PHILLIP J. SHEPHERD [648260]
assigned to:

**Amy Feldman, Franklin Circuit Clerk**
**9/30/2022 3:42:18 PM**



**Commonwealth of Kentucky**
**Amy Feldman, Franklin Circuit Clerk**

NOT ORIGINAL DOCUMENT
10/19/2022 11:35:38 AM
89056

| Case #: **22-CI-00765** | Envelope #: **5103332** |
|---|---|
| Received From: **KYLE THOMPSON** | Account Of: **KYLE THOMPSON** |
| Case Title: **JONES, WILLIAM ANDREW ET AL VS. GEORGETOWN COLLEGE ET AL** | Confirmation Number: **150689669** |
| Filed On **9/30/2022  1:31:51PM** | |

| # | Item Description | Amount |
|---|---|---|
| 1 | Court Facilities Fee | $25.00 |
| 2 | Access To Justice Fee | $20.00 |
| 3 | Money Collected For Others(Court Tech. Fee) | $20.00 |
| 4 | Money Collected For Others(Attorney Tax Fee) | $5.00 |
| 5 | Library Fee | $3.00 |
| 6 | Civil Filing Fee | $150.00 |
| 7 | Charges For Services(Jury Demand / 12) | $70.00 |
| | **TOTAL:** | $293.00 |