Filed        22-CI-00765    09/30/2022    Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

# COMMONWEALTH OF KENTUCKY
## FRANKLIN CIRCUIT COURT
### DIVISION _____
CIVIL ACTION NO. _____
Electronically Filed

**WILLIAM A. JONES**                                                 **PLAINTIFFS**

**And**

**AMY R. JONES**

**And**

**ANNALISE JONES**

**And**

**THOMAS JONES, JR.**

**And**

**GRACE JONES**

**And**

**W.J., II, A MINOR CHILD**

**And**

**H.J., A MINOR CHILD**

**And**

**A.J., A MINOR CHILD**

1

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000001 of 000079

EXHIBIT
C

VS.

**GEORGETOWN COLLEGE**                                    **DEFENDANTS**
  *Serve Via Personal Service of Sheriff*
  *C. David Wilhite*
  *400 East College Street*
  *Georgetown, Kentucky 40342*
**And**

**BOARD OF TRUSTEES OF GEORGETOWN COLLEGE**
  **In their Official, Corporate Structure**
  *Serve Via Personal Service of Sheriff*
  *Chairman of the Board, Robert Mills*
**And**

**ROSEMARY A. ALLEN, Individually and in her Official Capacity as**
  **President of Georgetown College**
  *Serve Via Personal Service of Sheriff*

**And**

**JOHNATHAN SANDS WISE, Individually and in his Official Capacity as**
  **Provost and Executive Vice President of Georgetown College**
  *Serve Via Certified U.S. Mail*

**And**

**JOHN DAVIS, Individually and in his Official Capacity as**
  **Senior Vice President of Advancement of Georgetown College**
  *Serve Via Certified U.S. Mail*

**And**

**CURTIS SANDBERG, Individually and in his Official Capacity as**
  **Vice President of Student Life of Georgetown College**
  *Serve Via Certified U.S. Mail*

**And**

**SALLY WIATROWSKI, Individually and in her Official Capacity as**
  **Vice President for Business Operations of Georgetown College**
  *Serve Via Certified U.S. Mail*

2

Filed     22-CI-00765     09/30/2022     Amy Feldman, Franklin Circuit Clerk

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000002 of 000079

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

**And**

**DAVE ADKISSON, Individually and in his Official Capacity as**
     **Board Member and Former Board Chairperson of Georgetown College**
     *Serve Via Certified US Mail*

**And**

**DR. BOB BAKER, Individually and in his Official Capacity as**
     **Board Member of Georgetown College**
     *Serve Via Certified US Mail*

**And**

**TUCKER BALLINGER, Individually and in his Official Capacity as**
     **Board Member of Georgetown College**
     *Serve Via Certified US Mail*

**And**

**DR. JOHN BLACKBURN, Individually and in his Official Capacity as**
     **Board Member of Georgetown College**
     *Serve Via Certified US Mail*

**And**

**GRANETTA BLEVINS, Individually and in her Official Capacity as**
     **Board Member of Georgetown College**
     *Serve Via Certified US Mail*

**And**

**TRACEY CLARK, Individually and in her Official Capacity as**
     **Board Member of Georgetown College**
     *Serve Via Certified US Mail*

**And**

**SHARON CLIFTON, Individually and in her Official Capacity as**
     **Board Member of Georgetown College**
     *Serve Via Certified US Mail*

**And**

3

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000003 of 000079

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

**JOHN COCHENOUR, Individually and in his Official Capacity as**
    **Board Member of Georgetown College**
*Serve Via Certified U.S. Mail*

And


**NICOLE COLLINSON, Individually and in her Official Capacity as**
    **Board Member of Georgetown College**
*Serve Via Certified U.S. Mail*

And


**JANE CUTTER, Individually and in her Official Capacity as**
    **Board Member of Georgetown College**
*Serve Via Certified U.S. Mail*

And


**KENNY DAVIS, Individually and in his Official Capacity as**
    **Board Member of Georgetown College**
*Serve Via Certified U.S. Mail*

And


**VICKIE GLISSON, Individually and in her Official Capacity as**
    **Board Member of Georgetown College**
*Serve Via Certified U.S. Mail*

And


**JOHN DOE, Individually and in his Official Capacity as**
    **Board Member of Georgetown College**
*Serve Via Certified U.S. Mail*

And


**WILLIAM J. HOUSTON, Individually and in his Official Capacity as**
    **Board Member of Georgetown College**
*Serve Via Certified U.S. Mail*

And

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000004 of 000079

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

Filed                22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

**MELANIE LADD, Individually and in her Official Capacity as**
    **Board Member of Georgetown College**
    *Serve Via Certified US. Mail*

And


**DAVID LEE, Individually and in his Official Capacity as**
    **Board Member of Georgetown College**
    *Serve Via Certified US. Mail*

And


**MIKE LUKEMIRE, Individually and in his Official Capacity as**
    **Board Member of Georgetown College**
    *Serve Via Certified US. Mail*

And


**MISSY MATTHEWS, Individually and in her Official Capacity as**
    **Board Member of Georgetown College**
    *Serve Via Certified US. Mail*

And


**ROBERT L. MILLS, Individually and in his Official Capacity as**
    **Chairman of the Board of Trustees of Georgetown College**
    *Serve Via Certified US. Mail*

And


**JUDGE GERALD PARKER, Individually and in his Official Capacity as**
    **Board Member of Georgetown College**
    *Serve Via Certified US. Mail*

And


**MICHELLE PEDIGO, Individually and in her Official Capacity as**
    **Board Member of Georgetown College**
    *Serve Via Certified US. Mail*

And


Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : **000005 of 000079**

5

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

**FRANK PENN, Individually and in his Official Capacity as**
    **Board Member of Georgetown College**
    *Serve Via Certified U.S. Mail*

**And**

**JOHN TRAVIS, Individually and in his Official Capacity as**
    **Board Member of Georgetown College**
    *Serve Via Certified U.S. Mail*

**And**

**HON. J. GUTHRIE TRUE, Individually and in his Official Capacity as**
    **Board Member of Georgetown College**
    *Serve Via Certified U.S. Mail*

**And**

**JOHN WARD, Individually and in his Official Capacity as**
    **Board Member of Georgetown College**
    *Serve Via Certified U.S. Mail*

**And**

**MEOCHA WILLIAMS, Individually and in her Official Capacity as**
    **Board Member of Georgetown College**
    *Serve Via Certified U.S. Mail*

**And**

**SARAH WILSON, Individually and in her Official Capacity as**
    **Board Member of Georgetown College**
    *Serve Via Certified U.S. Mail*

**And**

**NORM BROWN, Individually and in his Official Capacity as a**
    **Former Board Member of Georgetown College**
    *Serve Via Certified U.S. Mail*

6

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000006 of 000079

Filed          22-CI-00765     09/30/2022     Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

And

**KAPPA ALPHA ORDER- SOCIAL FRATERNITY**
   115 Liberty Hall Road, Lexington, Virginia 24450
   *Serve Larry Stanton Weise, Executive Director of National Organization*
   *Serve Via Certified US. Mail*

---

## COMPLAINT AND JURY DEMAND

---

NOW COMES THE PLAINTIFFS, Mr. William A. Jones, Mrs. Amy R. Jones, Ms. Annalise Jones, Ms. Thomas Jones, Jr., Grace Jones, W.J. II, a minor child, H.J., a minor child, and A.J., a minor child, by and through counsel, and for their Complaint and Jury Demand against the above-named Defendants, hereby state as follows:

### INTRODUCTION TO CASE AND ISSUES

I. Plaintiff William A. Jones ("Mr. Jones") spent the better part of the last two (2) decades working in various executive positions at institutions of higher learning in four (4) states. Mr. Jones' success in this line of work was notable and has propelled him into presidential positions at two (2) colleges including, most recently, at Georgetown College in Georgetown, Kentucky.

2. During his tenure as President of Georgetown College, Mr. Jones helped the College achieve its fundraising goals, increased alumni and employee participation in financial giving to the College, greatly improved enrollment and retention rates at the College, and secured funding for development projects concerning upgrades to critical campus facilities-all while shepherding the College, students and faculty, and an entire community through a global pandemic and the crises, confusion, and uncertainties it engendered.

7

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

COM : 000007 of 000079

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

3. While President of Georgetown College, Mr. Jones was able to financially suppo1t his wife and the six (6) children they share together. By all accounts, Mr. Jones' future was bright and promised continued, gainful employment at institutions of higher education and beyond for many years into the future.

4. Then came the weekend of October 30, 2021, through Tuesday, November 2, 2021, when Defendants wrongfully destroyed Mr. Jones' life and future.

5. In October and November of 2021, Mr. Jones was falsely accused of sexual assault by a former colleague. An investigation into her allegations was conducted by law enforcement personnel and cleared Mr. Jones of any wrongdoing.  In fact, Mr. Jones was noted to be 'exceptionally cleared'. [1]

6. But the fact that Mr. Jones has been cleared of any criminal conduct by independent arbiters did not matter, because he had already been convicted by Georgetown College, the Board of Trustees of Georgetown College, the individually named Defendants herein, and the media.

7. As a result of Defendants' malicious statements and actions, Mr. Jones has been falsely labeled a criminal, a sexual predator, a threat to those around him, and unfit to continue practicing in his chosen profession. Mr. Jones is now a pariah within his own community and that of his former peers'-communities which once held Mr. Jones in high regard. Mr. Jones' opportunity for future, gainful employment was once abundant; they are now nil.

---

[1] January 6, 2022, report of Detective Jason Bockting, Sex Crimes Unit–2235, Indianapolis Metropolitan Police Department. "…[t]he case with William Jones has been no filed under 49-NC2201-2104250… 1wi ll be closing my case today. Thanks. Jason" Email to Attorney Jennifer Lukemeyer, 12: 13 PM, January 6, 2022.

8

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

COM : 000008 of 000079

Filed          22-CI-00765     09/30/2023          Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

8. Mr. Jones' life and reputation and that of his family, including his wife and children have been irreparably damaged, and Mr. Jones and his family are entitled to be compensated for Defendants' intentional and wrongful conduct including compensatory and punitive damages for all the reputational, mental, emotional, and professional damage caused and for the economic hardship that Mr. Jones and his family will face moving forward. In addition, Georgetown College, by and through its President, Rosemary Allen, should issue a public apology for its wrongdoing.

9. Mr. Jones' wife lost her own job due to the unlawful termination of her husband. She has been made an outcast in the community that she had just begun to call home. She is unable to live, attend events, or even worship without the fear of retribution. She is in constant fear for her current and future livelihood and the safety of her six (6) children, two (2) of whom are adopted and of African American descent.

10. In addition to the horrendous and inexcusable statements regarding Mr. Jones and the utterly false claim regarding his propensity for sexual misconduct or violence, Mr. Jones' daughter, Annalise Jones, a plaintiff herein, was subjected to the vilest and most disgusting and racist actions towards her by the College, its agents and employees. Kappa Alpha Order, a national social fraternity founded by four (4) former Confederate soldiers in 1865, with a notorious and historically racist past, discussed amongst their members a plan to assault and gang rape her on the Civil War era cannon located in front of their campus 'house'. Instead of offering to protect Ms. Jones from continued harassment, in an unfathomable, epically insensitive, and uncivil move, Georgetown College issued 'No Contact Orders' **on Ms. Jones** to not have any contact with the very young men that threatened to do her harm, as if she herself had committed some crime. Georgetown College went so far as to threaten to prosecute her with

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000009 of 000079

Filed          22-CI-00765     09/30/2022          Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

'disciplinary action' should she violate, even inadvertently, these ridiculous orders that were put into place after she was threatened with sexual assault. The fraternity was suspended (not expelled) for a four (4) year term from Georgetown College's campus. Yet, Plaintiff Jones experienced great pressure applied to him to allow Kappa Alpha Order to return much sooner, if not immediately with a rescission from Mr. Jones, as President of Georgetown College, of the disciplinary action taken against the fraternity. Since that time, Ms. Annalise Jones' life has been an absolute living nightmare. She has been called racial slurs. She has been called 'the rapist's' daughter'. She has been forced to await security escorts to and from class and the library (sometimes waiting for more than one hour due to the college's unwillingness to provide her timely security) many evenings for the last two (2) years. She is forever damaged by the cruel, utterly racist, and inhumane treatment by the College, its agents and representatives, and the Georgetown College Chapter of Kappa Alpha Order that harken back to an age prior to the Civil Rights Act.

11. Mr. Jones' other children have also been scarred and damaged by the physical and emotional trauma inflicted upon their father and by extension their siblings and themselves. One child, a now fifteen (15) year old, H.J., a plaintiff herein, has as recently as the week of September 20, 2022, been assaulted on the grounds of her local high school, to the point of serious physical injury by a gang of twenty (20) teenage girls. This child has also, unsurprisingly, suffered irreparable extreme emotional distress that has threatened her life on multiple occasions, all as a direct and proximate result of the unlawful and wrongful actions by Georgetown College, its agents, representatives, the students on its campus, and the associated members of the community that have rallied around the school. Unfortunately, each of these supporters have been oblivious to the fact that the disgusting allegations broadcast worldwide

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000010 of 000079

Filed                    22-CI-00765      09/30/2022   Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

against Mr. Jones were baseless and false.  The College has known and does know that they did not follow mandatory state and federal laws regarding the complaint process, the investigation, the production of findings, the allowance of a public hearing, and completely ignored the four (4) corners of the employment contract with Mr. Jones.  Instead, the College, by and through its various agents and employees, chose to defame and malign Mr. Jones and his family as outcasts and deviants that needed to be shunned, beaten, cat-called, and destroyed from the inside of their souls to their personal and professional beings, without even a scintilla of evidence that Mr. Jones committed any act alleged by the College in violation of his contract.

12. And, in one more assault upon the rules of decency, Georgetown College, in an attempt to quickly terminate Mr. Jones, very likely due to outside pressures and growing evidence of a criminal conspiracy by two (2) women attempting to unlawfully defraud the College, alleged that a consensual intimate relationship with a colleague was the purpose of his firing because of the school's 'Christian values'.  Unfortunately, this argument and position is a red herring for two (2) separate but important reasons:

First, Plaintiffs and their counsel have evidence that Georgetown College knew of Mr. Jones' consensual relationship for more than eighteen (18) months prior to Jones' termination and allowed for tacit approval of the same as the result of an economic decision, based on Plaintiff Jones' successes in meeting, and in many cases, wildly exceeding fundraising and enrollment goals that had been previously set by the Board of Trustees, during what can only be described as the most tumultuous time in history for higher education. And, thus, the College, with full knowledge of the relationship, looked the proverbial other way because of the financial impact Plaintiff Jones was having on the College and the community of Georgetown.

11

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000011 of 000079

Filed          22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk
NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

And second, as much Georgetown College wants to espouse its 'Christian values' a quote from the illustrious and prolific author Voltaire comes to mind when considering such a bold characterization of their institution, when he wrote, "The Holy Roman Empire was in no way holy, nor Roman, nor an empire ..." The same is very much true of Georgetown College.  It is not, and has not been for some time, an institution of higher education that has been considered to act, regularly, in a Christ-like manner.

In fact, in 2005, the College cut ties with the Baptist Church with its President at the time stating:

> "From my point of view, it was about academic freedom," stated
> President Crouch, "I sat for 25 years and watched my
> denomination become much more narrow and, in terms of
> education, much more interested in indoctrination." **The New
> York Times,** <u>Feeling Strains Baptist Colleges Cut Ties,</u> July 22,
> 2006.

All of this was in response to the head of the Kentucky Baptist Convention, Dr. Hershael W. York asking Georgetown College, one of the oldest and most-established Christian education providers in the Commonwealth of Kentucky, to consider hiring a professor that would teach a literal interpretation of the Bible ... an actual fundamental bedrock foundation of the Baptist denomination.  And for that simple request, Georgetown College, in what can only be described as the beginning of a downward secular spiral, marked by a pattern of conduct over the last seventeen (17) years that have led us to the point where the school now takes positions on social issues that may be considered consistent with a biblical worldview. Yet at the same time, Georgetown College is willing to subject an employee and his family to harm and injury, both personal and financial, that reached levels equivalent to a public flogging and banishment from society because he himself is an accused sinner. He just happens to be one that should not be given any grace, as his sins are deemed to weigh greater than the very blasphemy that now spews

12

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

COM : 000012 of 000079

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

from this campus.[2] Thus, he should not be able to work, provide for his family, be present on campus at any time even while his daughters are active students at the College (because of what the College told students was an effort to protect them from violence), they are allowed to permanently damage his children, and destroy their lives, and forever tarnish their family's name. Yet, ***none of the statements and allegations made by Georgetown College in their numerous press releases and interviews given, that were viewed 457,433,146 unique times, just on the top thirty (30) websites on Google alone, in a two (2) day period from 12:01 A.M. on November 1, 2021 until 11:59 P.M. on November 2, 2021, were true.[3] Emphasis added.*** The Executive Administration, the Board of Trustees, and Kappa Alpha Order fraternity effectively created a living hell of lies and virulent hate on this self-proclaimed pious campus, that then spread like the very fires from the inner circle of Dante's inferno, to the farthest reaches of the earth, with one-sixteenth (1/16[th]) of the entire world's population being subjected to the unabashed lies and falsehoods proclaimed by the College in just forty-eight (48) hours. For these many reasons, Mr. William Jones, his wife, and his children have decided to file this lawsuit and seek non-monetary, compensatory financial, and punitive damages from all Defendants named herein.

## PARTIES

13. At all times relevant hereto, the Plaintiff, William Jones has resided in Georgetown, Scott County, Kentucky.

---

[2] From the College's own statement of Faith: "Faculty, staff and students are called to embrace their role in our community, which is characterized by God's redemptive grace for all people and traditions." ***Georgetown College Website;*** www.georgetowncollege.edu, ***Statement of Purpose.***

[3] Counsel used the 'internet archive' (https://archive.org) as a database resource and http://www.similarweb as corroboration of web traffic to these pages on those dates and also took into account the daily average readership of these website front pages for the year 2021.

13

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000013 of 000079

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

14. At all times relevant hereto, the Plaintiff, Amy R. Jones has resided in Georgetown, Scott County, Kentucky and has been married to William Jones.

15. At all times relevant hereto, the Plaintiff, Annalise Jones has resided in Georgetown, Scott County, Kentucky and is the daughter of Plaintiffs William Jones and Amy R. Jones.

16. At all times relevant hereto, the Plaintiff, Thomas Jones, Jr., has resided in Georgetown, Scott County, Kentucky and is the son of Plaintiffs William Jones and Amy R. Jones.

17. At all times relevant hereto, the Plaintiff, Grace Jones has resided in Georgetown, Scott County, Kentucky and is the daughter of Plaintiffs William Jones and Amy R. Jones.

18. At all times relevant hereto, the Plaintiff, W.J. II, a minor child, has resided in Georgetown, Scott County, Kentucky and is the son of Plaintiffs William Jones and Amy R. Jones.

19. At all times relevant hereto, the Plaintiff, H.J., a minor child, has resided in Georgetown, Scott County, Kentucky and is the daughter of Plaintiffs William Jones and Amy R. Jones.

20. At all times relevant hereto, the Plaintiff, A.J., a minor child, has resided in Georgetown, Scott County, Kentucky and is the daughter of Plaintiffs William Jones and Amy R. Jones.

21. At all times relevant hereto, Defendant Georgetown College ("Georgetown College" and/or "College") was a private college, chartered in 1829 by the Kentucky General Assembly as the first Baptist College west of the Appalachian Mountains, formally organized under the laws

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000014 of 000079

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

of the Commonwealth of Kentucky as a non-profit Kentucky corporation. Georgetown College maintains its principal place of business at 400 East College Street, Georgetown, Kentucky 40324, and can be served with process through its registered agent for service of process, Mr. C. David Wilhite, 400 East College Street, Georgetown, Kentucky 40324.

22. The Defendant, the Board of Trustees of Georgetown College (the "Board" or "Board of Trustees"), is an entity tasked with fiduciary oversight over Georgetown College including the hiring and firing of the President of the College, serves as the College's fundraising arm, and is responsible for setting the College's mission and institutional policy.

23. Defendant Rosemary A. Allen ("Defendant Allen") is and was at all times relevant hereto Acting President and/or President of Georgetown College, and authorized agent and/or employee of the College, and a citizen and resident of the Commonwealth of Kentucky.

24. Defendant Jonathan Sands Wise ("Defendant Wise") is and was at all times relevant hereto Provost and Executive Vice President of Georgetown College, an authorized agent and/or employee of the College, and a citizen and resident of the Commonwealth of Kentucky.

25. Defendant John Davis ("Defendant Davis") is and was at all times relevant hereto Senior Vice President of Advancement for Georgetown College, an authorized agent and/or employee of the College, and a citizen and resident of the Commonwealth of Kentucky.

26. Defendant Curtis Sandberg ("Defendant Sandberg") is and was at all times relevant hereto Vice President of Student Life of Georgetown College, an authorized agent and/or employee of the College, and a citizen and resident of the Commonwealth of Kentucky.

27. Defendant Sally Wiatrowski ("Defendant Wiatrowski") is and was at all times relevant hereto Vice President for Business Operations of Georgetown College, an authorized

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000015 of 000079

Filed        22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

Filed          22-CI-00765      09/30/2022      Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

agent and/or employee of the College, and a citizen and resident of the Commonwealth of
Kentucky.

28. Defendant Robert L. Mills ("Defendant Mills") is and was at all times relevant hereto
Chairman of the Board of Trustees of Georgetown College, an authorized agent and/or employee
of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

29. Defendant Granetta Blevins ("Defendant Blevins") is and was at all times relevant
hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or
employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of
Kentucky.

30. Defendant Dave Adkisson ("Defendant Adkisson") is and was at all times relevant
hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or
employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of
Kentucky.

31. Defendant Dr. Bob Baker ("Defendant Baker") is and was at all times relevant hereto
a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee
of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

32. Defendant Tucker Ballinger ("Defendant Ballinger") is and was at all times relevant
hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or
employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of
Kentucky.

33. Defendant Dr. John Blackburn ("Defendant Blackburn") is and was at all times
relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent

16

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000016 of 000079

Filed          22-CI-00765    09/30/2022    Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

and/or employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

34. Defendant Tracey Clark ("Defendant Clark") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

35. Defendant Sharon Clifton ("Defendant Clifton") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the State of Florida.

36. Defendant John Cochenour ("Defendant Cochenour") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the State of Washington.

37. Defendant Nicole Collinson ("Defendant Collinson") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

38. Defendant Jane Cutter ("Defendant Cutter") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

39. Defendant Kenny Davis ("Defendant Davis") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

17

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000017 of 000079

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

40. Defendant Vickie Glisson ("Defendant Glisson") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

41. Defendant John Doe ("Defendant Doe") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

42. Defendant William J. Houston ("Defendant Houston") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

43. Defendant Melanie Ladd ("Defendant Ladd") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the State of Tennessee.

44. Defendant David Lee ("Defendant Lee") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

45. Defendant Mike Lukemire ("Defendant Lukemire") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the State of Ohio.

46. Defendant Missy Matthews ("Defendant Matthews") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or

18

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000018 of 000079

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

47.  Defendant Judge Gerald Baker ("Defendant Baker") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

48.  Defendant Michelle Pedigo ("Defendant Pedigo") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

49.  Defendant Frank Penn ("Defendant Penn") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

50.  Defendant John Travis ("Defendant Travis") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

51.  Defendant Hon. J. Guthrie True ("Defendant True") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000019 of 000079

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

52. Defendant John Ward ("Defendant Ward") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

53. Defendant Meocha Williams ("Defendant Williams") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

54. Defendant Sarah Wilson ("Defendant Wilson") is and was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

55. Defendant Norm Brown ("Defendant Brown") was at all times relevant hereto a member of the Board of Trustees of Georgetown College, an authorized agent and/or employee of the College's Board of Trustees, and a citizen and resident of the Commonwealth of Kentucky.

56. Defendant Kappa Alpha Order - Social Fraternity is and was at all times relevant hereto a national fraternal organization founded in December 1865 in the Commonwealth of Virginia. The Beta Delta Chapter was founded on February 11, 1904, at Georgetown College. It boasts one thousand two hundred and twenty-nine (1,229) alumni members. The national organization currently has 103 active chapters across the country on college campuses, 3 provisional chapters, and 53 currently suspended chapters (including the Beta Delta Chapter at Georgetown College). Kappa Alpha Order was incorporated on April 5, 1907, under the laws of the Commonwealth of Virginia as a 'Non-Stock Corporation' and its principal place of business and corporate offices are located at Mulberry Hill, 115 Liberty Hall Road, Lexington, Virginia

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000020 of 000079

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

24450-0000. The corporation's agent for service of process is Larry Stanton Weise, Executive

Director of the National Organization.  The fraternity claims to have one hundred and fifty

thousand (150,000) initiated members nationwide. At all relevant times, there were four (4)

members of the Board of Trustees for Georgetown College that were alumni members of Kappa

Alpha Order; to wit: Defendant Tucker Ballinger, Defendant Kenny Davis, Defendant William J.

Houston, and Defendant Norm Brown.  In addition, Board of Trustee member and Defendant,

Granetta Blevins, as discussed hereinbelow was the vocal suppo11 for Kappa Alpha Order on the

Board of Trustees, and is married to Al Davis, a Kappa Alpha Order Alumnus.

Multiple individual Defendants withdrew pledged funding (in at least two (2) separate

instances, one million dollars ($1,000,000.00 in planned giving) to Georgetown College in

response to the disciplinary action against Kappa Alpha Order on the College's campus to

attempt to pressure the College to rescind the well-earned and deserved discipline from

Georgetown College.

## JURISDICTION & VENUE

57. All Plaintiffs hereby adopt and reiterate each allegation set forth above as if fully set

forth herein.

58. All the acts, omissions, and/or conduct of the Defendants complained of herein

occurred and/or were performed in the Commonwealth of Kentucky.  However, the damage

caused by the defamation of the Plaintiff, and ultimate emotional and physical and financial

damages to Jones and his family occurred and were broadcast in every corner of the

Commonwealth of Kentucky, including all one hundred and twenty (120) counties via multiple

state, national, and international news websites, social media, television, radio, and print media

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

COM : 000021 of 000079

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

including in Franklin County, Kentucky.  Further, the Defendant, Georgetown College was

created by legislative act of the Kentucky General Assembly, as such venue is proper.

59. Also, venue is proper in this Court pursuant to Kentucky Revised Statutes § 452.450,

452.460, and all other applicable law.

60. Jurisdiction lies in this Court pursuant to KRS § 23A.010 because this matter is not

vested in some other court and Mr. Jones has suffered damages in an amount exceeding the

jurisdictional limits of this Court and seeks recovery thereof herein.

## FACTS PERTINENT TO ALL CLAIMS

61. All Plaintiffs hereby adopt and reiterate each allegation set forth above as if fully set

forth herein.

62. Mr. Jones dedicated his entire life's professional pursuits to higher education. As

such, Mr. Jones, and ultimately his family, committed their lives over the last two (2) decades to

the goal of educating and training college students and bettering higher education throughout the

United States.

63. At the time that he was aggressively recruited to become the twenty-fifth (25th)

President of Georgetown College in June 2019, Mr. Jones had already spent three (3) years

working as the president of another small private liberal arts college in Bethany, Kansas and had

more than a decade worth of experience in executive and administrative governance from his

work for two (2) other colleges in Indiana and Georgia.

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

COM : 000022 of 000079

Filed        22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

64. Mr. Jones' commitment to hard work and his history of success in these prior positions earned him undeniable respect within and outside his professional and personal communities.

65. After months of recruitment, negotiations, and an extensive interview process and background-check, Mr. Jones was offered the position of President of Georgetown College by the College's Board of Trustees.

66. On June 28, 2019, Mr. Jones executed his employment agreement with Georgetown College, and, on July 1, 2019, he formally assumed the position of President of the College.

67. Early in his tenure, Mr. Jones believed that Georgetown College was an excellent fit for both him and his family; professionally, Mr. Jones also felt his work as President for the College represented a significant opportunity for him to continue to advance his long-term career goals.

68. While the first nine (9) months of Mr. Jones' term as President of Georgetown College proceeded smoothly, in March of 2020, the arrival of a global pandemic brought unprecedented challenge and uncertainty to the College, its students and faculty, and to Mr. Jones as President, not to mention the world at large.

69. But Mr. Jones remained steadfast in his work. Despite ongoing impacts of and crises driven by the pandemic, federal and state government requirements instituted by the United States President, the Governor of the Commonwealth, and the Kentucky State Legislature, Mr. Jones, unbelievably helped lead Georgetown College forward by welcoming the then-largest incoming freshman class of students in the College's history in the Fall of 2020. Mr. Jones also continued engaging with members of the community, the Commonwealth, and alumni

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

COM : 000023 of 000079

Filed        22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

throughout the world to help the College surpass its yearly fundraising goals; worked with state
and federal partners to secure millions of dollars in emergency funding and grants; and even
participated in negotiations with local financial institutions, including Fifth Third Bank to secure
their forgiveness of millions of dollars of the College's outstanding debt obligations on short-
term loans.  As a result, Plaintiff Jones received two (2) stellar annual reviews by the Board of
Trustees; the second being just months prior to his termination.

70. As 2020 slowly began to turn the calendar page to the year 2021, however,
Georgetown College and its leadership found themselves embroiled in a number of controversies
concerning student life on campus that would ultimately impact the Defendants' attitude
concerning Mr. Jones.

71. One particular incident occurred in the Fall of 2020 and involved Kappa Alpha Order
social fraternity that was the subject of a student-lodged complaint accusing the fraternity of
hazing, harassment, and other serious misbehavior inconsistent with Georgetown College's code
of conduct.

72. During an investigation into the above referenced complaint regarding Kappa Alpha
Order's alleged conduct, a number of messages sent in a group messaging app by some members
of the fraternity were brought to the attention of campus authorities. In one such message thread,
communications were discovered that confirmed proof of the allegations of hazing, harassment,
and other prohibited conduct described in the complaint initially lodged against the fraternity.

73. In addition, in multiple messages discovered in the investigation also included
statements, suggestions, and/or depictions of racially motivated violence, racially and sexually
derogatory language and images, and some messages that even explicitly encouraged and/or

Filed                22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

applauded acts of sexual aggression and violence against Plaintiff, Annalise Jones, on Georgetown College's campus.

74. Mr. Jones' own daughter, who is adopted and of African American descent, was a student at Georgetown College in the Fall of 2020, and was one of the specific female students identified in the fraternity's sexually derogatory, disgustingly racist, aggressive, and/or violent messages. The messages concerning his daughter deeply concerned and disturbed both Mr. Jones and his wife, so much so that they considered reporting the issue to law enforcement before deciding to allow the College's investigation to proceed instead.

75. However, once Mr. Jones was made aware of the text messages concerning his daughter, Mr. Jones made the decision to recuse himself from the ongoing investigative and disciplinary process concerning Kappa Alpha Order social fraternity and any of its members.

76. Mr. Jones detailed the reasoning of his recusal to the administrators of the College and the Board of Trustees, and he explicitly informed members of the Board of Trustees of the sexually violent, abhorrently racist, derogatory, and explicit text messages against his daughter via email when explaining his decision to recuse himself from the disciplinary process. In short, Mr. Jones did not want his own emotions and position as a father of a threatened college student to prejudice any decision made by Georgetown College.

77. Upon information and belief currently within the possession of the Plaintiffs and his undersigned counsel, Defendant Blevins and Defendant members of the Board of Trustees, received the email wherein Mr. Jones explained the reason for his recusal was the text messages that had been uncovered which explicitly encouraged and/or applauded acts of sexual aggression

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000025 of 000079

Filed          22-CI-00765       09/30/2022       Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

and violence against his daughter, and at all times relevant hereto Defendant Blevins led multiple Board of Trustee members to act with full knowledge of that fact.

78. As a direct result of his recusal, Mr. Jones was not involved in the decision-making process concerning the nature or extent of the discipline to be meted out to either the fraternity or specific members of the fraternity. But, as President of Georgetown College, Mr. Jones believed it was impo1tant to publicly suppo1t the disciplinary actions and decisions being made by the administrators in charge of the investigation and disciplinary process.

79. Although significantly beyond their operational mandate as Georgetown College's Board of Trustees, multiple members of the Board were in fact vocally in opposition of any potential and eventual discipline delivered to the fraternity and a number of its members and, on multiple occasions, actively attempted to interfere in the disciplinary process.

80. In fact, many influential members of the Board with close personal, collegiate, or familial ties to Kappa Alpha Order social fraternity were absolutely enraged about the disciplinary actions taken, and they eventually took that rage out on Mr. Jones.

81. Defendant Blevins and multiple members of the Board of Trustees were among the group of individual board members with close personal, collegiate, and/or familial ties to Kappa Alpha Order social fraternity, did not support the disciplinary process or actions taken, and were outraged with Mr. Jones over discipline received by the organization for hazing pledges and threatening to sexually assault and gang rape female students including the President's very own daughter.

82. These members of the Board, led by Defendant Blevins and multiple other members of the Board of Trustees, repeatedly demanded that Mr. Jones take steps to reverse the

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000026 of 000079

Filed          22-CI-00765       09/30/2022       Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

disciplinary decisions made by the administrators in charge of the investigation and disciplinary process and then, in a shocking example of tone deafness to the world surrounding them and the reality of the violent, racist, and sexual threats made by members of Kappa Alpha Order social fraternity members, demanded that Mr. Jones personally make amends with the fraternity and/or its members and alumni.

83. This influential group of disgruntled Trustees, led by Defendant Blevins, allowed their rage over Mr. Jones' refusal to acquiesce to their demands, and their own conflicts of interest, to develop into personal vendettas against Mr. Jones. These vendettas would undergird a year's worth of meddling by certain members of the College's Board of Trustees in day-to-day administration of the College, a year's worth of retaliation against Mr. Jones and, eventually, the motivating factor for some of the Board members' malicious, intentional, and wrongful conduct to ultimately terminate Mr. Jones and then provide slanderous and libelous statements regarding Mr. Jones to the furthest reaches of the globe.

84. Defendant Blevins led a group of Board of Trustee members to initiate a malicious, intentional, and targeted campaign against Mr. Jones for the sole purpose of inflicting severe emotional and mental distress upon him; all while knowing that Mr. Jones' own daughter was the target of racist, violent, sexually derogatory and sexually aggressive comments of members of this fraternity and, continued with this plan despite knowing how those text messages created a fear in Mr. Jones and his wife over the safety of their daughters on the campus of Georgetown College.

85. In September of 2021, Georgetown College and a number of administrative staff and/or faculty members were named as party-defendants in a highly publicized lawsuit brought by a former student following her violent attack and rape while on campus in 2018. The student's

27

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000027 of 000079

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

lawsuit alleged the College failed to take adequate steps to protect her and prevent the attack in the first place, and further accused the College and its administrators of creating a hostile environment by attempting to silence her after it became aware of her attack. These were allegations that Mr. Jones would not have believed to be true at the beginning of his term as President. But after, experiencing the incredibly awful and despicable treatment of his own family by these same Board members, Mr. Jones could understand the reasoning and logic behind the accusations. It must be noted that the incident that injured this female student (who will intentionally remain nameless to respect her privacy) happened more than a year before Plaintiff Jones and his family ever arrived in Georgetown, Kentucky for him to assume the role as the College's next President.

86. The lawsuit brought significant attention and scrutiny to Georgetown College, its Board of Trustees, administrators, faculty, and staff. And it left the College and its Board on high alert for any development or allegation that might renew that same level of scrutiny including, in particular, allegations concerning sexual misconduct, regardless of whether those allegations were true or false.

87. In summary, by Fall of 2021, Mr. Jones had descended out of favor with certain influential members of the Board of Trustees, while both the Board and the College were under continued intense scrutiny.

### *The False Allegations of Sexual Assault*

88. As President of Georgetown College, Mr. Jones regularly traveled within and outside of the Commonwealth to conduct the business of the College, sometimes alone and sometimes with other members of the College's Executive Cabinet, faculty, and/or Board of Trustees.

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000028 of 000079

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

89. One such trip provided a backdrop for false allegations of sexual assault and/or harassment levied against Mr. Jones by Hanna Kroskie, a now former employee of Georgetown College.

90. Specifically, on October 18, 2021, Mr. Jones and Ms. Kroskie, traveled together to Indianapolis, Indiana, to attend a black-tie fundraising event on the College's behalf.

91. Hanna Kroskie had never traveled with Mr. Jones on behalf of the College to a function before but Christy Mai, a colleague of Mr. Jones', specifically recommended that he take Ms. Kroskie on this trip.

92. Mr. Jones and Hanna Kroskie rode to and from the event together in the President's vehicle, but their hotel accommodations were entirely separate and booked in advance by an assistant to Mr. Jones.

93. On the evening of October 18, 2021, and over the course of three (3) or four (4) hours at the gala, Mr. Jones had minimal alcoholic beverages while socializing and at dinner.

94. After the event concluded, and the pair agreed that the event was wildly successful evening of donor relations and fundraising, Mr. Jones and Ms. Kroskie felt they had earned themselves a "night-cap" drink at their hotel, which was completely separate and miles apart from the event that they had attended. In fact, they saw no individuals that had been at the event after returning to their hotel.

95. Upon arriving at their hotel, Mr. Jones and Ms. Kroskie got a drink from the bar in the lobby and spent the next few hours chatting amongst themselves and with others over a few additional drinks.

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000029 of 000079

Filed                22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

96. By the time the hotel bar had closed for the evening, Mr. Jones believed he had possibly overindulged and needed to retire to his room.

97. Mr. Jones and Ms. Kroskie left the hotel lobby for their separate rooms at the same time but, because the alcohol was impacting his balance, Ms. Kroskie helped Mr. Jones to his room, with both parties laughing and joking down the hallway. When Mr. Jones entered his own hotel room, he promptly fell backwards onto the bed, fully clothed in his tuxedo at all times, before falling asleep.

98. Mr. Jones specifically recalls that Ms. Kroskie was thoughtful enough to leave a bottle of water in his hand before she freely and voluntarily exited his room without incident.

99. The morning after the event, Mr. Jones and Ms. Kroskie traveled back to Georgetown, Kentucky, together in the President's vehicle.[4] On their drive back, Mr. Jones recalls that he and Ms. Kroskie discussed the success of their evening the night before and eventually stopped at a restaurant for lunch before arriving back in Kentucky. During their ride home and their meal stop, both parties acted comfortably, carried on very casual conversations, and joked about how successful the trip had been. While at a lunch stop, Ms. Kroskie actually offered her leftover appetizer, a twice baked potato wedge to Mr. Jones.

100. After arriving home on the afternoon of October 19, 2021, and after Mr. Jones and Ms. Kroskie had already returned from their trip, Ms. Kroskie sent Mr. Jones a text message stating "[t]hanks for inviting me! Cheers to a successful visit" During the course of this brief

---

[4] It must be noted that Ms. Kroskie's family lives just one hundred and twenty (120) miles from Indianapolis in Fort Wayne, Indiana. If she feared for her safety and wellbeing as she untruthfully has claimed multiple times, she could have very easily contacted her mother and father to come and retrieve her from the Indianapolis hotel. Prior to Ms. Kroskie making the false accusations against Plaintiff Will Jones, nearly two (2) weeks later, her parents drove 185 miles to pick her up and take her back to Fort Wayne, Indiana.

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000030 of 000079

Filed                22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

conversation, initiated by Hanna Kroskie, Mr. Jones also asked for and received his colleague's consent to "tag" her in a picture from the event that was going to be posted on the College's social media page. That photograph was subsequently posted.

101. After the October 18, 2021, gala event in Indianapolis, Indiana, Mr. Jones and Ms. Kroskie comfortably worked alongside each other and with their co-workers at various College events.

102. Sometime, either prior to or after the October 18, 2021, trip to Indianapolis, unbeknownst to Mr. Jones, Hanna Kroskie and Ms. Christy Mai, a colleague at the College with whom Mr. Jones later admitted to having a multi-year consensual intimate relationship that predated his time at Georgetown College, concocted a plan to enrich themselves by falsely accusing Mr. Jones of sexual harassment with the goal of eventually pursuing fraudulent allegations of sexual assault, sexual harassment, and sexual misconduct against Mr. Jones and the College to obtain a large settlement. [5]

103. Prior to Mr. Jones becoming aware of any potential false allegations against him by Hannah Kroskie and Christy Mai, Ms. Mai recommended Ms. Kroskie for a promotion to Mr. Jones and further suggested that Ms. Kroskie's promotion should come with a pay raise and a vehicle, provided by the College.

104. On Saturday, October 30, 2021, Mr. Jones, his wife, Plaintiff Amy R. Jones, and Christy Mai met for dinner. At this dinner, Mr. Jones learned, for the first time, that Hanna

---

[5] Ms. Kroskie and Ms. Mai attempted to recruit other individuals, including Mr. Jones' own wife to join in their conspiracy to defraud Georgetown College. Those conversations, while at times in person, were also in hidden group text/chat messages that Mrs. Jones preserved once she became leery of the actions and behaviors of this devious pair and their plans. In one such exchange on her front porch, Ms. Mai told Mrs. Jones that if she would join their efforts, neither of them would "ever have to work another day in their life".

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

Kroskie had falsely accused him of sexually assaulting her on the October 18, 2021, trip to Indianapolis, Indiana.

I05. During this dinner, Christy Mai falsely accused Mr. Jones of sexually harassing her as well, and further disclosed her own intent as well as Hanna Kroskie's desires to mutate those false allegations into a civil lawsuit against the College to wrongfully receive settlement payments.

106. Upon information and belief, sometime on or near October 30, Hanna Kroskie traveled back to Indianapolis to file a false report of sexual assault and/or harassment against Mr. Jones with the Indianapolis Metropolitan Police Department, prompting an investigation into the allegations by that department.

107. At no time prior to October 30, 2021, was Mr. Jones aware of any allegations or potential allegations against him for sexual assault and/or harassment from any person at any time in his life.

I08. An important fact regarding Mr. Jones and Ms. Mai relationship is that while they were involved in a long-term intimate relationship with each other during their time at Georgetown College, that relationship was provably consensual and both Mr. Jones and Christy Mai were willing participants in this relationship. This characterization of the relationship is evidenced by literally thousands of texts, social media, and e-mail messages and communications exchanged between the parties, including unsolicited nude pictures from Ms. Mai to Mr. Jones, as well as perverse language and constant sexual innuendos sent by Ms. Mai during their relationship. In addition, Plaintiff Will Jones and his counsel are in possession of evidence that Ms. Mai surreptitiously and, perhaps unlawfully, used her own mother's credit card to further

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000032 of 000079

Filed            22-CI-00765       09/30/2022        Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

fuel this relationship with extended trips and gifts. In addition, at the time Mr. Jones was terminated by Georgetown College, Mr. Jones and his wife, Plaintiff Amy R. Jones, had physically separated and were planning on a dissolution of marriage, having already discussed the division of property and timesharing with their six (6) children.

I09. Christy Mai eventually pleaded with Mr. Jones to actually help her in her efforts to obtain a hefty financial settlement or six-month severance package from the College by lying about the consensual nature of their relationship and have him take the proverbial fall on her behalf. On the morning of October 31, 2021, through the course of several hours, and nearly a dozen telephone calls from Ms. Mai, she quite clearly alluded to the fact that she desired for Plaintiff, Mr. Jones to be untruthful in his response to a potential wrongful and fraudulent lawsuit she planned on filing against Georgetown College, in an effort to receive at least a six (6) month severance package.

110. Hanna Kroskie and Christy Mai's allegations of sexual assault and/or harassment against Mr. Jones are, unequivocally, false and no evidence has ever been put forth to substantiate their claims. In fact, the allegations of Ms. Kroskie, included in her falsified and perjured police report to the Indianapolis authorities, were summarily dismissed as untrue and Mr. Jones was 'exceptionally cleared' of all charges and allegations that allegedly happened during the October 18, 2021, trip to Indiana by the parties.

111. These allegations were concocted by Christy Mai and Hanna Kroskie as a part of a larger scheme, years in the making by Ms. Mai, for the purpose of pursuing fraudulent substantial financial gain at the expense of any institution of higher education at the eventual ruin of Mr. Jones, his personal and professional reputation, his ability to provide for his family financially and emotionally, and to destroy the lives of everyone within Mr. Jones' life's orbit.

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000033 of 000079

Filed            22-CI-00765       09/30/2022        Amy Feldman, Franklin Circuit Clerk

Filed                22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

At one point, during a private communication on October 30, 2021, Ms. Mai inquired as to the viability, enforceability, and amount of Mr. Jones' insurance policies on his life, which she later used in the same conversation as her impetus and reason to encourage Mr. Jones to end his life. All the while, Ms. Mai was scheming behind Mr. Jones' back to use the proceeds of his life insurance, after his timely death, to provide for her, her children, and Mrs. Jones, and her children. This was clearly a diabolical and disgusting plan that was hatched by a person that is emotionally and mentally unstable and did not ever care for the wellbeing of Mr. Jones.

This was not the first time that Ms. Mai had threatened Defendant William Jones with litigation when she became angry and jealous with him. In one instance, evidenced by dozens of text messages sent from Ms. Mai in fast, successive, order after 1:00 A.M., all within the possession of Plaintiffs and counsel, Ms. Mai threatened to "Me Too" Plaintiff William Jones and that she would seek the assistance of other individuals to help her in her cause. This was a threat that became all too relevant months later when Ms. Mai actually did just that and went so far as to recruit Ms. Kroskie and even Defendant William Jones' wife to participate in the lawsuit. An offer that was declined by Plaintiff Amy R. Jones.

In addition, it must be noted, that Plaintiff William Jones was but one of numerous individuals that Ms. Kroskie wrongfully accused of sexual assault and harassment including the seventy plus (70+) year old wife of the Board of Trustees for Georgetown College, Bob Mills.

### *Defendants' Reaction to the False Allegations*

112. After becoming aware of Hanna Kroskie and Christy Mai's plan to falsely accuse him of sexual assault and/or harassment for monetary gain, Mr. Jones became increasingly

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000034 of 000079

Filed                22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

concerned about the impact of those allegations not only on his own life and family but also Georgetown College.

113. On October 31, 2021, Mr. Jones requested an emergency meeting with Defendant Bob Mills, the Chairman of the Board of Trustees, as well as Defendant J. Guthrie True, a Board of Trustees member, to inform them of the false allegations against him and of his consensual but regrettable relationship with Christy Mai.

114. During this October 31, 2021, meeting, Mr. Jones was advised by Defendant Mills that Mills had already received an "email complaint". He later informed Mr. Jones that this complaint involved and was submitted by Ms. Kroskie. Upon information and belief, Christy Mai, who had already told Mr. Jones of her plan to falsely accuse him of sexual assault and/or harassment to obtain a substantial financial settlement from the College, was the actual true author of the "email complaint" concerning the false allegations of Ms. Kroskie that were sent to Defendant Mills.

115. On November 1, 2021, Mr. Jones was again extensively questioned by multiple attorneys for the College about the false allegations and his consensual relationship with Christy Mai.

116. On November 1, 2021, the Executive Committee of the Board of Trustees voted to terminate Mr. Jones' contract of employment with Georgetown College. The decision of the Executive Committee was subsequently affirmed by the full Board within as little as twenty-four (24) hours after receiving the false accusations against Mr. Jones.

117. On November 2, 2021, Mr. Jones received an email from Attorney Cynthia Doll, outside counsel for the College, notifying him of the Board of Trustees' decision to terminate his

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000035 of 000079

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000036 of 000079

employment as President of the College. In this email, Mr. Jones was advised, among other things, that he was prohibited from contacting any member of the Board or any faculty, staff, employee, agent, contractor, donor, or student at the College, other than his own children who attended Georgetown College. Mr. Jones was also advised that he was prohibited from entering upon the College's premises or from attending any College event including any events which his daughters were participating in, that he had just four (4) hours to surrender keys to the President's home, which he and his family would need to immediately vacate, and that he and his family were required to move an entire home full of their belongings, including the thousands of pounds of medical equipment and supplies for Mr. Jones' son, Thomas Jones, Jr., a Plaintiff herein, who was required at the time to have dialysis and ongoing treatment at home due to a rare disease that detrimentally affects the human kidneys. It was a cruel and unnecessary requirement of all of the Plaintiffs who were in no way prepared for such an unconscionable demand without warning. In addition, the representatives of Georgetown College that demanded the family immediately leave the President's residence also demanded and bullied Mr. Jones to take down and delete all of his social media accounts or face possible legal action.

### *Defendants Publish False and Defamatory Statements Concerning Mr. Jones*

118. On November 2, 2021, the College, by and through Defendant Rosemary Allen, who was then 'Acting' President of the College, published the following statement, in relevant part, via email to the "Campus Community" including *al/* "Faculty, Staff, and Students":

**I need to share some painful news with you today. The following press release will shortly be released to the media:**

> The Board of Trustees of Georgetown College terminated the employment of William A. Jones as president of the College effective Monday, November I. Dr. Rosemary Allen, the College's

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

Provost, was named Acting President by the College's Board of Trustees.

On Sunday afternoon, October 31, the College was informed of allegations of a sexual assault of a female College employee, inappropriate behavior with another female employee, and other conduct in violation of Jones's employment agreement with the College. The College took immediate steps to investigate the allegations. The College has engaged outside counsel to continue the investigation.

Chairman of the Georgetown College Board of Trustees, Robert L. Mills, called a meeting of the Executive Committee of the Board for Monday morning, November 1.[6] The committee took immediate action to dismiss Jones. The full Board of Trustees affirmed the action of the Executive Committee at a meeting later on Monday.

Chairman Mills provided the following statement: "Georgetown College does not tolerate violence or misuse of authority. We hold our administrators, students and faculty to the highest standards of moral and ethical conduct. We are surprised and deeply disappointed by what we have learned. We will suppo It the members of our Georgetown College family who are directly impacted, and we will work cooperatively with ongoing or any future investigations…. "

**I urge you to pray *for those* that have been hurt and for the College during this time. While we all may need to deal with feelings of grief and disappointment, it is also important that we recognize *that the College is NOT the president. …*"[7]**

119. The aforementioned statement was subsequently published by GeorgetownCollege on its official website, the content of which remains in unaltered form on that website to this day.[8]

---

[6] Mr. Jones had not even been interviewed regarding the allegations at the time of the meeting of the Executive Committee. There had been no investigation and no findings and there had never been any notice provided to Mr. Jones of his rights to defend himself.

[7] A true and accurate copy of Defendant Rosemary Allen's November 2, 2021, email is tendered herewith as "Exhibit A". (Bolding in original, italics added)

[8] See Georgetown College Website: www.georgetowncollege.edu/news/statement-board-trustees. Statement of the Board ofTrustees, RECENT NEWS, (Nov. 2, 2021).

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000037 of 000079

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

Filed                22-CI-00765      09/30/2022        Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

120. Neither Georgetown College nor the Board of Trustees engaged in a proper investigation of the sexual assault and/or harassment allegations levied against Mr. Jones in accordance with Title IX of the 1972 Education Amendments pursuant to 34 CFR I06.45, prior to publishing the November 2, 2021, statement quoted above.

121. However, in another shocking display of lack of genuine decency, non-existence of knowledge of the relevant law, and the Defendants' entire disregard for the Plaintiffs' rights, protected under the 1892 Kentucky Constitution, Section 2; the United States Constitution, including violating his Fifth and Fourteenth Amendment rights; the violation of common law contract law and precedent that have been the foundation of modern societies since the signing of the Magna Carta in 1215 A.D.; their Civil Rights under 42 U.S.C 1983; and additional state and federal laws, representatives of Georgetown College actually voluntarily notified dozens of news media outlets on November I, 2021 of Mr. Jones' termination, accusations of sexual misconduct that were later found to be untrue, accusations of sexual harassment that were part of devious plan of another employee of the College, and went one step further stating that Mr. Jones was also removed for "other violations of his employment contract with the College". This additional language essentially intimated that if Mr. Jones' alleged sexual misconduct could be reported that the 'other violations' must be even worse if they could not be discussed in detail.

122. If the Defendants had taken any time to investigate the allegations levied against Mr. Jones by Hanna Kroskie and Christy Mai, Defendants would have uncovered evidence including documentary evidence which not only refuted these preposterous allegations, but which also would have revealed Hanna Kroskie and Christy Mai's scheme to financially benefit from the false allegations they had concocted against Mr. Jones.

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000038 of 000079

Filed                22-CI-00765      09/30/2022        Amy Feldman, Franklin Circuit Clerk

Filed                22-CI-00765      09/30/2022      Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

123. Instead of proceeding with reasonable investigatory proceedings and with due care and caution, the College, its Board, and the individual Defendants named herein, rushed to judgment, only to then rush to the metaphorical printers to repeat and spread the false allegations against Mr. Jones far and wide.

124. In every statement made by the College from the late evening of October 31, 2021, to November 2, 2021, by the College, the Board, and/or various individuals associated therewith identified Mr. Jones by name.

125.  The College's press releases and publications repeated the false and defamatory allegations against Mr. Jones with either knowledge of the lack of veracity of the allegations or, at the very least, with reckless disregard for the truth of the matters asserted in their statements, and in total disregard for the substantial likelihood of harm and damage that would likely result to Mr. Jones, his wife, and their children. The content of each press release, interview, and publication breathed credibility into the utterly false allegations by communicating that Mr. Jones was a sexual predator, violent, abused or misused his authority, and that he had literally harmed or hurt others. All of which was untrue.

126. The Defendants' press releases, interviews, and publications from October 31, 2021, to November 2, 2021, made no mention of Mr. Jones' denial of the allegations, nor did it mention the allegations were completely unsubstantiated at the time of the statements on those days.

127. The Defendants' press releases, interviews, and publications from October 31, 2021, to November 2, 2021, gave every reader exposed to the information from Georgetown College and its agents and representatives, complete license to conclude that Mr. Jones was a criminal, a

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

COM : 000039 of 000079

Filed                22-CI-00765      09/30/2022      Amy Feldman, Franklin Circuit Clerk

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk
NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

threat to the safety of others, and unfit for employment for want of requisite ethical and moral standards.

128. Through knowledge and belief, the Plaintiffs aver that hours before Mr. Jones' actual firing, and prior to at least 2:00 A.M. Eastern Time on November 1, 2022, Georgetown College by and through its agents, provided a press release to dozens and dozens of the largest news outlets in the Commonwealth, the United States, and even the world decrying the behavior of Mr. Jones and labeling him as a violent and dangerous sexual predator. Of the first thirty (30) on line news outlets, found on the first page of a Google search for the keywords 'Georgetown', 'College', 'President', and 'fired' alone, that reported the firing of Mr. Jones between the time of 12:01 A.M. on November 1, 2021 up to 11:59 P.M. on November 2, 2021 alone, a mere forty-eight (48) hours, there were, at a minimum, **457,433,146** *unique visitors* to the front homepages of these on line news outlets where headlines of the firing of Mr. Jones were highlighted. Just on those online news outlets, including one page entitled 'Academic-Sexual-Misconduct-Database.org', and another titled 'Inside Higher Education', there were nearly **HALF A BILLION** impressions and unique visitors that would have seen the headlines related to Mr. Jones. This does not account for radio, tv, social media, or print media articles that were prolific in the early days of November 2021 with articles about Mr. Jones' firing. In just two (2) days, one-sixteenth (1116th) of the world's population had the story of Mr. Jones' sexual predatory nature, harassment, and sexual assaults curated and presented to them through just thirty (30) online news sites. The total damage done to William Jones and his family due to this preposterous and mind-blowing act of utter lack of decency is literally unfathomable and impossible to properly quantify for the Court.

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000040 of 000079

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

129. The unreasonable November 2, 2021, publication of false and defamatory statements by the College, the Board, and/or the individual Defendants caused irreparable reputational, professional, and emotional harm to Mr. Jones, his wife, Amy, and each of their children. And while it was just the first of Defendants' acts which assassinated the personal and professional reputation and character of Mr. Jones, it would not be the last that they perpetrated against him.

130. After the Defendants' November 2., 2021, publication suggesting Mr. Jones was a sexual predator, a criminal, unfit for employment, and a threat to society was published on the College's website and to the College's students, faculty, and staff, local and national media outlets recklessly parroted the salacious and false allegations against Mr. Jones and Defendants' malicious characterizations of him in story after story.

131. In one example, Lexington-based news outlet *Lexi8* posted a story concerning the false and defamatory allegations of sexual assault against Mr. Jones and re-printed Defendant Mills' initial defamatory statements by 2:41 p.m. on November 2, 2021. [9]

132. By 4:42 p.m. on November 2, 2021, national media outlet *The Daily Beast* published a story containing Mr. Jones' photograph to the "Crime & Justice" section of its website. [10]

133. In *The Daily Beast* article, Defendant Jonathan Sands Wise is quoted as stating the whole ordeal involving Mr. Jones was "sudden" but did clarify the Board of Trustees and College acted to terminate Mr. Jones "without complete knowledge" of all facts so as **"to protect**

---

[9] Jordan Mickle, Georgetown college President fired after sexual assault allegations, other 'inappropriate behavior', lex 18 .com (Nov. 2, 2021, 2:41 P.M.) https://www.lex 18 .com/news/georgetown-col lege-president-fired-after-sexual-assault-allegation-other-inappropriate-behavior.

[10] AJ McDougall, Christian College President Fired Over Sexual Assault, Inappropriate Behavior Allegations, The Daily Beast (Nov. 2, 2021 4:42 P.M.) https://www.thedailybeast.com/kentucky-georgetown-college-president-william-a-jones-fired-over-sexual-assault-allegation.

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000041 of 000079

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

**those who are vulnerable,"** and further quotes Defendant Sands Wise as declining to elaborate on the (later to be found to be false) allegations out of "respect for **'those hurt'** by Jones." [11]

134. The Daily Beast a11icle also quotes the November 2, 2021, statements of Defendant Mills published to Georgetown College's website, including Defendant Mills' defamatory statements suggesting Mr. Jones was violent, lacking requisite ethical and moral standards, and misused or abused his authority. [12]

135. On November 5, 2021, a statement by Defendant Jonathan Sands Wisc on behalf of Georgetown College's faculty concerning the termination of Mr. Jones' and which referenced, whether directly or indirectly, the sexual assault and/or harassment allegations levied against Mr. Jones was quoted in an article published by the *The Georgetonian*.

136. *The Georgetonian* article quoted Defendant Sands Wise as affirming, on behalf of Georgetown College, the faculty's "suppo11 of survivors of sexual assault within our campus community," its "commit[ment] to the work of fighting against sexual violence," and identifying the "safety of [the College's] students, staff, and faculty to be of the utmost importance." Defendant Rosemary Allen, on behalf of the College, is also quoted in the article as being "in full support of the statement crafted by the faculty" which, again, placed Mr. Jones in a false and negative light by suggesting he was a criminal, a sexual predator, violent, and a threat to those on the College's campus.[13]

137. The named Defendants did not confine their defamation and efforts to malign Mr. Jones' character to media publications. In the days and weeks following Mr. Jones' termination,

---

[11] & (Emphasis Added)

[12] See !.g ,

[13] See Isabella Beck, College Community Reacts to Dismissal of President, The Georgetonian, **(Nov.** 5, 2021), https://www.georgetonian.wordpress.com/2021/ll/OS/the-dismissal-of-president-william-jones-a-word-from-dr-allen-and-faculty.

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000042 of 000079

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

Georgetown College hosted staff and faculty meetings where Mr. Jones' was described by Defendant Sands Wise, Defendant Allen, and/or other authorized agents and/or employees of the College and/or the Board of Trustees as a sexual offender, a criminal, violent, disgraceful, and/or aggressive.

138. During one or more of these meetings, Defendant Sands Wise falsely told faculty and/or staff that the College and/or Board of Trustees had "documented" instances of Mr. Jones' "anger issues." Upon information and belief, these false claims of "documented" anger issues were maliciously fabricated by disgruntled individual members of the Board of Trustees as a result of Mr. Jones' refusal to relent to their efforts to meddle in the day-to-day administration of the College including Mr. Jones' rejection of their repeated demands to reverse the disciplinary action taken against Kappa Alpha Order social fraternity and a number of its members.

### *Mr. Jones' Vindic(lfion (Ind Irrep''r''b/e Damage*

139. No later than January 6, 2022, the Indianapolis Metropolitan Police Department had concluded its investigation into the repott filed by Hanna Kroskie falsely alleging sexual assault and/or harassment by Mr. Jones during the October 18, 2021 trip.

140. That investigation cleared Mr. Jones of any wrongdoing and resulted in the closing of Hanna Kroskie' s complaint. In fact, an official with the Marion County, Indiana, Prosecutor's Office was interviewed by Lexi 8 on February 18, 2022, and, in no uncertain terms, declared that the evidence arising out of the investigation into Hanna Kroskie's complaint "did not support

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

COM : 000043 of 000079

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

Filed          22-CI-00765          09/30/2022     Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

criminal charges" against Mr. Jones. Yet, this small bit of vindication was buried in an article that focused on Ms. Mai's frivolous and false claims against Mr. Jones. [14]

141. In addition, the fact that Mr. Jones was vindicated and cleared of criminal conduct by independent arbiters and officials did nothing to reverse the harm and damage inflicted upon Mr. Jones by Defendants, who had already convicted him in the eyes of the local community and nation through their repeated false and defamatory statements concerning and characterizing Mr. Jones.

142. By the time Mr. Jones had been cleared by investigators of any criminal conduct or wrongdoing, Defendants, individually and collectively, had already repeatedly, unreasonably, internationally and/or recklessly, published numerous false statements to third parties labeling Mr. Jones as, or insinuating Mr. Jones was, a sexual predator, a criminal, violent, aggressive, a threat to the safety of others' including vulnerable individuals, abusive of his authority, and unfit to perform his job.

143. Defendants' false and defamatory statements were intended to be understood as an indictment of Mr. Jones' character, reputation, and morality and they were, in fact, understood as intended, as evidenced by Georgetown College students who were interviewed by WTVQ for an article published on November 3, 2021, regarding their reactions to the communications of Defendants regarding Mr. Jones and the circumstances surrounding his termination. [15]

---

[14] Jordan Mickle, Woman Claims Former Georgetown College President Sexually Harassed Her For Years in Lawsuit, Lex18.com (February 19, 2022, 12:29 P.M.) https://www.lex18.com/news/lex-18-investigates/woman-claims-former-georgetown-college-president-sexually-harassed-her-for-years-in-lawsuit.

[15] Danielle Saitta, Georgetown Students React to Dismissal of President William Jones, WTVQ (Nov. 3, 2021 ), https://www.wtvg.com/georgetown-students-react-to-dismissal-of-president-william-jones. In the article, one student stated the news regarding Mr. Jones made her fearful for her own safety; another student asserts "Whenever your own president does something like that its kind of like the feeling of safety is almost taken away ..."

Filed          22-CI-00765          09/30/2022     Amy Feldman, Franklin Circuit Clerk

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000044 of 000079

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

144. Defendants' wrongful conduct subjected Mr. Jones and his family to public hatred, contempt, scorn, and shame, all of which continue to this day.

145. Although Mr. Jones has been cleared of all criminal wrongdoing and moreover, the College and/or Board of Trustees has failed to uncover even a single iota of evidence substantiating the allegations made by Hanna Kroskie, the College; the Corporate Board of Trustees; and the individual Defendants herein continue to malign, defame, and shine a false and negative light on Mr. Jones, compounding the damage their wrongful conduct had caused.

146. Mr. Jones continues to be prohibited from entering upon the premises of Georgetown College despite the fact he has two (2) children enrolled in Georgetown College and, as a result, has been deprived of the opportunity to attend his children's on-campus functions and events.

147. Recently, when Mr. Jones sought permission from the Board of Trustees and/or the College to enter upon campus for the limited and discrete purpose of assisting his children in moving out of their on-campus housing, the Board and/or College refused without explanation. This intentional, continued, and unjustifiable exclusion of Mr. Jones from campus for any purpose whatsoever not only continues to give weight to Defendants' wrongful labeling of Mr. Jones as a dangerous, violent, sexual predator and criminal, it is also specifically intended to cause and does in fact cause Mr. Jones severe mental and emotional distress, anguish, and pain.

148. Beyond the severe mental and emotional damage wrought by Defendants as a result of the egregious conduct described herein, Mr. Jones has also suffered extensive and permanent damage to his personal and professional reputation.

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000045 of 000079

Filed        22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

Filed                    22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

149. As a direct and proximate result of Defendants' actions that have placed Mr. Jones in a false and negative light and of Defendants' defamation of Mr. Jones, Mr. Jones' career in higher education is now over, thereby depriving Mr. Jones and his family of millions of dollars in future income they reasonably expected to receive and permanently impairing Mr. Jones' ability to secure gainful employment in the future.

150. As a direct and proximate result of the Defendants' wrongful conduct, Mr. Jones, his wife, and his children are entitled to recover compensatory damages for the severe mental and emotional distress, anguish, pain and suffering, humiliation, embarrassment, and financial loss they have sustained and will continue to sustain.

151. Furthermore, because Defendants' untruthful and disturbing statements concerning Mr. Jones were published without privilege or other lawful justification and with an improper motive, with ill will and out of spite, with the intent to cause Mr. Jones, his wife, and his children harm, with blatant disregard of the substantial likelihood that such harm would result, Mr. Jones, his wife, and each of his children are entitled to recover punitive damages from each Defendant, jointly and severally, to dissuade and deter Defendants from behaving similarly in the future.

## COUNT ONE THROUGH THREE-DEFAMATION PER SE
### *Defendant Bob Mills, Defendant Jonathan Sands Wise, Defendant Rosemary Allen*

## COUNT ONE
### *Defendant Bob Mills*

152. All Plaintiffs adopt and reiterate each allegation set forth above as if fully set forth herein.

153. At all times relevant, Defendant Bob Mills was the acting Chairman of the Board of Trustees for Georgetown College; Defendant Jonathan Sands Wise was the acting Provost and

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000046 of 000079

Filed          22-CI-00765      09/30/2022      Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

Executive Vice President of Georgetown College; Defendant Rosemary Allen was the 'Acting' President of Georgetown College, and the members of the Board of Trustees were the legislative body of the College that made all policy decisions of the College.  Each of these Defendants, either individually in their professional or personal statuses acted, or as a corporate entity, acted as agents and representatives with actual and apparent authority to speak on issues regarding Georgetown College.

154. All statements to all press organizations and media outlets of Defendant Mills that were published or caused to be published by him in the course of and while acting within the scope of his authority and/or employment for Defendant Board of Trustees, were false, defamatory, and published with knowledge of the falsity or reckless disregard for the truth or falsity of the content of the matters described therein.  The defamatory statements of Defendant Mills, on behalf of Defendant Board of Trustees, were of and concerning Mr. Jones and were reasonably understood to be about Mr. Jones. Defendant Mills' November 2, 2021, statement is defamatory because it conveys the false impression that Mr. Jones is or was "violent"; that Mr. Jones abused or misused his authority in the course of his employment; that Mr. Jones was immoral; that Mr. Jones was unethical; and that Mr. Jones had directly harmed or victimized one or more members of the Georgetown College "family."

155. Defendant Mills' statements to the press during the first two (2) days of November 2021, made no reference to Mr. Jones' adamant denial of the allegations levied against him and further made no mention of the fact that no evidence substantiating the allegations had yet been discovered.

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

COM : 000047 of 000079

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

156. The cumulative effect of Defendant Mills' statements was to communicate the false and defamatory position that Mr. Jones had criminally and violently sexually assaulted and/or sexually harassed Hanna Kroskie.

157. Defendant Mills' statements during the first two (2) days of November, 2021, were defamatory per se because they falsely stated or implied that Mr. Jones was a violent and/or sexual predator who engaged in criminal conduct and/or was unfit to perform in his chosen profession because he could not meet requisite moral and/or ethical standards.

158. Defendant Mills' statements during the first two (2) days of November, 2021, were reasonably understood by third parties as falsely stating or implying that Mr. Jones was a violent and/or sexual predator who engaged in criminal conduct and/or was unfit for employment in his chosen profession for a lack of requisite moral and ethical standards, as is evidenced by the WVTQ article wherein students confirmed they reasonably understood Defendant Mills' statement as conveying such false impressions.

159. Defendant Mills' statements during the first two (2) days of November 2021 were published or he caused them to be published by him to third parties other than Mr. Jones, and Defendant Mills knew or should have known his false and defamatory statement would be republished by others, including by Georgetown College on its webpage, by Georgetown College employees including Defendant Allen, and by various local and national media organizations.

160. Defendant Mills knew that the defamatory implications of his statements made to the press during the first two (2) days of November 2021, that Mr. Jones had engaged in criminal conduct of a violent and sexual nature, and/or that Mr. Jones was unfit to perform in his chosen profession-were false, or he acted with reckless disregard for the truth or falsity thereof.

48

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000048 of 000079

Filed 22-CI-00765 09/30/2022 Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

161. All of Defendant Mills' statements made during the first two (2) days of November 2021, were made without privilege or any other legal justification.

162. To the extent Defendant Mills', statements made during the first two (2) days of November were made pursuant to some privilege or legal justification, that privilege or legal justification has been forfeited and cannot be relied upon here as a result of the fact that Defendant Mills abused and/or exceeded the scope of any such privilege and/or justification, acted unreasonably, and/or made the false and defamatory statement for an improper purpose.

163. The false and defamatory per se statements of Defendant Mills during the first two (2) days of November 202 I, as Chairman of the Board of Trustees, directly and proximately caused substantial and permanent harm to Mr. Jones' personal and professional reputation, caused him to be subjected to public hatred, scorn, shame, and contempt, and has caused Mr. Jones substantial pecuniary loss, which will continue for the foreseeable future.

164. As a direct and proximate result of the aforementioned conduct of Defendant Mills, Mr. Jones has suffered, continues to suffer, and will suffer in the future damages including, but not limited to, severe mental and emotional distress and suffering, embarrassment, humiliation, loss of income, and loss of future earning capacity all in an amount exceeding the minimal jurisdictional limits of this Court.

## COUNT TWO
### Defendant Johnathan Sands Wise

165. All statements to any and all press organizations and media outlets of Defendant Sands Wise that were published or caused to be published by him in the course of and while acting within the scope of his authority and/or employment of Defendant, Georgetown College, were false, defamatory, and published with knowledge of the falsity or reckless disregard for the

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000049 of 000079

Filed 22-CI-00765 09/30/2022 Amy Feldman, Franklin Circuit Clerk

Filed          22-CI-00765          09/30/2022   Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

truth or falsity of the content of the matters described therein.  The defamatory statements of Defendant Sands Wise, on behalf of Defendant Georgetown College, were of and concerning Mr. Jones and were reasonably understood to be about Mr. Jones. Defendant Sands Wise' statements during the first two (2) days following the termination of Mr. Jones were defamatory because they convey the false impressions that Mr. Jones is or was "violent"; that Mr. Jones abused or misused his authority in the course of his employment; that Mr. Jones was immoral; that Mr. Jones was unethical; and that Mr. Jones had directly harmed or victimized one or more members of the Georgetown College "family."

166. Defendant Sands Wise' statements to the press following Mr. Jones termination in November 2021, made no reference to Mr. Jones' adamant denial of the allegations levied against him and further made no mention of the fact that no evidence substantiating the allegations had yet been discovered.

167. The cumulative effect of Defendant Sands Wise' statements was to communicate the false and defamatory position that Mr. Jones had criminally and violently sexually assaulted and/or sexually harassed Hanna Kroskie.

168. Defendant Sands Wise' statements after Mr. Jones' termination were defamatory per se because they falsely stated or implied that Mr. Jones was a violent and/or sexual predator who engaged in criminal conduct and/or was unfit to perform in his chosen profession because he could not meet requisite moral and/or ethical standards.

169. Defendant Sands Wise' statements after the termination of Mr. Jones, were reasonably understood by third parties as falsely stating or implying that Mr. Jones was a violent and/or sexual predator who engaged in criminal conduct and/or was unfit for employment in his

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

COM : 000050 of 000079

Filed          22-CI-00765          09/30/2022   Amy Feldman, Franklin Circuit Clerk

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

chosen profession for a lack of requisite moral and ethical standards, as is evidenced by the Daily Beast Article that portrayed Plaintiff, Mr. Jones as a sexual predator and violent individual.

170.    Defendant Sands Wise' statements after the termination of Mr. Jones were published or he caused them to be published by Georgetown College to third party media outlets other than Mr. Jones, and Defendant Sands Wise knew or should have known his false and defamatory statements would be republished by others, including by Georgetown College on its webpage, by Georgetown College employees including Defendant Allen, and by various local and national media organizations.

171. Defendant Sands Wise knew that the defamatory implications of his statements made to the press following Mr. Jones' termination, were that Mr. Jones had engaged in criminal conduct of a violent and sexual nature, and/or that Mr. Jones was unfit to perform in his chosen profession-were false, or he acted with reckless disregard for the truth or falsity thereof.

172. All of Defendant Sands Wise' statements made during November 2021 were made without privilege or any other legal justification.

173. To the extent Defendant Sands Wise', statements made during November 2021, were made pursuant to some privilege or legal justification, that privilege or legal justification had been forfeited and cannot be relied upon here as a result of the fact that Defendant Sands Wise abused and/or exceeded the scope of any such privilege and/or justification, acted unreasonably, and/or made the false and defamatory statement for an improper purpose.

174. The false and defamatory per se statements of Defendant Sands Wise following the termination of Mr. Jones in November 2021, as Provost and Executive Vice President, directly and proximately caused substantial and permanent harm to Mr. Jones, his wife and children and

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000051 of 000079

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

Filed        22-CI-00765      09/30/2022      Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

their personal and professional reputations, caused them to be subjected to public hatred, scorn, shame, and contempt, and has caused Mr. Jones substantial pecuniary loss, which will continue for the foreseeable future.

175. As a direct and proximate result of the aforementioned conduct of Defendant Sands Wise, Mr. Jones, his wife, Amy R. Jones, and their children have suffered, continue to suffer, and will suffer in the future damages including, but not limited to, severe mental and emotional distress and suffering, embarrassment, humiliation, loss of income, and loss of future earning capacity all in an amount exceeding the minimal jurisdictional limits of this Court.

## COUNT THREE
### *President Rosemary Allen*

176. All statements to any and all press organizations and media outlets of Defendant Rosemary Allen that were published or caused to be published by her in the course and while acting within the scope of her authority and/or employment for Defendant Board of Trustees and Defendant Georgetown College, were false, defamatory, and published with knowledge of the falsity or reckless disregard for the truth or falsity of the content of the matters described therein. The defamatory statements of Defendant Rosemary Allen, on behalf of Defendant Board of Trustees and Defendant Georgetown College, were of and concerning Mr. Jones and were reasonably understood to be about Mr. Jones. Defendant Rosemary Allen's statements following the termination of Mr. Jones are defamatory because they convey the false impression that Mr. Jones is or was "violent"; that Mr. Jones abused or misused his authority in the course of his employment; that Mr. Jones was immoral; that Mr. Jones was unethical; and that Mr. Jones had directly harmed or victimized one or more members of the Georgetown College "family."

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000052 of 000079

Filed        22-CI-00765      09/30/2022      Amy Feldman, Franklin Circuit Clerk

177. Defendant Rosemary Allen's statements to the press during the days following Mr. Jones' termination, made no reference to Mr. Jones' adamant denial of the allegations levied against him and further made no mention of the fact that no evidence substantiating the allegations had yet been discovered.

178. The cumulative effect of Defendant Rosemary Allen's statements were to communicate the false and defamatory position that Mr. Jones had criminally and violently sexually assaulted and/or sexually harassed Hanna Kroskie.

179. Defendant Rosemary Allen's statements after the termination of Mr. Jones were defamatory per se because they falsely stated or implied that Mr. Jones was a violent and/or sexual predator who engaged in criminal conduct and/or was unfit to perform in his chosen profession because he could not meet requisite moral and/or ethical standards.

180. Defendant Rosemary Allen's statements following the termination of Mr. Jones in November 2021, were reasonably understood by third parties as falsely stating or implying that Mr. Jones was a violent and/or sexual predator who engaged in criminal conduct and/or was unfit for employment in his chosen profession for a lack of requisite moral and ethical standards, as is evidenced by the WVTQ article wherein students confirmed they reasonably understood Defendant Rosemary Allen' statement as conveying such false impressions.

181. Defendant Rosemary Allen's statements following the termination of Mr. Jones were published or she caused them to be published by her to third parties other than Mr. Jones, and Defendant Rosemary Allen knew or should have known her false and defamatory statements would be republished by others, including by Georgetown College on its webpage, by

Filed            22-CI-00765         09/30/2022        Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

Georgetown College employees including Defendant Allen, and by various local and national media organizations.

182. Defendant Rosemary Allen knew that the defamatory implications of her statements made to the press during the days following Mr. Jones' termination, that Mr. Jones had engaged in criminal conduct of a violent and sexual nature, and/or that Mr. Jones was unfit to perform in his chosen profession were completely false, or she acted with reckless disregard for the truth or falsity thereof.

183. All of Defendant Rosemary Allen's statements made after the termination of Mr. Jones were made without privilege or any other legal justification.

184. To the extent Defendant Rosemary Allen's, statements made after the termination of Mr. Jones were made pursuant to some privilege or legal justification, that privilege or legal justification has been forfeited and cannot be relied upon here as a result of the fact that Defendant Rosemary Allen abused and/or exceeded the scope of any such privilege and/or justification, acted unreasonably, and/or made the false and defamatory statement for an improper purpose.

185. The false and defamatory per se statements of Defendant Rosemary Allen during the days after the termination of Mr. Jones, as 'Acting' President of Georgetown College, directly and proximately caused substantial and permanent harm to Mr. Jones', his wife Amy R. Jones', and their children's personal and professional reputation, caused them to be subjected to public hatred, scorn, shame, and contempt, and has caused each Plaintiff substantial pecuniary loss, which will continue for the foreseeable future.

Filed        22-CI-00765        09/30/2022    Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

186. As a direct and proximate result of the aforementioned conduct of Defendant Rosemary Allen, Mr. Jones, his wife, and his children have suffered, continues to suffer, and will suffer in the future damages including, but not limited to, severe mental and emotional distress and suffering, embarrassment, humiliation, loss of income, and loss of future earning capacity all in an amount exceeding the minimal jurisdictional limits of this Court.

### COUNT FOUR THROUGH SIX - FALSE LIGHT INVASION OF PRIVACY
*Defendant Bob Mills, Defendant Jonathan Sands Wise, Defendant Rosemary Allen*

### COUNT FOUR
*Defendant Bob Mills*

187. All Plaintiffs hereby adopt and reiterate each allegation set forth above as if fully set forth herein.

188. At all times relevant, Defendant Bob Mills was a member of, or Chairman of the Board of Trustees for Georgetown College; and the members of the Board of Trustees were the legislative body of the College that made all policy decisions of the College. Defendant Mills, either individually in their professional or personal status acted, or as a corporate entity, acted as an agent and representative with actual and apparent authority to speak on issues regarding Georgetown College.

189. All statements to all press organizations and media outlets of Defendant Mills that were published or caused to be published by him in the course of and while acting within the scope of his authority and/or employment for Defendant Board of Trustees, were untrue and were an invasion of Plaintiff Will Jones' right to privacy by placing him in a false light. In 1982, the Kentucky Supreme Court adopted the provisions of *Restatement (Second) of Torts* § 652A. To prove an action of false light invasion of privacy, one must provide evidence that:

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000055 of 000079

Filed        22-CI-00765        09/30/2022    Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

i. **The false light in which the other was placed would be highly offensive to a reasonable person;**

ii. **The publisher had knowledge of, or acted in reckless disregard of the falsity of the publicized matter and the false light in which the other was placed.** [16]

The statements of Defendant Mills, on behalf of Defendant Board of Trustees, were solely about and concerning Mr. Jones and were reasonably understood to be about Mr. Jones. Defendant Mills' November 2, 2021, and were an invasion of privacy and placed Plaintiff William Jones in a false light because the characterizations made against Mr. Jones would and are highly offensive to a reasonable person, and Mr. Mills had knowledge of, or acted in utterly reckless disregard of the falsity of the publicized matter that Plaintiff Mr. Jones was placed. These statements conveyed the false impression that Mr. Jones is or was "violent"; that Mr. Jones abused or misused his authority in the course of his employment; that Mr. Jones was immoral; that Mr. Jones was unethical; and that Mr. Jones had directly harmed or victimized one or more members of the Georgetown College "family."

190. The cumulative effect of Defendant Mills' statements was to place Mr. Jones in a light where he had now been convicted in the mind of the public at large for criminally and violently sexually assaulting a colleague, which happens to be the worst position for any person to be in, especially one falsely accused of such.

191. All of Defendant Mills' statements made during the first two (2) days of November 2021, were made in violation of the privacy rights of Plaintiff William Jones.

192. As a direct and proximate result of these known violations of Mr. Jones' privacy rights and wrongfully placing him in a false light, Mr. Jones aforementioned conduct of

---

[16] McCall v. Courier-Journal & Louisville Times Co., 623 S.W.2d 882 (Ky. 1981)

56

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000056 of 000079

Filed          22-CI-00765          09/30/2022   Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

Defendant Bob Mills, Mr. Jones, his wife, and his children have suffered, continues to suffer, and will suffer in the future damages including, but not limited to, severe mental and emotional distress and suffering, embarrassment, humiliation, loss of income, and loss of future earning capacity all in an amount exceeding the minimal jurisdictional limits of this Court.

## COUNT FIVE
### *Defendant Johnathan Sands Wise*

193. All Plaintiffs hereby adopt and reiterate each allegation set fo1th above as if fully set forth herein.

194. At all times relevant, Defendant Johnathan Sands Wise was a member of the Executive Administration of Georgetown College, and the members of the Board of Trustees were the legislative body of the College that made all policy decisions of the College. Defendant Johnathan Sands Wise, either individually in his professional or personal status acted as an agent and representative with actual and apparent authority to speak on issues regarding Georgetown College.

195. All statements to all press organizations and media outlets of Defendant Mills that were published or caused to be published by him in the course of and while acting within the scope of his authority and/or employment for Defendant Board of Trustees, were untrue and were an invasion of Plaintiff Will Jones' right to privacy by placing him in a false light. In 1982, the Kentucky Supreme Comt adopted the provisions of *Restatement (Second) of Torts* § 652A. To prove an action of false light invasion of privacy, one must provide evidence that:

    **i.**     **The false light in which the other was placed would be highly offensive to a reasonable person;**

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000057 of 000079

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

Filed                22-CI-00765                09/30/2022                Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

COM : 000058 of 000079

**ii.    The publisher had knowledge of, or acted in reckless disregard of the falsity of the publicized matter and the false light in which the other was placed.** [17]

The statements of Defendant Sands Wise, on behalf of Defendant Board of Trustees, were solely about and concerning Mr. Jones and were reasonably understood to be about Mr. Jones. Defendant Sands Wise's statements were an invasion of privacy and placed Plaintiff William Jones in a false light because the characterizations made against Mr. Jones would and are highly offensive to a reasonable person, and Mr. Sands Wise had knowledge of, or acted in utterly reckless disregard of the falsity of the publicized matter that Plaintiff Mr. Jones was placed. These statements conveyed the false impression that Mr. Jones is or was "violent"; that Mr. Jones abused or misused his authority in the course of his employment; that Mr. Jones was immoral; that Mr. Jones was unethical; and that Mr. Jones had directly harmed or victimized one or more members of the Georgetown College "family."

196. The cumulative effect of Defendant Sands Wise's statements was to place Mr. Jones in a light where he had now been convicted in the mind of the public at large for criminally and violently sexually assaulting a colleague, which happens to be the worst position for any person to be in, especially one falsely accused of such.

197. All of Defendant Sands Wise's statements made during the first two (2) days of November 2021, were made in violation of the privacy rights of Plaintiff William Jones.

198. As a direct and proximate result of these known violations of Mr. Jones' privacy rights and wrongfully placing him in a false light, the aforementioned conduct of Defendant Sands Wise, Mr. Jones, his wife, and his children have suffered, continues to suffer, and will

---

[17] McCall v. Courier-Journal & Louisville Times Co., 623 S.W.2d 882 (Ky. 1981)

58

Filed                22-CI-00765                09/30/2022                Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

suffer in the future damages including, but not limited to, severe mental and emotional distress and suffering, embarrassment, humiliation, loss of income, and loss of future earning capacity all in an amount exceeding the minimal jurisdictional limits of this Court.

## COUNT SIX
### *President Rosemary Allen*

199. All Plaintiffs hereby adopt and reiterate each allegation set forth above as if fully set forth herein.

200. At all times relevant, Defendant Rosemary Allen was the Acting President of Georgetown College and/or a member of the Executive Administration; the Defendant Board of Trustees were the legislative body of the College that made all policy decisions of the College. Defendant Rosemary Allen either individually in her professional or personal status acted as an agent and representative with actual and apparent authority to speak on issues regarding Georgetown College.

201. All statements to all press organizations and media outlets of Defendant Allen that were published or caused to be published by her in the course of and while acting within the scope of her authority and/or employment for Defendant Board of Trustees, were untrue and were an invasion of Plaintiff William Jones' right to privacy by placing him in a false light. In 1982, the Kentucky Supreme Court adopted the provisions of *Restatement (Second) of Torts* § 652A. To prove an action of false light invasion of privacy, one must provide evidence that:

      **i.**      **The false light in which the other was placed would be highly offensive to a reasonable person;**

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000059 of 000079

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

Filed                    22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

### ii.    The publisher had knowledge of, or acted in reckless disregard of the falsity of the publicized matter and the false light in which the other was placed. [18]

The statements of Defendant Allen, on behalf of Defendant Board of Trustees, were solely about and concerning Mr. Jones and were reasonably understood to be about Mr. Jones. Defendant Allen's statements are an invasion of privacy and placed Plaintiff William Jones in a false light because the characterizations made against Mr. Jones would and are highly offensive to a reasonable person, and Defendant Allen had knowledge of, or acted in utterly reckless disregard of the falsity of the publicized matter involving Defendant William Jones. These statements conveyed the false impression that Mr. Jones is or was "violent"; that Mr. Jones abused or misused his authority in the course of his employment; that Mr. Jones was immoral; that Mr. Jones was unethical; and that Mr. Jones had directly harmed or victimized one or more members of the Georgetown College "family."

202. The cumulative effect of Defendant Allen's statements was to place Mr. Jones in a light where he had now been convicted in the mind of the public at large for criminally and violently sexually assaulting a colleague, which happens to be the worst position for any person to be in, especially one falsely accused of such.

203. All of Defendant Allen's statements made during the first two (2) days of November 2021, were made in violation of the privacy rights of Plaintiff William Jones.

204. As a direct and proximate result of these known violations of Mr. Jones' privacy rights and wrongfully placing him in a false light, the aforementioned conduct of Defendant Allen, Mr. Jones, his wife, and his children have suffered, continue to suffer, and will suffer in

---

[18] McCall v. Courier-Journal & Louisville Times Co., 623 S.W.2d 882 (Ky. 1981)

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

COM : 000060 of 000079

Filed                    22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

the future damages including, but not limited to, severe mental and emotional distress and suffering, embarrassment, humiliation, loss of income, and loss of future earning capacity all in an amount exceeding the minimal jurisdictional limits of this Court.

### COUNTS SEVEN THROUGH NINE - VICARIOUS LIABILITY
*Defendant Board of Trustees of Georgetown College*
*Individual Members of Board of Trustees of Georgetown College*
*Georgetown College*

### COUNT SEVEN - VICARIOUS LIABILITY
*Defendant Board of Trustees of Georgetown College*

205. Mr. Jones adopts and reiterates each and every allegation set follh herein above as if fully set forth now.

206. At all times relevant herein, Defendant Board of Trustees was the principal and/or employer of Defendant Mills, Defendant Jonathan Sands Wise, and Defendant Rosemary Allen.

207. The actions and conduct of Defendants Mills, Sands Wise, and Allen described herein above were committed within the scope of their actual, implied, and/or apparent authority as agent and/or employee of Defendant Board of Trustees, and/or said conduct was authorized, ratified, or approved of by Defendant Board of Trustees.

208. Defendant Board of Trustees is vicariously liable for the actions and conduct of its authorized agents and/or employees, Defendants Mills, Sands Wise, and Allen, and/or any injuries or damages caused as a result thereof.

### COUNT EIGHT - VICARIOUS LIABILITY
*Defendants - Individual Members of Trustees of Georgetown College*

209. Mr. Jones adopts and reiterates each and every allegation set forth herein above as if fully set forth now.

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000061 of 000079

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

Filed                    22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

210. At all times relevant herein, Defendant Board of Trustees was comprised of Defendants Dave Adkisson, Dr. Bob Baker, Tucker Ballinger, Dr. John Blackburn, Granetta Blevins, Tracey Clark, Sharon Clifton, John Cochenour, Nicole Collinson, Jane Cutter, Kenny Davis, Vickie Glisson, 'John Doe', William J. Houston, Melanie Ladd, David Lee, Mike Lukemire, Missy Matthews, Chairman Robert "Bob" Mills, Judge Gerald Parker, Michelle Pedigo, Frank Penn, John Travis, Hon. J. Guthrie True, John Ward, Meocha Williams, Sarah Wilson, and Norm Brown.

211. The individual Defendants of the Board of Trustees of Georgetown College acted in their individual and independent capacities to proliferate and propagate the falsehoods contained in the statements made by Defendants Mills, Sands Wise, and Allen and none of the individual members denounced the clearly defamatory statements made by their agents and employees.

212. Further, based upon knowledge and belief, several members of the Board of Trustees of Georgetown College, who are either active members or married to active members or family members of active members of Kappa Alpha Order's alumni association, did not disclose their ethical conflicts regarding any decision about disciplinary action and further declined to cease pressuring other Board of Trustee members and executive staff, including Mr. Jones in reversing disciplinary actions against Kappa Alpha Order taken in 2020 for allegations of hazing and threatened violent assault and sexual assault to female Georgetown students.

213. With this fact as a backdrop to the eventual termination of Mr. William Jones as President of Georgetown College, the individual members of the Board of Trustees acted outside the scope of their rights and duties as members of the Board in allowing the lightspeed firing of Mr. Jones, without any investigation being conducted, without any findings of wrongdoing, and without notice of a public hearing being provided to Mr. Jones in violation of Title IX of the

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000062 of 000079

Filed          22-CI-00765     09/30/2022        Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

1972 Education Amendments and further enumerated in 34 CFR 106.45 of the Code of Federal Regulations and, in a clear strategy to discredit and ruin the career and personal life of Mr. Jones, allowed its agents and employees to perpetrate one of the greatest potential travesties to ever be experience by a human … being wrongfully labeled as a sexual predator and violent danger to other humans.

214. The Board of Trustees of Georgetown College was well aware of the intent to fire Mr. Jones on the afternoon of October 31, 2022. Yet, Mr. Jones was never made aware of any such decision. Further, upon knowledge and belief, the Board of Trustees, being required to be knowledgeable and educated on the requirements of Title IX proceedings, intentionally acted outside of the scope of their corporate bylaws, whereby acting individually, contrary to law and the bylaws of the College, to deny Mr. Jones his rights and then to allow its agents and/or employees, Defendant Mills, Defendant Sands Wise, and Defendant Rosemary Allen to intentionally smear and permanently damage the professional and personal life of Mr. Jones, his wife, and their children with willful disregard to the lawful nature of such actions.

215. The actions and conduct of Defendants Mills, Sands Wise, and Allen described herein were committed within the scope of their actual, implied, and/or apparent authority as agent and/or employee of Defendant Board of Trustees, and/or said conduct was authorized, ratified, or approved of by Defendant Board of Trustees. Yet, the individual members of the Board of Trustees willfully violated their duties as members of the Board of Trustees.

216. Thus the individual Defendant members of the Georgetown College Board of Trustees are personally, vicariously liable for the actions and conduct of its authorized agent and/or employee, Defendant Mills, and/or any injuries or damages caused as a result thereof.

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000063 of 000079

Filed          22-CI-00765     09/30/2022        Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

### COUNT NINE - VICARIOUS LIABILITY
*Defendant Georgetown College and its Individual Executive Administration*

217. Mr. Jones adopts and reiterates each and every allegation set forth above as if fully set forth herein.

218. At all times relevant herein, Defendant Georgetown College was the principal and/or employer of all named individual Defendants that are members of the Executive Administration, including Rosemary Allen, Johnathan Sands Wise, John Davis, Curtis Sandberg, , and Sally Wiatrowski, and the members of the Board of Trustees, named previously in Count Five.

219. Upon knowledge and belief, the Plaintiffs claim and aver that every member of the Executive Administration of Georgetown College were aware of the false claims of sexual assault, misconduct, and harassment leveled against Mr. Jones and yet remained silent while Mr. Jones, his wife, and their children had their entire lives destroyed by the perpetuation of falsehoods and lies to remove Mr. Jones from the position of President and the further determination of Georgetown College to defame and wrongfully accuse Mr. Jones of terrible atrocities and labeling him a violent sexual predator. The deafening silence and the cowardice of these 'so-called enlightened' liberal educators and administrators, amounted to tacit approval of the actions and destruction of the lives of a husband, wife, and their six (6) children.

220. The actions and conduct, or lack thereof, of the named Defendants in the Executive Administration described herein were committed within the scope of their actual, implied, and/or apparent authority as agents and/or employees of Defendant Georgetown College, and/or said conduct was authorized, ratified, or approved of by Defendant Georgetown College.

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000064 of 000079

Filed          22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

221. Defendant Georgetown College is vicariously liable for the actions and conduct of its authorized agent and/or employee, Defendant Allen, and/or any injuries or damages caused as a result thereof.

## COUNT TEN-INTENTIONAL AND/OR RECKLESS INFLICTION OF EMOTIONAL DISTRESS/OUTRAGE
### *All Defendants Named Herein Above*

222. The Plaintiffs adopt and reiterate each and every allegation set forth above as if fully set forth herein.

223. Mr. Jones, his wife, Amy R. Jones, and his six (6) individual children Annalise Jones, Thomas Jones, Jr., Grace Jones, W.J. II, a minor, H.J., a minor child, and A.J., a minor child, have the rights to be free from emotional distress outrageously and intentionally inflicted by another.

224. Each of the Defendants intentionally and/or recklessly, maliciously violated each Plaintiff's right to be free from emotional distress.

225. Upon knowledge and belief, the Plaintiffs each aver and claim that each named Defendant, led and/or informed by Defendant Blevins, had actual knowledge of the multiple text messages discovered during the investigation of Defendant Kappa Alpha Order's alleged violations of campus policies that concerned Mr. Jones' daughter, Plaintiff Annalise Jones and the sexually explicit, derogatory, and aggressive nature of the same that threatened violent assault and group sexual assault/rape on the Civil War Era cannon located outside of the Kappa Alpha campus house. Even after becoming aware of the disgusting and vile nature of these messages attributed and proven to be by and between members of Kappa Alpha Order, Defendant Blevins and at least five (5) additional members of the Board of Trustees that happen

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000065 of 000079

22-CI-00765    09/30/2022    Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

to also be Kappa Alpha Order Alumni, disagreed with and fought against **any punishment** at all being delivered upon the social fraternity. These individuals went so far as to actually defend the very character of the men and the fraternity and (laughably) the historic importance of the fraternity on the Georgetown College campus and the Georgetown community at large.

226. At all times relevant herein, Defendant Blevins and the Unknown and currently Unnamed Defendant members of the Board of Trustees had actual knowledge of the emotional impact and fear those text messages created in Mr. Jones, his wife Amy, their daughter Annalise, (who happens to be one (1) of two (2) adopted Jones children and is of African American descent) and the remaining five (5) Jones children, all named Plaintiffs herein.

227. At all times relevant herein, all members of the Board of Trustees of Georgetown College knew that Mr. Jones had recused himself from the investigatory and disciplinary process concerning the fraternity and certain of its members, and they further knew Mr. Jones was not responsible for making decisions concerning what discipline was to be meted out against the fraternity or certain of its members for the misconduct uncovered during the investigation.

228. Yet, several members of the Board of Trustees, led by Defendant Blevins and four (4) yet to be known and unnamed members of the Board of Trustees, who are all Defendants named herein made repeated demands to College administrators that Mr. Jones personally reverse the discipline delivered to Kappa Alpha Order, and unbelievably demanded that Plaintiff Jones actually personally make amends with the fraternal organization and/or certain of its members and prominent alumni, despite knowing the above, and knowing these repeated requests were outrageous and offensive to basic standards of decency and morality.

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000066 of 000079

Filed    22-CI-00765    09/30/2022    Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

229. All members of the Board of Trustees were aware of these demands and overtures and knew Mr. Jones perceived their repeated requests to be akin to a demand that required him to apologize to or reverse punishment imposed upon individuals that had, among breaking various College rules, threatened his daughter's safety and/or posed a threat to his daughter's safety.

230. When Defendant Blevins and other currently unnamed Defendant members of the Board of Trustees continued to outrageously repeat their demands that Mr. Jones reverse the punishment imposed on the fraternity and certain members and make amends therewith, they did so intentionally and/or recklessly, and for the sole, cruel, and malicious purpose of inflicting severe, emotional distress and pain upon Mr. Jones and each named Plaintiff family member herein.

231. As a result of the Board of Trustees outrageous, intolerable, intentional, and/or reckless conduct, led and spearheaded by Defendant Granetta Blevins, Mr. Jones, his wife, and his children, all named Plaintiffs herein, experienced severe mental and emotional distress, pain, and suffering which interfered with his day-to-day life.

232. As a direct and proximate result of the aforementioned outrageous, intentional, and/or reckless conduct of the named Defendant members of the Board of Trustees, jointly and severally, Mr. Jones has suffered, continues to suffer, and will suffer in the future damages including, but not limited to, severe and life-altering mental and emotional distress, pain, and suffering, all in an amount exceeding the minimal jurisdictional limits of this Court.

233. As a direct and proximate result of the aforementioned outrageous, intentional, and/or reckless conduct of the named Defendant members of the Board of Trustees, jointly and severally, Mrs. Amy R. Jones has suffered, continues to suffer, and will suffer in the future

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000067 of 000079

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

limited to, severe and life-altering mental and emotional distress, pain, and suffering, all in an amount exceeding the minimal jurisdictional limits of this Court.

### COUNT ELEVEN - CIVIL RIGHTS CLAIMS IN VIOLATION OF 42 U.S.C. § 1983
*All Named Defendants*

237. Plaintiff Annalise Jones adopts and reiterates each and every allegation set forth above as if fully set forth herein.

238. The pertinent language of 42 U.S.C. § 1983 is enumerated as follows:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... "

239. To prove a claim of a violation of a civil right pursuant to 42 U.S.C. § 1983 a Plaintiff is required to allege that (1) the conduct complained of was committed by a person acting under the color of state law; and (2) the conduct deprived the plaintiff of a constitutional right.

240. The traditional definition of acting under the color of state law requires that the defendant have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *West v. Atkins, 487 U.S. 42, 49* (1988).

241. Georgetown College, a chartered and incorporated private college under the laws and administrative regulations of the Commonwealth of Kentucky, acted at all times under the color of state law in their actions towards all students of higher education attending their institution.

69

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000068 of 000079

22-CI-00765    09/30/2022    Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

242. Georgetown College, its Board of Trustees and its Executive Administration's egregious and vile intentional actions towards to Plaintiff Annalise Jones deprived her of her guaranteed First, Fourth, Fifth and Fourteenth Amendment Rights.

243. Defendants, Georgetown College, the Georgetown College Board of Trustees and its Executive Administration should be jointly and severally liable for all personal damages, including physical and emotional harm for the actions they allowed to occur against the Plaintiff Annalise Jones, for the lack of actions taken to protect the safety, wellbeing, and inability to provide a safe environment for an African American young woman to live and be educated, while not providing a safe environment free of being exposed to misogynistic violent and sexual threats to gang rape her on an American College Campus in the year 2022.

### COUNT TWELVE-THREAT OF PHYSICAL AND SEXUAL VIOLENCE; INTENTIONAL INFLICTION OF EXTREME EMOTIONAL DISTRESS DUE TO THE OUTRAGEOUS ACTIONS OF DEFENDANT
*Defendant Kappa Alpha Order - Social Fraternity*

244. Plaintiff Annalise Jones adopts and reiterates each and every allegation set forth above as if fully set forth herein.

245. At all times relevant, Kappa Alpha Order, was a social fraternity founded in December, 1865 by former members of the Confederate Army at Washington College (now Washington and Lee College) in Lexington, Virginia. The organization was created and incorporated under the laws of the Commonwealth of Virginia with its principal corporate office and address for service of process at 115 Liberty Hall Road, Lexington, Virginia 24450. The agent for service of process is Larry Stanton Weise, Executive Director of the National Organization.

246. Kappa Alpha Order has a tumultuous history related to its racist and questionable foundations. In fact, the organization claims that General Robert E. Lee is the 'Spiritual Leader'

Presiding Judge: HON. THOMAS  DAWSON WINGATE (648243)

COM : 000069 of 000079

Filed        22-CI-00765      09/30/2022      Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

of the fraternal order. It currently boasts 103 active chapters across American College campuses and 53 currently suspended chapters.

247. Kappa Alpha Order Beta Delta Chapter was founded on Georgetown College's campus on February 11, 1904. Since that time, the chapter boasts 1,229 alumni. The Chapter has been suspended from Georgetown College since 2020.

248. In accordance with the Kappa Alpha Order - Claim and Dispute Resolution Rules, all accepted members that have become active in their local chapter submit all issues of dispute resolution to the National Organizations Claim and Dispute Resolution Plan and Rules. In addition, any person making any legal claim or with a valid dispute against any member or chapter for injury or tort action must make such claim through the Dispute Resolution Arbitration Plan unless it affirmatively objects to having the dispute resolved by the fraternal order's chosen arbitration proceedings.

249. The Plaintiff, Annalise Jones, adamantly and unequivocally objects and refuses to voluntarily submit this dispute involving the Kappa Alpha Order Beta Delta Chapter at Georgetown College to the National Corporate Dispute Resolution Plan as the very nature of this organization is antithesis to the very fabric of a free and prosperous society. It is outdated, holds positions that are repugnant to the Union of American States, and glorifies the worst traitors to not just the United States but the human race.

250. The Plaintiff, Annalise Jones, became aware of a group text thread in late summer of 2020 that threatened her safety and wellbeing and discussed sexual assaulting her and even gang raping her on the civil war era cannon in front of the fraternity house, creating imagery that would make D.W. Griffith proud if he were remaking his deplorable movie 'The Birth of a Nation' in which the very same racist attitudes were glorified and even praised by then

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000070 of 000079

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

President Woodrow Wilson. Unfortunately for this group of racist individuals, the world has moved passed the days of 'acceptable racist' ideologies. And these texts (included herein) are a disgusting example of bigoted behavior on a campus that quickly hides behind the 'Christian' moniker when it is convenient, but which was protected by the very individuals vested with the duty of protecting all members of the college community.

251. As a result of the evidence uncovered, Plaintiff William Jones recused himself from all disciplinary decision involving the fraternity. However, the calls, pressure, and intimidation from Board of Trustee members and local alumni made the working environment at Georgetown College, at all times, hostile to the point of palpable after the decision to suspend the organization from the College's campus was handed down. At one point, Plaintiff William Jones was tricked into discussing the issues with, whom he thought were going to be National representatives that turned out to be three (3) alumni, two (2) of which were local alumni members and the proceeded to vociferously and stringently push for a recission of the College's decision to the point that the conversation became incredibly volatile and Plaintiff Jones felt incredibly threatened and harassed by the continued onslaught of irrational support for a group that had threatened to gang rape a Georgetown College student.

252. Georgetown College boasts its inclusive nature of non-discrimination, diversity, and grace in its mission statements and states:

> "As a matter of policy and in compliance with state and federal laws, Georgetown College operates on the principle of non-discrimination. Georgetown College does not discriminate, either in the admission of students, hiring and promotion of employees, or in the administration of any educational policies, programs, or activities on the basis of race, color, national or ethnic origin, sex, sexual orientation, gender, gender identity, age, disability or veteran status."

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000071 of 000079

Filed                22-CI-00765        09/30/2022    Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

Yet, the College and in particular, the members of Kappa Alpha Order made a mockery of the above statement in threatening to harm and sexually assault the Plaintiff, Annalise Jones.

253. Since reporting the incident, the College worked tirelessly to harm and punish Ms. Annalise Jones, going so far as to actually have her served a 'No-Contact' Order, to not have any intentional or unintentional contact with any of the gentlemen that actually threatened to cause her harm and rape her as if she was the perpetrator of some crime or allegation of wrongdoing. (An Example Order is Attached.)

254. The Plaintiff, Annalise Jones has been the subject of perpetual and ongoing harassment on the campus and required regular security at night to protect her from harm. Many times, she would have to wait more than an hour for a reluctant and displeased campus security guard to show up and walk her to her vehicle.

255. The threats made by the members of the Beta Delta Chapter of Kappa Alpha Order and the subsequent lack of protection and resulting shaming and treatment by Georgetown College has caused extreme emotional distress due to these outrageous and unacceptable acts of both of these parties.

256. Defendants, Georgetown College, the Georgetown College Board of Trustees and its Executive Administration and Kappa Alpha Order should be jointly and severally liable for all personal damages, including extreme emotional distress due to the outrageous and unacceptable actions they allowed to occur against the Plaintiff Annalise Jones, for the lack of actions taken to protect the safety, wellbeing, and inability to provide a safe environment for an African American young woman to live and be educated, while not providing a safe environment free of being exposed to misogynistic violent and sexual threats to gang rape her on an American College Campus in the year 2022.

73

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000072 of 000079

Filed                22-CI-00765        09/30/2022    Amy Feldman, Franklin Circuit Clerk

Filed          22-CI-00765          09/30/2022          Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

## COUNT THIRTEEN-BREACH OF CONTRACT
### *Defendants Georgetown College and Board of Trustees of Georgetown College*

257. Mr. Jones adopts and reiterates each and every allegation set forth above as if fully set forth herein.

258. Mr. Jones had a valid contract of employment with Georgetown College for a specified term that was only terminable for cause without significant financial buyout of that contract.

259. Georgetown College breached its contract with Mr. Jones when it terminated his contract without valid cause. In fact, the only means by which Mr. Jones could have been terminated for 'cause' would be for the reasons found in paragraph eighteen (18) of his employment contract, executed by Mr. Jones on June 28, 2019, which states in pertinent part:

> "..."Cause" is defined as Jones' willful misconduct in connection with the performance of his duties, Jones' noncompliance with or failure to perform his duties as set forth in the College's Bylaws, or in the event Jones is charged with any felony criminal offense, any misdemeanor criminal offense related to substance abuse or moral turpitude, violent crime(s), theft, misappropriation, sexual misconduct or crimes involving minor or the operation of the College ..."

Yet, in direct opposition to the egregious and wrongful statements made by Georgetown College, its agents and representatives, Plaintiff Jones never violated any portion of this section of his employment contract.

260. As a result of Georgetown College's breach, Mr. Jones has lost income and other compensation that would have been due him had he been allowed to complete his term of employment, his ability to earn income in the future has been diminished if not destroyed, and he

74

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000073 of 000079

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

has been cast in a false light, all to his detriment in amounts that exceed the jurisdictional limits of this Court.

### <u>COUNT FOURTEEN - TITLE IX VIOLATIONS</u>
*Defendants Georgetown College, Board of Trustees for Georgetown College, and Executive Administration of Georgetown College*

261. Mr. Jones adopts and reiterates each and every allegation set follh above as if fully set forth herein.

262. As early 2:00 A.M. on November I, 2021, Georgetown College had released a press release that claimed that Mr. Jones had committed deplorable acts of sexual misconduct that necessitated immediate firing. In that release, picked up later in the day by The Daily Beast, Defendant Provost and Executive Vice President, Johnathan Sands Wise and Defendant and Board of Trustees Chairperson, Bob Mi lls stated:

> ***"The Board of Trustees launched an investigation, speaking with relevant individuals, and determined that the president had clearly broken his employment agreement with the college,"*** Sands Wise said. "Even without complete knowledge [of the situation], that was clear. They decided at that time they had to terminate [Jones'] employment ***to protect those who are vulnerable."***

> ***"Georgetown College does not tolerate violence or misuse of authority,"*** (Board of Trustees Chairperson Bob) Mills said in a statement. "We hold our administrators, students, and faculty to the highest standards of moral and ethical conduct. We are surprised and deeply disappointed by what we have learned." **The Daily Beast,** *'Christian College Fired Over Sexual Assault, Inappropriate Behavior Allegations.'* Published November 2, 2022, at 4:42 PM. ***Emphasis Added.***

263. Attorney Jim Newberry, counsel and legal representative of Georgetown College stated on a telephone call on Tuesday, November 2, 2021 (after Georgetown College had already released a press statement to every major news outlet in the United States and throughout the

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000074 of 000079

Filed            22-CI-00765        09/30/2022        Amy Feldman, Franklin Circuit Clerk

Filed 22-CI-00765 09/30/2022 Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

World) that the complaint was received on October 27, 2021, for actions that occurred on October 18, 2021, in Indianapolis, Indiana involving Mr. Jones and Ms. Kroskie. Attorney Newberry never corrected the date in that conversation. He further stated that the complaint, all investigative notes, and findings would be released to Mr. Jones in a timely manner. They have never been released. This phone conversation is memorialized in a recording within counsel's possession.

264. Whether the complaint was received on October 27, 2021; October 30, 2021; October 31, 2021; or even November 1, 2021, Georgetown College, at all times, had constructive and actual notice of their obligations under Title IX of the Education Amendments of 1972, and its implementing regulation at 34 C.F.R. Part 106 (Title IX). Further, internal and outside Counsel should have made the Board of Trustees and Georgetown College that an immediate termination of Mr. Jones would result in further egregious violations of state and federal law including violations of Mr. Jones' enumerated rights under Section Two of the Constitution of the Commonwealth of Kentucky, and the Fowth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

265. Georgetown College essentially destroyed Mr. Jones' career, his chances at any professional life in higher education, and his personal life with his friends and family. He has been shunned by the very industry and professional circles he was once praised in and thought highly of while saving schools like Bethany College and Georgetown College. He has become a pariah that has been forced to literally clean toilets for ten dollars($ 10.00) an hour to not even meet his meagerest of needs for a family of eight (8). And all of this is because Georgetown College refused to simply provide him with his state and federal law and Constitutionally created and mandated rights guaranteed by not only Georgetown College's own contract with him, but

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000075 of 000079

Filed 22-CI-00765 09/30/2022 Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

also the failure to provide administrative, substantive, and procedural due process in accordance with the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, Title IX of the Education Amendments of 1972, and its implementing regulation at 34 C.F.R. Part 106 (Title IX); and Section Two (2) of the Kentucky Constitution. [19]

## COUNT FIFTEEN-PUNITIVE DAMAGES
### *As against all Defendants*

266. All named Plaintiffs adopt and reiterate each and every allegation set forth above as if fully set forth herein.

267. Mr. Jones is entitled to recover punitive damages for the conduct of Defendants described above because said conduct was intentional, malicious, grossly negligent, reckless, willful, and/or oppressive.

268. In engaging in the intentional, malicious, grossly negligent, reckless, willful, and/or oppressive conduct and actions described above, Defendants, jointly and severally, expected and intended, or should have expected, for injury and damages to result to Mr. Jones and such injuries and damages did occur, as alleged hereinabove.

269. Defendants Allen and Sands Wise were acting within the course and scope of their agency and/or employment for Georgetown College when they engaged in the intentional, malicious, grossly negligent, reckless, willful, and/or oppressive conduct and actions described above.

270. Furthermore, Defendant Georgetown College, as principal and/or employer of Defendants of all named individual Executive Administrative officials and Board of Trustee

---

[19] The Case of Doe v. Baum, et al., 2: 16-cv-13174 - DL, (6th Cir. Ct. Appeals, 2018) outlines thoroughly the rights to the accused of a Title IX violation.

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000076 of 000079

Filed          22-CI-00765    09/30/2022    Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

Members, formally authorized, adopted, ratified, or should have anticipated the intentional, malicious, grossly negligent, reckless, willful, and/or oppressive conduct and actions of Defendants Allen and Sands Wise described above.

271. Defendants, Board of Trustees Chairperson, Bob Mills, Provost Johnathan Sands Wise, and 'Acting' President, Rosemary Allen were acting within the course and scope of their agency and/or employment for Georgetown College and its Board of Trustees when they engaged in the intentional, malicious, grossly negligent, reckless, willful, and/or oppressive conduct and actions described above.

272. Fu11hermore, Defendant Board of Trustees, as principal and/or employer of Defendants Mills, Sands Wise and Allen, formally authorized, adopted, ratified, or should have anticipated the intentional, malicious, grossly negligent, reckless, willful, and/or oppressive conduct and actions of Mills, Sands Wise, and Allen, as described above.

273. As a result of the intentional, malicious, grossly negligent, reckless, willful, and/or oppressive actions and conduct described above, which has caused substantial damage to Mr. Jones, his wife Amy R. Jones, and their children, Annalise Jones, Thomas Jones, Jr., Grace Jones, W.J. 1l, a minor child, H.J., a minor child, and A.J., a minor child, and which will continue to cause each named Plaintiff damage into the future, each Plaintiff is entitled to recover punitive damages from *all* named ***Defendants, jointly and severally,*** in an amount to be determined at trial and not less than three times the compensatory damages recovered herein for each Plaintiff from Defendants to deter Defendants from engaging in similar conduct in the future.

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000077 of 000079

Filed          22-CI-00765    09/30/2022    Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

**WHEREFORE,** the Plaintiffs, William A. Jones, Amy R. Jones, Annalise Jones, Thomas Jones, Jr., Grace Jones, W.J. II, a minor child, H.J., a minor child, and A.J., a minor child, by and through counsel, respectfully prays and demands as follows:

I.    For judgment in their favor and against Defendant Robert L. Mills, Defendant Johnathan Sands Wise, and Defendant Rosemary Allen on Count One, Count Two, and Count Three above;

II.    For judgment in their favor and against Defendant Robert L. Mills, Defendant Johnathon Sands Wise, and Defendant Rosemary Allen on Count Four, Count Five, and Count Six above;

III.    For judgment in their favor and against Defendants Board of Trustees in their official capacities on Count 7 above;

IV.    For judgment in their favor and against Defendant members of the Board of Trustees in their individual capacities on Count 8 above;

V.    For judgment in their favor and against Defendants Georgetown College and its Executive Administration named herein on Count 9 above;

VI.    For judgment in their favor and against all Defendants for the tort of Intentional Infliction of Emotional Distress on Count 10 above;

Vil.    For judgement in favor of Plaintiff Annalise Jones against all Defendants for violations of her Civil Rights in violation of 42 U.S.C. § 1983 on Count 11 above;

VIII.    For judgment in favor of Plaintiff Annalise Jones against Defendants, Kappa Alpha Order for the tort of intentional infliction of emotional distress on Count 12 above;

79

Presiding Judge: HON. THOMAS DAWSON WINGATE (648243)

COM : 000078 of 000079

NOT ORIGINAL DOCUMENT
10/19/2022 11:33:02 AM
89056

IX.   For Judgment in favor of Plaintiff William Jones against Georgetown College and the Board of Trustees for Georgetown College for Breach of Contract on Count 13 above;

X.    For Judgment in favor of Plaintiff William Jones against Georgetown College and the Board of Trustees for Georgetown College and the Executive Administration of Georgetown College for the violation of his rights under Title IX of the 1972 Educational Amendments on Count 14 above;

XI.   For an award of Punitive Damages against all named Defendants, jointly and severally on Count 15 above;

XII.  For any and all other relief to which any of the Plaintiffs may be entitled.

**Respectfully submitted,**

HON. KYLE T. THOMPSON
100 East Main St.
Frankfort, Kentucky 40601
(502) 352-2550
thompsonattorney@gmail.com
Co-Counsel for Plaintiffs


Thomas Clay (signed electronically with permission)
HON. THOMAS "T" CLAY
CLAY AND DANIEL, LLC
917 Lily Creek Road
Louisville, Kentucky 40243
tclay@tclaylaw.com
Co-Counsel for Plaintiffs