UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFORT
CASE NO. _____

*Electronically Filed*

WILLIAM A JONES, ET AL.                                    PLAINTIFFS

v.

GEORGETOWN COLLEGE, ET AL.                         DEFENDANTS

## ANSWER OF GEORGETOWN COLLEGE, BOARD OF TRUSTEES, GEORGETOWN ADMINISTRATORS, AND INDIVIDUAL MEMBERS OF THE BOARD OF TRUSTEES[1]

Come the Defendants, Georgetown College ("Georgetown College"), Board of Trustees of Georgetown College, in their Official Corporate Structure (the "Board of Trustees"); Rosemary A. Allen, Individually and in her Official Capacity as President of Georgetown College; Johnathan Sands Wise, Individually and in his Official Capacity as Provost and Executive Vice President of Georgetown College; John Davis, Individually and in his Official Capacity as Senior Vice President of Advancement of Georgetown College; Curtis Sandberg, Individually and in his Official Capacity as Vice President of Student Life of Georgetown College;  Sally Wiatrowski, Individually and in her Official Capacity as Vice President for Business Operations of Georgetown College (Defendants, Allen, Sands Wise, Davis, Sandberg, and Wiatrowski are collectively referred to herein as the "Georgetown Administrators"); Dave Adkisson, Individually and in his Official Capacity as Board Member and Former Board Chairperson of Georgetown College; Dr. Bob Baker, Individually and in his Official Capacity as Board Member of Georgetown College; Tucker Ballinger, Individually and in his Official Capacity as Board Member of Georgetown College; Dr. John Blackburn, Individually and in his Official Capacity as Board Member of

---

[1] The shortened and collective names for the Defendants are as defined in the body of this Answer.

Georgetown College; Granetta Blevins, Individually and in her Official Capacity as Board Member of Georgetown College; Tracey Clark, Individually and in her Official Capacity as Board Member of Georgetown College; Sharon Clifton, Individually and in her Official Capacity as Board Member of Georgetown College; John Cochenour, Individually and in his Official Capacity as Board Member of Georgetown College, Nicole Collinson, Individually and in her Official Capacity as Board Member of Georgetown College; Jane Cutter, Individually and in her Official Capacity as Board Member of Georgetown College; Kenny Davis, Individually and in his Official Capacity as Board Member of Georgetown College, Vickie Glisson, Individually and in her Official Capacity as Board Member of Georgetown College; William J. Houston, Individually and in his Official Capacity as Board Member of Georgetown College; Melanie Ladd, Individually and in her Official Capacity as Board Member of Georgetown College; David Lee, Individually and in his Official Capacity as Board Member of Georgetown College; Mike Lukemire, Individually and in his Official Capacity as Board Member of Georgetown College; Missy Matthews, Individually and in her Official Capacity as Board Member of Georgetown College; Robert L. Mills, Individually and in his Official Capacity as Chairman of the Board of Trustees of Georgetown College; Judge Gerald Parker, Individually and in his Official Capacity as Board Member of Georgetown College; Michelle Pedigo, Individually and in her Official Capacity as Board Member of Georgetown College; Frank Penn, Individually and in his Official Capacity as Board Member of Georgetown College; John Travis, Individually and in his Official Capacity as Board Member of Georgetown College; Hon. Guthrie True, Individually and in his Official Capacity as Board Member of Georgetown College; John Ward, Individually and in his Official Capacity as Board Member of Georgetown College; Meocha Williams, Individually and in her Official Capacity as Board Member of Georgetown College; Sarah Wilson, Individually and in

her Official Capacity as Board Member of Georgetown College; and Norm Brown, Individually and in his Official Capacity as Former Board Member of Georgetown College (the Members, past and present, of the Georgetown College Board of Trustees are collectively referred to herein as the "Individual Members of the Board of Trustees"), and for their Answer to the Plaintiffs' Complaint, state as follows:

## DEFENSES TO NUMERICAL PARAGRAPHS OF PLAINTIFFS' COMPLAINT

Without waiving any other defenses identified herein, but expressly reserving same these Defendants state as follows with respect to the numerical paragraphs contained in the Plaintiffs' Complaint:

1.  With regard to the allegations contained in Paragraph 1 of the Plaintiffs' Complaint, these Defendants admit that William A. Jones was once the President of Georgetown College. These Defendants are without information or knowledge sufficient to form a belief as the remaining allegations contained in Paragraph 1 of the Plaintiffs' Complaint, and, therefore, deny same.

2.  With regard to the allegations contained in Paragraph 2 of the Plaintiffs' Complaint, these Defendants admit that Plaintiff William A. Jones was involved in fundraising. These Defendants are without information or knowledge sufficient to form a belief as the remaining allegations contained in Paragraph 2 of the Plaintiffs' Complaint, and, therefore, deny same.

3.  These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 3 of the Plaintiffs' Complaint, and, therefore, deny same.

4.  These Defendants deny the allegations contained in Paragraph 4 of the Plaintiffs' Complaint.

5.      These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 5 of the Plaintiffs' Complaint, and, therefore, deny same.

6.      These Defendants deny the allegations contained in Paragraph 6 of the Plaintiffs' Complaint.

7.      These Defendants deny the allegations contained in Paragraph 7 of the Plaintiffs' Complaint.

8.      These Defendants deny the allegations contained in Paragraph 8 of the Plaintiffs' Complaint.

9.      These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 9 of the Plaintiffs' Complaint, and, therefore, deny same.

10.      These Defendants are without information or knowledge sufficient to form a belief as the allegations  contained in Paragraph 10 of the Plaintiffs' Complaint, and, therefore, deny same. Georgetown College specifically denies that it committed any wrongdoing or has any liability for the allegations contained in Paragraph 10.

11.      These Defendants are without information or knowledge sufficient to form a belief as the allegations  contained in Paragraph 11 of the Plaintiffs' Complaint, and, therefore, deny same. Georgetown College specifically denies that it committed any wrongdoing or has any liability for the allegations contained in Paragraph 11.

12.      These Defendants deny the allegations contained in Paragraph 12 of the Plaintiffs' Complaint.

13.      These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 13 of the Plaintiffs' Complaint, and, therefore, deny same.

14.     These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 14 of the Plaintiffs' Complaint, and, therefore, deny same.

15.     These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 15 of the Plaintiffs' Complaint, and, therefore, deny same.

16.     These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 16 of the Plaintiffs' Complaint, and, therefore, deny same.

17.     These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 17 of the Plaintiffs' Complaint, and, therefore, deny same.

18.     These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 18 of the Plaintiffs' Complaint, and, therefore, deny same.

19.     These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 19 of the Plaintiffs' Complaint, and, therefore, deny same.

20.     These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 20 of the Plaintiffs' Complaint, and, therefore, deny same.

21.     With regard to the allegations contained in Paragraph 21 of the Plaintiffs' Complaint, these Defendants do not know to what time period the term "[a]t all time relevant

hereto" refers, and therefore, these Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 21 of the Plaintiffs' Complaint, and, therefore, deny same.

22.       These Defendants deny the allegations contained in Paragraph 22 of the Plaintiffs' Complaint.

23.       These Defendants admit the allegations contained in Paragraph 23 of the Plaintiffs' Complaint.

24.       These Defendants admit the allegations contained in Paragraph 24 of the Plaintiffs' Complaint.

25.       These Defendants admit the allegations contained in Paragraph 25 of the Plaintiffs' Complaint.

26.       These Defendants admit the allegations contained in Paragraph 26 of the Plaintiffs' Complaint.

27.       These Defendants admit the allegations contained in Paragraph 27 of the Plaintiffs' Complaint.

28.       These Defendants admit the allegations contained in Paragraph 28 of the Plaintiffs' Complaint.

29.       These Defendants admit the allegations contained in Paragraph 29 of the Plaintiffs' Complaint.

30.       These Defendants admit the allegations contained in Paragraph 30 of the Plaintiffs' Complaint.

31.       These Defendants admit the allegations contained in Paragraph 31 of the Plaintiffs' Complaint.

32.     These Defendants admit the allegations contained in Paragraph 32 of the Plaintiffs' Complaint.

33.     These Defendants admit the allegations contained in Paragraph 33 of the Plaintiffs' Complaint.

34.     These Defendants admit the allegations contained in Paragraph 34 of the Plaintiffs' Complaint.

35.     These Defendants admit the allegations contained in Paragraph 35 of the Plaintiffs' Complaint.

36.     These Defendants admit the allegations contained in Paragraph 36 of the Plaintiffs' Complaint.

37.     These Defendants admit that Collinson is a current member of the Board of Trustees and deny all remaining allegations contained in Paragraph 37 of the Plaintiffs' Complaint.

38.     These Defendants admit the allegations contained in Paragraph 38 of the Plaintiffs' Complaint.

39.     These Defendants admit the allegations contained in Paragraph 39 of the Plaintiffs' Complaint.

40.     These Defendants admit the allegations contained in Paragraph 40 of the Plaintiffs' Complaint.

41.     These Defendants admit the allegations contained in Paragraph 41 of the Plaintiffs' Complaint.

42.     These Defendants admit the allegations contained in Paragraph 42 of the Plaintiffs' Complaint.

43.     These Defendants admit the allegations contained in Paragraph 43 of the Plaintiffs' Complaint.

44.     These Defendants admit the allegations contained in Paragraph 44 of the Plaintiffs' Complaint.

45.     These Defendants admit the allegations contained in Paragraph 45 of the Plaintiffs' Complaint.

46.     These Defendants admit the allegations contained in Paragraph 46 of the Plaintiffs' Complaint.

47.     These Defendants admit the allegations contained in Paragraph 47 of the Plaintiffs' Complaint.

48.     These Defendants admit the allegations contained in Paragraph 48 of the Plaintiffs' Complaint.

49.     These Defendants admit the allegations contained in Paragraph 49 of the Plaintiffs' Complaint.

50.     These Defendants admit the allegations contained in Paragraph 50 of the Plaintiffs' Complaint.

51.     These Defendants admit the allegations contained in Paragraph 51 of the Plaintiffs' Complaint.

52.     These Defendants admit the allegations contained in Paragraph 52 of the Plaintiffs' Complaint.

53.     These Defendants admit the allegations contained in Paragraph 53 of the Plaintiffs' Complaint.

54.     These Defendants admit the allegations contained in Paragraph 54 of the Plaintiffs' Complaint.

55.     These Defendants admit the allegations contained in Paragraph 55 of the Plaintiffs' Complaint.

56.     These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 56 of the Plaintiffs' Complaint, and, therefore, deny same.

57.     The Paragraph 57 of the Plaintiffs' Complaint does not contain any allegations against any Defendant. To the extent a more specific response is required, the Defendants reiterate and reincorporate all previous responses.

58.     These Defendants deny the allegations contained in Paragraph 58 of the Plaintiffs' Complaint.

59.     These Defendants deny the allegations contained in Paragraph 59 of the Plaintiffs' Complaint.

60.     These Defendants deny the allegations contained in Paragraph 60 of the Plaintiffs' Complaint.

61.     Paragraph 61 of the Plaintiffs' Complaint does not contain any allegations against any Defendant. To the extent a more specific response is required, the Defendants reiterate and reincorporate all previous responses.

62.     These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 62 of the Plaintiffs' Complaint, and, therefore, deny same.

63.     These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 63 of the Plaintiffs' Complaint, and, therefore, deny same.

64.     These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 64 of the Plaintiffs' Complaint, and, therefore, deny same.

65.     With regard to the allegations contained in Paragraph 65 of the Plaintiffs' Complaint, these Defendants admit that William A. Jones was offered the position of President of Georgetown College. These Defendants are without information or knowledge sufficient to form a belief as the remaining allegations contained in Paragraph 65 of the Plaintiffs' Complaint, and, therefore, deny same.

66.     These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 66 of the Plaintiffs' Complaint, and, therefore, deny same.

67.     These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 67 of the Plaintiffs' Complaint, and, therefore, deny same.

68.     These Defendants deny the allegations contained in Paragraph 68 of the Plaintiffs' Complaint.

69.     These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 69 of the Plaintiffs' Complaint, and, therefore, deny same.

70.     These Defendants deny the allegations contained in Paragraph 70 of the Plaintiffs' Complaint.

71.     With regard to the allegations contained in Paragraph 71 of the Plaintiffs' Complaint, these Defendants admit they are aware of a complaint. These Defendants are without information or knowledge sufficient to form a belief as the remaining allegations contained in Paragraph 71 of the Plaintiffs' Complaint, and, therefore, deny same.

72.     These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 72 of the Plaintiffs' Complaint, and, therefore, deny same.

73.     These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 73 of the Plaintiffs' Complaint, and, therefore, deny same.

74.     These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 74 of the Plaintiffs' Complaint, and, therefore, deny same.

75.     These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 75 of the Plaintiffs' Complaint, and, therefore, deny same.

76.     These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 76 of the Plaintiffs' Complaint, and, therefore, deny same.

77.    These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 77 of the Plaintiffs' Complaint, and, therefore, deny same.

78.    These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 78 of the Plaintiffs' Complaint, and, therefore, deny same.

79.    These Defendants deny the allegations contained in Paragraph 79 of the Plaintiffs' Complaint.

80.    These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 80 of the Plaintiffs' Complaint, and, therefore, deny same.

81.    These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 81 of the Plaintiffs' Complaint, and, therefore, deny same.

82.    These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 82 of the Plaintiffs' Complaint, and, therefore, deny same.

83.    These Defendants deny the allegations contained in Paragraph 83 of the Plaintiffs' Complaint.

84.    These Defendants deny the allegations contained in Paragraph 84 of the Plaintiffs' Complaint.

85.     With regard to the allegations contained in Paragraph 85 of the Plaintiffs' Complaint, the lawsuit referred to in Paragraph 85 is of public record and speaks for itself. These Defendants are without information or knowledge sufficient to form a belief as the remaining allegations contained in Paragraph 85 of the Plaintiffs' Complaint, and, therefore, deny same.

86.     These Defendants deny the allegations contained in Paragraph 86 of the Plaintiffs' Complaint.

87.     These Defendants deny the allegations contained in Paragraph 87 of the Plaintiffs' Complaint.

88.     These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 88 of the Plaintiffs' Complaint, and, therefore, deny same.

89.     These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 89 of the Plaintiffs' Complaint, and, therefore, deny same.

90.     These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 90 of the Plaintiffs' Complaint, and, therefore, deny same.

91.     These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 91 of the Plaintiffs' Complaint, and, therefore, deny same.

92.     These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 92 of the Plaintiffs' Complaint, and, therefore, deny same.

93.     These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 93 of the Plaintiffs' Complaint, and, therefore, deny same.

94.     These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 94 of the Plaintiffs' Complaint, and, therefore, deny same.

95.     These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 95 of the Plaintiffs' Complaint, and, therefore, deny same.

96.     These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 96 of the Plaintiffs' Complaint, and, therefore, deny same.

97.     These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 97 of the Plaintiffs' Complaint, and, therefore, deny same.

98.     These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 98 of the Plaintiffs' Complaint, and, therefore, deny same.

99.     These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 99 of the Plaintiffs' Complaint, and, therefore, deny same.

100.     These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 100 of the Plaintiffs' Complaint, and, therefore, deny same.

101.     These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 101 of the Plaintiffs' Complaint, and, therefore, deny same.

102.     With regard to the allegations contained in Paragraph 102 of the Plaintiffs' Complaint, these Defendants admit that William Jones told individuals associated with Georgetown College that he had a multi-year consensual intimate relationship with Christy Mai. These Defendants are without information or knowledge sufficient to form a belief as the remaining allegations contained in Paragraph 102 of the Plaintiffs' Complaint, and, therefore, deny same.

103.     These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 103 of the Plaintiffs' Complaint, and, therefore, deny same.

104.     These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 104 of the Plaintiffs' Complaint, and, therefore, deny same.

105.     These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 105 of the Plaintiffs' Complaint, and, therefore, deny same.

106.    These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 106 of the Plaintiffs' Complaint, and, therefore, deny same.

107.    These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 107 of the Plaintiffs' Complaint, and, therefore, deny same.

108.    These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 108 of the Plaintiffs' Complaint, and, therefore, deny same.

109.    These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 109 of the Plaintiffs' Complaint, and, therefore, deny same.

110.    These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 110 of the Plaintiffs' Complaint, and, therefore, deny same.

111.    These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 111 of the Plaintiffs' Complaint, and, therefore, deny same.

112.    These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 112 of the Plaintiffs' Complaint, and, therefore, deny same.

113.    With regard to the allegations contained in Paragraph 113 of the Plaintiffs' Complaint, these Defendants admit that on October 31, 2021, William A. Jones requested a meeting with Bob Mills and Guthrie True and that a meeting occurred. These Defendants are without information or knowledge sufficient to form a belief as the remaining allegations contained in Paragraph 113 of the Plaintiffs' Complaint, and, therefore, deny same.

114.    With regard to the allegations contained in Paragraph 114 of the Plaintiffs' Complaint, these Defendants admit that on October 31, 2021, William A. Jones requested a meeting with Bob Mills and Guthrie True and that a meeting occurred. These Defendants are without information or knowledge sufficient to form a belief as the remaining allegations contained in Paragraph 114 of the Plaintiffs' Complaint, and, therefore, deny same.

115.    With regard to the allegations contained in Paragraph 115 of the Plaintiffs' Complaint, this Paragraph refers to attorney-client privileged conversations, these Defendants do not waive said attorney-client privilege. Without waiving said privilege, these Defendants admit that Plaintiff William A. Jones spoke with attorneys for Georgetown College on November 1, 2021. These Defendants are without information or knowledge sufficient to form a belief as the remaining allegations contained in Paragraph 115 of the Plaintiffs' Complaint, and, therefore, deny same.

116.    With regard to the allegations contained in Paragraph 116 of the Plaintiffs' Complaint, these Defendants admit that William A. Jones was terminated on November 1, 2021 in an email from Cynthia Doll to William A. Jones. This writing speaks for itself. These Defendants deny all other allegations contained in Paragraph 116.

117.    With regard to the allegations contained in Paragraph 117 of the Plaintiffs' Complaint, these Defendants admit that William A. Jones was terminated on November 1, 2021 in an email from Cynthia Doll to William A. Jones. This writing speaks for itself. These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 117 of the Plaintiffs' Complaint, and, therefore, deny same.

118.    With regard to the allegations contained in Paragraph 118 of the Plaintiffs' Complaint, this Paragraph refers to a writing which speaks for itself. To the extent a more specific response is required the allegations contained in Paragraph 118 are denied.

119.    With regard to the allegations contained in Paragraph 119 of the Plaintiffs' Complaint, this Paragraph refers to a writing which speaks for itself. To the extent a more specific response is required the allegations contained in Paragraph 119 are denied.

120.    With regard to the allegations contained in Paragraph 120 of the Plaintiffs' Complaint, Georgetown College states that a proper investigation was completed in a timely fashion and was not required to be completed prior to William Jones' termination. All other allegations contained in Paragraph 120 are denied.

121.    With regard to the allegations contained in Paragraph 121 of the Plaintiffs' Complaint, this Paragraph refers to a writing which speaks for itself. Paragraph 121 also refers to questions of law, interpretation and application of which must be undertaken by the Court. To the extent a more specific response is required the allegations contained in Paragraph 121 are denied.

122.    These Defendants deny the allegations contained in Paragraph 122 of the Plaintiffs' Complaint.

123.    These Defendants deny the allegations contained in Paragraph 123 of the Plaintiffs' Complaint.

124.    With regard to the allegations contained in Paragraph 124 of the Plaintiffs' Complaint, this Paragraph refers to a writing which speaks for itself. To the extent a more specific response is required the allegations contained in Paragraph 124 are denied.

125.    These Defendants deny the allegations contained in Paragraph 125 of the Plaintiffs' Complaint.

126.    With regard to the allegations contained in Paragraph 126 of the Plaintiffs' Complaint, this Paragraph refers to a writing which speaks for itself. To the extent a more specific response is required the allegations contained in Paragraph 126 are denied.

127.    These Defendants deny the allegations contained in Paragraph 127 of the Plaintiffs' Complaint.

128.    These Defendants deny the allegations contained in Paragraph 128 of the Plaintiffs' Complaint.

129.    These Defendants deny the allegations contained in Paragraph 129 of the Plaintiffs' Complaint.

130.    These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 130 of the Plaintiffs' Complaint, and, therefore, deny same.

131.    These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 131 of the Plaintiffs' Complaint, and, therefore, deny same.

132.    These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 132 of the Plaintiffs' Complaint, and, therefore, deny same.

133.    These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 133 of the Plaintiffs' Complaint, and, therefore, deny same.

134.    These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 134 of the Plaintiffs' Complaint, and, therefore, deny same.

135.    These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 135 of the Plaintiffs' Complaint, and, therefore, deny same.

136.    These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 136 of the Plaintiffs' Complaint, and, therefore, deny same.

137.    These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 137 of the Plaintiffs' Complaint, and, therefore, deny same.

138.    These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 138 of the Plaintiffs' Complaint, and, therefore, deny same.

139.    These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 139 of the Plaintiffs' Complaint, and, therefore, deny same.

140.    These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 140 of the Plaintiffs' Complaint, and, therefore, deny same.

141.    These Defendants deny the allegations contained in Paragraph 141 of the Plaintiffs' Complaint.

142.    These Defendants deny the allegations contained in Paragraph 142 of the Plaintiffs' Complaint.

143.    These Defendants deny the allegations contained in Paragraph 143 of the Plaintiffs' Complaint.

144.    These Defendants deny the allegations contained in Paragraph 144 of the Plaintiffs' Complaint.

145.    These Defendants deny the allegations contained in Paragraph 145 of the Plaintiffs' Complaint.

146.    With regard to the allegations contained in Paragraph 146, these Defendants admit that William A. Jones was not permitted on campus at Georgetown College. These Defendants are without information or knowledge sufficient to form a belief as the remaining allegations contained in Paragraph 146 of the Plaintiffs' Complaint, and, therefore, deny same.

147.    With regard to the allegations contained in Paragraph 147, these Defendants admit that William A. Jones was not permitted on campus at Georgetown College. These Defendants are

without information or knowledge sufficient to form a belief as the remaining allegations contained in Paragraph 147 of the Plaintiffs' Complaint, and, therefore, deny same.

148.    These Defendants deny the allegations contained in Paragraph 148 of the Plaintiffs' Complaint.

149.    These Defendants deny the allegations contained in Paragraph 149 of the Plaintiffs' Complaint.

150.    These Defendants deny the allegations contained in Paragraph 150 of the Plaintiffs' Complaint.

151.    These Defendants deny the allegations contained in Paragraph 151 of the Plaintiffs' Complaint.

152.    Paragraph 152 of the Plaintiffs' Complaint does not contain any allegations against any Defendant. To the extent a more specific response is required, the Defendants reiterate and reincorporate all previous responses.

153.    These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 153 of the Plaintiffs' Complaint, and, therefore, deny same.

154.    These Defendants deny the allegations contained in Paragraph 154 of the Plaintiffs' Complaint.

155.    These Defendants deny the allegations contained in Paragraph 155 of the Plaintiffs' Complaint.

156.    These Defendants deny the allegations contained in Paragraph 156 of the Plaintiffs' Complaint.

157.    These Defendants deny the allegations contained in Paragraph 157 of the Plaintiffs' Complaint.

158.    These Defendants deny the allegations contained in Paragraph 158 of the Plaintiffs' Complaint.

159.    These Defendants deny the allegations contained in Paragraph 159 of the Plaintiffs' Complaint.

160.    These Defendants deny the allegations contained in Paragraph 160 of the Plaintiffs' Complaint.

161.    These Defendants deny the allegations contained in Paragraph 161 of the Plaintiffs' Complaint.

162.    These Defendants deny the allegations contained in Paragraph 162 of the Plaintiffs' Complaint.

163.    These Defendants deny the allegations contained in Paragraph 163 of the Plaintiffs' Complaint.

164.    These Defendants deny the allegations contained in Paragraph 164 of the Plaintiffs' Complaint.

165.    These Defendants deny the allegations contained in Paragraph 165 of the Plaintiffs' Complaint.

166.    These Defendants deny the allegations contained in Paragraph 166 of the Plaintiffs' Complaint.

167.    These Defendants deny the allegations contained in Paragraph 167 of the Plaintiffs' Complaint.

168.    These Defendants deny the allegations contained in Paragraph 168 of the Plaintiffs' Complaint.

169.    These Defendants deny the allegations contained in Paragraph 169 of the Plaintiffs' Complaint.

170.    These Defendants deny the allegations contained in Paragraph 170 of the Plaintiffs' Complaint.

171.    These Defendants deny the allegations contained in Paragraph 171 of the Plaintiffs' Complaint.

172.    These Defendants deny the allegations contained in Paragraph 172 of the Plaintiffs' Complaint.

173.    These Defendants deny the allegations contained in Paragraph 173 of the Plaintiffs' Complaint.

174.    These Defendants deny the allegations contained in Paragraph 174 of the Plaintiffs' Complaint.

175.    These Defendants deny the allegations contained in Paragraph 175 of the Plaintiffs' Complaint.

176.    These Defendants deny the allegations contained in Paragraph 176 of the Plaintiffs' Complaint.

177.    These Defendants deny the allegations contained in Paragraph 177 of the Plaintiffs' Complaint.

178.    These Defendants deny the allegations contained in Paragraph 178 of the Plaintiffs' Complaint.

179.    These Defendants deny the allegations contained in Paragraph 179 of the Plaintiffs'
Complaint.

180.    These Defendants deny the allegations contained in Paragraph 180 of the Plaintiffs'
Complaint.

181.    These Defendants deny the allegations contained in Paragraph 181 of the Plaintiffs'
Complaint.

182.    These Defendants deny the allegations contained in Paragraph 182 of the Plaintiffs'
Complaint.

183.    These Defendants deny the allegations contained in Paragraph 183 of the Plaintiffs'
Complaint.

184.    These Defendants deny the allegations contained in Paragraph 184 of the Plaintiffs'
Complaint.

185.    These Defendants deny the allegations contained in Paragraph 185 of the Plaintiffs'
Complaint.

186.    These Defendants deny the allegations contained in Paragraph 186 of the Plaintiffs'
Complaint.

187.    Paragraph 187 of the Plaintiffs' Complaint does not contain any allegations against
any Defendant. To the extent a more specific response is required, the Defendants reiterate and
reincorporate all previous responses.

188.    These Defendants deny the allegations contained in Paragraph 188 of the Plaintiffs'
Complaint.

189.    These Defendants deny the allegations contained in Paragraph 189 of the Plaintiffs'
Complaint.

190.    These Defendants deny the allegations contained in Paragraph 190 of the Plaintiffs' Complaint.

191.    These Defendants deny the allegations contained in Paragraph 191 of the Plaintiffs' Complaint.

192.    These Defendants deny the allegations contained in Paragraph 192 of the Plaintiffs' Complaint.

193.    Paragraph 193 of the Plaintiffs' Complaint does not contain any allegations against any Defendant. To the extent a more specific response is required, the Defendants reiterate and reincorporate all previous responses.

194.    These Defendants deny the allegations contained in Paragraph 194 of the Plaintiffs' Complaint.

195.    These Defendants deny the allegations contained in Paragraph 195 of the Plaintiffs' Complaint.

196.    These Defendants deny the allegations contained in Paragraph 196 of the Plaintiffs' Complaint.

197.    These Defendants deny the allegations contained in Paragraph 197 of the Plaintiffs' Complaint.

198.    These Defendants deny the allegations contained in Paragraph 198 of the Plaintiffs' Complaint.

199.    Paragraph 199 of the Plaintiffs' Complaint does not contain any allegations against any Defendant. To the extent a more specific response is required, the Defendants reiterate and reincorporate all previous responses.

200.    These Defendants deny the allegations contained in Paragraph 200 of the Plaintiffs' Complaint.

201.    These Defendants deny the allegations contained in Paragraph 201 of the Plaintiffs' Complaint.

202.    These Defendants deny the allegations contained in Paragraph 202 of the Plaintiffs' Complaint.

203.    These Defendants deny the allegations contained in Paragraph 203 of the Plaintiffs' Complaint.

204.    These Defendants deny the allegations contained in Paragraph 204 of the Plaintiffs' Complaint.

205.    Paragraph 205 of the Plaintiffs' Complaint does not contain any allegations against any Defendant. To the extent a more specific response is required, the Defendants reiterate and reincorporate all previous responses.

206.    These Defendants deny the allegations contained in Paragraph 206 of the Plaintiffs' Complaint.

207.    These Defendants deny the allegations contained in Paragraph 207 of the Plaintiffs' Complaint.

208.    These Defendants deny the allegations contained in Paragraph 208 of the Plaintiffs' Complaint.

209.    Paragraph 209 of the Plaintiffs' Complaint does not contain any allegations against any Defendant. To the extent a more specific response is required, the Defendants reiterate and reincorporate all previous responses.

210.    With regard to the allegations contained in Paragraph 210 of the Plaintiffs' Complaint, these Defendants do not know to what time period the term "[a]t all time relevant herein" refers, and therefore, these Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 210 of the Plaintiffs' Complaint, and, therefore, deny same.

211.    These Defendants deny the allegations contained in Paragraph 211 of the Plaintiffs' Complaint.

212.    These Defendants deny the allegations contained in Paragraph 212 of the Plaintiffs' Complaint.

213.    These Defendants deny the allegations contained in Paragraph 213 of the Plaintiffs' Complaint.

214.    These Defendants deny the allegations contained in Paragraph 214 of the Plaintiffs' Complaint.

215.    With regard to the allegations contained in Paragraph 215 of the Plaintiffs' Complaint, these Defendants admit that Sands Wise and Allen are employees of Georgetown College and Bobb Mills is a member of the Board of Trustees. These Defendants are without information or knowledge sufficient to form a belief as the remaining allegations contained in Paragraph 215 of the Plaintiffs' Complaint, and, therefore, deny same.

216.    These Defendants deny the allegations contained in Paragraph 216 of the Plaintiffs' Complaint.

217.    Paragraph 217 of the Plaintiffs' Complaint does not contain any allegations against any Defendant. To the extent a more specific response is required, the Defendants reiterate and reincorporate all previous responses.

218.     These Defendants deny the allegations contained in Paragraph 218 of the Plaintiffs' Complaint.

219.     These Defendants deny the allegations contained in Paragraph 219 of the Plaintiffs' Complaint.

220.     These Defendants deny the allegations contained in Paragraph 220 of the Plaintiffs' Complaint.

221.     These Defendants deny the allegations contained in Paragraph 221 of the Plaintiffs' Complaint.

222.     Paragraph 222 of the Plaintiffs' Complaint does not contain any allegations against any Defendant. To the extent a more specific response is required, the Defendants reiterate and reincorporate all previous responses.

223.     These Defendants deny the allegations contained in Paragraph 223 of the Plaintiffs' Complaint.

224.     These Defendants deny the allegations contained in Paragraph 224 of the Plaintiffs' Complaint.

225.     These Defendants deny the allegations contained in Paragraph 225 of the Plaintiffs' Complaint.

226.     These Defendants deny the allegations contained in Paragraph 226 of the Plaintiffs' Complaint.

227.     These Defendants deny the allegations contained in Paragraph 227 of the Plaintiffs' Complaint.

228.     These Defendants deny the allegations contained in Paragraph 228 of the Plaintiffs' Complaint.

229.    These Defendants deny the allegations contained in Paragraph 229 of the Plaintiffs' Complaint.

230.    These Defendants deny the allegations contained in Paragraph 230 of the Plaintiffs' Complaint.

231.    These Defendants deny the allegations contained in Paragraph 231 of the Plaintiffs' Complaint.

232.    These Defendants deny the allegations contained in Paragraph 232 of the Plaintiffs' Complaint.

233.    These Defendants deny the allegations contained in Paragraph 233 of the Plaintiffs' Complaint.

234.    Paragraph 234 of the Plaintiffs' Complaint does not contain any allegations against any Defendant. To the extent a more specific response is required, the Defendants reiterate and reincorporate all previous responses.

235.    The Plaintiffs' Complaint does not contain a paragraph numbered 235.

236.    The Plaintiffs' Complaint does not contain a paragraph numbered 236.

237.    Paragraph 237 of the Plaintiffs' Complaint does not contain any allegations against any Defendant. To the extent a more specific response is required, the Defendants reiterate and reincorporate all previous responses.

238.    Paragraph 238 of the Plaintiffs' Complaint does not contain any allegations against any Defendant. To the extent a more specific response is required, Paragraph 238 also refers to questions of law, interpretation and application of which must be undertaken by the Court.

239.    Paragraph 239 of the Plaintiffs' Complaint does not contain any allegations against any Defendant. To the extent a more specific response is required, Paragraph 239 also refers to questions of law, interpretation and application of which must be undertaken by the Court.

240.    Paragraph 240 of the Plaintiffs' Complaint does not contain any allegations against any Defendant. To the extent a more specific response is required, Paragraph 240 also refers to questions of law, interpretation and application of which must be undertaken by the Court.

241.    These Defendants deny the allegations contained in Paragraph 241 of the Plaintiffs' Complaint.

242.    These Defendants deny the allegations contained in Paragraph 242 of the Plaintiffs' Complaint.

243.    These Defendants deny the allegations contained in Paragraph 243 of the Plaintiffs' Complaint.

244.    Paragraph 244 of the Plaintiffs' Complaint does not contain any allegations against any Defendant. To the extent a more specific response is required, the Defendants reiterate and reincorporate all previous responses.

245.    These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 245 of the Plaintiffs' Complaint, and, therefore, deny same.

246.    These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 246 of the Plaintiffs' Complaint, and, therefore, deny same.

247.    With regard to the allegations contained in Paragraph 247 of the Plaintiffs' Complaint, these Defendants admit that Kappa Alpha has been suspended from Georgetown College. These Defendants are without information or knowledge sufficient to form a belief as the remaining allegations contained in Paragraph 247 of the Plaintiffs' Complaint, and, therefore, deny same.

248.    These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 248 of the Plaintiffs' Complaint, and, therefore, deny same.

249.    These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 249 of the Plaintiffs' Complaint, and, therefore, deny same.

250.    These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 250 of the Plaintiffs' Complaint, and, therefore, deny same.

251.    These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 251 of the Plaintiffs' Complaint, and, therefore, deny same.

252.    With regard to the allegations contained in Paragraph 252 of the Plaintiffs' Complaint, this Paragraph refers to a writing which speaks for itself. To the extent a more specific response is required the allegations regarding a writing contained in Paragraph 252 are denied. In addition, all remaining allegations contained in Paragraph 252 are denied.

253.    With regard to the allegations contained in Paragraph 253 of the Plaintiffs' Complaint, this Paragraph refers to a writing which speaks for itself. To the extent a more specific

response is required the allegations regarding a writing contained in Paragraph 253 are denied. In addition, all remaining allegations contained in Paragraph 253 are denied.

254.    These Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 254 of the Plaintiffs' Complaint, and, therefore, deny same.

255.    These Defendants deny the allegations contained in Paragraph 255 of the Plaintiffs' Complaint.

256.    These Defendants deny the allegations contained in Paragraph 256 of the Plaintiffs' Complaint.

257.    Paragraph 257 of the Plaintiffs' Complaint does not contain any allegations against any Defendant. To the extent a more specific response is required, the Defendants reiterate and reincorporate all previous responses.

258.    These Defendants deny the allegations contained in Paragraph 258 of the Plaintiffs' Complaint.

259.    These Defendants deny the allegations contained in Paragraph 259 of the Plaintiffs' Complaint.

260.    These Defendants deny the allegations contained in Paragraph 260 of the Plaintiffs' Complaint.

261.    Paragraph 261 of the Plaintiffs' Complaint does not contain any allegations against any Defendant. To the extent a more specific response is required, the Defendants reiterate and reincorporate all previous responses.

262.    These Defendants deny the allegations contained in Paragraph 262 of the Plaintiffs' Complaint.

263.    With regard to the allegations contained in Paragraph 263 of the Plaintiffs' Complaint, this Paragraph refers to attorney-client privileged conversations, these Defendants do not waive said attorney-client privilege. Without waiving said privilege, these Defendants are without information or knowledge sufficient to form a belief as the allegations contained in Paragraph 263 of the Plaintiffs' Complaint, and, therefore, deny same.

264.    These Defendants deny the allegations contained in Paragraph 264 of the Plaintiffs' Complaint.

265.    These Defendants deny the allegations contained in Paragraph 265 of the Plaintiffs' Complaint.

266.    Paragraph 266 of the Plaintiffs' Complaint does not contain any allegations against any Defendant. To the extent a more specific response is required, the Defendants reiterate and reincorporate all previous responses.

267.    These Defendants deny the allegations contained in Paragraph 267 of the Plaintiffs' Complaint.

268.    These Defendants deny the allegations contained in Paragraph 268 of the Plaintiffs' Complaint.

269.    These Defendants deny the allegations contained in Paragraph 269 of the Plaintiffs' Complaint.

270.    These Defendants deny the allegations contained in Paragraph 270 of the Plaintiffs' Complaint.

271.    These Defendants deny the allegations contained in Paragraph 271 of the Plaintiffs' Complaint.

272.     These Defendants deny the allegations contained in Paragraph 272 of the Plaintiffs' Complaint.

273.     These Defendants deny the allegations contained in Paragraph 273 of the Plaintiffs' Complaint.

274.     These Defendants deny that the Plaintiffs are entitled to any of the relief they seek in their prayer for relief.

275.     These Defendants deny any and all allegations in the Plaintiffs' Complaint not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

1.     The Plaintiffs have failed to state a claim upon which relief can be granted.

2.     The Plaintiffs' claims were not filed within the applicable statute of limitations.

3.     At the time and on the occasion described in the Plaintiffs' Complaint, the Plaintiffs were themselves guilty of negligence or fault which was a substantial factor in causing and bringing about the collision in controversy and the damages of which said Plaintiffs complain, if any, and but for said contributory negligence and fault on the part of the Plaintiffs, said accident would not have occurred and said damages, if any, would not have been sustained, and these Defendants hereby rely upon said negligence or fault on the part of the Plaintiffs as a complete bar to any recovery by the Plaintiffs.

4.     At the time and on the occasion described in the Plaintiffs' Complaint, the Plaintiffs were themselves guilty of negligence or fault which was a substantial factor in causing and bringing about the collision in controversy and the damages of which said Plaintiffs complain, if any, and but for said comparative negligence and fault on the part of the Plaintiffs, said accident would not have occurred and said damages, if any, would not have been sustained, and these

Defendants hereby rely upon said negligence or fault on the part of the Plaintiffs as a partial or complete bar to any recovery by the Plaintiffs.

5.      These Defendants fully performed any and all requirements upon these Defendants under the contract, and said performance by these Defendants constitutes a complete accord and satisfaction of any obligations of these Defendants, and these Defendants rely upon same as a complete bar to the Plaintiffs' claims against these Defendants.

6.      The alleged obligations or negligence or fault of these Defendants, all of which is denied, is waived by the doctrine of estoppel, and these Defendants rely upon same as a complete bar to the Plaintiffs' claims against these Defendants.

7.      The Plaintiffs  failed to join a necessary and proper party pursuant to CR 19.01 and FRCP 19, which failure of joinder denies complete relief among those already parties to this action and/or the party not joined claims an interest relating to the subject of the Action and is so situated that the disposition of the action in his/her/its absence may, as a practical matter, impair or impede his/her/its ability to protect that interest or his/her/its failure to be joined may leave the persons already parties to this Action subject to a substantial risk of incurred double, multiple or otherwise inconsistent obligations by reason of that claimed interest. That due to said failure to join necessary and indispensable parties, these Defendants demand that this action be dismissed.

8.      These Defendants state that at the time and place and upon the occasion complained of, the Plaintiffs' injuries and damages, if any, were caused and brought about by and were the proximate result of the negligence or fault of the Co-Defendant herein, Kappa Alpha Order – Social Fraternity, and that but for said negligence or fault on its part as aforesaid, said incidents would not have occurred and said damages, if any, would not have been sustained, and the Defendants

rely upon said negligence or fault of the Co-Defendant as the sole, proximate and efficient cause of the damages complained of, and as a complete bar to the Plaintiffs' claims.

9.      Not all Plaintiffs are not the Real Party in Interest for the claims alleged.

10.     The Plaintiffs' claims are barred by reason of the doctrines of defenses of accord and satisfaction, estoppel, illegality, laches, release, statute of frauds, waiver, statute of limitations, , consent, and unclean hands.

11.     These Defendants plead the defenses set out in CR 8.03 and FRCP 8 as may be applicable to this action.

12.     The Plaintiffs unreasonably failed to mitigate their alleged damages and aggravated the same by his own actions or inactions, which bars in whole or in part, their claims for damages.

13.     The Plaintiffs' claims are barred, in whole or in part, by the applicable regulatory filing periods, applicable statutes of limitations, or a failure to exhaust administrative remedies.

14.     These Defendants' conduct toward Plaintiffs was lawful, privileged, reasonable, justified, in good faith, and based on legitimate, nondiscriminatory, and non-retaliatory business reasons.

15.     The Plaintiffs' damages, if any, were brought about by an intervening and superseding cause beyond the control of these Defendants.

16.     These Defendants conducted a reasonable and timely investigation to the extent required by law or to the extent permitted or requested by the Plaintiff. Based upon the results of that investigation, these Defendants took all prompt and effective action that was appropriate under the circumstances.

17.     The actions of these Defendants, with respect to Plaintiff, were taken in good faith, without malice or intent to cause injury, and were not taken in reckless disregard of Plaintiff's protected rights.

18.     Because the investigation of the allegations contained in the Plaintiff's Complaint is not complete at this time, these Defendants may have defenses which are not presently known. Therefore, in order to preserve any such defenses, these Defendants herein incorporates by reference all of those appropriate defenses set forth in Rules 8 and 12 of the Kentucky Rules of Civil Procedure and Federal Rules of Civil Procedure. Moreover, these Defendants reserve all rights pursuant to Rule 15 of the Kentucky Rules of Civil Procedure to subsequently amend this pleading in order to clarify, if necessary, the applicability of any such defense or to add any other defenses (affirmative or otherwise) pertinent to this action.

19.     These Defendants state the Plaintiffs' claims for punitive damages should be dismissed because a punitive damage award under Kentucky law, without bifurcating the trial and trying the punitive damage issue if and only if liability was found on the merits would violate the Defendants' due process rights as guaranteed by the Fourteenth Amendment of the United States Constitution and the due process provisions of the Constitution of the Commonwealth of Kentucky.

20.     These Defendants state the Plaintiffs' claims for punitive damages should be dismissed because a jury, under Kentucky and federal law:

1.  Is not provided with sufficient standards of clarity for determining the appropriateness and amount of a punitive damages award;

2.  Is not adequately instructed on the limits of punitive damages imposed by the applicable principals of deterrence and punishment;

3.  Is not expressly prohibited from awarding punitive damages, or determining the amount of a punitive damage award, in whole or in part, on the basis of invidious discriminatory characteristics including the residence and wealth of these Defendants;

4.  Is permitted to award punitive damages under a vague and arbitrary standard that does not sufficiently define the conduct or mental state that makes punitive damages permissible; and

5.  Is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of an objective standard. For the foregoing reasons, a punitive damage award would violate these Defendants' due process and equal protection rights as guaranteed under the Fourteenth Amendment to the United States Constitution and the Constitution of the Commonwealth of the State of Kentucky.

21.    These Defendants states that the Plaintiffs' claims for punitive damages should be dismissed as being in violation of the United States Constitution, including but not limited to the Fifth and Eighth Amendments, as applied to the States through the Fourteenth Amendment of the United States Constitution.

22.    These Defendants states that the Plaintiffs' claims for punitive damages should be dismissed as being in violation of the Constitution of the Commonwealth of Kentucky, including but not limited to Articles 2, 17 and 26.

23.    These Defendants states that the Plaintiffs' claims for punitive damages should be dismissed because any award of punitive damages, under the law of the Commonwealth of Kentucky or federal law, without the same protections accorded to all criminal defendants,

including but not limited to, protection against unreasonable searches and seizures, double jeopardy, self-incrimination, the right to confront adverse witnesses, speedy trial and the effective assistance of counsel, would violate these Defendants' rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth and Sixth Amendments as incorporated into the Fourteenth Amendment in Sections 2, 3, 7, 10, 11, 12, 13, 14, 17, and 26 of the Constitution of the Commonwealth of Kentucky.

24.      The Defendants did not ratify the conduct complained of, which is required under KRS § 411.184 for the imposition of punitive damages.

25.      The Plaintiff's claims are barred by sovereign immunity, absolute immunity, common law immunity, qualified immunity, official immunity, and any other applicable immunities of the Defendants.

26.      At all times complained of, the Defendants acted in good faith and in conformity with all applicable standards, laws, policies, and regulations pertaining to their alleged conduct and with an objective, reasonable belief that their actions were lawful.

27.      At all times complained of, the Defendants acted in their official capacity in the course and scope of employment and therefore, acted under privilege to engage in said conduct.

28.      The Defendants are not responsible or liable for the acts or omissions of persons or entities, including, but not limited to, the Plaintiff, and other individuals or entities not a party to this action.

29.      The alleged acts or omissions of the Defendants were not the proximate cause or an essential factor in causing the Plaintiff's alleged damages, the existence of which is specifically denied.

30.    The alleged acts or omissions of the Defendants were not the active or primary cause of the Plaintiff's alleged damages, the existence of which is specifically denied.

31.    There is no claim against the individual Defendants under Title IX.

32.    The law is unclear that Title IX prohibits discrimination on the basis of sex.

33.    The Defendants were privileged to terminate the Plaintiffs employment pursuant to 34 CFR 106.71.

34.    There is no private right of action under the Kentucky Constitution.

35.    The Plaintiffs' claims for breach of contract are barred by a condition subsequent.

36.    The Plaintiffs' claims for breach of contract are barred by impossibility of performance.

37.    The Plaintiffs' claims for breach of contract are barred by the doctrine of mistake.

38.    The Plaintiffs, one or more of them, breached the contract at issue, discharging performance by the Defendants.

39.    The Defendants were privileged or had qualified privilege to make the statements referred to in the Plaintiffs' Complaint.

40.    The Defendants were privileged to make the statements referred to in the Plaintiffs' Complaint as any statements relating to Plaintiffs which were made were made in good faith and without malice.

41.    The Defendants statements are not subject to a claim of defamation, defamation per se, or false light as the statements referred to in the Plaintiffs' Complaint  because said statements were true or cannot be proven objectively false.

42.     The Defendants plead KRS § 411.045 as to Plaintiffs' claims of defamation, defamation per se, or false light.

43.     The Defendants plead public interest as to Plaintiffs' claims of defamation, defamation per se, or false light.

44.     The Plaintiffs' claims for defamation, defamation per se, and false light are barred by the First Amendment to the United States Constitution.

45.     The Plaintiffs are public figures and must prove actual malice to prove a claim of defamation, defamation per se, or false light.

46.     As Plaintiffs are public figures, they must prove actual malice to prove a claim of intentional or negligent infliction of emotional distress.

47.     The Plaintiffs claims are barred by the Communications Decency Act or comparable federal or state laws.

48.     The Board of Trustees is not sui generis.

49.     The Individual Members of the Board of Trustees have no power to act as individuals outside the actions of the Board of Trustees.

50.     The Plaintiffs cannot recover for intentional or negligent infliction of emotional distress to the extent they have other cognizable claims concerning the same actions or omissions.

51.     These Defendants cannot be vicariously liable as there is no underlying liability.

52.     These Defendants cannot be liable for punitive damages as there is no underlying liability.

53.     The Plaintiffs were required to submit their claims to arbitration.

54.     The Plaintiffs have not properly presented a claim for defamation per se and therefore must prove special damages to recover punitive damages.

55.    The Plaintiffs' claims are barred by the Federal Volunteer Immunity Act.

56.    The Defendants are not governmental or state actors and cannot be liable under state or federal laws applicable only to governmental or state actors.

57.    The Plaintiff has failed to exhaust administrative remedies.

58.    Minors are not permitted in state or federal court to bring claims solely in their own name.

59.    These Defendants reserve the right to assert any and all additional affirmative defenses, cross-claims, counterclaims, or third-party complaints as the evidence may warrant in this matter.

WHEREFORE, the Defendants, Georgetown College, Board of Trustees, Georgetown Administrators, and the Individual Members of the Board of Trustees, demand judgment that the Plaintiffs' Complaint be dismissed as to claims against them; and that the Plaintiffs recover nothing; further, these Defendants demand judgment for their costs herein expended, and any and all other proper relief to which they may be entitled, including attorneys' fees.

FREEMAN MATHIS & GARY, LLP

_s/ Tia J. Combs_
Tia J. Combs
Cara N. Crecelius
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504
(859) 410-7854
(859) 806-1266
tcombs@fmglaw.com
cara.crecelius@fmglaw.com
_Counsel for Defendants,_
_Georgetown College, Board of Trustees,_
_Georgetown Administrators, and the Individual_
_Members of the Board of Trustees_

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the foregoing has been served, via first class USPS, postage prepaid, and via email on this the 19th day of October 2022, upon the following:

Kyle Thompson
100 East Main Street
Frankfort, KY 40601

Thomas Clay
Clay and Daniel, LLC
917 Lily Creek Road
Louisville KY 40243

*s/ Tia J. Combs*
*Counsel for Defendants,*
*Georgetown College, Board of Trustees,*
*Georgetown Administrators, and the*
*Individual Members of the Board of Trustees*