UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| WILLIAM A. JONES, *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:22-cv-00058-GFVT |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| GEORGETOWN COLLEGE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

William A. Jones and Amy R. Jones, as the custodians of their minor children, have reached a settlement with the Georgetown College Defendants. These parties now jointly move the Court to approve their settlement agreement. [R. 79.] Before reaching the merits of the Motion, the Court must determine whether a hearing is required. There does not seem to be a standardized hearing requirement under federal law, and some district courts use the state law of the district in which they sit to determine whether or not a hearing is required. *See generally Adkins v. TFI Family Services, Inc.*, 2017 WL 4338269 (D. Kan. 2017).

Kentucky imposes statutory requirements on settlement agreements involving minors. KRS § 387.278, which details the procedures for minor settlements, does not require a hearing to take place before the Court approves the settlement, nor is the Court aware of any case law requiring as much. Rather, KRS § 387.278 requires an affidavit from the person entering into the settlement agreement on behalf of the minor attesting that "the minor will be fully compensated" and "[t]here is no practical way to obtain additional amounts from the parties." KRS § 387.278(1)(d). The Plaintiffs have included an affidavit that has the requisite averments. [*See* R. 79-2 at 3.] Because the Court does not find a hearing is necessary or required, the Court

will proceed with analyzing the adequacy of the settlement terms according to Sixth Circuit precedent.

In cases involving legal claims brought by minors in a federal forum, this Court has a duty under Sixth Circuit case law to "ma[k]e an independent determination" that any proposed settlement is "in the minor's best interest." *Green v. Nevers*, 111 F.3d 1295, 1301 (6th Cir. 1997). Specifically,

> when a settlement involves a minor child, a stipulation of dismissal under Rule 41(a)(1)(A)(ii), which is otherwise self-executing and does not require judicial approval in the form of an order, does not operate to dismiss a case unless and until the district court 'make[s] an independent determination that the settlement [is] in the minor's best interest.' Authority for denying the self-executing nature of a Rule 41 stipulation is based in a federal district court's inherent authority to 'safeguard interests of persons entitled to the court's special protection,' such as minor children.

*Kiel by Kiel v. Barton*, No. 09-CV-15053, 2011 WL 13206189, at *1 (E.D. Mich. Jan. 31, 2011) (quoting in part *Green*, 111 F.3d at 1301) (citations omitted).

As pointed out in the parties' joint motion, *Green* does not specify which factors should be considered in determining what is "in the minor's best interest." However, many district courts have applied the Sixth Circuit's class action fairness factors in this context. In doing so, courts consider (1) the "risk of fraud or collusion"; (2) the "complexity, expense and likely duration of the litigation"; (3) the "amount of discovery engaged in by the parties"; (4) the "likelihood of success on the merits"; (5) the "opinions of class counsel and class representatives"; (6) the "reaction of absent class members"; and (7) the "public interest."

2

*International Union, United Auto., Aerospace, and Agr. Implement Workers of America v. General Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) ("UAW factors"); *see generally Does 1–2 v. Déjà Vu Services, Inc.*, 925 F.3d 886 (6th Cir. 2019).

Federal Rule of Civil Procedure 23(e)(2) was amended to include additional factors, including whether: (1) the class representatives and class counsel have adequately represented the class; (2) the proposal was negotiated at arm's length; (3) the relief provided is adequate; and (4) the proposal treats class members equitably relative to each other. Following the amendment, some courts have continued to apply only the UAW factors, while other courts have applied both the UAW factors and Rule 23 factors. In the only case the Sixth Circuit has addressed following the amendment, the Sixth Circuit applied only the UAW factors, but it was reviewing a settlement that predated the amendment, so the Sixth Circuit did not need to consider the amended rule. Due to the lack of guidance, the Court will consider both sets of factors in determining whether the settlement is in the best interest of the minors.

In the instant case, the parties have agreed to settle and release H.J. and A.J.'s claims for $100.00 each. [R. 79 at 2.] There is no evidence before the Court of fraud, collusion, or any other kind of bad faith that might cause the undersigned concern that the minors are not getting a fair settlement. Based on the Parties' representations, the settlement consists of the full value of what the minors would have been entitled to had the instant lawsuit been resolved in their favor. [R. 79 at 2-3.] Although the parties have engaged in extensive discovery, approving the settlement at this juncture would avoid what would have inevitably been a year or more of delay while the Parties brought this case to its final conclusion.

While there is no evidence before the Court that the legal issues involved in this case would have been unduly complex or nuanced, the fact remains that litigation is time-consuming

and expensive and avoiding that expense is in the minor's best interest, especially where the full benefit of the possible result is available to the minors without that time and effort. Last, both minors are treated equally under the terms of the settlement agreement. For these reasons, the undersigned finds that the settlements and settlement amounts are in minors' best interest.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Court **FINDS** that the settlement of A.J.'s claims asserted in this matter for the sum of $100.00 is fair and reasonable and in the child's best interest;

2. The Court **FINDS** that the settlement of H.J.'s claims asserted in this matter for the sum of $100.00 is fair and reasonable and in the child's best interest; and

3. The Joint Motion to Approve Settlements **[R. 79]** is **GRANTED** and the settlements for A.J. and H.J. are **APPROVED**.

This the 29th day October 2024.

Gregory F. Van Tatenhove
United States District Judge